## UNITED STATES DISTRICT COURT
## IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

HYDENTRA HLP INT. LIMITED, a
foreign corporation, d/b/a METART d/b/a
SEXART

    Plaintiff,

   vs.

CONSTANTIN LUCHIAN, an individual;
KONSTANTIN BOLOTIN, an individual;
SUN SOCIAL MEDIA, INC., a
corporation, individually and d/b/a
PLAYVID.COM, FEEDVID.COM,
PLAYVIDS.COM, and PEEKVIDS.COM;
PLAYVID.COM; FEEDVID.COM;
PLAYVIDS.COM; PEEKVIDS.COM and;
and John Does 1-20,

    Defendants.

CASE NO. _____

### COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF
### AND DEMAND FOR JURY TRIAL

   Plaintiff, Hydentra HLP Int. Limited, d/b/a Metart d/b/a Sexart, (hereinafter referred to as "Plaintiff") by and through its counsel, files this Complaint against Defendants, Constantin Luchian; Konstantin Bolotin; Sun Social Media, Inc., individually and d/b/a Playvid.com, Feedvid.com, Playvids.com, and Peekvids.com; Playvid.com; Feedvid.com; Playvids.com; Peekvids.com; and the Doe Defendants (collectively hereinafter referred to as "Defendant" or "Defendants").

### JURISDICTION AND VENUE

   1.  Plaintiff is a foreign corporation organized under the laws of the Cyprus, with offices located in Los Angeles, California.

2.      Defendant Constantin Luchian is an individual residing, upon information and belief, in this judicial district.  Defendant Luchian is a Director at Sun Social Media, Inc., which owns and operates Playvid.com, Feedvid.com, Playvids.com, and Peekvids.com.  All of his actions as Director of Sun Social Media, Inc. have occurred in Miami, Florida.

3.      Defendant Konstantin Bolotin is an individual residing, upon information and belief, in this judicial district.  Defendant Bolotion is the Director of Operations at Sun Social Media, Inc., which owns and operates Playvid.com, Feedvid.com, Playvids.com, and Peekvids.com.  All of his actions as Director of Operations of Sun Social Media, Inc. have occurred in Miami, Florida.

4.      Defendant Sun Social Media, Inc. is a corporation with unknown origin, with offices purported to be in Miami, Florida.  Sun Social Media, Inc. is listed as the registrar and agent for Playvid.com.

5.      Defendant Playvid.com is an Internet website that displays and distributes adult oriented videos, content, and services.

6.      The Playvid.com domain name is held by Sun Social Media, Inc. using registrar GoDaddy.com, LLC.  GoDaddy.com, LLC is an Arizona corporation with headquarters located in Scottsdale, Arizona.

7.      Defendant Feedvid.com is an Internet website that displays and distributes adult oriented videos, content, and services.

8.      The Feedvid.com domain name is held by Sun Social Media, Inc. using registrar GoDaddy.com, LLC.

9.      Defendant Playvids.com is an Internet website that displays and distributes adult oriented videos, content, and service.

10.     The Playvids.com domain name is held by Sun Social Media, Inc. using registrar GoDaddy.com, LLC.

11.     Defendant Peekvids.com is an Internet website that displays and distributes adult oriented videos, content, and services.

12.     The Playvids.com domain name is held by Sun Social Media, Inc. using registrar GoDaddy.com, LLC.

13.     Upon information and belief, the infringed copyrighted material claimed herein to be displayed on Peekvids.com; Playvid.com; Feedvid.com; Playvids.com are located, served through and/or maintained on servers owned by WZ Communications, Inc., located in Florida. WZ Communications is based in Fort Lauderdale, Florida.

14.     The Court has personal jurisdiction over the Defendants, who have engaged in business activities in and directed to this district, have committed tortious acts within this district or directed at this district, and violated various statutory obligations in and directed to this district.

15.     Any alien defendant is subject to jurisdiction in any district. See 28 U.S.C. 1391 ("An alien may be sued in any district.") See also Fed. R. Civ. P. 4(k)(2).

16.     This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 17 U.S.C. § 101 et seq., Section 32 of the Lanham Act, 15 U.S.C. §1114(1), 15 U.S.C. § 1121, 15 U.S.C. §1125, 28 U.S.C. §1331 and 28 U.S.C. §1338.

17.     Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b) and/or (c).

18.     This Court has personal jurisdiction pursuant to 28 U.S.C. §§ 1391(b), (c) and/or (d) and 28 U.S.C. § 1400(a).

## PARTIES

19.     The named Plaintiff is the rightful copyright and intellectual property owner of the respective United States copyrights and intellectual property that is the basis for this action.

20.     Plaintiff, more commonly known as the MetArt Network of adult entertainment properties, is a group of erotic websites that explore and deliver sensuality and sexuality through artistic photography, video, erotic stories, and through articles about beauty, culture, and nudity.

21.     These websites include MetArt.com, SexArt.com, Errotica-Archives.com, EroticBeauty.com, TheLifeErotic.com, RylskyArt.com, MichealNinn.com, ALSScan.com, VivThomas.com, EternalDesire.com, Stunning18.com, HollyRandall.com, domai.com, goddessnudes.com, MagikSex.com, and bbfilms.com.

22.     Since 1999, Plaintiff has grown its trademark brands into a globally recognized leader of sensual art garnering numerous industry awards through the use of studios around the globe, exotic locations, high budget productions, engaging storylines, famed photographers and directors, coupled with the dedication of its artists and technicians.

23.     The MetArt library is comprised of exclusive content that features over 5000 models shot by 250 photographers/directors including such notables as Vivian Thomas and the late Zalman King, who also brought Hollywood films such as Wild Orchid, Two Moon Junction, 9 ½ Weeks, and the Showtime network's groundbreaking series Red Shoes Diaries.

24.     The MetArt websites are paid membership sites.

25.     MetArt engages in extremely limited licensing of its content to other entities or websites for viewing, in addition to the small sample of promotional materials provided to MetArt affiliates for the sole purpose of the affiliates' promoting MetArt property.

26.     Any licensing is done with the intent for brand exposure and is limited to a small subset of hand-selected content.  Predominantly, the MetArt business model is simply that a user must be a paid member of a MetArt site to view MetArts works.

27.     Plaintiff is the respective producer, distributor, and exclusive licensor of its own motion pictures in the United States as well as throughout the world.

28.     Plaintiff has registered with the United States Copyright Office the copyrighted works identified in this Complaint.  Plaintiff has taken industry standard steps to identify its products, including placing recorded warnings at the beginning and end of video productions that appear whenever those videos are played.  Plaintiff's videos are watermarked with Plaintiff's readily identifiable logo.

29.     Plaintiff's MetArt trademark and service mark have been continuously used in commerce since May 2002.  U.S. Trademark Registration No. 3152759 was registered on October 10, 2006.

30.     Plaintiff has expended considerable effort and expense in promoting its trademark and the goods sold under the trademark MetArt.  As a result, the purchasing public has come to know, rely upon and recognize the mark MetArt as an international brand of high quality adult entertainment.

31.     Plaintiff's SexArt trademark and service mark have been continuously used in commerce since April 2011.  U.S. Trademark Registration No. 4191754 was registered on August 14, 2012.

32.     Plaintiff has expended considerable effort and expense in promoting its trademark and the goods sold under the trademark SexArt.  As a result, the purchasing public has come to

know, rely upon and recognize the mark SexArt as an international brand of high quality adult entertainment.

33.    Upon information and belief, Defendants conduct business as Playvid.com, Feedvid.com, Playvids.com, and Peekvids.com, operate the websites, and derive direct financial benefit through advertising sales on the websites.

34.    Defendant Sun Social Media, Inc. owns and/or operates the websites Playvid.com, Feedvid.com, Playvids.com, and Peekvids.com.

35.    Defendant Luchian is a Director for Sun Social Media, Inc.    As Director, Defendant Lucian has control and influence over the contents of Playvid.com, Feedvid.com, Playvids.com, and Peekvids.com.

36.    Further, Defendant Luchian is Vice President of Incorporate Now, Inc., a company utilized by Sun Social Media, Inc. to incorporate.

37.    Defendant Luchian is the Financial Agent, Registered Agent, and registered DMCA Agent for WZ Communications, Inc., a company utilized by Sun Social Media, Inc. to provide web hosting services for Playvid.com, Feedvid.com, Playvids.com, and Peekvids.com.

38.    Defendant Luchian is the Registered Agent, Financial Director, and Registered DMCA Agent for IP Transit Inc., a company utilized to provide web services for Playvid.com, Feedvid.com, Playvids.com, and Peekvids.com.

39.    Defendant Luchian is a Manager and Registered DMCA Agent for Webzilla Inc., a company utilized by Sun Social Media, Inc. to provide web services for Playvid.com, Feedvid.com, Playvids.com, and Peekvids.com.

40.    Defendant Luchian, by all appearances, is the common thread for the entire structure and operations of Sun Social Media, Inc.

6

41.     Defendant Bolotin is Director of Operations for Sun Social Media, Inc.

42.     As Director of Operations, Defendant Bolotin has control and influence over the contents of Playvid.com, Feedvid.com, Playvids.com, and Peekvids.com.

43.     Defendant Bolotin is a vice president of Webzilla Inc., a company utilized to provide web services for Playvid.com, Feedvid.com, Playvids.com, and Peekvids.com.

44.     Defendants compete against Plaintiff in the distribution and sale of adults-only audio-visual works through Internet distribution and divert potential customers from Plaintiff.

45.     Defendant Sun Social Media, Inc. registered playvid.com as an Internet Service Provider and designated a DMCA agent, Defendant Constantin Luchian.

46.     However, infringements on playvid.com do not qualify for DMCA safe harbor protections due to its failure to respond or otherwise act upon take-down notices, and its lack a reasonable repeat infringer policy.

47.     Feedvid.com, Playvids.com, and Peekvids.com are not registered as Internet Service Providers and do not have designated DMCA agents.

48.     Does 1-20 are individual or entities that own playvid.com and/or act in concert with playvid.com.  The true names and capacities of Does 1-20 are presently unknown to Plaintiff.  It is for that reason Plaintiff sues these Defendants by fictitious names. Plaintiff avers that each of the Doe defendants, along with the named defendant, jointly or severally, is responsible for the damages alleged herein.

## STATEMENT OF FACTS

49.     Congress' implementation of safe harbor provisions in the Digital Millennium Copyright Act ("DMCA") provides true internet service providers with protection against liability for copyright infringement resulting from the actions and/or postings of their users.  As a

7

primary example, the safe harbor protections provide YouTube.com with protection from liability should one of its users post a copyright protected video without authority or license.

50.    The DMCA safe harbor provisions have been systematically abused by internet copyright infringers in an attempt to garner protection for pirate websites displaying copyrighted adult entertainment content without license or authority for free viewing to the public. Under a veneer of DMCA compliance, the owners and operators attempt to hide behind the safe harbor provisions while monetizing the website through premium membership programs and substantial advertising contracts.

51.    Playvid.com, Feedvid.com, Playvids.com, and Peekvids.com are such pirate websites, displaying copyrighted adult entertainment content without authorization or license.

52.    Defendants host adult entertainment videos and/or host embedded code for adult entertainment videos to permit a user to view the videos on Playvid.com, Feedvid.com, Playvids.com, and Peekvids.com for free.

53.    Defendants sell advertising space on Playvid.com, Feedvid.com, Playvids.com, and Peekvids.com in several forms, including front load pop-up advertising and advertising banners on space in close proximity to free videos, often geocentric.

54.    Videos on Playvid.com, Feedvid.com, Playvids.com, and Peekvids.com may be shared on other sites, in addition to the user being provided with direct links for posting on or to any social media site including, but not limited to, Facebook, Twitter, Google or via to Email to anyone regardless of age or location.

55.    Such functionality makes it impossible to know how many times and where an unlicensed copyrighted video has been posted and displayed illegally as a direct result of Defendants unlawful display.

56.     Playvid.com fails to fulfill the requisite conditions precedent to qualify for the safe harbor provisions of the DMCA.

57.     Specifically, Playvid.com fails to respond or otherwise act upon notices regarding infringing material on the site.

58.     Further, upon information and belief, Playvid.com fails to enforce a repeat infringer policy.

59.     Feedvid.com, Playvids.com, and Peekvids.com fail to fulfill the requisite conditions precedent to qualify for the safe harbor provisions of the DMCA.

60.     Feedvid.com, Playvids.com, and Feedvid.com are not registered as Internet Service Providers with the United States Copyright Office, fail to have a DMCA Agent identified on the sites, and fail to have a DMCA Agent registered with the United States Copyright Office.

61.     In or about January 2015, and for an unknown time before and up to the present, Defendants' website, Playvid.com, displayed 37 of Plaintiff's copyright registered works over 70 separate and distinct URLs  - each a part of Playvid.com.  These copyrighted works and their corresponding Playvid.com page are listed in Exhibit A, attached hereto.

62.     Defendants have no authority or license to display or distribute any portion of Plaintiff's copyrighted works.

63.     These videos are purported by Defendants to have been uploaded by third party Internet users.

64.     On or about January 20, 2015, Plaintiff delivered to Defendants' registered DMCA Agent take-down notices for each of the infringing URLs.

9

65.     As of June 2015, more than five months after delivery of DMCA compliant take-down notices, each of Plaintiff's copyrighted works continues to be displayed on playvid.com in the exact manner as before.

66.     In or about February 2015, and for an unknown time before and up to the present, Defendants' website Feedvid.com displayed 2 of Plaintiff's copyright registered works over 2 separate and distinct URLs - each a part of Feedvid.com. These copyrighted works and their corresponding Feedvid.com page are listed in Exhibit A, attached hereto.

67.     Defendants have no authority or license to display or distribute any portion of Plaintiff's copyrighted works.

68.     These videos are purported by Defendants to have been uploaded by third party Internet users.

69.     In or about May 2015, and for an unknown time before and up to the present, Defendants' website Playvids.com displayed 28 of Plaintiff's copyright registered works over 36 separate and distinct URLs - each a part of Playvids.com. These copyrighted works and their corresponding Playvids.com page are listed in Exhibit A, attached hereto.

70.     Defendants have no authority or license to display or distribute any portion of Plaintiff's copyrighted works.

71.     These videos are purported by Defendants to have been uploaded by third party Internet users.

72.     In or about February 2015, and for an unknown time before and up to the present, Defendants' website Peekvids.com displayed 5 of Plaintiff's copyright registered works over 6 separate and distinct URLs - each a part of Peekvids.com. These copyrighted works and their corresponding Peekvids.com page are listed in Exhibit A, attached hereto.

73.     Defendants have no authority or license to display or distribute any portion of Plaintiff's copyrighted works.

74.     These videos are purported by Defendants to have been uploaded by third party Internet users.

75.     The intellectual property infringement on Playvid.com, Feedvid.com, Playvids.com, and Peekvids.com is not limited to the unlawful display of Plaintiff's copyrighted works.  In each instance of copyright infringement, Defendants have also infringed Plaintiff's registered trademarks.

76.     For Plaintiff's videos that are displayed without authority on Playvid.com, Feedvid.com, Playvids.com, and Peekvids.com, the Defendants have caused Plaintiff's trademarks to be used in the meta tags and/or meta descriptions for the URL of the infringing video on Playvid.com, Feedvid.com, Playvids.com, and Peekvids.com.

77.     A meta tag is an HTML (hypertext markup language) code embedded on a Web page that is used by the website owner to identify the site content.  Meta tags are powerful tools because they have a direct effect on the frequency with which many search engines will find a website.

78.     Meta tags and/or meta descriptions are used by Internet search engines as an indexing tool to determine which web sites correspond to search terms provided by a user.

79.     Meta tags do not affect the appearance of a website and are not visible when you look at a Web page, but they provide information regarding the content of the site.

80.     Some websites use meta tags in a deceptive manner to lure Web surfers. Instead of using terms that properly describe the site, some programmers substitute the names of competing companies. For example, a rival shoe manufacturer may bury the meta tag "Nike" in

11

its Web page to lure Web surfers searching for Nike products.  In the case of the website selling handmade watches, the meta tag might include "Rolex, Swatch, Bulova, Cartier."

81.     By using Plaintiff's trademarks in Defendants' meta tags and/or meta descriptions, Defendants use Plaintiff's trademarks in commerce and in connection with their promotions, sales, and advertising.

82.     The use of Plaintiff's trademarks in Defendants' meta tags and/or meta descriptions is likely to cause confusion to the end users/consumers.

83.     For example, for many of the videos displayed without authority or license on playvid.com, "SexArt," a Plaintiff trademark, is included in the meta tags and/or meta description.  Therefore, a user utilizing an internet search engine searching for "SexArt" will discover that Plaintiff's videos can be viewed for free on playvid.com.

84.     This will and does create confusion on behalf of the user that playvid.com is an authorized distributor of Plaintiff's videos and, importantly, a belief that Plaintiff's videos are available for free viewing.

85.     Defendants created a "SexArt Channel" on Playvid.com, Feedvid.com, Playvids.com, and Peekvids.com.  The SexArt Channel is a compilation of Plaintiff's videos displayed on Playvid.com, Feedvid.com, Playvids.com, and Peekvids.com – all in one place to permit the user to browse and choose a specific video.

86.     Defendants also specifically describe SexArt, encouraging the user to view all of the SexArt videos, stating:

> Studio SexArt one of the best champions in the beautiful and glamorous porn industry.  All the hottest and exciting video, with the best porn star takes SexArt.  They are without doubt the best, and by this the most advanced and large.  SexArt makes huge amount of exclusive porn.  Many young porn actors dream to get to the shooting

SexArt. I love this porn studio, every movie made SexArt doomed to success.

87.    Defendants created a "MetArt Channel" on Playvid.com, Feedvid.com, Playvids.com, and Peekvids.com. The MetArt Channel is a compilation of Plaintiff's videos displayed on Playvid.com, Feedvid.com, Playvids.com, and Peekvids.com – all in one place to permit the user to browse and choose a specific video.

88.    Defendants also specifically describe MetArt, encouraging the user to view all of the SetArt videos, stating:

> Metart Films – this is my favorite porn studio that makes the best video, all the most beautiful models are shot here. MetArt Films is a huge amount of selected video, beautiful girls and strong guys, as well as hot sex. MetArt Films is really cool, definitely check it out, you should enjoy it.

89.    Upon information and belief, Defendants have actual knowledge and clear notice of the infringement of Plaintiff's titles or else are willfully blind to the rampant infringement. The infringement is clear and obvious even to the most naïve observer.

90.    Plaintiff's films are indexed, displayed and distributed on Defendants' website through Defendants and the Doe Defendants acting in concert. Plaintiff's, and other major producers', trademarks are used to index infringing material along with obfuscation of watermarks and other identifiers which is evidence of knowledge and intent.

91.    By virtue of the conduct alleged herein, Defendants knowingly promote, participate in, facilitate, assist, enable, materially contribute to, encourage, and induce copyright infringement, and thereby have infringed, secondarily infringed, and induced infringement by others, the copyrights in Plaintiff's copyrighted work.

92.    Defendants, either jointly, severally, actually, constructively, and with or without direct concert with one another, deprived Plaintiff of the lawful monetary rewards that

accompany its rights in the copyrighted works. Defendants' disregard for copyright and trademark laws threaten Plaintiff's business.

93.     Defendants intentionally, knowingly, negligently, or through willful blindness avoided reasonable precautions to deter rampant copyright infringement on their website.

94.     Defendants make no attempt to identify any individual providing the works, where the individual obtained the works, whether the individuals had authority to further reproduce and distribute the works or if such parties even exist.

95.     Defendants' acts and omissions allow them to profit from their infringement while imposing the burden of monitoring Defendants' website onto copyright holders, without sufficient means to prevent continued and unabated infringement.

96.     Defendants' acts, as described herein, required Plaintiff to retain the services of legal counsel to prosecute Defendants' violations of law. Plaintiff has agreed to pay its attorneys a reasonable fee for their services.

97.     All conditions precedent to the filing of this action have been met, excused or waived.

<u>**COUNT I**</u>
<u>**Copyright Infringement – 17 U.S.C. §§ 101 *et. seq.***</u>
**Against All Defendants**

98.     Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1 through 97 as if set forth herein.

99.     Plaintiff holds the copyright on each of the infringed works alleged herein.

100.    Plaintiff registered each copyright with the United States Copyright Office.

101.    At all pertinent times, Plaintiff is the producer and registered owner of the audiovisual works illegally and improperly reproduced and distributed by Defendants.

102.    Defendants copied, reproduced, reformatted, and distributed Plaintiff's copyrighted works by and through servers and/or hardware owned, operated and/or controlled by Defendants.

103.    Defendants did not have authority or license to copy and/or display Plaintiff's original works.

104.    Defendants infringed Plaintiff's copyrighted works by reproducing and distributing works through Defendants' website without property approval, authorization, or license of Plaintiff.

105.    Defendants knew or reasonably should have known they did not have permission to exploit Plaintiff's works on playvid.com and further knew or should have known their acts constituted copyright infringement.

106.    Defendants made no attempt to discover the copyright owners of the pirated works before exploiting them.  Defendants failed and refused to take any reasonable measure to determine the owner or license holder of the copyrighted works.

107.    Defendants engaged in intentional, knowing, negligent, or willfully blind conduct sufficient to demonstrate they engaged actively in the improper collection and distribution of Plaintiff's copyrighted works.

108.    The quantity and quality of copyright files available to Internet users increased the attractiveness of Defendants' service to its customers, increased its membership base, and increased its ad sales revenue.

109.    Based on information and belief, Defendants actively uploaded pirated copyrighted files and/or embedded code enabling users of Playvid.com, Feedvid.com, Playvids.com, and/or Peekvids.com to view copyrighted videos and images.

110.    Defendants controlled the files owned by Plaintiff and determined which files remained for display and distribution.

111.    Defendants never adopted procedures to ensure that distribution of Plaintiff's copyrighted materials would not occur.

112.    Further, Defendants never implemented or enforced a "repeat infringer" policy.

113.    Defendants either were aware, actually or constructively, should have been aware, or were willfully blind that pirated copyrighted materials comprised the most popular videos on the Defendants' websites.

114.    Defendants, through Playvid.com, Feedvid.com, Playvids.com, and/or Peekvids.com affirmatively and willfully accommodated Internet traffic generated by the illegal acts.

115.    Defendants' conduct was willful within the meaning of 17 U.S.C. § 101, *et seq*. At a minimum, Defendants acted with willful blindness and reckless disregard of Plaintiff's registered copyrights.

116.    Because of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement. See 17 U.S.C. §501. Plaintiff suffers and will continue to suffer substantial losses, including, but not limited to, damage to its business reputation and goodwill.

117.    The law permits Plaintiff to recover damages, including readily ascertainable direct losses and all profits Defendants made by their wrongful conduct. 17 U.S.C. §504. Alternatively, the law permits Plaintiff to recover statutory damages. 17 U.S.C. §504(c).

118.    Because of Defendants' willful infringement, the law permits enhancement of the allowable statutory damages. 17 U.S.C. §504(c)(2).

119.    The law permits Plaintiff injunctive relief. 17 U.S.C. §502. The law permits a Court Order impounding any and all infringing materials. 17 U.S.C. §503.

120.    The law further permits Plaintiff to recover costs and attorney's fees. See 17 U.S.C. §505.

WHEREFORE, Plaintiff, Hydentra HLP Int. Limited, d/b/a Metart d/b/a Sexart, request the following relief:

A.    That Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors and assigns and parent and subsidiary corporations or other related entities, and any or all persons in act of concert or participation with any of them, be preliminarily and permanently enjoined from:

(1)    Any and all reproduction, adaptation, public display and/or distribution of copies of the Plaintiff's copyrighted works by Defendants on any website, including but not limited to Playvid.com, Feedvid.com, Playvids.com, and Peekvids.com;

(2)    Permitting any user to upload for reproduction, adaptation, public display and/or distribution of copies of the Plaintiff's copyrighted works by Defendants on any website, including but not limited to Playvid.com, Feedvid.com, Playvids.com, and Peekvids.com; and

(3)    Marketing or selling any product containing or utilizing Plaintiff's intellectual property or business values.

B.    That Defendants be ordered to transfer the domain Playvid.com, Feedvid.com, Playvids.com, and Peekvids.com, and all similar domains held by Defendants found in

discovery, such as misspellings of the enumerated domains, domains held by Defendants linked to www.playvid.com, and the content therein to Plaintiff.

C.     That Defendants be ordered to file with the Court and serve upon Plaintiff, within thirty (30) after the entry of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with any ordered injunction;

D.     That Plaintiff be awarded damages in an amount to be determined at trial for all infringing activities, including Plaintiff's damages and lost profits, Defendants' profits, plus any costs incurred in preventing future confusion, mistake or deception, all from the date of first infringement;

E.     That Defendants pay Plaintiff a sum sufficient to cover the cost of corrective advertising necessary to alleviate any existing or lingering confusion resulting from Defendants' unauthorized use of Plaintiff's trade dress and terms;

F.     That Defendants be ordered to account to Plaintiff for all profits, gains and advantages that they have realized as a consequence of their unauthorized use of Plaintiff's copyrighted works;

G.     That Plaintiff be awarded enhanced damages and attorney's fees;

H.     That Plaintiff be awarded pre-judgment and post-judgment interest;

I.     That Plaintiff be awarded costs and expenses incurred in prosecuting this action, including expert witness fees; and

J.     That such other and further preliminary and permanent relief be awarded to Plaintiff as the Court deems appropriate.

## COUNT II
### Contributory Copyright Infringement
### Against All Defendants

121. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1 through 97 as if set forth herein.

122. Unknown individuals, without authorization, reproduced and distributed Plaintiff's works through Defendants' websites, directly infringing Plaintiff's copyrighted works.

123. Defendants contributed to the infringing acts of those individuals.

124. Defendants were aware, should have been aware, or were willfully blind to the infringing activity.

125. Defendants aided, abetted, allowed, and encouraged those individuals to reproduce and distribute Plaintiff's copyrighted works through Defendants' websites without regard to copyright ownership.

126. Defendants had the ability and obligation to control and stop the infringements. Defendants failed to do so.

127. Defendants have engaged in the business of knowingly inducing, causing, and/or materially contributing to unauthorized reproduction, adaptation, public display and/or distribution of copies of the Plaintiff's copyrighted works, and thus to the direct infringement of Plaintiff's copyrighted works.

128. Defendants received direct financial benefits from the infringements.

129. On information and belief, Defendants' actions constitute contributory infringement of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiff's copyrighted works in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

130. The unauthorized reproduction, distribution, and public display of Plaintiff's copyrighted works that Defendant enables, causes, materially contributes to and encourages

through the acts described above are without Plaintiff's consent and are not otherwise permissible under the Copyright Act.

131.    The acts of infringement by Defendants have been willful, intentional, purposeful and in reckless disregard of and with indifference to Plaintiff's rights.

132.    As a direct and proximate result of the infringements by Defendants of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiff's copyrighted works, Plaintiff is entitled to its actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b).

133.    Alternatively, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

134.    Plaintiff is further entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

WHEREFORE, Plaintiff, Hydentra HLP Int. Limited, d/b/a Metart d/b/a Sexart, request the following relief:

A.    That Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors and assigns and parent and subsidiary corporations or other related entities, and any or all persons in act of concert or participation with any of them, be preliminarily and permanently enjoined from:

(1)    Any and all reproduction, adaptation, public display and/or distribution of copies of the Plaintiff's copyrighted works by Defendants on any website, including but not limited to Playvid.com, Feedvid.com, Playvids.com, and Peekvids.com;

(2)     Permitting any user to upload for reproduction, adaptation, public display and/or distribution of copies of the Plaintiff's copyrighted works by Defendants on any website, including but not limited to Playvid.com, Feedvid.com, Playvids.com, and Peekvids.com; and

(3)     Marketing or selling any product containing or utilizing Plaintiff's intellectual property or business values.

B.     That Defendants be ordered to transfer the domain Playvid.com, Feedvid.com, Playvids.com, and Peekvids.com, and all similar domains held by Defendants found in discovery, such as misspellings of the enumerated domains, domains held by Defendants linked to www.playvid.com, and the content therein to Plaintiff.

C.     That Defendants be ordered to file with the Court and serve upon Plaintiff, within thirty (30) after the entry of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with any ordered injunction;

D.     That Plaintiff be awarded damages in an amount to be determined at trial for all infringing activities, including Plaintiff's damages and lost profits, Defendants' profits, plus any costs incurred in preventing future confusion, mistake or deception, all from the date of first infringement;

E.     That Defendants pay Plaintiff a sum sufficient to cover the cost of corrective advertising necessary to alleviate any existing or lingering confusion resulting from Defendants' unauthorized use of Plaintiff's trade dress and terms;

F.     That Defendants be ordered to account to Plaintiff for all profits, gains and advantages that they have realized as a consequence of their unauthorized use of Plaintiff's copyrighted works;

21

G.     That Plaintiff be awarded enhanced damages and attorney's fees;

H.     That Plaintiff be awarded pre-judgment and post-judgment interest;

I.     That Plaintiff be awarded costs and expenses incurred in prosecuting this action, including expert witness fees; and

J.     That such other and further preliminary and permanent relief be awarded to Plaintiff as the Court deems appropriate.

**COUNT III**
**Vicarious Copyright Infringement**
**Against All Defendants**

135.    Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1 through 97 as if set forth herein.

136.    Without authorization, individuals reproduced, distributed, and publicly displayed Plaintiff's works through Defendants' website, directly infringing Plaintiff's copyrighted works.

137.    Defendants were actually or constructively aware or should have been aware or were willfully blind to the infringing activity.

138.    Defendants were able to control or completely end the illegal and improper infringement, but failed to do so.

139.    Defendants contributed materially to the infringement.

140.    Defendants received directly financial gain and profit from those infringing activities.

141.    The acts, omissions, and conduct of all Defendants constitute vicarious copyright infringement.

142.    The acts of infringement by Defendants have been willful, intentional, purposeful and in reckless disregard of and with indifference to Plaintiff's rights. As a direct and proximate

result of the infringements by Defendants of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiff's copyrighted works, Plaintiff is entitled to its actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b).

143.    Alternatively, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c ).

144.    Plaintiff is further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

WHEREFORE, Plaintiff, Hydentra HLP Int. Limited, d/b/a Metart d/b/a Sexart, request the following relief:

A.     That Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors and assigns and parent and subsidiary corporations or other related entities, and any or all persons in act of concert or participation with any of them, be preliminarily and permanently enjoined from:

(1)    Any and all reproduction, adaptation, public display and/or distribution of copies of the Plaintiff's copyrighted works by Defendants on any website, including but not limited to Playvid.com, Feedvid.com, Playvids.com, and Peekvids.com;

(2)    Permitting any user to upload for reproduction, adaptation, public display and/or distribution of copies of the Plaintiff's copyrighted works by Defendants on any website, including but not limited to Playvid.com, Feedvid.com, Playvids.com, and Peekvids.com; and

(3)     Marketing or selling any product containing or utilizing Plaintiff's intellectual property or business values.

B.      That Defendants be ordered to transfer the domain Playvid.com, Feedvid.com, Playvids.com, and Peekvids.com, and all similar domains held by Defendants found in discovery, such as misspellings of the enumerated domains, domains held by Defendants linked to www.playvid.com, and the content therein to Plaintiff.

C.      That Defendants be ordered to file with the Court and serve upon Plaintiff, within thirty (30) after the entry of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with any ordered injunction;

D.      That Plaintiff be awarded damages in an amount to be determined at trial for all infringing activities, including Plaintiff's damages and lost profits, Defendants' profits, plus any costs incurred in preventing future confusion, mistake or deception, all from the date of first infringement;

E.      That Defendants pay Plaintiff a sum sufficient to cover the cost of corrective advertising necessary to alleviate any existing or lingering confusion resulting from Defendants' unauthorized use of Plaintiff's trade dress and terms;

F.      That Defendants be ordered to account to Plaintiff for all profits, gains and advantages that they have realized as a consequence of their unauthorized use of Plaintiff's copyrighted works;

G.      That Plaintiff be awarded enhanced damages and attorney's fees;

H.      That Plaintiff be awarded pre-judgment and post-judgment interest;

I.      That Plaintiff be awarded costs and expenses incurred in prosecuting this action, including expert witness fees; and

J.      That such other and further preliminary and permanent relief be awarded to Plaintiff as the Court deems appropriate.

## COUNT IV
## Inducement of Copyright Infringement
### Against All Defendants

145.    Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1 through 97 as if set forth herein.

146.    Defendants designed and/or distributed technology and/or devices and/or induced individuals to use this technology to promote the use of infringed and copyrighted material.

147.    As a direct and proximate result of Defendants' inducement, individuals infringed Plaintiff's copyrighted works. These individuals reproduced, distributed and publicly disseminated Plaintiff's copyrighted works through Defendants' website.

148.    On information and belief, Defendants have encouraged the illegal uploading and downloading of Plaintiff's copyrighted works, thus inducing the unauthorized reproduction, adaptation, public display and/or distribution of copies of the Plaintiff's copyrighted works, and thus to the direct infringement of Plaintiff's copyrighted works.

149.    Defendants' actions constitute inducing copyright infringement of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiff's copyrighted works in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

150.    The infringement of Plaintiff's rights in and to each of the Plaintiff's copyrighted works constituted a separate and distinct infringement.

151.    The acts of infringement by Defendants have been willful, intentional, purposeful and in reckless disregard of and with indifference to Plaintiff's rights.

152.     As a direct and proximate result of the infringements by Defendants of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiff's copyrighted works, Plaintiff is entitled to its actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b).

153.     Alternatively, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

154.     Plaintiff is further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

WHEREFORE, Plaintiff, Hydentra HLP Int. Limited, d/b/a Metart d/b/a Sexart, request the following relief:

A.     That Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors and assigns and parent and subsidiary corporations or other related entities, and any or all persons in act of concert or participation with any of them, be preliminarily and permanently enjoined from:

(1)     Any and all reproduction, adaptation, public display and/or distribution of copies of the Plaintiff's copyrighted works by Defendants on any website, including but not limited to Playvid.com, Feedvid.com, Playvids.com, and Peekvids.com;

(2)     Permitting any user to upload for reproduction, adaptation, public display and/or distribution of copies of the Plaintiff's copyrighted works by Defendants on any website, including but not limited to Playvid.com, Feedvid.com, Playvids.com, and Peekvids.com; and

(3)   Marketing or selling any product containing or utilizing Plaintiff's intellectual property or business values.

B.   That Defendants be ordered to transfer the domain Playvid.com, Feedvid.com, Playvids.com, and Peekvids.com, and all similar domains held by Defendants found in discovery, such as misspellings of the enumerated domains, domains held by Defendants linked to www.playvid.com, and the content therein to Plaintiff.

C.   That Defendants be ordered to file with the Court and serve upon Plaintiff, within thirty (30) after the entry of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with any ordered injunction;

D.   That Plaintiff be awarded damages in an amount to be determined at trial for all infringing activities, including Plaintiff's damages and lost profits, Defendants' profits, plus any costs incurred in preventing future confusion, mistake or deception, all from the date of first infringement;

E.   That Defendants pay Plaintiff a sum sufficient to cover the cost of corrective advertising necessary to alleviate any existing or lingering confusion resulting from Defendants' unauthorized use of Plaintiff's trade dress and terms;

F.   That Defendants be ordered to account to Plaintiff for all profits, gains and advantages that they have realized as a consequence of their unauthorized use of Plaintiff's copyrighted works;

G.   That Plaintiff be awarded enhanced damages and attorney's fees;

H.   That Plaintiff be awarded pre-judgment and post-judgment interest;

I.   That Plaintiff be awarded costs and expenses incurred in prosecuting this action, including expert witness fees; and

J.      That such other and further preliminary and permanent relief be awarded to Plaintiff as the Court deems appropriate.

**COUNT V**
**Unauthorized Publication of Name and Likeness in Violation**
**Of Section 540.08, Florida Statutes**
**Against All Defendants**

155.    Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1 through 97 as if set forth herein.

156.    Plaintiff's erotic photographs and motion pictures depict models who performed under contract.

157.    Said contract contains a release of each model's rights and interest for their appearance in an erotic motion picture, and an assignment in ownership of the same to Plaintiff.

158.    Defendants published, printed, displayed or otherwise used publicly images that depict numerous models that signed Plaintiff's release agreement.

159.    Defendants' websites commercially exploit Plaintiff's images without the Plaintiff's knowledge or consent.

160.    Defendants gained pecuniary benefit from the unauthorized use of Plaintiff's name, images and likeness.

161.    The Defendants use of Plaintiff's name, images and likeness was not part of a bona fide news report, nor did it have a legitimate public interest, but rather, was used by Defendants for their sole commercial benefit.

162.    The use of Plaintiff's name, image and likeness for commercial purposes, without express consent, violates Florida Statute §540.08.

WHEREFORE, Plaintiff, Hydentra HLP Int. Limited, d/b/a Metart d/b/a Sexart, request the following relief:

28

A. That Defendants be enjoined from using the name, image, and likeness of any MetArt models for commercial, advertising, or any other unauthorized use on Playvid.com, Feedvid.com, Playvids.com, and Peekvids.com, and all similar domains held by Defendants found in discovery, such as misspellings of the enumerated domains, and domains held by Defendants linked to www.playvid.com;

B. That Defendants be ordered to recover damages for any loss or injury resulting from Defendants' unauthorized use of Plaintiff's name and likeness;

C. That Defendants be ordered, pursuant to Florida Statute § 540.08 to pay Plaintiff a reasonable royalty, plus exemplary and/or punitive damages; and

D. Such other and further preliminary and permanent relief be awarded to Plaintiff as the Court deems appropriate.

## COUNT VI
### Trademark Infringement – 15 U.S.C. §§ 1111 *et. seq.*
### Against All Defendants

163. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1 through 97 as if set forth herein.

164. By virtue of its trademark registrations, Plaintiff has the exclusive right to use of the trademarks, trade dress and service marks enumerated in this Complaint in the adult-oriented audio-visual markets, including Internet markets.

165. Defendants' use of Plaintiff's registered trademarks and service marks is in a manner likely to cause consumer confusion, as alleged herein, constitutes trademark infringement pursuant to 15 U.S.C. § 1114.

166.    Defendants' infringement is intentional and willful, has caused and will continue to cause damage to Plaintiff in an amount to be proven at trial, and is causing irreparable hard to Plaintiff for which there is no adequate remedy at law, thus Plaintiff is entitled to statutory and treble damages.

WHEREFORE, Plaintiff, Hydentra HLP Int. Limited, d/b/a Metart d/b/a Sexart, request the following relief:

A.    Enter judgment against Defendants finding that Defendants have engaged in, and continue to engage in, unfair competition in violation of 15 U.S.C. § 1125(a);

B.    Finding that Defendants have and continue to infringe Plaintiff's '3152759 trademark in violation of 15 U.S.C. § 1114;

C.    Finding that Defendants have and continue to infringe Plaintiff's '4191754 trademark in violation of 15 U.S.C. § 1114;

D.    That Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors and assigns and parent and subsidiary corporations or other related entities, and any or all persons in act of concert or participation with any of them, be preliminarily and permanently enjoined from:

(1)    Any and all reproduction, adaptation, public display and/or distribution of copies of the Plaintiff's copyrighted works by Defendants on any website, including but not limited to Playvid.com, Feedvid.com, Playvids.com, and Peekvids.com;

(2)    Permitting any user to upload for reproduction, adaptation, public display and/or distribution of copies of the Plaintiff's copyrighted works

by Defendants on any website, including but not limited to Playvid.com, Feedvid.com, Playvids.com, and Peekvids.com; and

(3)    Marketing or selling any product containing or utilizing Plaintiff's intellectual property or business values.

E.    That Defendants be ordered to file with the Court and serve upon Plaintiff, within thirty (30) after the entry of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with any ordered injunction;

F.    That pursuant to 15 U.S.C. § 1117, Defendants be held liable for all damages suffered by Plaintiff resulting from the acts alleged herein;

G.    That Defendants be ordered to transfer the domain Playvid.com, Feedvid.com, Playvids.com, and Peekvids.com, and all similar domains held by Defendants found in discovery, such as misspellings of the enumerated domains, domains held by Defendants linked to www.playvid.com, and the content therein to Plaintiff.

H.    That Plaintiff be awarded damages in an amount to be determined at trial for all infringing activities, including Plaintiff's damages and lost profits, Defendants' profits, plus any costs incurred in preventing future confusion, mistake or deception, all from the date of first infringement;

I.    That pursuant to 15 U.S.C. § 1117 Defendants be ordered to account to Plaintiff for all profits, gains and advantages which they have realized as a consequence of their unauthorized use of Plaintiff's copyrighted works;

J.      That the Court declare this to be an exceptional case and award Plaintiff's reasonable attorney fees pursuant to 15 U.S.C. § 1117

K.      That Plaintiff be awarded enhanced damages and attorney's fees;

L.      For all other damages to the extent permitted by law;

M.      Ordering that this Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action; for the modification of any such order; for the enforcement or compliance therewith; or for the punishment of any violations thereof; and

N.      Such other and further preliminary and permanent relief be awarded to Plaintiff as the Court deems appropriate.

## COUNT VII
### Contributory Trademark Infringement – 15 U.S.C. §§ 1111 *et. seq.*
### Against All Defendants

167.    Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1 through 97 as if set forth herein.

168.    By virtue of its trademark registrations, Plaintiff has the exclusive right to use of the trademarks, trade dress and service marks enumerated in this Complaint in the adult-oriented audio-visual markets, including Internet markets.

169.    Defendants' actions that encouraged use of Plaintiff's registered trademarks and service marks in manners likely to cause consumer confusion, as alleged herein, constitutes trademark infringement pursuant to 15 U.S.C. § 1114.

170.     Defendants' infringement is intentional and willful, has caused and will continue to cause damage to Plaintiff in an amount to be proven at trial, and is causing irreparable hard to Plaintiff for which there is no adequate remedy at law, thus Plaintiff is entitled to statutory and treble damages.

WHEREFORE, Plaintiff, Hydentra HLP Int. Limited, d/b/a Metart d/b/a Sexart, request the following relief:

A.     Enter judgment against Defendants finding that Defendants have engaged in, and continue to engage in, unfair competition in violation of 15 U.S.C. § 1125(a);

B.     Finding that Defendants have and continue to infringe Plaintiff's '3152759 trademark in violation of 15 U.S.C. § 1114;

C.     Finding that Defendants have and continue to infringe Plaintiff's '4191754 trademark in violation of 15 U.S.C. § 1114;

D.     That Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors and assigns and parent and subsidiary corporations or other related entities, and any or all persons in act of concert or participation with any of them, be preliminarily and permanently enjoined from:

(1)     Any and all reproduction, adaptation, public display and/or distribution of copies of the Plaintiff's copyrighted works by Defendants on any website, including but not limited to Playvid.com, Feedvid.com, Playvids.com, and Peekvids.com;

(2)     Permitting any user to upload for reproduction, adaptation, public display and/or distribution of copies of the Plaintiff's copyrighted works

by Defendants on any website, including but not limited to Playvid.com, Feedvid.com, Playvids.com, and Peekvids.com; and

(3)     Marketing or selling any product containing or utilizing Plaintiff's intellectual property or business values.

E.     That Defendants be ordered to file with the Court and serve upon Plaintiff, within thirty (30) after the entry of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with any ordered injunction;

F.     That pursuant to 15 U.S.C. § 1117, Defendants be held liable for all damages suffered by Plaintiff resulting from the acts alleged herein;

G.     That Defendants be ordered to transfer the domain Playvid.com, Feedvid.com, Playvids.com, and Peekvids.com, and all similar domains held by Defendants found in discovery, such as misspellings of the enumerated domains, domains held by Defendants linked to www.playvid.com, and the content therein to Plaintiff.

H.     That Plaintiff's be awarded damages in an amount to be determined at trial for all infringing activities, including Plaintiff's damages and lost profits, Defendants' profits, plus any costs incurred in preventing future confusion, mistake or deception, all from the date of first infringement;

I.     That pursuant to 15 U.S.C. § 1117, Defendants be ordered to account to Plaintiff for all profits, gains and advantages which they have realized as a consequence of their unauthorized use of Plaintiff's copyrighted works;

34

J.      That the Court declare this to be an exceptional case and award Plaintiff reasonable attorney fees pursuant to 15 U.S.C. § 1117

K.      That Plaintiff be awarded enhanced damages and attorney's fees;

L.      For all other damages to the extent permitted by law;

M.      Ordering that this Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action; for the modification of any such order; for the enforcement or compliance therewith; or for the punishment of any violations thereof; and

N.      Such other and further preliminary and permanent relief be awarded to Plaintiff as the Court deems appropriate.

**COUNT VIII**
**False Designation of Origin under the Lanham Act – 15 U.S.C. §§ 1125 *et. seq.***
**Against All Defendants**

171.    Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1 through 97 as if set forth herein.

172.    Upon information and belief, Defendants' conduct is likely to cause confusion, mistake or deception as to Defendants' affiliations, connection, or association with Plaintiff, or as to the origin, sponsorship or approval of their goods or commercial activities.

173.    Defendants' conduct as alleged herein, including but not necessarily limited to their use of Plaintiff's marks, constitutes false designation of origin pursuant to 15 U.S.C. § 1125(a).

174.    Plaintiff has been damaged by these acts in an amount to be proven at trial. Plaintiff is also entitled under the Lanham Act to injunctive and equitable relief against Defendants.

WHEREFORE, Plaintiff, Hydentra HLP Int. Limited, d/b/a Metart d/b/a Sexart, request the following relief:

A.    Enter judgment against Defendants finding that Defendants have engaged in, and continue to engage in, unfair competition in violation of 15 U.S.C. § 1125(a);

B.    Finding that Defendants have and continue to infringe Plaintiff's '3152759 trademark in violation of 15 U.S.C. § 1114;

C.    Finding that Defendants have and continue to infringe Plaintiff's '4191754 trademark in violation of 15 U.S.C. § 1114;

D.    That Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors and assigns and parent and subsidiary corporations or other related entities, and any or all persons in act of concert or participation with any of them, be preliminarily and permanently enjoined from:

(1)    Any and all reproduction, adaptation, public display and/or distribution of copies of the Plaintiff's copyrighted works by Defendants on any website, including but not limited to Playvid.com, Feedvid.com, Playvids.com, and Peekvids.com;

(2)    Permitting any user to upload for reproduction, adaptation, public display and/or distribution of copies of the Plaintiff's copyrighted works by Defendants on any website, including but not limited to Playvid.com, Feedvid.com, Playvids.com, and Peekvids.com; and

36

(3)     Marketing or selling any product containing or utilizing Plaintiff's intellectual property or business values.

E.     That Defendants be ordered to file with the Court and serve upon Plaintiff, within thirty (30) after the entry of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with any ordered injunction;

F.     That pursuant to 15 U.S.C. § 1117, Defendants be held liable for all damages suffered by Plaintiff resulting from the acts alleged herein;

G.     That Defendants be ordered to transfer the domain Playvid.com, Feedvid.com, Playvids.com, and Peekvids.com, and all similar domains held by Defendants found in discovery, such as misspellings of the enumerated domains, domains held by Defendants linked to www.playvid.com, and the content therein to Plaintiff.

H.     That Plaintiff be awarded damages in an amount to be determined at trial for all infringing activities, including Plaintiff's damages and lost profits, Defendants' profits, plus any costs incurred in preventing future confusion, mistake or deception, all from the date of first infringement;

I.     That pursuant to 15 U.S.C. § 1117, Defendants be ordered to account to Plaintiff for all profits, gains and advantages which they have realized as a consequence of their unauthorized use of Plaintiff's copyrighted works;

J.     That the Court declare this to be an exceptional case and award Plaintiff reasonable attorney fees pursuant to 15 U.S.C. § 1117

K.     That Plaintiff be awarded enhanced damages and attorney's fees;

L.     For all other damages to the extent permitted by law;

M.     Ordering that this Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action; for the modification of any such order; for the enforcement or compliance therewith; or for the punishment of any violations thereof; and

N.     Such other and further preliminary and permanent relief be awarded to Plaintiff as the Court deems appropriate.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby respectfully demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED:  June 4th, 2015

Respectfully submitted,

BeharBehar
1840 North Commerce Parkway
Suite One
Weston, Florida 33326
Telephone: (954) 688-7642
Facsimile: (954) 332-9260
E-mail: AB@BeharBehar.com

By:      */s/Aaron Behar*
Aaron Behar, Esquire
Florida Bar No.: 166286
Jaclyn Behar, Esquire
Florida Bar No.: 63833
*Counsel for Plaintiff*

And:   Spencer D. Freeman
Freeman Law Firm, Inc.
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
Telephone:  (253) 383-4500
Facsimile:  (253) 383-4501
E-mail: sfreeman@freemanlawfirm.org
*Counsel for Plaintiff*
(Moving for Admission pro hac vice)

# EXHIBIT "A"

EXHIBIT A

**SITE: PLAYVID.COM**

| Title of Work | Copyright Registration Number | Infringing Link |
|---|---|---|
| Anna AJ in Oriente | PA0001922450 | http://www.playvid.com/watch/4hfFIQ73lw3 |
| Approaching | PA0001922433 | http://www.playvid.com/watch/LfSNZEwTHML |
| Approaching | PA0001922433 | http://www.playvid.com/watch/JB4Tp9G9TA5 |
| At The Movies | PA0001922464 | http://www.playvid.com/watch/zBRxc3zHsNJ |
| At The Movies | PA0001922464 | http://www.playvid.com/watch/TaSWqOaO0Pw |
| Be My Slave | PA0001922430 | http://www.playvid.com/watch/g7ihsgUTVyX |
| Be My Slave | PA0001922430 | http://www.playvid.com/watch/E8wWFJAvmxd |
| Be My Slave | PA0001922430 | http://www.playvid.com/watch/rg1mS3IbFDf |
| Be My Slave | PA0001922430 | http://www.playvid.com/watch/yttkFdcOyIP |
| Book of Love | PA0001922654 | http://www.playvid.com/watch/-XUczyUSK0d |
| Concierge | PA0001922664 | http://www.playvid.com/watch/GK2T5kx6MDy |
| Concierge | PA0001922664 | http://www.playvid.com/watch/H7q5c5W4NuW |
| Cybersex | PA0001917321 | http://www.playvid.com/watch/i0xYBmuJiwc |
| Desire | PA0001922694 | http://www.playvid.com/watch/Gt2gj-9EttM |
| Draw Me | PA0001923131 | http://www.playvid.com/watch/Wt7G50XHuIS |
| Draw Me | PA0001923131 | http://www.playvid.com/watch/v4EQRXdmENS |
| Draw Me | PA0001923131 | http://www.playvid.com/watch/4_9X1IytndS |
| Finish Me | PA0001923130 | http://www.playvid.com/watch/Td-duKpbHva |
| Finish Me | PA0001923130 | http://www.playvid.com/watch/lScLvm4yyzY |
| Finish Me | PA0001923130 | http://www.playvid.com/watch/DaaFFs1bE3a |
| First | PA0001917312 | http://www.playvid.com/watch/g9vuIPunyiE |
| Gypsy Fortune | PA0001923127 | http://www.playvid.com/watch/TKZ42SVOeTX |
| Hielo Caliente | PA0001917310 | http://www.playvid.com/watch/OidBcPl0l4r |
| Hielo Caliente | PA0001917310 | http://www.playvid.com/watch/o9JpOCDUVO7 |
| Hollywood Royale | PA0001922475 | http://www.playvid.com/watch/px7nfEIheZA |
| Hollywood Royale | PA0001922475 | http://www.playvid.com/watch/F-UyjFozl0u |
| Hollywood Royale | PA0001922475 | http://www.playvid.com/watch/7xq2e8j8_s9 |

EXHIBIT A

| | | |
|---|---|---|
| Il Lungo Addio | PA0001917306 | http://www.playvid.com/watch/RIuYxh_LdLC |
| Kamasutra | PA0001922480 | http://www.playvid.com/watch/DckI8UmdvoI |
| Kamasutra | PA0001922480 | http://www.playvid.com/watch/MNdS53pJbWq |
| Kamasutra | PA0001922480 | http://www.playvid.com/watch/k8dSYHTadav |
| Le Café | PA0001922479 | http://www.playvid.com/watch/MXt5KXvieF8 |
| Like Snow | PA0001922519 | http://www.playvid.com/watch/0Q5cz4_fgpL |
| Like Snow | PA0001922519 | http://www.playvid.com/watch/XbzAwreVAUg |
| Love Beats | PA0001922514 | http://www.playvid.com/watch/Dnh5yuZfIat |
| Love Beats | PA0001922514 | http://www.playvid.com/watch/ISfIb9y7mg7 |
| Our Time | PA0001923133 | http://www.playvid.com/watch/eHe6347hTen |
| Our Time | PA0001923133 | http://www.playvid.com/watch/7bmcoBYarHC |
| Right Now | PA0001922630 | http://www.playvid.com/watch/yR-ffYjwO5F |
| Secret Love | PA0001917311 | http://www.playvid.com/watch/ys6v6JsUPwU |
| Secret Love | PA0001917311 | http://www.playvid.com/watch/iEj0THocITo |
| Secret Love | PA0001917311 | http://www.playvid.com/watch/N0dk5mdmzch |
| Secret Love | PA0001917311 | http://www.playvid.com/watch/5mGSKxpwqrZ |
| Senora and Jorge | PA0001922631 | http://www.playvid.com/watch/zyFowLKIn8o |
| Siesta | PA0001922635 | http://www.playvid.com/watch/pRLacuTsx7y |
| Siesta | PA0001922635 | http://www.playvid.com/watch/wGhC7wInXw5 |
| Siesta | PA0001922635 | http://www.playvid.com/watch/GfoWO-xTZt3 |
| Snow Fun XI | PA0001922633 | http://www.playvid.com/watch/8zhUksT3ZHu |
| Snow Fun XI | PA0001922633 | http://www.playvid.com/watch/Xy_IqczYn5y |
| Snow Fun XI | PA0001922633 | http://www.playvid.com/watch/0taOxejlYOd |
| Spanglish | PA0001922536 | http://www.playvid.com/watch/nJJnBd2EJ5U |
| Tantra Imaginations | PA0001922543 | http://www.playvid.com/watch/Olxgg0Z0S0I |
| The Date | PA0001922537 | http://www.playvid.com/watch/lsbFogKclkD |
| The Game VIII - Winner Takes All | PA0001922549 | http://www.playvid.com/watch/TXg_pPTuXq8 |
| The Game VIII - Winner Takes All | PA0001922549 | http://www.playvid.com/watch/I8B7d6pZ8_P |

EXHIBIT A

| | | |
|---|---|---|
| The Writer | PA0001916915 | http://www.playvid.com/watch/LOj245sj8Pk |
| The Writer | PA0001916915 | http://www.playvid.com/watch/H0lu23XSBxA |
| The Writer | PA0001916915 | http://www.playvid.com/watch/P7DNLh5yBzN |
| The Writer - Sex Therapy | PA0001922428 | http://www.playvid.com/watch/MUHATU0l38u |
| The Writer - Sex Therapy | PA0001922428 | http://www.playvid.com/watch/NfFi_roUe1v |
| Tone of Love | PA0001922431 | http://www.playvid.com/watch/K9mZKZdHwCs |
| Tone of Love | PA0001922431 | http://www.playvid.com/watch/akd9tliWbua |
| True Love | PA0001922436 | http://www.playvid.com/watch/HyoDdggNWT2 |
| Under the Elle Tree | PA0001922444 | http://www.playvid.com/watch/aSPucxgoiBE |
| Under the Elle Tree | PA0001922444 | http://www.playvid.com/watch/qDGQJRzRppK |
| Upper West Side | PA0001922429 | http://www.playvid.com/watch/TiEJNLyG-4O |
| Vintage Collection - Seduction | PA0001917318 | http://www.playvid.com/watch/6vKzEmkeo0O |
| Vintage Collection - Seduction | PA0001917318 | http://www.playvid.com/watch/HVJCWWwVJDl |
| Yes | PA0001917316 | http://www.playvid.com/watch/k_i8oHtmOsn |
| MetArt Channel | MetArt Channel | http://www.playvid.com/channel/Met-Art |
| Search MetArt | SEARCH METART | http://www.playvid.com/search?q=metart |
| Search SexArt | SEARCH SEX ART | http://www.playvid.com/search?q=sexart |
| SexArt Channel | SexArt Channel | http://www.playvid.com/channel/Sex-Art |

## SITE: PEEKVIDS.COM

| Title of Work | Copyright Registration Number | Infringing Link |
|---|---|---|
| La Dolce Vita | PA0001922495 | https://www.peekvids.com/watch?v=EBJYQZOT-Lm |
| Saturday Night | PA0001916892 | https://www.peekvids.com/watch?v=sBAcmatntmq |
| Snow Fun XI | PA0001922633 | https://www.peekvids.com/watch?v=pgwY3aGYzpX |
| Snow Fun XI | PA0001922633 | https://www.peekvids.com/watch?v=8dz0Vx56Ay6 |
| Tantra Imaginations | PA0001922543 | https://www.peekvids.com/watch?v=f02HxoNNYIW |
| Waltz With Me - Spring | PA0001931987 | https://www.peekvids.com/watch?v=E98QhLqNJXc |

EXHIBIT A

## SITE: FEEDVID.COM

| Title of Work | Copyright Registration Number | Infringing Link |
|---|---|---|
| Saturday Night | PA0001916892 | https://www.feedvid.com/watch/3mPqoCL29WO |
| Sweet Morning | PA0001916913 | https://www.feedvid.com/watch/wle6rwfPdhJ |

## SITE: PLAYVIDS.COM

| Title of Work | Copyright Registration Number | Infringing Link |
|---|---|---|
| At The Movies | PA0001922464 | https://www.playvids.com/v/zBRxc3zHsNJ |
| Be My Slave II | PA0001922430 | https://www.playvids.com/v/g7ihsgUTVyX |
| Cellist | PA0001931426 | https://www.playvids.com/v/R-AcQVxEChf |
| Concierge | PA0001922664 | https://www.playvids.com/v/GK2T5kx6MDy |
| Cybersex | PA0001917321 | https://www.playvids.com/v/i0xYBmuJiwc |
| Desire | PA0001922694 | https://www.playvids.com/v/Gt2gj-9EttM |
| Draw Me | PA0001923131 | https://www.playvids.com/v/Wt7G50XHuIS |
| Draw Me | PA0001923131 | https://www.playvids.com/v/v4EQRXdmENS |
| Draw Me | PA0001923131 | https://www.playvids.com/v/4_9X1lytndS |
| Finish Me | PA0001923130 | https://www.playvids.com/v/DaaFFs1bE3a |
| Gypsy Fortune | PA0001923127 | https://www.playvids.com/v/6PPiC0qcoOa |
| Gypsy Fortune | PA0001923127 | https://www.playvids.com/v/ywoFDVbxsWz |
| Hielo Caliente | PA0001917310 | https://www.playvids.com/v/OidBcPl0l4r |
| Hollywood Royale | PA0001922475 | https://www.playvids.com/v/px7nfElheZA |
| Il Lungo Addio | PA0001917306 | https://www.playvids.com/v/RIuYxh_LdLC |
| Kamasutra | PA0001922480 | https://www.playvids.com/v/DckI8Umdvol |
| Kamasutra | PA0001922480 | https://www.playvids.com/v/DckI8Umdvol |
| Lazy Sunday | PA0001931433 | https://www.playvids.com/v/azOWBYeCWTV |
| Our Time | PA0001923133 | https://www.playvids.com/v/3NoHbyVZ0nc |
| Right Now | PA0001922630 | https://www.playvids.com/v/yR-ffYjwO5F |

EXHIBIT A

| | | |
|---|---|---|
| Secret Love | PA0001917311 | https://www.playvids.com/v/ys6v6JsUPwU |
| Secret Love | PA0001917311 | https://www.playvids.com/v/iEj0THoclTo |
| Senora and Jorge | PA0001922631 | https://www.playvids.com/v/zyFowLKln8o |
| SexArt | PA0001931425 | https://www.playvids.com/v/4yoxQxw8izY |
| Siesta | PA0001922635 | https://www.playvids.com/v/pRLacuTsx7y |
| Snow Fun XI | PA0001922633 | https://www.playvids.com/v/Xy_IqczYn5y |
| Snow Fun XI | PA0001922633 | https://www.playvids.com/v/BxXwHXvUysa |
| Spanglish | PA0001922536 | https://www.playvids.com/v/nJJnBd2EJ5U |
| Tantra Imaginations | PA0001922543 | https://www.playvids.com/v/Olxgg0Z0S0I |
| Tantra Imaginations | PA0001922543 | https://www.playvids.com/v/sHSmjyas3bn |
| Tone of Love | PA0001922431 | https://www.playvids.com/v/K9mZKZdHwCs |
| Tone of Love | PA0001922431 | https://www.playvids.com/v/akd9tliWbua |
| Turning Point | PA0001931440 | https://www.playvids.com/v/8dfH9e2OBND |
| Upper West Side | PA0001922429 | https://www.playvids.com/v/TiEJNLyG-4O |
| Vintage Collection - Seduction | PA0001917318 | https://www.playvids.com/v/HVJCWWwVJDI |
| White Room | PA0001931431 | https://www.playvids.com/v/hQC9o0nsghr |
| SexArt Search | PA0001922543 | |
| | PA0001922536 | |
| | PA0001917311 | |
| | PA0001931425 | |
| | PA0001922431 | |
| | PA0001922633 | |
| | PA0001922694 | |
| | PA0001923131 | |
| | PA0001922664 | |
| | PA0001931426 | |
| | PA0001931433 | |
| SexArt Search | PA0001931431 | https://www.playvids.com/s?q=sexart |
| | PA0001931425 | |
| MetArt Search | PA0001922430 | https://www.playvids.com/s?q=metart |

Page 5 of 6

EXHIBIT A

| SexArt Channel | PA0001922694 | https://www.playvids.com/channel/SexArt |
|---|---|---|
| | PA0001922431 | |
| | PA0001922543 | |
| | PA0001923131 | |
| | PA0001931427 | |
| | PA0001922536 | |
| MetArt Channel | PA0001931430 | https://www.playvids.com/channel/Met-Art |
| | PA0001917306 | |
| | PA0001922450 | |