**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

| | |
|---|---|
| HYDENTRA HLP INT. LIMITED, a foreign corporation d/b/a METART<br><br>     Plaintiff,<br><br>v.<br><br>CONSTANTIN LUCHIAN, an individual, KONSTANTIN BOLOTIN, an individual, SUN SOCIAL MEDIA, INC., a corporation, individually and d/b/a PLAYVID.COM, FEEDVID.COM, PLAYVIDS.COM and PEEKVIDS.COM; PLAYVID.COM; FEEDVID.COM; PLAYVIDS.COM; PEEKVIDS.COM; and John Does 1-20,<br><br>     Defendants. | Case No. 1:15-cv-22134-UU |

**DEFENDANTS' UNOPPOSED MOTION TO SET ASIDE DEFAULT**

Pursuant to Fed. R. Civ. P. 55(c), Defendants Konstantin Bolotin and Sun Social Media, Inc. (collectively, the "Defendants") respectfully move for the Court to set aside the default entered against them for good cause shown.  In support of this Motion, the Defendants state that the Parties to this action all erroneously believed that, absent a request from the Plaintiff requesting a default, no default would enter *sua sponte*, and that, given the Plaintiff's voluntary agreement to extend the response deadline (and Defendants' agreement to accept service of process for Constantin Luchian who has not otherwise been served), the Defendants would be able to respond to the Complaint in a timely fashion in accordance with such an agreement.[1]

---

[1] The Defendants regret not having first sought leave of this Court for permission to extend the deadline to respond to the Complaint and apologize to the Court for the oversight.  As noted below, Defendants have struggled to secure

1

## FACTS

Plaintiff Hydentra HLP Int. Limited ("Hydentra") filed the Complaint in this action on June 4, 2015 and requested summonses on June 5. Docket Nos. 1 and 6. The Court issued summonses on June 8, 2015. Docket Nos. 7. Five weeks later, Hydentra served Defendant Konstantin Bolotin on July 15 and Defendant Sun Social Media, Inc. (which does business as PlayVid.com, FeedVid.com, PlayVids.com and PeekVids.com) on July 16th. Docket Nos. 11 and 12. Responses were due for these defendants on August 5 and August 6, respectively. Docket Nos. 11 and 13.

Following the service of the Complaint, the Defendants informed Attorney Valentin Gurvits ("Attorney Gurvits") of Boston Law Group, PC, that they would like to retain his services to defend the present litigation, but that they were having difficulty raising the funds necessary to do so.

On July 27, 2015, Attorney Gurvits' associate, Attorney Matthew Shayefar, contacted Plaintiff's lead counsel, Attorney Spencer Freeman, by email and requested an extension to respond to the Complaint through August 18, 2015. *See* Exhibit 1, email chain between Attorneys Matthew Shayefar and Spencer Freeman dated July 27, 2015 through August 3, 2015.

In a subsequent telephone call, Attorney Freeman stated that Plaintiff would agree to extend the deadline for a response to the Complaint for all Defendants if Boston Law Group, PC, accepted service on behalf of Defendant Constantin Luchian, who had not yet been served. On July 30, 2015, counsel for the parties again exchanged emails confirming that all Defendants would have thirty (30) days from the date of service on Defendant Luchian to respond to the Complaint. *Id*.

---

funds to retain counsel and had hoped that the brief extension of time within which to respond to the Complaint would allow them to do so.

2

In the evening of August 5, 2015, Plaintiff's counsel sent to Defendant's counsel a form for the acceptance of service for Defendant Luchian, which Plaintiff's counsel executed and returned on August 6, 2015.  See Exhibit 2, emails between Attorneys Shayefar and Freeman dated August 5 and 6, 2015, and Exhibit 3, executed Acceptance of Service.  According to the agreement of the parties, the Defendants' responses to the Complaint would have therefore been due on September 4, 2015.

On Friday, August 7, 2015, this Court *sua sponte* entered an Order to Show Cause as to why the Court should not order the clerk's entry of default against **Plaintiff Hydentra**, ordering that cause should be shown by August 10, 2015.  Docket No. 15.  Although it appears now that the Court intended this Order to actually require the Defendants to show cause as to why a default should not enter against them, this was contrary to the actual text of the Order issued.  As such, the Defendants were not on notice that there was a risk of a default entering against them at that time.

Nevertheless, on the same day, counsel for the Parties spoke by telephone and conversed by email in an attempt to resolve the matter.  In response to concerns raised by the Boston Law Group, Plaintiff's counsel wrote:

> Matt,
>
> Per our discussion, we are working to fix the default entries in the case. I was notified this morning of the issue and I have local counsel working to fix it. As I indicated on the phone, I have never seen a court proactively enter defaults (let alone against the wrong party). We will get this fixed and honor our agreement to extend time to Answer the complaint for all Defendants.
>
> Regards,
> Spencer

*See* Exhibit 4, emails between Attorneys Shayefar and Freeman dated August 7, 2015.

Despite Plaintiff's assurances, the issue was not resolved as on Monday, August 17, 2015 the court *sua sponte* issued an Order that the Clerk of the Court enter a Default against Defendants Sun Social Media, Inc. and Constantin Bolotin and that Plaintiff file a Motion for Final Default Judgment against those Defendants by that Wednesday, August 19, 2015.  Docket No. 16.  Again, given the erroneous text of the Court's August 7, 2015 Order, this default was issued without any prior notice to the Defendants.

Counsel for the Parties again spoke by telephone on August 17 to determine a way to resolve the matter while giving the Defendants until September 4, 2015 to respond to the Complaint.  It was anticipated that, by that date, the Defendants would have been able to secure sufficient funds to retain counsel.  The parties determined that requesting an extension to file the Motion for Final Default Judgment until after September 4, 2015 would best resolve this matter.

On this basis, Plaintiff filed its Motion for Enlargement of Time to File Motion for Final Default Judgment Against Defendants on August 17, 2015, requesting that the court's deadline be extended to September 5, 2015.  Docket No. 18.  This Court denied the Plaintiff's Motion for Enlargement on August 18, 2015, giving Plaintiff one day to prepare and file its Motion for Final Default Judgment.  Docket No. 19.

Faced with the Court's denial of the Enlargement of Time, the Plaintiff *could* still have adhered to its agreement with the Defendants by voluntarily dismissing and refiling its claims. There are no statute of limitations issues which would have precluded the Plaintiff from taking such a step and – given Plaintiff's repeated assurances that it would abide by the terms of its agreement – such a step would have been the proper one to take.  Instead, on August 19, 2015, Plaintiff filed its Motion for Entry of Judgment After Default.  Docket No. 20.  That Motion is still pending.

4

Compounding this breach of its agreement, the Plaintiff then sought to use the improperly-issued default to its strategic advantage.  Specifically, on August 20, 2015, Hydentra agent Jason Tucker directly contacted Defendant Konstantin Lucian via Skype, writing:

> Hi. I think it might be good if we talk.  I don't want to see you swept up in the same mess as Bolotin.  You may not believe me but I am approaching to help. . . . Do you see what happened with the case yesterday?

Screenshot attached as Exhibit 5.

On August 25, 2015, this Court *sua sponte* entered an Order requiring Plaintiff to show good cause in writing by August 27, 2015 as to why this case should not be dismissed for failure to file verified proof of service on Defendant Luchian.[2]  Docket No. 23.

Although Attorney Gurvits is currently out of the country on a pre-planned vacation with his family, Defendants nonetheless file the present Motion now so as to prevent the improper entry of a default judgment and to demonstrate the Defendants' willingness to take prompt action to ensure the default is set aside.

## ARGUMENT

Pursuant to Fed. R. Civ. P. 55(c), this Court may set aside the default against the Defendants for good cause shown.  "Defaults are seen with disfavor because of the strong policy of determining cases on their merits."  *Florida Physicians Insur. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993).  *See also Argoitia v. C & J Sons, LLC*, 2014 U.S. Dist. LEXIS 65611 (S.D. Fla. 2014) ("It is the general rule that default judgments are ordinarily disfavored because cases should be decided upon their merits whenever reasonably possible.").  This is true even though the standard for setting aside a *judgment* is the more stringent requirement that a defendant prove "excusable neglect" as opposed to the "good cause" required to set aside a default.  *Ostane v. Jim*

---

[2] Additionally, the Defendants have acknowledged that, by failing to join in this motion, they have further reneged on their part of the Agreement and that they are not entitled to have service accepted on behalf of Mr. Luchian.

*Wright Marine Construction, Inc.*, 2010 U.S. Dist. LEXIS 94433, *4 (S.D. Fla. 2010) (standard for setting aside judgment under Rule 60(b) is "more rigorous" than the standard applied to set aside a default under Rule 55(c) (*citing EEOC v. Mike Smith Pontiac GMC*, 896 F.2d 524, 528 (11th Cir. 1990))).

To obtain relief under Rule 55(c), "the movant must only make a 'bare minimum showing' to support its claim for relief." *Daytona Tourist Charter Corporation v. Broward Services Limited*, 2012 U.S. Dist. LEXIS 103282, *4 (S.D. Fla. 2012) (*quoting Jones c. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988)).

"Good cause" is a mutable standard that varies depending on the situation. *Baker v. Warner/Chappell Music, Inc.,* 2015 U.S. Dist. LEXIS 44691, 6-7 (S.D. Fla. 2015). In determining if good cause has been shown, the Court considers a myriad of factors; a defendant need not prove all factors for the default to be properly set aside. *See, e.g., Daytona Tourist Charter Corporation,* at *4 (factors which the court may consider include "(a) whether the default was culpable or willful; (b) whether setting it aside would prejudice the adversary, (c) whether the defaulting party presents a meritorious defense; (d) whether there was significant financial loss to the defaulting party; and (e) whether the defaulting party acted promptly to correct the default" (*quoting S.E.C. v. Johnson*, 436 F. App'x. 939, 945 (11th Cir. 2011))). "These factors are not 'talismanic'; the Eleventh Circuit frequently reiterates that these factors should be seen simply as 'a means of identifying circumstances which warrant the finding of "good cause" to set aside a default.'" *Rodriguez v. Brim's Food, Inc.,* 2013 U.S. Dist. LEXIS 86131 (S.D. Fla. June 18, 2013).

In the present case, the relevant factors all favor setting aside the default. The Defendants' default was neither culpable nor willful. To the contrary, the Defendants were in

6

the process of engaging counsel and believed that their agreement with opposing counsel to extend the time within which a response was due was sufficient to avoid an entry of default. Indeed, as part of that agreement, Mr. Luchian had agreed to accept service of process – hardly the action of a litigant attempting to ignore or delay process in this Court.

Next, there is no reasonable argument that setting aside the default would prejudice Hydentra in any way. Hydentra, of course, acceded to the requested extension, proof in and of itself that it will not be prejudiced by the very relief to which it previously agreed.

The Defendants also have numerous meritorious defenses. "With regard to a meritorious defense, the '[l]ikelihood of success is not the measure.' . . . Rather, the proper measure is whether Defendants have provided by 'clear statements' a 'hint of a suggestion' that their defenses have merit." *Argoitia v. C & J Sons, LLC*, 2014 U.S. Dist. LEXIS 65611 (S.D. Fla. May 13, 2014) (*citing Rodriguez v. Brim's Food, Inc.,* 2013 WL 3147348, at *3 (S.D. Fla. 2013)).

In the present case, and without limiting the defenses that the Defendants might eventually present, the Defendants state that: (a) as a matter of law Defendants cannot be found liable for direct copyright infringement for the postings of third parties; (b) they are entitled to safe harbor under the Digital Millennium Copyright Act, given that they properly appointed a DMCA Agent to receive takedown notifications, have a repeat infringer policy, and properly responds to all DMCA-compliant takedown notices; (c) on information and belief, some or all of the postings complained of in the Plaintiff's Complaint were posted by the Plaintiff's own affiliates; (d) Plaintiff has engaged in copyright misuse; and (e) Plaintiff's Complaint is brought not to vindicate legitimate rights, but rather as part of an improper campaign of copyright trolling.

Next, the Plaintiff's Complaint seeks, among other things, over $5.5 million in damages[3] and the forfeiture of the Defendants' internet domains.  Clearly, such a result would constitute a "significant financial loss" for the Defendants.

Finally, the Defendants have acted promptly in moving to set aside the default despite: (a) Defendants' lack of financial resources, and (b) the fact that undersigned lead counsel Valentin Gurvits is on vacation, out of the country, with his family.

For all these reasons, the default as to the Defendants should be set aside for good cause.

## CONCLUSION

For the reasons stated hereinabove, Defendants Bolotin and Sun Social respectfully request that the Court set aside the default entered against them.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

I hereby certify that counsel for movant, Val Gurvits, has conferred with Plaintiff's counsel in a good faith effort to resolve the issues in this motion.  Plaintiff's counsel indicated that they would not oppose the present motion.

/s/ Valentin Gurvits

**Respectfully submitted:**

/s/ Valentin Gurvits
Valentin D. Gurvits (*pro hac vice application forthcoming*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, MA  02459
Telephone: (617) 928-1804
Facsimile: (617) 928-1802
vgurvits@bostonlawgroup.com

Dated: August 27, 2015

/s/ Brady J. Cobb
Brady J. Cobb, Esquire
Florida Bar No. 031018
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone (954) 527-4111
Facsimile  (954) 900-5507
bcobb@cobbeddy.com

---

[3] The Plaintiff claims 37 acts of infringement and statutory damages of $150,000 per alleged infringement for a total of more than $5.5 million in claimed damages.

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record on the service list below this 27th day of August, 2015.

/s/ Brady J. Cobb
Brady J. Cobb

## SERVICE LIST

Aaron Behar, Esquire
Jaclyn Behar, Esquire
BEHARBEHAR
1840 North Commerce Parkway
Suite One
Weston, Florida 33326
Telephone: (954) 688-7642
Facsimile: (954) 332-9260
AB@BeharBehar.com
jb@jaclynbentley.com