UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cv-22134-UU

HYDENTRA HLP INT. LIMITED,

    Plaintiff,

v.

CONSTANTIN LUCHIAN, *et al.*,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Entry of Judgment After Default (D.E. 20) and Defendants' Unopposed Motion to Set Aside Default (D.E. 26).

THE COURT has considered the pertinent portions of the record and is otherwise fully advised in the premises.

On June 4, 2015, Plaintiff filed this action against Defendants. D.E. 1. Defendant, Konstantin Bolotin was served process on July 15, 2015 (D.E. 13), and his responsive pleadings were therefore due on August 5, 2015. Defendants, Feedvid.Com, Peekvids.Com, Playvid.Com, Playvids.Com, and Sun Social Media, Inc., were served process on July 16, 2015, (D.E. 11), and their responsive pleadings were therefore due on August 6, 2015. Fed. R. Civ. P. 12(a)(1)(A)(i). The Court acknowledges that on August 6, 2015, it inadvertently issued an Order to Show Cause as to Plaintiff, rather than to Defendants; <u>however</u>, contrary to Defendants' assertions, that does not mean they were "not on notice that there was a risk of default [being entered] against them at that time." D.E. 26. Federal Rule of Civil Procedure 55(a) explicitly states: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend,

and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." (emphasis added). This language is mandatory, not permissive, and Defendants' counsel were not entitled to any prior "notice," other than being served with the Complaint and being aware of the applicable rules within which a defendant must respond under the Federal Rules.

On August 17, 2015, more than ten days after Defendants' responsive pleadings were due, the Court ordered the Clerk to Enter Default as to Defendants. D.E. 16. The Clerk subsequently entered default. D.E. 17, 22. In doing so, the Court also ordered Plaintiff to file a Motion for Final Default Judgment against Defendants, duly supported by affidavits and other documentation and a proposed Final Order by August 19, 2015. D.E. 16. Plaintiff moved for an extension of time to file its Motion, which the Court had denied on the grounds that this case had been pending for two months and had been at a complete standstill. D.E. 19. On August 19, 2015, Plaintiff filed its Motion for Entry of Judgment After Default (D.E. 20), along with the Affidavit of Jonathan Krogman (D.E. 21, 24). On August 27, 2015, Defendants filed their Motion to Set Aside Default Judgment. D.E. 26.

In reviewing Plaintiff's Motion for Final Default Judgment (D.E. 19), the Court finds Plaintiff's Motion to be wholly inadequate. Plaintiff's Motion seeks statutory damages for copyright infringement claims, 17 U.S.C. §§ 101, *et seq.*, as well as injunctive relief provided under the Florida Statutes and the Lanham Act, 15 U.S.C. §§ 1111, *et seq.* D.E. 1. The Affidavit is nothing more than a recitation of the allegations contained within Plaintiff's Complaint. D.E. 24-1. "Damages may be awarded after entry of default judgment only if the record adequately reflects the basis for award 'via a hearing or a demonstration by detailed affidavits establishing the necessary facts.'" *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1541 (11th Cir. 1985). The Motion and the "supporting" Affidavit do not contain any

amount of damages, and the evidence provided to substantiate any relief is scarce at best. Therefore, Plaintiff's Motion for Entry of Judgment After Default is denied.

In addition, under Rule 55(c), "[t]he court may set aside an entry of default for good cause[.]" In determining whether a defendant has met the good cause standard of Rule 55(c), the Court must consider: (1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense. *See United States v. Nails*, 177 F.R.D. 696, 697 (S.D. Fla. 1997) (citing *Compania Interamericana v. Compania Dominicana*, 88 F.3d 948, 951-52 (11th Cir. 1996)). While the Court agrees that Plaintiff will not be prejudiced if the default is set aside, and the Court finds that Defendants do have meritorious defenses to Plaintiff's claims, it is a closer question as to whether the entry of default was the result of Defendants' culpable conduct. The e-mails attached to Defendants' Motion show that Defendants' counsel were aware of this case since the end of July. Notwithstanding their notice, no attorney made an appearance on behalf of Defendants until this Motion was filed. Because of this Circuit's "strong policy of determining cases on their merits," however, the Court finds that good cause minimally exists, and the entry of default should be vacated. *See In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003).

As a reminder to all parties, the deadlines for this Court are neither governed by counsel, nor is the Court required to accept any informal agreement amongst counsel without the proper showing to the Court. All parties are obligated to abide by the deadlines specified in the Federal Rules of Civil Procedure, the Local Rules for the Southern District of Florida, and this Court. The failure to abide by deadlines will result in dismissal and/or default. In addition, pursuant to Local Rule 4, any attorney who is practicing outside of this district must apply *pro hac vice* to

practice in the Southern District of Florida. This requirement requires counsel to certify that s/he has studied the Local Rules for the Southern District of Florida. Given the parties' confusion as to deadlines and as to the general decorum, requirements, and practices in this Court, the Court strongly recommends that the parties thoroughly acquaint themselves with the Local Rules before proceeding in this case, as a failure to comply will result in the imposition of sanctions, including possibly dismissal and/or default.

Accordingly, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion for Entry of Judgment After Default (D.E. 20) is DENIED. Defendants' Motion to Set Aside Default (D.E. 26) is GRANTED. The Clerk's Entry of Default (D.E. 17, 22) is VACATED. Defendants shall file their responsive pleadings by **Tuesday, September 1, 2015**. Pursuant to this Court's Order, the Joint Scheduling Report (D.E. 10) shall be filed by **Tuesday, September 1, 2015**. The parties' Planning and Scheduling Conference will proceed as scheduled on **Friday, September 4, 2015**.

DONE AND ORDERED in Chambers at Miami, Florida, this 27 day of August, 2015.

_____
UNITED STATES DISTRICT JUDGE

cc:
counsel of record via cm/ecf