## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### MIAMI DIVISION

HYDENTRA HLP INT. LIMITED,
a foreign corporation d/b/a METART

    Plaintiff,

v.

CONSTANTIN LUCHIAN, an individual,
KONSTANTIN BOLOTIN, an individual,
SUN SOCIAL MEDIA, INC., a corporation,
individually and d/b/a PLAYVID.COM,
FEEDVID.COM, PLAYVIDS.COM and
PEEKVIDS.COM; PLAYVID.COM;
FEEDVID.COM; PLAYVIDS.COM;
PEEKVIDS.COM; and
John Does 1-20,

    Defendants.

**Case No.
1:15-cv-22134-UU**

### CONSTANTIN LUCHIAN, KONSTANTIN BOLOTIN AND
### SUN SOCIAL MEDIA INC.'S ANSWER TO COMPLAINT
### AND AFFIRMATIVE DEFENSES

Defendants Constantin Luchian, Konstantin Bolotin and Sun Social Media, Inc.

(individually and doing business as Defendants Playvid.com, Feedvid.com, Playvids.com and

Peekvids.com) ("Defendants"), for their Answer to the Complaint for Damages, Injunctive Relief

and Demand For Jury Trial of Plaintiff Hydentra HLP Int. Limited ("Plaintiff") answer as

follows:

### JURISDICTION AND VENUE

1.      Defendants are without sufficient information or knowledge to admit or deny the

allegations of this paragraph and therefore deny the same.

2.      Defendants admit only that Defendant Constantin Luchian is an individual residing in this judicial district and that Sun Social Media, Inc. owns and operates Playvid.com, Feedvid.com, Playvids.com and Peekvids.com.  Defendants deny the remaining allegations of this paragraph.

3.      Defendants admit only that Defendant Konstantin Bolotin is an individual residing in this judicial district, that he is a Director of Operations at Sun Social Media, Inc. and that Sun Social Media, Inc. owns and operates Playvid.com, Feedvid.com, Playvids.com and Peekvids.com.  Defendants deny the remaining allegations of this paragraph.

4.      Defendants are without sufficient information or knowledge to admit or deny what is known to Plaintiff or what has been purported to Plaintiff, and therefore deny the allegations of this first sentence of this paragraph.  Defendants are without sufficient information or knowledge as to what is meant by "registrar and agent" for Playvid.com, and therefore denies the remaining allegations of this paragraph.

5.      Defendants admit only that Playvid.com is an Internet website that displays adult oriented videos and content.  Defendants specifically deny that Playvid.com is an entity that can be a party to a lawsuit and state that it is simply a domain name.  Defendants deny the remaining allegations of this paragraph.

6.      Defendants admit only that the Playvid.com domain name is registered to Sun Social Media, Inc. and that its registrar is GoDaddy.com, LLC, which has its headquarters located in Scottsdale, Arizona.  Defendants are without sufficient information or knowledge to admit or deny that GoDaddy.com, LLC is an Arizona corporation and therefore deny the same and the remaining allegations of this paragraph.

7.      Defendants admit only that Feedvid.com is an Internet website that displays adult oriented videos and content and, in answering further, Defendants state that Feedvid.com displays videos and content other than just adult oriented videos and content.  Defendants specifically deny that Feedvid.com is an entity that can be a party to a lawsuit and state that it is simply a domain name.  Defendants deny the remaining allegations of this paragraph.

8.      Defendants admit only that the Feedvid.com domain name is registered to Sun Social Media, Inc. and that its registrar is GoDaddy.com, LLC.  Defendants deny the remaining allegations of this paragraph.

9.      Defendants admit only that Playvids.com is an Internet website that displays adult oriented videos and content.  Defendants specifically deny that Playvids.com is an entity that can be a party to a lawsuit and state that it is simply a domain name.  Defendants deny the remaining allegations of this paragraph.

10.     Defendants admit only that the Playvids.com domain name is registered to Sun Social Media, Inc. and that its registrar is GoDaddy.com, LLC.  Defendants deny the remaining allegations of this paragraph.

11.     Defendants admit only that Peekvids.com is an Internet website that displays adult oriented videos and content.  Defendants specifically deny that Peekvids.com is an entity that can be a party to a lawsuit and state that it is simply a domain name.  Defendants deny the remaining allegations of this paragraph.

12.     Defendants admit only that the Playvids.com domain name is registered to Sun Social Media, Inc. and that its registrar is GoDaddy.com, LLC.  Defendants deny the remaining allegations of this paragraph.

13.     Defendants deny the allegations of this paragraph.

3

14.     This paragraph contains a conclusion of law for which no response is required, but to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

15.     This paragraph contains a conclusion of law for which no response is required, but to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

16.     This paragraph contains a conclusion of law for which no response is required, but to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

17.     This paragraph contains a conclusion of law for which no response is required, but to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

18.     This paragraph contains a conclusion of law for which no response is required, but to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

### PARTIES

19.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

20.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

21.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

22.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

23.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

24.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

25.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

26.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

27.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

28.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

29.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

30.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

31.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

32.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

33.     Defendants admit only that Sun Social Media, Inc. conducts business as Playvid.com, Feedvid.com, Playvids.com and Peekvids.com and that Sun Social Media, Inc. operates the websites at Playvid.com, Feedvid.com, Playvids.com and Peekvids.com. Defendants deny the remaining allegations of this paragraph.

34.     Defendants admit the allegations of this paragraph.

35.     Defendants deny the allegations of this paragraph.

36.     Defendants admit only that Defendant Luchian is a Vice President of Incorporate Now, Inc.  The remaining allegations of this paragraph are unintelligible and therefore no response is required, but to the extent a response is deemed necessary, Defendants deny the remaining allegations of this paragraph.

37.     Defendants admit only that Defendant Luchian is the Registered Agent and Registered DMCA Agent for WZ Communications, Inc.  Defendants deny the remaining allegations of this paragraph.

38.     Defendants admit only that Defendant Luchian is a Registered Agent, Financial Director and Registered DMCA Agent for IP Transit Inc.  Defendants deny the remaining allegations of this paragraph.

39.     Defendants admit only that Defendant Luchian is a Registered DMCA Agent for Webzilla, Inc. and that Sun Social Media, Inc. utilizes Webzilla, Inc. for web services for Playvid.com, Feedvid.com, Playvids.com and Peekvids.com.  Defendants deny the remaining allegations of this paragraph.

40.     Defendants deny the allegations of this paragraph.

41.     Defendants admit the allegations of this paragraph.

42.     Defendants deny the allegations of this paragraph.

43.     Defendants admit only that Webzilla Inc. is a company utilized to provide web services for Playvid.com, Feedvid.com, Playvids.com and Peekvids.com.  Defendants deny the remaining allegations of this paragraph.  In answering further, Defendants specifically deny that Defendant Bolotin is a vice president of Webzilla Inc.

44.     Defendants deny the allegations of this paragraph.

45.     Defendants admit that Sun Social Media, Inc. designated a DMCA Agent, Defendant Constantin Luchian.  The remaining allegations of this paragraph are unintelligible and therefore no response is required, but to the extent a response is deemed necessary, Defendants deny the remaining allegations of this paragraph.

46.     Defendants deny the allegations of this paragraph.

47.     Defendant specifically deny that Feedvid.com, Playvids.com and Peekvids.com do not have designated DMCA agents.  The remaining allegations of this paragraph are unintelligible and therefore no response is required, but to the extent a response is deemed necessary, Defendants deny the remaining allegations of this paragraph.

48.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

**STATEMENT OF FACTS**

49.     This paragraph contains only conclusions of law, speculation, and legal argument, requiring no response.  However, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

50.      This paragraph contains only conclusions of law, speculation, and legal argument, requiring no response.  However, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

51.     Defendants deny the allegations of this paragraph.

52.     Defendants admit only that Sun Social Media, Inc. allows users to view videos on Playvid.com, Feedvid.com, Playvids.com and Peekvids.com for free.  Defendants deny the remaining allegations of this paragraph.

53.     Defendants admit only that Sun Social Media, Inc. sells advertising space on Playvid.com, Feedvid.com, Playvids.com and Peekvids.com.  Defendants deny the remaining allegations of this paragraph.

54.     Defendants admit only that videos on Playvid.com, Feedvid.com, Playvids.com and Peekvids.com may be shared on other sites.  Defendants deny the remaining allegations of this paragraph.

55.     Defendants deny the allegations of this paragraph.

56.     Defendants deny the allegations of this paragraph.

57.     Defendants deny the allegations of this paragraph.

58.     Defendants deny the allegations of this paragraph.

59.     Defendants deny the allegations of this paragraph.

60.     Defendants deny the allegations of this paragraph.

61.     Defendants deny the allegations of this paragraph.

62.     Defendants deny the allegations of this paragraph.

63.     Defendants are without sufficient information or knowledge as to what has been purported to Plaintiff, and therefore deny the allegations of this paragraph.  In answering further, Defendants state that all videos uploaded to the websites Playvid.com, Feedvid.com, Playvids.com and Peekvids.com were uploaded by third parties.

64.     Defendants deny the allegations of this paragraph.

65.     Defendants deny the allegations of this paragraph.

66.     Defendants deny the allegations of this paragraph.

67.     Defendants deny the allegations of this paragraph.

68.     Defendants are without sufficient information or knowledge as to what has been purported to Plaintiff, and therefore deny the allegations of this paragraph.  In answering further, Defendants state that all videos uploaded to the websites Playvid.com, Feedvid.com, Playvids.com and Peekvids.com were uploaded by third parties.

69.     Defendants deny the allegations of this paragraph.

70.     Defendants deny the allegations of this paragraph.

71.     Defendants are without sufficient information or knowledge as to what has been purported to Plaintiff, and therefore deny the allegations of this paragraph.  In answering further, Defendants state that all videos uploaded to the websites Playvid.com, Feedvid.com, Playvids.com and Peekvids.com were uploaded by third parties.

72.     Defendants deny the allegations of this paragraph.

73.     Defendants deny the allegations of this paragraph.

74.     Defendants are without sufficient information or knowledge as to what has been purported to Plaintiff, and therefore deny the allegations of this paragraph.  In answering further, Defendants state that all videos uploaded to the websites Playvid.com, Feedvid.com, Playvids.com and Peekvids.com were uploaded by third parties.

75.     Defendants deny the allegations of this paragraph.

76.     Defendants deny the allegations of this paragraph.

77.     This paragraph contains only general statements concerning the operation and functioning of the internet as a whole which may or may not be true in any given instance and, as

such, defy an ability to admit or deny.  However, to the extent a response is deemed necessary,
Defendants deny the allegations of this paragraph.

78.     This paragraph contains only general statements concerning the operation and
functioning of the internet as a whole which may or may not be true in any given instance and, as
such, defy an ability to admit or deny.  However, to the extent a response is deemed necessary,
Defendants deny the allegations of this paragraph.

79.     This paragraph contains only general statements concerning the operation and
functioning of the internet as a whole which may or may not be true in any given instance and, as
such, defy an ability to admit or deny.  However, to the extent a response is deemed necessary,
Defendants deny the allegations of this paragraph.

80.     This paragraph contains only general statements concerning the operation and
functioning of the internet as a whole which may or may not be true in any given instance and, as
such, defy an ability to admit or deny.  However, to the extent a response is deemed necessary,
Defendants deny the allegations of this paragraph.

81.     Defendants deny the allegations of this paragraph.

82.     Defendants deny the allegations of this paragraph.

83.     Defendants deny the allegations of this paragraph

84.     Defendants deny the allegations of this paragraph.

85.     Defendants deny the allegations of this paragraph.  In answering further,
Defendants specifically deny that they created a "SexArt Channel" on Playvid.com,
Feedvid.com, Playvids.com, or Peekvids.com and state that if any such channel existed, it was
created by a user of said websites.

86.     Defendants deny the allegations of this paragraph.  In answering further, Defendants specifically deny that they created a "SexArt Channel" on Playvid.com, Feedvid.com, Playvids.com, or Peekvids.com or that they wrote such a description and state that if any such channel and description existed, it was created by a user of said websites.

87.     Defendants deny the allegations of this paragraph.  In answering further, Defendants specifically deny that they created a "MetArt Channel" on Playvid.com, Feedvid.com, Playvids.com, or Peekvids.com and state that if any such channel existed, it was created by a user of said websites

88.     Defendants deny the allegations of this paragraph.  In answering further, Defendants specifically deny that they created a "MetArt Channel" on Playvid.com, Feedvid.com, Playvids.com, or Peekvids.com or that they wrote such a description and state that if any such channel and description existed, it was created by a user of said websites.

89.     Defendants deny the allegations of this paragraph.

90.     Defendants deny the allegations of this paragraph.

91.     Defendants deny the allegations of this paragraph.

92.     Defendants deny the allegations of this paragraph.

93.     Defendants deny the allegations of this paragraph.

94.     Defendants deny the allegations of this paragraph.

95.     Defendants deny the allegations of this paragraph.

96.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

97.     Defendants deny the allegations of this paragraph.

**COUNT I**
**Copyright Infringement – 17 U.S.C. §§ 101 *et. seq.***
**Against all Defendants**

98.     Defendants repeat, re-respond and incorporate by reference their responses to

paragraph 1 through 97 as if set forth herein.

99.     Defendants are without sufficient information or knowledge to admit or deny the

allegations of this paragraph and therefore deny the same.

100.     Defendants are without sufficient information or knowledge to admit or deny the

allegations of this paragraph and therefore deny the same.

101.     Defendants deny the allegations of this paragraph.

102.     Defendants deny the allegations of this paragraph.

103.     Defendants deny the allegations of this paragraph.

104.     Defendants deny the allegations of this paragraph.

105.     Defendants deny the allegations of this paragraph

106.     Defendants deny the allegations of this paragraph.

107.     Defendants deny the allegations of this paragraph.

108.     Defendants deny the allegations of this paragraph.

109.     Defendants deny the allegations of this paragraph.

110.     Defendants deny the allegations of this paragraph.

111.     Defendants deny the allegations of this paragraph.

112.     Defendants deny the allegations of this paragraph.

113.     Defendants deny the allegations of this paragraph.

114.     Defendants deny the allegations of this paragraph.

115.     Defendants deny the allegations of this paragraph.

116.    Defendants deny the allegations of this paragraph.

117.    Defendants deny the allegations of this paragraph.

118.    Defendants deny the allegations of this paragraph.

119.    Defendants deny the allegations of this paragraph.

120.    Defendants deny the allegations of this paragraph.

WHEREFORE, Defendants pray for the following relief:

A.    That Plaintiff takes nothing by way of this Count and of the Complaint, that its requested relief be denied, that this Count and the Complaint be dismissed with prejudice and that judgment be rendered in favor of Defendants;

B.    That Defendants be awarded their costs, including reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 515, and costs pursuant to 28 U.S.C. § 1920; and

C.    For such further relief as the Court deems just and proper.

## COUNT II
## Contributory Copyright Infringement
## Against All Defendants

121.    Defendants repeat, re-respond and incorporate by reference their responses to paragraph 1 through 120 as if set forth herein.

122.    Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

123.    Defendants deny the allegations of this paragraph.

124.    Defendants deny the allegations of this paragraph.

125.    Defendants deny the allegations of this paragraph.

126.    Defendants deny the allegations of this paragraph.

127.    Defendants deny the allegations of this paragraph.

128.     Defendants deny the allegations of this paragraph.

129.     Defendants deny the allegations of this paragraph.

130.     Defendants deny the allegations of this paragraph.

131.     Defendants deny the allegations of this paragraph.

132.     Defendants deny the allegations of this paragraph.

133.     Defendants deny the allegations of this paragraph.

134.     Defendants deny the allegations of this paragraph.

WHEREFORE, Defendants pray for the following relief:

A.     That Plaintiff takes nothing by way of this Count and of the Complaint, that its requested relief be denied, that this Count and the Complaint be dismissed with prejudice and that judgment be rendered in favor of Defendants;

B.     That Defendants be awarded their costs, including reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 515, and costs pursuant to 28 U.S.C. § 1920; and

C.     For such further relief as the Court deems just and proper.

## COUNT III
### Vicarious Copyright Infringement
### Against All Defendants

135.     Defendants repeat, re-respond and incorporate by reference their responses to paragraph 1 through 134 as if set forth herein.

136.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

137.     Defendants deny the allegations of this paragraph.

138.     Defendants deny the allegations of this paragraph.

139.     Defendants deny the allegations of this paragraph.

140.     Defendants deny the allegations of this paragraph.

141.     Defendants deny the allegations of this paragraph.

142.     Defendants deny the allegations of this paragraph.

143.     Defendants deny the allegations of this paragraph.

144.     Defendants deny the allegations of this paragraph.

WHEREFORE, Defendants pray for the following relief:

A.     That Plaintiff takes nothing by way of this Count and of the Complaint, that its requested relief be denied, that this Count and the Complaint be dismissed with prejudice and that judgment be rendered in favor of Defendants;

B.     That Defendants be awarded their costs, including reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 515, and costs pursuant to 28 U.S.C. § 1920; and

C.     For such further relief as the Court deems just and proper.

**COUNT IV**
**Inducement of Copyright Infringement**
**Against All Defendants**

145.     Defendants repeat, re-respond and incorporate by reference their responses to paragraph 1 through 144 as if set forth herein.

146.     Defendants deny the allegations of this paragraph.

147.     Defendants deny the allegations of this paragraph.

148.     Defendants deny the allegations of this paragraph.

149.     Defendants deny the allegations of this paragraph.

150.     Defendants deny the allegations of this paragraph.

151.     Defendants deny the allegations of this paragraph.

152.     Defendants deny the allegations of this paragraph.

153.     Defendants deny the allegations of this paragraph.

154.     Defendants deny the allegations of this paragraph.

WHEREFORE, Defendants pray for the following relief:

A.     That Plaintiff takes nothing by way of this Count and of the Complaint, that its requested relief be denied, that this Count and the Complaint be dismissed with prejudice and that judgment be rendered in favor of Defendants;

B.     That Defendants be awarded their costs, including reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 515, and costs pursuant to 28 U.S.C. § 1920; and

C.     For such further relief as the Court deems just and proper.

**COUNT V**
**Unauthorized Publication of Name and Likeness in Violation**
**of Section 540.08, Florida Statutes**
**Against All Defendants**

155.     Defendants repeat, re-respond and incorporate by reference their responses to paragraph 1 through 154 as if set forth herein.

156.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

157.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

158.     Defendants deny the allegations of this paragraph.

159.     Defendants deny the allegations of this paragraph.

160.     Defendants deny the allegations of this paragraph.

161.     Defendants deny the allegations of this paragraph.

162.     Defendants deny the allegations of this paragraph.

WHEREFORE, Defendants pray for the following relief:

16

A.      That Plaintiff takes nothing by way of this Count and of the Complaint, that its requested relief be denied, that this Count and the Complaint be dismissed with prejudice and that judgment be rendered in favor of Defendants;

B.      That Defendants be awarded their costs, including reasonable attorneys' fees incurred herein as permitted under law; and

C.      For such further relief as the Court deems just and proper.

**COUNT VI**
**Trademark Infringement – 15 U.S.C. §§ 1111 *et seq.***
**Against All Defendants**

163.    Defendants repeat, re-respond and incorporate by reference their responses to paragraph 1 through 162 as if set forth herein.

164.    This paragraph contains a conclusion of law for which no response is required, but to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

165.    Defendants deny the allegations of this paragraph.

166.    Defendants deny the allegations of this paragraph.

WHEREFORE, Defendants pray for the following relief:

A.      That Plaintiff takes nothing by way of this Count and of the Complaint, that its requested relief be denied, that this Count and the Complaint be dismissed with prejudice and that judgment be rendered in favor of Defendants;

B.      That Defendants be awarded their costs, including reasonable attorneys' fees incurred herein as permitted under law; and

C.      For such further relief as the Court deems just and proper.

## COUNT VII
### Contributory Trademark Infringement – 15 U.S.C. §§ 1111 *et seq.*
### Against All Defendants

167.    Defendants repeat, re-respond and incorporate by reference their responses to paragraph 1 through 166 as if set forth herein.

168.    This paragraph contains a conclusion of law for which no response is required, but to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

169.    Defendants deny the allegations of this paragraph.

170.    Defendants deny the allegations of this paragraph.

WHEREFORE, Defendants pray for the following relief:

A.      That Plaintiff takes nothing by way of this Count and of the Complaint, that its requested relief be denied, that this Count and the Complaint be dismissed with prejudice and that judgment be rendered in favor of Defendants;

B.      That Defendants be awarded their costs, including reasonable attorneys' fees incurred herein as permitted under law; and

C.      For such further relief as the Court deems just and proper.

## COUNT VIII
### False Designation of Origin under the Lanham Act – 15 U.S.C. §§ 1125 *et seq.*
### Against All Defendants

171.    Defendants repeat, re-respond and incorporate by reference their responses to paragraph 1 through 170 as if set forth herein.

172.    Defendants deny the allegations of this paragraph.

173.    Defendants deny the allegations of this paragraph.

174.    Defendants deny the allegations of this paragraph.

WHEREFORE, Defendants pray for the following relief:

A.    That Plaintiff takes nothing by way of this Count and of the Complaint, that its requested relief be denied, that this Count and the Complaint be dismissed with prejudice and that judgment be rendered in favor of Defendants;

B.    That Defendants be awarded their costs, including reasonable attorneys' fees incurred herein as permitted under law; and

C.    For such further relief as the Court deems just and proper.

## GENERAL DENIAL

Each and every allegation of the Complaint not specifically admitted is hereby denied.

## AFFIRMATIVE DEFENSES

1.    The Complaint is barred, in whole or in part, by the doctrine of copyright misuse.

2.    The Complaint is barred, in whole or in part, by the doctrine of laches.

3.    The Complaint is barred, in whole or in part, by the doctrine of unclean hands.

4.    The Complaint fails to state a claim upon which relief can be granted.

5.    Plaintiff is barred from equitable recovery inasmuch as it has unclean hands.

6.    Defendants' actions and omission constitute fair use, and as such, the Complaint must fail.

7.    The Complaint is barred, in whole or in part, by lack of scienter.

8.    The Complaint is barred, in whole or in part, because any damages to Plaintiff were not the proximate result of Defendants' actions or omissions.

9.    The Complaint is barred, in whole or in part, because Plaintiff has suffered no compensable injury.

10.     Plaintiff is not entitled to injunctive relief because it has not established irreparable harm.

11.     Plaintiff cannot recover damages from Defendants to the extent that damages alleged by Plaintiff are speculative or uncertain.

12.     Plaintiff cannot recover damages from Defendants to the extent that Plaintiff failed to mitigate its alleged damages.

13.     The Complaint is barred, in whole or in part, because the alleged infringement, if any, was innocent.

14.     Plaintiff has failed to comply with the requirements of the Digital Millennium Copyright Act and, as such, the Complaint must fail in whole or in part.

15.     Defendants are entitled to the safe harbor of the Digital Millennium Copyright Act and, as such, the Complaint must fail in whole or in part.

16.     The Complaint fails in whole or in part because the alleged infringements were neither the result of the actions of Defendants, nor within Defendants' control.

17.     Defendants' actions and omissions were lawful, justified and privileged.

18.     The Complaint is barred, in whole or in part, by an express and/or implied license.

19.     The Complaint fails, in whole or in part, because Defendants lacked the necessary volition required to state a claim for copyright infringement.

20.     Complaint is barred, in whole or in part, because the accused actions do not create any likelihood of confusion.

21.     The Complaint is barred, in whole or in part, by reason of other parties' use of any alleged marks at issue.

22.     Without admitting that the Complaint states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims against Defendants or for any alleged single wrong.

23.     The Complaint is barred, in whole or in part, by such other and further affirmative defenses as set forth in Rule 8(c) of the Federal Rules of Civil Procedure as may be deemed applicable to this case by further discovery and disclosure.

Defendants have not knowingly or intentionally waived any applicable affirmative defenses and reserve the right to assert and rely on such other applicable affirmative defenses as may become available or apparent during discovery proceedings.  Defendants further reserve the right to amend their answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that they determine are not applicable during the course of subsequent discovery.

## <u>DEFENDANTS DEMAND A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE</u>

**Respectfully submitted:**

/s/ Valentin Gurvits
Valentin D. Gurvits (*pro hac vice application forthcoming*)
Matthew Shayefar (*pro hac vice application forthcoming*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Telephone: (617) 928-1804
Facsimile: (617) 928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

/s/ Brady J. Cobb
Brady J. Cobb, Esquire
Florida Bar No. 031018
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone (954) 527-4111
Facsimile  (954) 900-5507
bcobb@cobbeddy.com

*Attorneys for Defendants*
*Constantin Luchian,*
*Konstantin Bolotin and*
*Sun Social Media Inc.*

Dated: September 1, 2015

21

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record on the service list below this 1st day of September, 2015.

/s/ Brady J. Cobb
Brady J. Cobb

## SERVICE LIST

Aaron Behar, Esquire
Jaclyn Behar, Esquire
BEHARBEHAR
1840 North Commerce Parkway
Suite One
Weston, Florida 33326
Telephone: (954) 688-7642
Facsimile: (954) 332-9260
AB@BeharBehar.com
jb@jaclynbentley.com