UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 15-22134-CIV-UNGARO

HYDENTRA HLP INT. LIMITED, et al.,

      Plaintiff,

v.

CONSTANTIN LUCHIAN, et al.,

      Defendant(s).
_____/

## SCHEDULING ORDER FOR PRETRIAL CONFERENCE AND TRIAL

THIS CAUSE is set for **Pretrial Conference** at **11:00 A.M.** on **APRIL 1, 2016** in the Courthouse Building, 400 North Miami Avenue, Courtroom 12-4, Miami, Florida 33128. The parties shall be prepared to argue the merits of any pending motion(s) at the Pretrial Conference.

Settlement negotiations shall not justify any failure by the parties to conduct discovery. The parties shall adhere to the following time schedule:

### TIME SCHEDULE

| | |
|---|---|
| Cut-off date for adding parties or amending pleadings | **OCTOBER 30, 2015** |
| All discovery must be completed by | **JANUARY 22, 2016** |
| All motions including summary judgment motions, motions related to summary judgment motions and *Daubert* motions must be filed by | **FEBRUARY 12, 2016** |
| All remaining Motions in limine directed to trial evidence must be filed by | **FEBRUARY 19, 2016** |
| Joint Pretrial Stipulation, Jury Instructions or Proposed Findings of Fact and Conclusion of Law must be filed by | **FEBRUARY 26, 2016** |

**ALL EXPERT DISCOVERY MUST BE COMPLETED BY THE DISCOVERY CUT-OFF. THEREFORE, THE PARTIES MUST AGREE UPON A SCHEDULE FOR EXPERT DISCLOSURES AND DEPOSITIONS WHICH WILL FACILITATE THEIR COMPLETION BY THAT DATE. THE CONTENT OF THE EXPERT DISCLOSURES MUST CONFORM TO THE REQUIREMENTS OF FEDERAL RULE OF CIVIL PROCEDURE 26.**

**THE TIME SCHEDULE CONTAINED IN THIS ORDER MAY NOT BE MODIFIED ABSENT PRIOR ORDER OF THE COURT. IN THE EVENT THE COURT GRANTS A CONTINUANCE OF THE ORIGINALLY SCHEDULED TRIAL DATE, ALL OTHER DATES, INCLUDING THE PRETRIAL CONFERENCE DATE, SHALL REMAIN IN FULL FORCE AND EFFECT UNLESS THE COURT STATES OTHERWISE IN WRITING.**

To the extent this Order conflicts with the Local Rules, this order supersedes them. Each attorney and each self-represented party is charged with the duty of complying with this Order. Failure to comply with the time schedule may result in dismissal or other sanctions. The parties are precluded from filing unilateral pretrial stipulations; any party causing unilateral pre-trial stipulations to be filed will be required to show cause why sanctions should not be imposed.

Exhibits must be pre-marked and exchanged prior to execution of the Joint Pretrial Stipulation. Each exhibit should be marked with a sticker identifying the case number, exhibit number, and party offering the exhibit.

The Joint Pretrial Stipulation shall include a numbered list of trial exhibits, other than impeachment exhibits, with objections, if any, to each exhibit, including the basis for objections as provided in Local Rule 16.1(E)(9). The list of exhibits shall identify those which the party expects to offer and those which the party may offer if the need arises. The failure of a party to object to the exhibits listed in the Pretrial Stipulation shall constitute a waiver of any objections, including objections under Rules 402 and 403 of the Federal Rules of Evidence.

The Joint Pretrial Stipulation also shall include a numbered list of trial witnesses, with their

addresses, separately identifying those whom the party expects to present, those whom the party may call if the need arises, and those who will testify as experts. Impeachment witnesses need not be listed. Witnesses whose testimony is expected to be presented by deposition shall be so designated on the witness lists. No later than the date of the Pretrial Stipulation, the party offering a deposition shall file with the Court designations of the pages and lines of deposition testimony to be offered at trial, together with the opposing party's cross-designations and objections to the offering party's designations, and the offering party's objections to cross-designations. Any party that intends to present testimony by deposition shall contact the Courtroom Deputy at (305) 523-5555 to obtain the form that the attorneys must use for deposition designations, cross-designations and objections.

The parties also must submit Joint Stipulated Proposed Jury Instructions and a Joint Proposed Verdict Form concurrently with submission of the Pretrial Stipulation.

YOU ARE HEREBY NOTIFIED that the above-styled cause is set for **TRIAL** during the **two-week** period commencing **MAY 2, 2016**, at **9:00 a.m.**, before the Honorable Ursula Ungaro. Counsel shall report to a **Call** of the trial calendar at **1:00 p.m.** on **APRIL 27, 2016**, for a two-week trial calendar. At this time, each case will be assigned a number for trial. All cases will remain on the calendar until tried or until further notice is received by counsel from the Court.

If this case is to be tried by jury, the parties must submit proposed *voir dire* questions necessary to bring out information other than the identity or experience of prospective jurors no later than the Calendar Call.

WITH REGARD TO SETTLEMENT, if a case is settled, counsel are directed to inform the Court promptly at (305) 523-5555 and to submit an appropriate Order for Dismissal, pursuant to Fed.R.Civ. P. 41(a)(1). Such an Order must be filed within five (5) days of notification to the Court.

**YOU ARE HEREBY REQUIRED TO FILE**, within ninety (90) days this Order, an **Interim Joint Status Report** answering the following questions:

1. Have all the defendants been served and answered the complaint? If not, state the reason(s) for the failure to do so.

2. If this is a class action, has a motion for class certification been filed? If so, what is its status?

3. If discovery is not closed, what is the parties' agreed upon plan for the completion of discovery by the deadline, including but not limited to the exchange of all relevant electronically stored information?

4. Are there any motions pending? If so, indicate the status of each motion separately.

5. Have the parties filed their Notice of Selection of Mediator as required by the Court's Order of Referral to Mediator?

6. Have the parties agreed to a place, date and time for mediation and has the lead attorney for the plaintiff(s) completed the form Order Scheduling Mediation and submitted it to the Court? If not, state the reason(s) for the failure to do so.

7. Have the parties engaged in informal settlement negotiations? If so, explain the extent of the negotiations. If not, explain the reason(s) for the failure to do so.

8. If the case is less than five days to try, have the parties conferred and have they agreed to trial before a U.S. Magistrate Judge, wherein a date certain for trial may be given?

The parties shall communicate with the Court solely by motion or notice filed with the Clerk of Court and appropriately served on the other parties. Any party who, without receiving leave of Court, mails correspondence directly to the Court will be considered in contempt of this order.

DONE AND ORDERED at Miami, Florida this __11__ day of September, 2015.

*[signature]*

**URSULA UNGARO**
**UNITED STATES DISTRICT JUDGE**

cc: All Counsel of Record