UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

| | |
|---|---|
| HYDENTRA HLP INT. LIMITED, a foreign corporation d/b/a METART,<br><br>  Plaintiff,<br><br>v.<br><br>CONSTANTIN LUCHIAN, an individual, KONSTANTIN BOLOTIN, an individual, SUN SOCIAL MEDIA, INC., a corporation, individually and d/b/a PLAYVID.COM, FEEDVID.COM, PLAYVIDS.COM and PEEKVIDS.COM; PLAYVID.COM; FEEDVID.COM; PLAYVIDS.COM; PEEKVIDS.COM; and John Does 1-20,<br><br>  Defendants. | Case No.<br>1:15-cv-22134-UU |

## DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER AND AFFIRMATIVE DEFENSES

Pursuant to Fed. R. Civ. P. 15(a)(2), Defendants Constantin Luchian, Konstantin Bolotin and Sun Social Media, Inc. (individually and as owner and operator of putative Defendants Playvid.com, Feedvid.com, Playvids.com and Peekvids.com) (collectively, "Defendants"), respectfully move to make slight corrections to their Answer and to amend their Affirmative Defenses in order to provide further factual allegations in relation thereto. In support of this Motion, Defendants state as follows:

1. On Thursday, August 27, 2015, Defendants Konstantin Bolotin ("Mr. Bolotin") and Sun Social Media Inc. ("SSM") moved for this Court to set aside a default entered against

1

them, and requested that this Court allow them up to September 4, 2015 to respond to the Complaint, in accordance with an agreement with the Plaintiff.  Docket Nos. 26 & 29-1.

2. On Monday, August 31, 2015, the Court entered an order granting the motion to set aside the default, but requiring that Mr. Bolotin and SSM file their Answer the next day, on Tuesday, September 1, 2015.  Docket No. 30.

3. Given only one day to draft an answer to the Complaint, counsel for Defendants worked diligently to file an Answer and Affirmative Defenses by the Court's deadline.  While counsel was able to timely file the Answer and Affirmative Defenses, Counsel subsequently discovered that there were two small errors in the Answer, and the Affirmative Defenses would benefit from additional substantive factual allegations.

4. Defendants hereby move this Court in order to correct those errors and to provide substantive factual allegations to further support the Affirmative Defenses.

5. Attached hereto as Exhibit 1 is a copy of the proposed First Amended Answer to Complaint and First Amended Affirmative Defenses.

6. The only changes to the Answer portion of the document are in the preamble to the Answer and in paragraph 33 of the Answer, removing references that SSM "conducts business as" the putative defendant websites or that SSM is "doing business as" the putative defendant websites.

7. With regards to the Affirmative Defenses portion of the document, Defendants have withdrawn some of the Affirmative Defenses and added a number of substantive factual allegations supporting the remaining Affirmative Defenses, to better conform to the pleading requirements of this Court.

8. On a motion to amend pleadings under Rule 15, "[t]he court should freely give leave when justice so requires." F.R.C.P. 15(a)(2). "In the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.'" McKinley v. Kaplan, 177 F. 3d 1253, 1258 (11th Cir. 1999) (citation omitted).

9. Because there is no undue delay, bad faith, dilatory move, repeated failure, undue prejudice or futility, the Motion should be allowed. See Bryan v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001).

10. More specifically, there is no undue prejudice or undue delay because the litigation in this case has only just commenced and the deadline for amending pleadings set by the Court of October 30, 2015[1] has not yet passed. Docket No. 33.

For the reasons stated hereinabove, Defendants respectfully request that the Court allow their Motion to Amend their Answer and Affirmative Defendants.

**Certificate of Compliance with Local Rule 7.1(a)(3)**

I hereby certify that counsel for Movants have conferred with Plaintiff's counsel in a good faith effort to resolve the issues raised in this Motion and have been unable to do so.

/s/ Brady J. Cobb

---

[1] It should be noted that the Parties, in their Joint Scheduling Report, agreed to an even later amended pleadings deadline of November 8, 2015. Docket No. 31.

**Respectfully submitted:**

/s/ Valentin Gurvits
Valentin D. Gurvits (*pro hac vice application forthcoming*)
Matthew Shayefar (*pro hac vice application forthcoming*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Telephone: (617) 928-1804
Facsimile: (617) 928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

*Attorneys for Defendants
Constantin Luchian,
Konstatin Bolotin and
Sun Social Media Inc.*

Dated: October 15, 2015

/s/ Brady J. Cobb
Brady J. Cobb, Esquire
Florida Bar No. 031018
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone (954) 527-4111
Facsimile  (954) 900-5507
bcobb@cobbeddy.com

## **CERTIFICATE OF SERVICE**

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record on the service list below this 15th day of October, 2015.

/s/ Brady J. Cobb
Brady J. Cobb

## **SERVICE LIST**

Aaron Behar, Esquire
Jaclyn Behar, Esquire
BEHARBEHAR
1840 North Commerce Parkway
Suite One
Weston, Florida 33326
Telephone: (954) 688-7642
Facsimile: (954) 332-9260
AB@BeharBehar.com
JB@BeharBehar.com

Spencer D. Freeman
Freeman Law Firm, Inc.
1107 1/2 Tacoma Avenue South
Tacoma, Washington 98402
Telephone: (206) 516-3800
Facsimile: (206) 516-3888
sfreeman@freemanlawfirm.org