**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

|  |  |
|---|---|
| HYDENTRA HLP INT. LIMITED, a foreign corporation d/b/a METART, <br><br>     Plaintiff, <br><br> v. <br><br> CONSTANTIN LUCHIAN, an individual, KONSTANTIN BOLOTIN, an individual, SUN SOCIAL MEDIA, INC., a corporation, individually and d/b/a PLAYVID.COM, FEEDVID.COM, PLAYVIDS.COM and PEEKVIDS.COM; PLAYVID.COM; FEEDVID.COM; PLAYVIDS.COM; PEEKVIDS.COM; and John Does 1-20, <br><br>     Defendants. | Case No. **1:15-cv-22134-UU** |

### CONSTANTIN LUCHIAN, KONSTANTIN BOLOTIN AND SUN SOCIAL MEDIA INC.'S FIRST AMENDED ANSWER TO COMPLAINT AND FIRST AMENDED AFFIRMATIVE DEFENSES

Defendants Constantin Luchian, Konstantin Bolotin and Sun Social Media, Inc.

(individually and as the owner and operator of putative Defendants Playvid.com, Feedvid.com,

Playvids.com and Peekvids.com) ("Defendants"), for their First Amended Answer to the

Complaint for Damages, Injunctive Relief and Demand For Jury Trial of Plaintiff Hydentra HLP

Int. Limited ("Plaintiff") answer as follows:

### JURISDICTION AND VENUE

1.       Defendants are without sufficient information or knowledge to admit or deny the

allegations of this paragraph and therefore deny the same.

2.     Defendants admit only that Defendant Constantin Luchian is an individual residing in this judicial district and that Sun Social Media, Inc. owns and operates Playvid.com, Feedvid.com, Playvids.com and Peekvids.com.  Defendants deny the remaining allegations of this paragraph.

3.     Defendants admit only that Defendant Konstantin Bolotin is an individual residing in this judicial district, that he is a Director of Operations at Sun Social Media, Inc. and that Sun Social Media, Inc. owns and operates Playvid.com, Feedvid.com, Playvids.com and Peekvids.com.  Defendants deny the remaining allegations of this paragraph.

4.     Defendants are without sufficient information or knowledge to admit or deny what is known to Plaintiff or what has been purported to Plaintiff, and therefore deny the allegations of this first sentence of this paragraph.  Defendants are without sufficient information or knowledge as to what is meant by "registrar and agent" for Playvid.com, and therefore denies the remaining allegations of this paragraph.

5.     Defendants admit only that Playvid.com is an Internet website that displays adult oriented videos and content.  Defendants specifically deny that Playvid.com is an entity that can be a party to a lawsuit and state that it is simply a domain name.  Defendants deny the remaining allegations of this paragraph.

6.     Defendants admit only that the Playvid.com domain name is registered to Sun Social Media, Inc. and that its registrar is GoDaddy.com, LLC, which has its headquarters located in Scottsdale, Arizona.  Defendants are without sufficient information or knowledge to admit or deny that GoDaddy.com, LLC is an Arizona corporation and therefore deny the same and the remaining allegations of this paragraph.

2

7.     Defendants admit only that Feedvid.com is an Internet website that displays adult oriented videos and content and, in answering further, Defendants state that Feedvid.com displays videos and content other than just adult oriented videos and content.  Defendants specifically deny that Feedvid.com is an entity that can be a party to a lawsuit and state that it is simply a domain name.  Defendants deny the remaining allegations of this paragraph.

8.     Defendants admit only that the Feedvid.com domain name is registered to Sun Social Media, Inc. and that its registrar is GoDaddy.com, LLC.  Defendants deny the remaining allegations of this paragraph.

9.     Defendants admit only that Playvids.com is an Internet website that displays adult oriented videos and content.  Defendants specifically deny that Playvids.com is an entity that can be a party to a lawsuit and state that it is simply a domain name.  Defendants deny the remaining allegations of this paragraph.

10.     Defendants admit only that the Playvids.com domain name is registered to Sun Social Media, Inc. and that its registrar is GoDaddy.com, LLC.  Defendants deny the remaining allegations of this paragraph.

11.     Defendants admit only that Peekvids.com is an Internet website that displays adult oriented videos and content.  Defendants specifically deny that Peekvids.com is an entity that can be a party to a lawsuit and state that it is simply a domain name.  Defendants deny the remaining allegations of this paragraph.

12.     Defendants admit only that the Playvids.com domain name is registered to Sun Social Media, Inc. and that its registrar is GoDaddy.com, LLC.  Defendants deny the remaining allegations of this paragraph.

13.     Defendants deny the allegations of this paragraph.

3

14.     This paragraph contains a conclusion of law for which no response is required, but to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

15.     This paragraph contains a conclusion of law for which no response is required, but to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

16.     This paragraph contains a conclusion of law for which no response is required, but to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

17.     This paragraph contains a conclusion of law for which no response is required, but to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

18.     This paragraph contains a conclusion of law for which no response is required, but to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

## PARTIES

19.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

20.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

21.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

22.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

23.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

24.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

25.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

26.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

27.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

28.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

29.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

30.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

31.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

32.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

33.    Defendants admit only that Sun Social Media, Inc. operates the websites at Playvid.com, Feedvid.com, Playvids.com and Peekvids.com.  Defendants deny the remaining allegations of this paragraph.

34.    Defendants admit the allegations of this paragraph.

35.    Defendants deny the allegations of this paragraph.

36.    Defendants admit only that Defendant Luchian is a Vice President of Incorporate Now, Inc.  The remaining allegations of this paragraph are unintelligible and therefore no response is required, but to the extent a response is deemed necessary, Defendants deny the remaining allegations of this paragraph.

37.    Defendants admit only that Defendant Luchian is the Registered Agent and Registered DMCA Agent for WZ Communications, Inc.  Defendants deny the remaining allegations of this paragraph.

38.    Defendants admit only that Defendant Luchian is a Registered Agent, Financial Director and Registered DMCA Agent for IP Transit Inc.  Defendants deny the remaining allegations of this paragraph.

39.    Defendants admit only that Defendant Luchian is a Registered DMCA Agent for Webzilla, Inc. and that Sun Social Media, Inc. utilizes Webzilla, Inc. for web services for Playvid.com, Feedvid.com, Playvids.com and Peekvids.com.  Defendants deny the remaining allegations of this paragraph.

40.    Defendants deny the allegations of this paragraph.

41.    Defendants admit the allegations of this paragraph.

42.    Defendants deny the allegations of this paragraph.

43.     Defendants admit only that Webzilla Inc. is a company utilized to provide web services for Playvid.com, Feedvid.com, Playvids.com and Peekvids.com.  Defendants deny the remaining allegations of this paragraph.  In answering further, Defendants specifically deny that Defendant Bolotin is a vice president of Webzilla Inc.

44.     Defendants deny the allegations of this paragraph.

45.     Defendants admit that Sun Social Media, Inc. designated a DMCA Agent, Defendant Constantin Luchian.  The remaining allegations of this paragraph are unintelligible and therefore no response is required, but to the extent a response is deemed necessary, Defendants deny the remaining allegations of this paragraph.

46.     Defendants deny the allegations of this paragraph.

47.     Defendant specifically deny that Feedvid.com, Playvids.com and Peekvids.com do not have designated DMCA agents.  The remaining allegations of this paragraph are unintelligible and therefore no response is required, but to the extent a response is deemed necessary, Defendants deny the remaining allegations of this paragraph.

48.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

**STATEMENT OF FACTS**

49.     This paragraph contains only conclusions of law, speculation, and legal argument, requiring no response.  However, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

50.      This paragraph contains only conclusions of law, speculation, and legal argument, requiring no response.  However, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

51.     Defendants deny the allegations of this paragraph.

52.     Defendants admit only that Sun Social Media, Inc. allows users to view videos on Playvid.com, Feedvid.com, Playvids.com and Peekvids.com for free.  Defendants deny the remaining allegations of this paragraph.

53.     Defendants admit only that Sun Social Media, Inc. sells advertising space on Playvid.com, Feedvid.com, Playvids.com and Peekvids.com.  Defendants deny the remaining allegations of this paragraph.

54.     Defendants admit only that videos on Playvid.com, Feedvid.com, Playvids.com and Peekvids.com may be shared on other sites.  Defendants deny the remaining allegations of this paragraph.

55.     Defendants deny the allegations of this paragraph.

56.     Defendants deny the allegations of this paragraph.

57.     Defendants deny the allegations of this paragraph.

58.     Defendants deny the allegations of this paragraph.

59.     Defendants deny the allegations of this paragraph.

60.     Defendants deny the allegations of this paragraph.

61.     Defendants deny the allegations of this paragraph.

62.     Defendants deny the allegations of this paragraph.

63.     Defendants are without sufficient information or knowledge as to what has been purported to Plaintiff, and therefore deny the allegations of this paragraph.  In answering further, Defendants state that all videos uploaded to the websites Playvid.com, Feedvid.com, Playvids.com and Peekvids.com were uploaded by third parties.

64.     Defendants deny the allegations of this paragraph.

8

65.     Defendants deny the allegations of this paragraph.

66.     Defendants deny the allegations of this paragraph.

67.     Defendants deny the allegations of this paragraph.

68.     Defendants are without sufficient information or knowledge as to what has been purported to Plaintiff, and therefore deny the allegations of this paragraph.  In answering further, Defendants state that all videos uploaded to the websites Playvid.com, Feedvid.com, Playvids.com and Peekvids.com were uploaded by third parties.

69.     Defendants deny the allegations of this paragraph.

70.     Defendants deny the allegations of this paragraph.

71.     Defendants are without sufficient information or knowledge as to what has been purported to Plaintiff, and therefore deny the allegations of this paragraph.  In answering further, Defendants state that all videos uploaded to the websites Playvid.com, Feedvid.com, Playvids.com and Peekvids.com were uploaded by third parties.

72.     Defendants deny the allegations of this paragraph.

73.     Defendants deny the allegations of this paragraph.

74.     Defendants are without sufficient information or knowledge as to what has been purported to Plaintiff, and therefore deny the allegations of this paragraph.  In answering further, Defendants state that all videos uploaded to the websites Playvid.com, Feedvid.com, Playvids.com and Peekvids.com were uploaded by third parties.

75.     Defendants deny the allegations of this paragraph.

76.     Defendants deny the allegations of this paragraph.

77.     This paragraph contains only general statements concerning the operation and functioning of the internet as a whole which may or may not be true in any given instance and, as

such, defy an ability to admit or deny. However, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

78.     This paragraph contains only general statements concerning the operation and functioning of the internet as a whole which may or may not be true in any given instance and, as such, defy an ability to admit or deny. However, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

79.     This paragraph contains only general statements concerning the operation and functioning of the internet as a whole which may or may not be true in any given instance and, as such, defy an ability to admit or deny. However, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

80.     This paragraph contains only general statements concerning the operation and functioning of the internet as a whole which may or may not be true in any given instance and, as such, defy an ability to admit or deny. However, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

81.     Defendants deny the allegations of this paragraph.

82.     Defendants deny the allegations of this paragraph.

83.     Defendants deny the allegations of this paragraph

84.     Defendants deny the allegations of this paragraph.

85.     Defendants deny the allegations of this paragraph. In answering further, Defendants specifically deny that they created a "SexArt Channel" on Playvid.com, Feedvid.com, Playvids.com, or Peekvids.com and state that if any such channel existed, it was created by a user of said websites.

86.     Defendants deny the allegations of this paragraph.  In answering further, Defendants specifically deny that they created a "SexArt Channel" on Playvid.com, Feedvid.com, Playvids.com, or Peekvids.com or that they wrote such a description and state that if any such channel and description existed, it was created by a user of said websites.

87.     Defendants deny the allegations of this paragraph.  In answering further, Defendants specifically deny that they created a "MetArt Channel" on Playvid.com, Feedvid.com, Playvids.com, or Peekvids.com and state that if any such channel existed, it was created by a user of said websites

88.     Defendants deny the allegations of this paragraph.  In answering further, Defendants specifically deny that they created a "MetArt Channel" on Playvid.com, Feedvid.com, Playvids.com, or Peekvids.com or that they wrote such a description and state that if any such channel and description existed, it was created by a user of said websites.

89.     Defendants deny the allegations of this paragraph.

90.     Defendants deny the allegations of this paragraph.

91.     Defendants deny the allegations of this paragraph.

92.     Defendants deny the allegations of this paragraph.

93.     Defendants deny the allegations of this paragraph.

94.     Defendants deny the allegations of this paragraph.

95.     Defendants deny the allegations of this paragraph.

96.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

97.     Defendants deny the allegations of this paragraph.

**COUNT I**
**Copyright Infringement – 17 U.S.C. §§ 101 *et. seq.***
**Against all Defendants**

98.     Defendants repeat, re-respond and incorporate by reference their responses to paragraph 1 through 97 as if set forth herein.

99.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

100.    Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

101.    Defendants deny the allegations of this paragraph.

102.    Defendants deny the allegations of this paragraph.

103.    Defendants deny the allegations of this paragraph.

104.    Defendants deny the allegations of this paragraph.

105.    Defendants deny the allegations of this paragraph

106.    Defendants deny the allegations of this paragraph.

107.    Defendants deny the allegations of this paragraph.

108.    Defendants deny the allegations of this paragraph.

109.    Defendants deny the allegations of this paragraph.

110.    Defendants deny the allegations of this paragraph.

111.    Defendants deny the allegations of this paragraph.

112.    Defendants deny the allegations of this paragraph.

113.    Defendants deny the allegations of this paragraph.

114.    Defendants deny the allegations of this paragraph.

115.    Defendants deny the allegations of this paragraph.

116.    Defendants deny the allegations of this paragraph.

117.    Defendants deny the allegations of this paragraph.

118.    Defendants deny the allegations of this paragraph.

119.    Defendants deny the allegations of this paragraph.

120.    Defendants deny the allegations of this paragraph.

WHEREFORE, Defendants pray for the following relief:

A.    That Plaintiff takes nothing by way of this Count and of the Complaint, that its requested relief be denied, that this Count and the Complaint be dismissed with prejudice and that judgment be rendered in favor of Defendants;

B.    That Defendants be awarded their costs, including reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 515, and costs pursuant to 28 U.S.C. § 1920; and

C.    For such further relief as the Court deems just and proper.

## COUNT II
### Contributory Copyright Infringement
### Against All Defendants

121.    Defendants repeat, re-respond and incorporate by reference their responses to paragraph 1 through 97 as if set forth herein.

122.    Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

123.    Defendants deny the allegations of this paragraph.

124.    Defendants deny the allegations of this paragraph.

125.    Defendants deny the allegations of this paragraph.

126.    Defendants deny the allegations of this paragraph.

127.    Defendants deny the allegations of this paragraph.

128.     Defendants deny the allegations of this paragraph.

129.     Defendants deny the allegations of this paragraph.

130.     Defendants deny the allegations of this paragraph.

131.     Defendants deny the allegations of this paragraph.

132.     Defendants deny the allegations of this paragraph.

133.     Defendants deny the allegations of this paragraph.

134.     Defendants deny the allegations of this paragraph.

WHEREFORE, Defendants pray for the following relief:

A.      That Plaintiff takes nothing by way of this Count and of the Complaint, that its requested relief be denied, that this Count and the Complaint be dismissed with prejudice and that judgment be rendered in favor of Defendants;

B.      That Defendants be awarded their costs, including reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 515, and costs pursuant to 28 U.S.C. § 1920; and

C.      For such further relief as the Court deems just and proper.

## COUNT III
### Vicarious Copyright Infringement
### Against All Defendants

135.     Defendants repeat, re-respond and incorporate by reference their responses to paragraph 1 through 134 as if set forth herein.

136.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

137.     Defendants deny the allegations of this paragraph.

138.     Defendants deny the allegations of this paragraph.

139.     Defendants deny the allegations of this paragraph.

14

140.    Defendants deny the allegations of this paragraph.

141.    Defendants deny the allegations of this paragraph.

142.    Defendants deny the allegations of this paragraph.

143.    Defendants deny the allegations of this paragraph.

144.    Defendants deny the allegations of this paragraph.

WHEREFORE, Defendants pray for the following relief:

A.    That Plaintiff takes nothing by way of this Count and of the Complaint, that its requested relief be denied, that this Count and the Complaint be dismissed with prejudice and that judgment be rendered in favor of Defendants;

B.    That Defendants be awarded their costs, including reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 515, and costs pursuant to 28 U.S.C. § 1920; and

C.    For such further relief as the Court deems just and proper.

### COUNT IV
### Inducement of Copyright Infringement
### Against All Defendants

145.    Defendants repeat, re-respond and incorporate by reference their responses to paragraph 1 through 144 as if set forth herein.

146.    Defendants deny the allegations of this paragraph.

147.    Defendants deny the allegations of this paragraph.

148.    Defendants deny the allegations of this paragraph.

149.    Defendants deny the allegations of this paragraph.

150.    Defendants deny the allegations of this paragraph.

151.    Defendants deny the allegations of this paragraph.

152.    Defendants deny the allegations of this paragraph.

153.     Defendants deny the allegations of this paragraph.

154.     Defendants deny the allegations of this paragraph.

WHEREFORE, Defendants pray for the following relief:

A.     That Plaintiff takes nothing by way of this Count and of the Complaint, that its requested relief be denied, that this Count and the Complaint be dismissed with prejudice and that judgment be rendered in favor of Defendants;

B.     That Defendants be awarded their costs, including reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 515, and costs pursuant to 28 U.S.C. § 1920; and

C.     For such further relief as the Court deems just and proper.

### COUNT V
### Unauthorized Publication of Name and Likeness in Violation
### of Section 540.08, Florida Statutes
### Against All Defendants

155.     Defendants repeat, re-respond and incorporate by reference their responses to paragraph 1 through 154 as if set forth herein.

156.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

157.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

158.     Defendants deny the allegations of this paragraph.

159.     Defendants deny the allegations of this paragraph.

160.     Defendants deny the allegations of this paragraph.

161.     Defendants deny the allegations of this paragraph.

162.     Defendants deny the allegations of this paragraph.

WHEREFORE, Defendants pray for the following relief:

A.    That Plaintiff takes nothing by way of this Count and of the Complaint, that its requested relief be denied, that this Count and the Complaint be dismissed with prejudice and that judgment be rendered in favor of Defendants;

B.    That Defendants be awarded their costs, including reasonable attorneys' fees incurred herein as permitted under law; and

C.    For such further relief as the Court deems just and proper.

**COUNT VI**
**Trademark Infringement – 15 U.S.C. §§ 1111 *et seq.***
**Against All Defendants**

163.    Defendants repeat, re-respond and incorporate by reference their responses to paragraph 1 through 162 as if set forth herein.

164.    This paragraph contains a conclusion of law for which no response is required, but to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

165.    Defendants deny the allegations of this paragraph.

166.    Defendants deny the allegations of this paragraph.

WHEREFORE, Defendants pray for the following relief:

A.    That Plaintiff takes nothing by way of this Count and of the Complaint, that its requested relief be denied, that this Count and the Complaint be dismissed with prejudice and that judgment be rendered in favor of Defendants;

B.    That Defendants be awarded their costs, including reasonable attorneys' fees incurred herein as permitted under law; and

C.    For such further relief as the Court deems just and proper.

## COUNT VII
## Contributory Trademark Infringement – 15 U.S.C. §§ 1111 *et seq.*
## Against All Defendants

167.    Defendants repeat, re-respond and incorporate by reference their responses to paragraph 1 through 166 as if set forth herein.

168.    This paragraph contains a conclusion of law for which no response is required, but to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

169.    Defendants deny the allegations of this paragraph.

170.    Defendants deny the allegations of this paragraph.

WHEREFORE, Defendants pray for the following relief:

A.      That Plaintiff takes nothing by way of this Count and of the Complaint, that its requested relief be denied, that this Count and the Complaint be dismissed with prejudice and that judgment be rendered in favor of Defendants;

B.      That Defendants be awarded their costs, including reasonable attorneys' fees incurred herein as permitted under law; and

C.      For such further relief as the Court deems just and proper.

## COUNT VIII
## False Designation of Origin under the Lanham Act – 15 U.S.C. §§ 1125 *et seq.*
## Against All Defendants

171.    Defendants repeat, re-respond and incorporate by reference their responses to paragraph 1 through 170 as if set forth herein.

172.    Defendants deny the allegations of this paragraph.

173.    Defendants deny the allegations of this paragraph.

174.    Defendants deny the allegations of this paragraph.

WHEREFORE, Defendants pray for the following relief:

A.     That Plaintiff takes nothing by way of this Count and of the Complaint, that its requested relief be denied, that this Count and the Complaint be dismissed with prejudice and that judgment be rendered in favor of Defendants;

B.     That Defendants be awarded their costs, including reasonable attorneys' fees incurred herein as permitted under law; and

C.     For such further relief as the Court deems just and proper.

## GENERAL DENIAL

Each and every allegation of the Complaint not specifically admitted is hereby denied.

## FIRST AMENDED AFFIRMATIVE DEFENSES

1.     The Complaint is barred, in whole or in part, by the doctrine of copyright misuse. Specifically, but without limitation, Plaintiff's filing of this case, putative strategies for protecting its copyrights, general litigation strategies and intentional disregard of the Digital Millennium Copyright Act (including the rights and safeguards it affords to both copyright owners and internet service providers) show a clear intent by Plaintiff to use its copyrights for a purpose other than which it was intended.  Specifically, but without limitation, Plaintiff is using its copyrights and this lawsuit (along with a score of other lawsuits filed around the country) to extract settlement payments from innocent parties like Defendants, instead of working within the structures of the Digital Millennium Copyright Act to properly protect its copyrights.  On information and belief, over the course of 6 months, the Plaintiff has filed almost a dozen near-identical litigations seeking not to protect its legitimate rights, but rather because it seeks to use the harassment value of such litigations as a way to secure lucrative settlements from the defendants.  The Plaintiff's actions in failing to follow the DMCA's takedown process or work

cooperatively with defendants to ensure the removal of allegedly infringing materials are not the actions of a rightsholder looking to legitimately protect its interests. Additionally, on information and belief, the Plaintiff made no effort to consider whether the individuals who posted materials to websites owned by Sun Social were protected by the doctrine of fair use.

2.    The Complaint is barred, in whole or in part, and Plaintiff is barred from equitable recovery, by the doctrine of unclean hands. Specifically, but without limitation, Plaintiff's filing of this case, putative strategies at protecting its copyrights, trademarks and business, general litigation strategies and intentional disregard of statutory and judicial law (including the rights and safeguards afforded to both intellectual property owners and internet service providers) show a clear intent by Plaintiff to use its intellectual property rights and the legal system for purposes other than which they were intended. Specifically, but without limitation, Plaintiff is using its intellectual property rights, the court system and this lawsuit (along with a score of other lawsuits filed around the country) to extract settlement payments from innocent parties like Defendants, instead of working within the structures of law to properly protect its rights. Additionally, on information and belief, certain of the files in suit were uploaded by the Plaintiff's own affiliates.

3.    Defendants' actions and omissions constitute fair use, and as such, the Complaint, in whole or in part, must fail. Specifically, but without limitation, the appearance of Plaintiff's trademarks and trade names used in conjunction or relation with Plaintiff's actual works constitute traditional fair use and/or nominative fair use. In addition, the Plaintiff has failed to properly consider whether the individuals posting to the websites operated by Sun Social were entitled to do so under the doctrine of fair use.

4.    The Complaint is barred, in whole or in part, by lack of scienter and/or because the alleged infringement was innocent. Specifically, but without limitation, to the extent that

Defendants engaged in the infringement of Plaintiff's intellectual property rights, which Defendants deny, such infringement was unintentional and without knowledge and therefore Defendants are either not liable for such infringements or the damages that may be obtained against them are limited.

5.      The Complaint is barred, in whole or in part, because any damages to Plaintiff were not the proximate result of Defendants' actions or omissions.  Specifically, but without limitation, Defendants engaged in no conduct or omissions which resulted in any damages to Plaintiff which were a natural, direct and uninterrupted consequence of their actions or omissions.  To the contrary, to the extent Plaintiff suffered any damages, they were as a result of the actions and omissions of third parties (e.g., those individuals who allegedly uploaded Plaintiff's works, trademarks and trade names).

6.      Plaintiff is not entitled to injunctive relief because it has not suffered irreparable harm.  Specifically, but without limitation, to the extent that Plaintiff has suffered any harm, which Defendants deny, any such harm can be fully remedied by monetary damages only.

7.      Plaintiff cannot recover damages from Defendants to the extent that damages alleged by Plaintiff are speculative or uncertain.  Specifically, but without limitation, Plaintiff is not entitled to actual damages because it is impossible with any certainty to demonstrate that it lost any actual profits from the alleged infringement or that Defendants made any profits attributable directly to the alleged infringement.

8.      Plaintiff cannot recover damages from Defendants to the extent that Plaintiff failed to mitigate its alleged damages.  Specifically, but without limitation, to the extent that Plaintiff failed to promptly report any alleged infringement it learned about on the websites at issue in this litigation and therefore allowed such alleged infringements to stay on such websites,

Plaintiff failed to mitigate its alleged damages.  Defendants further state that Plaintiff knew that

Sun Social Media, Inc. would remove allegedly infringing material promptly upon notice, given

that on multiple occasions in the past Plaintiff (or its agent) had provided such notifications to

Sun Social Media, Inc. and Sun Social Media, Inc. removed all allegedly infringing material

from the websites in an expeditious manner.

9.      Plaintiff has failed to comply with the requirements of the Digital Millennium

Copyright Act and, as such, the Complaint must fail in whole or in part.  Specifically, but

without limitation, Defendants are entitled to the safe harbors of the Digital Millennium

Copyright Act and Defendant is not liable for monetary relief or injunctive relief (except as

explicitly provided therein) unless the conditions of the Digital Millennium Copyright Act have

been met, including, without limitation, that Plaintiff first notify Defendants of a claimed

infringement and afford the proper time for Defendants to respond to such notification.  In

addition, the Plaintiff failed to consider the fair use doctrine before sending takedown notices

and/or initiating the present litigation.

10.      Defendants are entitled to the safe harbor of the Digital Millennium Copyright

Act and, as such, the Complaint must fail in whole or in part.  Specifically, but without

limitation, Defendants have, *inter alia*, registered an agent with the copyright office for the

receipt of takedown notices, do not know of any specific instances of infringement on the

websites and when they receives knowledge or notification work expeditiously to remove such

instances, accommodate and do not interfere with standard technical measures to protect

copyrights, have adopted, reasonably implemented and informed users of a repeat infringer

policy and do not receive financial benefit directly attributable to any allegedly infringing

material.

11.     The Complaint fails in whole or in part because the alleged infringements were neither the result of the actions of Defendants, nor within Defendants' reasonable control. Specifically, but without limitation, if any material was available on the websites at issue in this litigation infringed upon Plaintiff's rights, they were not made available by Defendants and could not be reasonably controlled by Defendants.  Under precedent from this Court, the actions of the Defendants do not constitute direct infringement.

12.     Defendants' actions and omissions were lawful, justified and privileged. Specifically, but without limitation, Defendants acted in all times in accordance with the provisions of the Digital Millennium Copyright Act and therefore cannot be liable for claims of copyright infringement.  Furthermore, Defendants cannot be liable for the actions and omissions of the users of the websites, who are third parties not controlled by Defendants.

13.     The Complaint fails, in whole or in part, because Defendants lacked the necessary volition required to state a claim for direct copyright infringement.  Specifically, but without limitation, because Defendants themselves did not make available any of the allegedly infringing works on the websites, but on the contrary such works were uploaded to the websites by third parties, Defendants cannot be liable for direct copyright infringement.

14.     The Complaint is barred, in whole or in part, because the accused actions do not create any likelihood of confusion.  Specifically, but without limitation, no reasonable consumer would be confused as to any affiliation as between Defendants and Plaintiff or be confused as to the origin, producer or manufacturer of the works on the websites at issue in this litigation.

15.     Without admitting that the Complaint states a claim, any remedies are limited to prevent an overlapping or duplicative recovery pursuant to the various claims against Defendants or for any alleged single wrong.  Specifically, but without limitation, Plaintiff has alleged

23

multiple alternative theories of liabilities against Defendants for the same single alleged wrongs, and are not entitled to multiple damages for the same as they would constitute overlapping or duplicative recovery.

16.     The Complaint is barred, in whole or in part, by such other and further affirmative defenses as set forth in Rule 8(c) of the Federal Rules of Civil Procedure as may be deemed applicable to this case by further discovery and disclosure.

Defendants have not knowingly or intentionally waived any applicable affirmative defenses and reserve the right to assert and rely on such other applicable affirmative defenses as may become available or apparent during discovery proceedings.  Defendants further reserve the right to amend their answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that they determine are not applicable during the course of subsequent discovery.

**<u>DEFENDANTS DEMAND A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE</u>**

**Respectfully submitted:**

/s/ Valentin Gurvits

Valentin D. Gurvits (*pro hac vice application forthcoming*)
Matthew Shayefar (*pro hac vice application forthcoming*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Telephone: (617) 928-1804
Facsimile: (617) 928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

/s/ Brady J. Cobb

Brady J. Cobb, Esquire
Florida Bar No. 031018
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone (954) 527-4111
Facsimile  (954) 900-5507
bcobb@cobbeddy.com

*Attorneys for Defendants*
*Constantin Luchian,*
*Konstatin Bolotin and*
*Sun Social Media Inc.*

Dated: October 15, 2015