UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 1:15-cv-22134-UU

HYDENTRA HLP INT. LIMITED,
a foreign corporation d/b/a METART,

        Plaintiff,

vs.

CONSTANTIN LUCHIAN, an individual,
KONSTANTIN BOLOTIN, an individual,
SUN SOCIAL MEDIA, INC., a corporation,
individually and d/b/a PLAYVID.COM,
FEEDVID.COM, PLAYVIDS.COM, and
PEEKVIDS. COM; PLAYVID.COM;
FEEDVID.COM; PLAYVIDS. COM;
PEEKVIDS.COM and;
and John Does 1-20,

        Defendants.
_____/

## PLAINTIFF'S MOTION TO STRIKE AMENDED AFFIRMATIVE DEFENSES FILED BY CONSTANTIN LUCHIAN, KONSTANTIN BOLOTIN AND SUN SOCIAL MEDIA, INC. AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, HYDENTRA HLP INT. LIMITED, a foreign corporation d/b/a METART (hereinafter, "Plaintiff"), by and through the undersigned counsel, files this Motion to Strike Amended Affirmative Defenses Filed by Constantin Luchian, Konstantin Bolotin and Sun Social Media, Inc. and Incorporated Memorandum of Law, and states as follows:

    1.    On June 4, 2015, Plaintiff filed its Complaint seeking damages and injunctive relief against Defendants, CONSTANTIN LUCHIAN, an individual,

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642   F: 954-332-9260   W: BeharBehar.com

1 of 12

KONSTANTIN BOLOTIN, an individual, SUN SOCIAL MEDIA, INC., a corporation, individually and d/b/a PLAYVID.COM, FEEDVID.COM, PLAYVIDS.COM, and PEEKVIDS. COM; PLAYVID.COM; FEEDVID.COM; PLAYVIDS.COM; PEEKVIDS.COM; and JOHN DOES 1-20, for Copyright Infringement, Contributory Copyright Infringement, Vicarious Copyright Infringement, Inducement of Copyright Infringement, Unauthorized Publication of Name and Likeness in Violation of Florida Statute 540.08, Trademark Infringement and False Designation of Origin Under the Lanham Act.

2. On September 1, 2015, Defendants, CONSTANTIN LUCHIAN, KONSTANTIN BOLOTIN and SUN SOCIAL MEDIA, INC., individually and doing business as Defendants PLAYVID.COM, FEEDVID.COM, PLAYVIDS.COM and PEEKVIDS.COM (hereinafter collectively referred to as "Defendants") filed their Answer and Affirmative Defenses.

3. In response, Plaintiff conferred with Defendants' counsel as to its opposition to the nature of the Affirmative Defenses filed. Defendants agreed to amend same, even though Plaintiff continued to object to the nature of the proposed Amended Affirmative Defenses.

4. On or about October 15, 2015, Defendants filed their Motion for Leave to File First Amended Answer and Affirmative Defenses.

5. Before Plaintiff could notify the Court of its opposition to the proposed Amended Affirmative Defenses, on or about October 16, 2015, this Honorable Court

BeharBehar ◆ 1840 North Commerce Parkway ◆ Suite One ◆ Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

2 of 12

entered an Order Granting Defendants' Motion for Leave to File Amended Answer and Affirmative Defenses.

6. Defendants attempt to raise a total of sixteen (16) amended affirmative defenses, many or all of which must be stricken as a matter of law.

7. Pursuant to Fed.R.Civ.P. 12(f) and the precedent in this Circuit, Defendants' amended affirmative defenses must be stricken as each of Defendants' defenses is insufficient as a matter of law. Not only do the defenses fail to meet this Court's pleading requirements, but the defenses are nevertheless clearly invalid as defenses.

8. The striking of these insufficient and improper amended affirmative defenses is imperative for the purpose of narrowing the pleading issues for trial and dispositive motions.

9. Furthermore, if not stricken, Plaintiff will be put in the unfair and untenable position of being "forced" to expend its allotted thirty (30) interrogatories just to decipher what Defendants mean by each of these "defenses," rather than being able to use those interrogatories for the purpose of focusing upon the substantive discovery aspects of the case.

10. The parties conferred prior to the filing of this motion but were unable to resolve the issues raised herein.

**WHEREFORE**, Plaintiff respectfully requests this Court enter an order striking Defendants' amended affirmative defenses and ordering all other relief as this Court deems just and proper.

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642   F: 954-332-9260   W: BeharBehar.com

3 of 12

## MEMORANDUM OF LAW

As set forth herein, Plaintiff requests this Court strike Defendants' amended affirmative defenses for failure to comply with the legal principles underlying the pleading of such defenses as well as the clear requirements of copyright and trademark law that govern these proceedings.

### I. LEGAL STANDARD FOR STRIKING AFFIRMATIVE DEFENSES

Federal Rule of Civil Procedure 12(f) authorizes the Court to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A court may strike an affirmative defense as "insufficient as a matter of law" if, on the face of the pleadings, the defense is patently frivolous or clearly invalid. *HW Aviation LLC v. Royal Sons, LLC*, 807-CV-2325-T-23MAP, 2008 WL 4327296 (M.D. Fla. 2008); *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D.Fla.2002) (citing *Anchor Hocking Corporation v. Jacksonville Electric Authority*, 419 F.Supp. 992, 1000 (M.D.Fla.1976)); *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F.Supp.2d 1314, 1318 (S.D.Fla.2005).

Affirmative defenses may be insufficient as a matter of law if they fail to meet the general pleading requirements of Fed.R.Civ.P. 8. *Microsoft Corp.*, 211 F.R.D. at 684 (citing *Anchor Hocking Corporation* 419 F.Supp. At 1000); *McGlothan v. Walmart Stores, Inc.*, 2006 WL 1679592 *1 (M.D.Fla.2006). Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, a defendant must "state in short and plain terms its defenses to each claim asserted against it," and Rule 8(d)(1) requires that "each allegation must be simple, concise, and direct." Fed.R.Civ.P. 8(b) and (d)(1). Although a defendant need not

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642   F: 954-332-9260   W: BeharBehar.com

4 of 12

provide "detailed and particular facts," the defendant must give "fair notice" of the defense and "the grounds upon which it rests." *Morrison*, 434 F.Supp.2d at 1318; *see also Microsoft* 211 F.R.D. at 684 ("While an answer 'need not include a detailed statement of applicable defenses, a defendant must do more than make conclusory allegations.'"). Where an affirmative defense contains no more than "bare bones conclusory allegations," it must be stricken. *See Microsoft*, 211 F.R.D. at 684. Importantly, an affirmative defense, by definition, "is established only when a defendant ***admits the essential facts*** of a complaint and sets up other facts in justification or avoidance." *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F.Supp.2d 1314, 1318 (S.D.Fla.2005) (emphasis in original).

## II. EACH OF DEFENDANTS' "AMENDED AFFIRMATIVE DEFENSES" MUST BE STRICKEN AS THEY FAIL TO SATISFY THE NOTICE PLEADING REQUIREMENTS

Each of Defendant's so-called "amended affirmative defenses" must be stricken because they constitute mere bare bones conclusions that fail to satisfy the notice pleading requirements of this Court. While Defendants attempt to assert *some* facts in these amended defenses (as opposed to none whatsoever in their original defenses,) those facts are insufficient and not a single one of Defendants' amended defenses provides any factual support to permit Plaintiff to even begin to discern the nature and basis of the defense. The striking of these defenses is supported by the law in this district and Florida District Court decisions. *See Microsoft*, 211 F.R.D. at 684; *Meridian of Palm Beach Condo. Assoc., Inc., v. QBE Ins. Corp.*, 2007 WL 1364334 at *2 (S.D.Fla.2007) (striking affirmative defense of failure to comply with conditions precedent as a "conclusory bare-

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

5 of 12

bones allegation"); *Home Mgmt. Solutions, Inc., v. Prescient, Inc.*, 2007 WL 2412834 at *4 (S.D.Fla.2007) (striking affirmative defenses of unclean hands and setoff without prejudice where the affirmative defenses lacked "any supporting facts or the elements of the defense"); *Groves v. Patricia J. Dury, M.D., P.A.*, 2006 WL 2556944 at *2 (M.D.Fla.2006) (striking affirmative defense of unclean hands where the defendant's assertions "sets forth no facts" and was "insufficiently pled"); *Merrill Lynch Bus. Fin. Serv., Inc. v. Performance Machine Sys. U.S.A., Inc.*, 2005 WL 975773 (S.D.Fla.2005) (recommending that affirmative defenses of failure to state a claim, failure to mitigate damages, waiver and estoppel, and unclean hands be stricken without prejudice, because each of these affirmative defenses contained only "a bare-bones conclusory allegation which simply names a legal theory but does not indicate how the theory is connected to the case at hand").

Similarly, "a defense which simply points out a defect or lack of evidence in a plaintiff's case is not an affirmative defense." *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F.Supp.2d 1314, 1318 (S.D.Fla.2005); *Home Design Services, Inc. v. Hibiscus Homes of Florida, Inc.*, 2005 WL 3445522, *6 (M.D.Fla.2005) (striking standing defense); *HW Aviation LLC* 2008 WL 4327296 (striking defense of failure to state a cause of action).

This is exactly what Defendants do here and for this reason, the following amended affirmative defenses must be stricken as improper: Defense #5 (damages to Plaintiff were not the proximate cause of Defendants' actions or omissions), Defense #6 (Plaintiff has not established irreparable harm), Defense #7 (damages alleged by Plaintiff

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642   F: 954-332-9260   W: BeharBehar.com

6 of 12

are speculative or uncertain), Defense #8 (Plaintiff failed to mitigate its damages), Defense # 9 (Plaintiff has failed to comply with the requirements of the Digital Millennium Copyright Act), Defense #10 (Defendants are entitled to the safe harbor of the Digital Millenium Copyright Act), Defense #11 (the alleged acts were neither the result of the actions of Defendants nor within Defendants' control), Defense #12 (Defendants' actions and omissions were lawful, justified and privileged), Defense #14 (the accused actions to do not create any likelihood of confusion), Defense #15 (any remedies are limited to the extent that there is sought an overlapping of duplicative recovery), and Defense #16 (the Complaint is barred by such other and further affirmative defenses as may be applicable under Rule 8(c)). The amended affirmative defenses are improper defenses and must be stricken.

Moreover, each of Defendants' amended affirmative defenses are entirely devoid of any allegations that would put Plaintiff on notice of the factual basis for the legal defenses asserted. Again, each defense represents nothing more than bare-bones conclusory allegations that simply names a legal theory but does not indicate how the theory is connected to the case at hand. *Merrill Lynch Bus. Fin. Serv., Inc. v. Performance Machine Sys. U.S.A., Inc.*, 2005 WL 975773 (S.D.Fla.2005). As such, *all* of the amended affirmative defenses raised by the Defendants herein must be stricken as a matter of law.

In addition to the striking of each amended affirmative defense for the procedural reasons stated above, the following affirmative defenses must also be stricken on substantive grounds.

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

7 of 12

**DEFENSE #1**

In their first amended affirmative defense, Defendants allege that the complaint is barred by the "doctrine of copyright misuse" and, in support of that allegation, asserts that Plaintiff is somehow "using its copyrights and this lawsuit...to extract settlement payments from innocent parties like Defendants." This purported defense is completely unsupported by law. This issue was already considered and addressed in *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681 (M.D. Fla. 2002), where the Court rejected the same argument Defendants raise here. In its ruling, the Court stated the following:

> The United States Court of Appeals for the Eleventh Circuit has neither applied, nor definitively rejected the *copyright misuse doctrine*. Similarly, while district courts in the Eleventh Circuit have discussed the applicability of *copyright misuse*, none of these courts have expressly applied it as a valid defense. Moreover, *to date the United States Supreme Court, has not firmly established a copyright misuse defense in a manner analogous to the establishment of the patent misuse defense.* (Emphasis supplied).

Thus, Defendants' amended affirmative defense of "copyright misuse" borders on frivolous as it is unsupported by law, and therefore must be stricken.

**DEFENSE #2**

As their second amended affirmative defense, Defendants allege that Plaintiff is barred from recovery as a result of "unclean hands" and in support of that allegation, claim that Plaintiff is somehow "using its copyrights and this lawsuit...to extract settlement payments from innocent parties like Defendants." This defense must fail. The doctrine of unclean hands "bars relief to a plaintiff who has violated conscience, good faith or other equitable principles in his prior conduct, as well as to a plaintiff who has

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

8 of 12

dirtied his hands in acquiring the right presently asserted. . . . In order to apply, the alleged misconduct by the plaintiff must relate directly to the transaction concerning which the complaint is made." *Dollar Systems, Inc. v. Avcar Leasing Systems, Inc.*, 890 F.2d 165, 173 (9th Cir. 1989). Here, Defendants merely describe actions allegedly taken by this Plaintiff (or which would conceivably be taken by any reasonable Plaintiff under similar circumstances) to defend and protect its copyrights which are being infringed. Accordingly, this defense must be stricken.

**DEFENSE #3**

As their third amended affirmative defense, Defendants assert that their actions and omissions constitute "fair use," and do not constitute an infringement of copyright. In support of that allegation, they make a blanket assertion that "the appearance of Plaintiff's trademarks and trade names used in conjunction with Plaintiff's actual works constitute traditional fair use and/or nominative fair use." Defendants are incorrect.

Section 107 of the Copyright Act sets forth what "fair use" is. It states that the "fair use" of a copyrighted work for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is ***not*** an infringement of copyright. *17 U.S.C. § 107*. (Emphasis supplied). In determining whether a use is a "fair use," the following factors shall be considered: (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642   F: 954-332-9260   W: BeharBehar.com

9 of 12

copyrighted work. *17 U.S.C. § 107.* Defendants herein provide no factual support whatsoever as to how or why their actions or omissions would constitute "fair use" under these factors. Accordingly, this amended affirmative defense must be stricken.

## **DEFENSES # 4 and #13**

As their fourth and thirteenth amended affirmative defenses, Defendants assert that their "lack of scienter" (Defense #4) and/or lack of volition (Defense #13) somehow shields them from liability to Plaintiff. However, no information provided by Defendants suggests that they did not and do not lack scienter or volition or that they were in any way innocent in their actions.

Assuming *arguendo*, that Defendants had provided such information, it would still be of no consequence. "[I]ntent or knowledge is not an element of infringement," and "[e]ven an innocent infringer is liable for infringement." *Fitzgerald Publ'g Co., Inc. v. Baylor Publ'g. Co., Inc.*, 807 F.2d 1110, 1113-14 (2d Cir. 1986); *Playboy Enters., Inc. v. Frena*, 839 F. Supp. 1552, 1559 (M.D. Fla. 1993).

Similar results have been reached in cases involving patents. It has been held that an infringement defendant's good faith belief that a patent in suit is invalid is not a defense to a claim of induced infringement. "[I]f belief in invalidity were a defense to induced infringement, the force of that presumption would be lessened to a drastic degree, for a defendant could prevail if he proved he reasonably believed the patent was invalid." *Commil USA, LLC v. Cisco Systems, Inc.* 575 U.S.___ (2015).

No factual support whatsoever is presented by Defendants in support of these "defenses." Accordingly, Defendants' amended affirmative defenses must be stricken.

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

10 of 12

## CONCLUSION

Having shown this Honorable Court that, based upon the arguments made and authorities cited above, Defendants' Amended Affirmative Defenses are improper, insufficient and conclusory in nature, Plaintiff respectfully requests this Court enter an order striking Defendants' Amended Affirmative Defenses and granting all other relief this Court deems just and proper.

## CERTIFICATION OF 7.1 CONFERENCE

Counsel for Plaintiff has conferred with counsel for Defendants, Brady J. Cobb, Esq., and represents that Mr. Cobb *opposes* the relief requested herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of October, 2015 we electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Brady J. Cobb, Esq.; Valentin Gurvits, Esq. *(Pro Hac Vice pending);* and Matthew Shayefar, Esq. *(Pro Hac Vice pending).*

Respectfully submitted,

BeharBehar
1840 North Commerce Parkway
Suite One
Weston, Florida 33326
Telephone: (954) 688-7642
Facsimile: (954) 332-9260
E-mail: AB@BeharBehar.com

By: */s/Aaron Behar, Esquire*
Aaron Behar, Esquire
Florida Bar No.: 166286
Jaclyn Behar, Esquire
Florida Bar No.: 63833
***Counsel for Plaintiff***

And: Spencer D. Freeman
Freeman Law Firm, Inc.
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
Telephone: (253) 383-4500
Facsimile: (253) 383-4501
E-mail: sfreeman@freemanlawfirm.org
***Counsel for Plaintiff***
***(Pro Hac Vice)***

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642   F: 954-332-9260   W: BeharBehar.com

12 of 12