UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

| | |
|---|---|
| HYDENTRA HLP INT. LIMITED, a foreign corporation d/b/a METART<br><br>    Plaintiff,<br><br>v.<br><br>CONSTANTIN LUCHIAN, an individual, KONSTANTIN BOLOTIN, an individual, SUN SOCIAL MEDIA, INC., a corporation, individually and d/b/a PLAYVID.COM, FEEDVID.COM, PLAYVIDS.COM and PEEKVIDS.COM; PLAYVID.COM; FEEDVID.COM; PLAYVIDS.COM; PEEKVIDS.COM; and<br>John Does 1-20,<br><br>    Defendants. | Case No.<br>1:15-cv-22134-UU |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE AMENDED AFFIRMATIVE DEFENSES WITH SUPPORTING MEMORANDUM OF LAW

COMES NOW the Defendants Constantin Luchian, Konstantin Bolotin and Sun Social Media, Inc. (collectively, the "Defendants"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(f) and all other applicable authorities and hereby files their Response to Plaintiff's Motion to Strike (D.E. 41) Defendant's Amended Answer and Affirmative Defenses (D.E. 38-1), and in support thereof state the following:

### I.    INTRODUCTION

1.    Plaintiff filed its Complaint in the above captioned matter on June 4, 2015. On August 27, 2015, Defendants filed their Motion to Set Aside a Clerk's Default Judgment (D.E. 26).

1

2.      On August 31, 2015, this Court entered an order granting Defendants' Motion to Set Aside Default Judgment (D.E. 30). On September 1, 2015, Defendants filed their Answer and Affirmative Defenses (D.E. 32) to Plaintiff's Complaint.

3.      On September 10, 2015, Plaintiff contacted undersigned counsel and advised that Plaintiff intended to file a motion to strike Defendants' Answer and Affirmative Defenses (D.E. 32), and the parties subsequently conferred regarding the answer and possible amendment of the same. To that end, undersigned counsel provided a proposed amended answer to Plaintiff for their review, and Plaintiff ultimately rejected the same.

4.      Thereafter, on October 15, 2015, Defendants filed their Motion for Leave to File a First Amended Answer and Affirmative Defenses (D.E. 38), which included the proposed First Amended Answer and Affirmative Defenses as Exhibit A (D.E. 38-1).

5.      On October 16, 2015, this Court entered its Order (D.E. 39) granting Defendants' Motion for Leave to File a First Amended Answer and Affirmative Defenses, and the First Amended Answer and Affirmative Defenses was deemed filed as of October 16, 2015 (D.E. 40).

6.      On October 29, 2015, Plaintiff filed the instant Motion ("Motion") to Strike Defendant's Amended Affirmative Defenses (D.E. 40). Respectfully, Plaintiff's Motion mischaracterizes both the plain language of the Defendant's valid affirmative defenses and the law applicable to the same. In keeping with the letter and spirit of Rule 8, Defendant's Affirmative Defenses properly place Plaintiff on notice of Defendant's defenses to Plaintiff's claims, and also delineate the factual basis for each defense. Thus, for the reasons more fully stated herein Plaintiff's Motion to Strike must be denied.

## II.     MEMORANDUM OF LAW

### A.     Standard of Review

Rule 12(f) of the Federal Rules of Civil Procedure provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Pro. 12(f). However, a motion to strike under Rule 12(f) is a drastic remedy that is patently disfavored by the courts. *See, e.g., Gonzalez v. Spears Holdings, Inc.*, 2009 WL 2391233, at *1 (S.D. Fla. 2009). Accordingly, motions to strike are usually "denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Falzarano v. Retail Brand Alliance, Inc.*, 2008 WL 899257, at *1 (S.D. Fla. 2008). Further, "a court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines*, 881 F. Supp. 574, 576 (M.D. Fla. 1995).

Striking an affirmative defense is proper *only* when the defense is insufficient as a matter of law. *Gonzalez*, 2009 WL 2391233, at *1. "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." *Id.* (quoting *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)). Affirmative defenses are subject to the general pleading requirements of Federal Rule of Civil Procedure 8(a), which generally requires only a short and plain statement of the defense asserted. *Grovenor House, L.L.C. v. E.I. Du Pont De Nemours And Co.*, 2010 WL 3212066, at *1 (S.D. Fla. 2010). When considering a motion to strike affirmative defenses, the court must look at whether the defense is legally sufficient to provide "fair notice" of the nature of the defense. *Id.*

Finally, if any defenses are deemed insufficient, "[p]ursuant to Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading with the court's leave, and the Court should freely give leave when justice so requires." *Zeron v. C & C Drywall Corp., Inc.*, 2009 WL 2461771, at *2 (S.D. Fla. 2009). An amendment to affirmative defenses should be granted where it would cause no prejudice to plaintiff and allow defendant to properly make all of its legal arguments. *White v. De La Osa*, 2011 WL 1559826, at *1 (S.D. Fla. 2011). Courts generally allow a party to amend its pleading so long as its result is not futile. *Id.*

### B. Plaintiff's Substantive Contentions as to the Amended Affirmative Defenses

1. First Affirmative Defense

**"The Complaint is barred, in whole or in part, by the doctrine of copyright misuse."**

Plaintiff contends that Defendants' first affirmative defense should be stricken because the Eleventh Circuit has not yet recognized copyright misuse as an affirmative defense. Plaintiff's position, however, is predicated upon bad case law—specifically, *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681 (M.D. Fla. 2002). In a subsequent decision also by the United States District Court for the Middle District of Florida, the Court rejected precisely the argument raised by the Plaintiff here. *Home Design Servs., Inc. v. Park Square Enterprises, Inc.,* 2005 WL 1027370, at *12 (M.D. Fla. 2005). In *Home Design Servs. Inc.*, the Court noted first that the Eleventh Circuit had neither recognized nor rejected copyright misuse as an affirmative defense before concluding that this was not a basis to reject the assertion of such a defense:

> Home Design's first argument, that copyright misuse fails as a matter of law in the Eleventh Circuit, is not well taken. Although the doctrine of copyright misuse has not been formally recognized or rejected by the United States Court of Appeals for the Eleventh Circuit, such appellate court has acknowledged that the doctrine might some day be available in copyright cases. . . . Furthermore, nearly all circuit courts which have issued a definitive opinion on the viability of the copyright

4

>misuse defense in the past fifteen years have recognized the defense. The trend toward recognition has led a number of commentators to speculate that the growing acceptance of the doctrine will likely lead to its adoption in some form by all of the circuits and the United States Supreme Court. . . . Thus, it would be inappropriate to grant summary judgment on Hibiscus' copyright misuse defense simply because it has not yet been formally recognized.

*Id.* At *35-36.

For the foregoing reasons Defendants' first affirmative defense is neither frivolous, nor unsupported by law and should not be stricken.

    2.    <u>Second Affirmative Defense</u>

**"The Complaint is barred, in whole or in part, and Plaintiff is barred from equitable recovery, by the doctrine of unclean hands."**

Unclean hands requires a showing that "(1) Plaintiffs alleged wrongdoing is directly related to the claim against which it is asserted; and (2) Defendants were personally injured by Plaintiffs conduct." *Thornton v. J Jargon Co.,* 580 F. Supp. 2d 1261, 1283 (M.D. Fla. 2008). Contrary to Plaintiff's assertion, Defendants have alleged facts that support this defense, including the assertion that, "[up]on information and belief, certain of the files in suit were uploaded by the Plaintiff's own affiliates." In other words, Defendants have directly alleged that the Plaintiff has asserted claims for infringement based on files which it (or its agents) themselves uploaded to Defendants' websites. Additionally, Defendants' alleged that the Plaintiff intentionally disregarded statutory and judicial law, including but not limited to "the rights and safeguards afforded to both intellectual property owners and internet service providers." These facts contained in Defendants second affirmative defense establish that "Plaintiff's alleged wrongdoing is directly related to the claim against which it is asserted." *Id.* As to Defendants' injury as a result of these asserted wrongful actions, Defendants have been ensnared in this litigation, having to defend meritless claims.

Defendants' second affirmative defense is directly related to the controversy, will not confuse the issues, has been adequately pled with sufficient facts to give the Plaintiff fair notice of the nature of the defense and will not prejudice the Plaintiff. However, if the Court agrees that Defendants have not included sufficient facts to support this affirmative defense, Defendants request that they be given leave to amend to add necessary detail.

  3. <u>Third Affirmative Defense</u>

**"Defendants' actions and omissions constitute fair use, and as such, the Complaint, in whole or in part, must fail."**

Defendants' Third Affirmative Defense provides the requisite "fair notice" to the Plaintiff in regards to the "fair use" defense, and is well within the bounds of general pleading requirements of Federal Rule of Civil Procedure 8(a). Curiously, in the Motion the Plaintiff elects to selectively omit the actual language of Defendants' third affirmative defense, and instead incorrectly attempts to generalize the defense into one that is not sufficient. To that end, while the Plaintiff states only that Defendants asserted that their actions and omissions constituted "fair use", the actual text of Defendants' third affirmative defenses is significantly more factually detailed and states:

> Defendants' actions and omissions constitute fair use, and as such, the Complaint, in whole or in part, must fail. Specifically, but without limitation, the appearance of Plaintiff's trademarks and trade names used in conjunction or relation with Plaintiff's actual works constitute traditional fair use and/or nominative fair use. In addition, the Plaintiff has failed to properly consider whether the individuals posting to the websites operated by Sun Social were entitled to do so under the doctrine of fair use.

A plain reading of the actual text of Defendants Third Affirmative Defense reveals that it provides ample notice with sufficient facts to afford the Plaintiff with the requisite "fair notice" of Defendants' "fair use" defense, thus rendering the defense sufficient under Federal Rule of Civil Procedure 8(a). For example, the affirmative defense clearly alleges that the Plaintiff has

failed to allege that it considered fair use prior to sending its takedown notices. As was noted in another case in this Circuit, courts have held that "prior to submitting a takedown notice, the copyright holder must consider not only whether the material actually belongs to it, but whether the use of the material lacks an obviously lawful purpose like fair use." *Disney Enters. v. Hotfile Corp.*, 2013 U.S. Dist. LEXIS 172339, 152-153 (S.D. Fla. Aug. 28, 2013) (citations omitted).Thus, Defendants' third affirmative defense is directly related to the controversy, will not confuse the issues, has been adequately pled with sufficient facts to give the Plaintiff fair notice of the nature of the defense and will not prejudice the Plaintiff.

    4.    <u>Fourth and Thirteenth Affirmative Defenses</u>

**"The Complaint is barred, in whole or in part, by lack of scienter and/or because the alleged infringement was innocent."**

**"The Complaint fails, in whole or in part, because Defendants lacked the necessary volition required to state a claim for direct copyright infringement."**

As Plaintiff accurately points out, Defendants contend that their "lack of scienter" (Defense # 4) and "lack of volition" (Defense # 13) shield them, in whole or in part, from liability to the Plaintiff. Plaintiff seemingly alleges that: (1) Defendants failed to provide information that suggest a lack of scienter and volition; and (2) intent or knowledge is not an element of infringement. Due to the multitude of allegations contained in Plaintiff's Complaint, these affirmative defenses are best addressed separately.

    (a)    <u>Fourth Affirmative Defense</u>

Defendants' fourth affirmative defense states in part that "[t]he Complaint is barred, in whole or in part, by lack of scienter and/or the alleged infringement." Plaintiff's assertion that a lack of knowledge "is not an element of infringement" fails to account for the various allegations and claims contained in their Complaint. While it is true that knowledge may not be an element

7

of direct infringement (and, even there, knowledge may be relevant to the extent of recoverable damages), it is the crux of secondary liability.  Specifically, Counts II (Contributory Copyright Infringement) and VII (Contributory Trademark Infringement) are predicated upon a Defendant's knowledge of the infringing activity.  *See Latele Television C.A. v. Telemundo Commc'ns Grp., LLC*, 2013 WL 1296314, at *10 (S.D. Fla. 2013) (explaining that contributory copyright infringement "occurs when one who, **with knowledge of the infringing activity**, induces, causes or materially contributes to the infringing conduct of another"); *Coach, Inc. v. Swap Shop, Inc.*, 916 F. Supp. 2d 1271, 1278 (S.D. Fla. 2012) (explaining that contributory trademark infringement occurs when a defendant "(1) **intentionally induce[s]** the primary infringer to infringe, or (2) continues to supply an infringing product to an infringer **with knowledge** that the infringer is mislabeling the particular product supplied").

In support of this defense, Defendants alleged "to the extent Defendants engaged in the infringement of Plaintiff's intellectual property rights, which Defendants deny, such infringement was unintentional and without knowledge and therefore Defendants are either not liable for such infringements or the damages that may be obtained against them are limited."  As such, Defendants' fourth affirmative defense is pled with the necessary support to put the Plaintiff on notice.

Defendants' fourth affirmative defense is directly related to the controversy, will not confuse the issues, has been adequately pled with sufficient facts to give the Plaintiff fair notice of the nature of the defense and will not prejudice the Plaintiff.  However, if the Court agrees that Defendants have not included sufficient facts to support this affirmative defense, Defendants request that they be given leave to amend to add necessary detail.

      (b)      <u>Thirteenth Affirmative Defense</u>

Contrary to Plaintiff's contention, Defendants have both legal and factual support for their Thirteenth Affirmative Defense, which provides that "Defendants lacked the necessary volition required to state a claim for direct copyright infringement." This Court has expressly rejected plaintiff's argument that volition is not an element of direct copyright infringement. *See Disney Enterprises, Inc. v. Hotfile Corp.*, 798 F. Supp. 2d 1303, 1307 (S.D. Fla. 2011). In *Disney Enterprises, Inc.* the Court explained that "making an Internet company liable for direct copyright infringement simply because it gave its users access to copyrighted material by others would create unreasonable liability." *Id.* In support of its holding, the Court relied on the rationale set forth in *Religious Tech. Ctr. v. Netcom On-Line Commc'n Servs., Inc.*, 907 F. Supp. 1361 (N.D. Cal. 1995), which provides, in pertinent part, that "[a]lthough copyright is a strict liability statute, there should still be some element of volition or causation which is lacking where a defendant's system is merely used to create a copy by a third party." *Id.* at 1370.

Factually, Defendants contend that, "Defendants themselves did not make available any of the works on the websites, but on the contrary such works were uploaded to the websites by third parties." The fact that Defendants did not upload the material to its website, is the exact type of situation the Court in *Disney Enterprises, Inc.* was trying to prevent when it chose to adopt the element of volition. Defendants' thirteenth affirmative defense is directly supported by the law of this jurisdiction and is adequately pled with sufficient facts to give the Plaintiff fair notice of the nature of the defense.

    **C.**    <u>**Plaintiff's Substantive Contentions as to the Amended Affirmative Defenses**</u>

In Plaintiff's Motion to Strike Defendant's Amended Affirmative Answers, the Plaintiff appears to request that this honorable Court strike Defenses 5-12 and 14-16 on the basis that the

defenses are either "conclusory" allegations or that they act as a denial rather than an affirmative answer. Simply stated, in keeping with a well-established pattern, Plaintiff is incorrect and Defenses 5-12 and 14-16 are correctly pled and legally sufficient.

1. Fifth Affirmative Defense

**"The Complaint is barred, in whole or in part, because any damages to Plaintiff were not the proximate result of Defendants' actions or omissions."**

In support of this Affirmative Defense, Defendants alleged, in part, that "to the extent Plaintiff suffered any damages, they were a result of the actions and omissions of third parties (e.g., those individuals who allegedly uploaded Plaintiff's works, trademarks and trade names)." Even if this Court were to view this defense as a specific denial rather than a "true affirmative defense" it should not be stricken. See *V/G Inv., Inc. v. M/V Pac.* II, 2012 U.S. Dist. LEXIS 104836, *12 (S. D. Fla. 2012) ("Where a defendant raises a failure to state a claim as a purported affirmative defense, the appropriate course of action is for a court to simply treat the alleged affirmative defense as a denial and not to strike it." (citations omitted)).

In addition, in *Currie v. Dollar General Corp.*, 2005 WL 1684161, at *1 (N.D. Fla. 2005), the Court denied the Plaintiff's motion to strike Defendant's affirmative defense, which alleged a lack of proximate causation. *Id.* There, the Court explained that "if the plaintiff has been given 'plain notice' notice of the matters to be litigated, which is all the federal pleading rules require, he should be put to his proof on those issues irrespective of any error by the defendant regarding terminology." *Id.* In contrast to the Defendant in *Currie, who* merely alleged that an "unknown third party" was responsible for any damages suffered by the Plaintiff, Defendants here have pled the defense with greater specificity, stating that the third parties were "those individuals who allegedly uploaded Plaintiff's works, trademarks and trade names."

Defendants' fifth affirmative defense is directly supported by the law of this jurisdiction and is adequately pled with sufficient facts to give the Plaintiff fair notice of the nature of the defense.

2.  Sixth Affirmative Defense.

**"Plaintiff is not entitled to injunctive relief because it has not suffered irreparable harm."**

The arguments above with regards to the Fifth Affirmative Defense apply as well to the Sixth Affirmative Defense. Further, Defendant's Sixth affirmative defense properly places Plaintiff on notice that Defendants dispute whether Plaintiff is entitled to injunctive relief, more specifically whether Plaintiff has suffered the requisite "irreparable harm", rendering the defense sufficient under Federal Rule of Civil Procedure 8(a). Thus, Defendants' sixth affirmative defense is directly related to the controversy, will not confuse the issues, has been adequately pled with sufficient facts to give the Plaintiff fair notice of the nature of the defense and will not prejudice the Plaintiff.

3.  Seventh Affirmative Defense

"**Plaintiff cannot recover damages from Defendants to the extent that damages alleged by Plaintiff are speculative or uncertain.**"

The arguments above with regards to the Fifth and Sixth Affirmative Defenses apply as well to the Seventh Affirmative Defense. Further, Defendant's Seventh affirmative defense properly places Plaintiff on notice that Defendants contest whether Plaintiff can recover damages from Defendants as said damages would be speculative or uncertain. Affirmative defense number 7 also articulates the underlying basis of the defense, namely that any alleged lost profits claimed by Plaintiff could not be reasonably attributed to any conduct of the Defendants. Contrary to the arguments made in Plaintiffs' Motion, a plain reading of this defense reveals that it provides the

required notice to Plaintiff of a defense to Plaintiff's entitlement to damages, thereby meeting the threshold requirements of Federal Rule of Civil Procedure 8(a). Thus, Defendants' seventh affirmative defense is directly related to the controversy, will not confuse the issues, has been adequately pled with sufficient facts to give the Plaintiff fair notice of the nature of the defense and will not prejudice the Plaintiff.

    4.    <u>Eighth Affirmative Defense</u>

"**Plaintiff cannot recover damages from Defendants to the extent that Plaintiff failed to mitigate its alleged damages.**"

Contrary to Plaintiff's position Defendants' eighth affirmative defense gives Plaintiff sufficient notice of both the legal and factual grounds upon which the defense rests. Courts have recognized that knowing failure to stop ongoing copyright infringement amounts to a failure to mitigate. *E.g., Malibu Media, LLC v. Zumbo*, 2014 WL 2742830, at *4 (M.D. Fla. 2014). Defendants support its claim that Plaintiff failed to mitigate its damages by alleging that "to the extent that Plaintiff failed to promptly report any alleged infringement it learned about on the website at issue in this litigation and therefore allowed such alleged infringements to stay on such websites, Plaintiff failed to mitigate its alleged damages." Additionally, Defendants further specified that the Plaintiff had knowledge that Defendant, Sun Social Media, Inc., would remove the infringing material promptly upon notice. Defendants' eighth affirmative defense is well pled and presents substantial questions of law and fact. As such, this defense should not be stricken.

    5.    <u>Ninth Affirmative Defense</u>

"**Plaintiff has failed to comply with the requirements of the Digital Millennium Copyright Act and, as such, the Complaint must fail in whole or in part.**"

Defendant's Ninth affirmative defense properly places Plaintiff on notice that Defendants dispute whether Plaintiff itself complied with the provisions of the Digital Millennium Copyright Act and, as such whether the complaint must therefore fail as a matter of law. To that end, the ninth affirmative defenseexpressly identifies the legal and factual grounds of said defense, and this same defense has previously been recognized as being both sufficient and applicable to the issues at bar in this Court in the case of *Disney Enterprises, Inc., et al v. Hotfile Corp.*, et al, 2013 WL 6336286 (S.D. Fla. 2013). Thus, Defendants' ninth affirmative defense is directly related to the controversy, will not confuse the issues, has been adequately pled with sufficient facts to give the Plaintiff fair notice of the nature of the defense and will not prejudice the Plaintiff.

      6.      <u>Tenth Affirmative Defense</u>

"**Defendants are entitled to the safe harbor of the Digital Millennium Copyright Act and, as such, the Complaint must fail in whole or in part.**"

The Tenth affirmative defense plainly advises Plaintiff that Defendant is entitled to the safe harbor of the Digital Millennium Copyright Act, and includes the factual basis for said defense. More specifically, the Tenth affirmative defenses states that Defendant has: (a) properly appointed a registered agent with the copyright office for the receipt of takedown notices; (b) that Defendants are not aware of any specific instances of infringement; (c) that when Defendant is properly made aware of specific instances of infringement they work expeditiously to remove such instances; (d) accommodate technical measures to protect copyrights; (e) have adopted, implemented and promulgated a repeat infringer policy and that (f) Defendants do not receive any financial benefits directly attributable to any allegedly infringing material. A plain reading of this defense demonstrates that the Tenth affirmative defense is more than legally sufficient on its face as it provides notice of Defendants' legal defense and the ultimate facts that buttress the

same. Thus, Defendants' Tenth affirmative defense is directly related to the controversy, will not confuse the issues, has been adequately pled under Rule 8(a) with sufficient facts to give the Plaintiff fair notice of the nature of the defense and will not prejudice the Plaintiff.  However, if the Court agrees that Defendants have not included sufficient facts to support this affirmative defense, Defendants request that they be given leave to amend to add necessary detail.

   7.  <u>Eleventh Affirmative Defense</u>

"**The Complaint fails in whole or in part because the alleged infringements were neither the result of the actions of Defendants, nor within Defendants' reasonable control.**"

Defendant's Eleventh affirmative defense properly notifies Plaintiff that Defendants are not liable for the infringement that allegedly occurred because such alleged infringements were not the result of actions by Defendants, or within Defendants reasonable control. Additionally, Affirmative defense number 11 also alleges the ultimate facts that underpin its applicability to this case, thereby satisfying the requirements of Rule 8. Thus, Defendants' eleventh affirmative defense is directly related to the controversy, will not confuse the issues, has been adequately pled with sufficient facts to give the Plaintiff fair notice of the nature of the defense and will not prejudice the Plaintiff.

   8.  <u>Twelfth Affirmative Defense</u>

"**Defendants' actions and omissions were lawful, justified and privileged.**"

See response to Affirmative Defense number 5 found in section II(C)(1) herein.

   9.  <u>Fourteenth Affirmative Defense</u>

"**The Complaint is barred, in whole or in part, because the accused actions do not create any likelihood of confusion.**"

See response to Affirmative Defense number 5 found in section II(C)(1) herein.

    10.    <u>Fifteenth Affirmative Defense</u>

"**Without admitting that the Complaint states a claim, any remedies are limited to prevent an overlapping or duplicative recovery pursuant to the various claims against Defendants or for any alleged single wrong.**"

See response to Affirmative Defense number 5 found in section II(C)(1) herein.

    11.    <u>Sixteenth Affirmative Defense</u>

Defendants' Sixteenth affirmative defense is merely a reservation of rights to assert additional affirmative defenses (within the time frame to amend pleadings pursuant to this Court's Scheduling Order). Thus, Plaintiff's attempt to strike the Sixteenth affirmative defense must be disregarded.

**Respectfully submitted:**

<u>/s/ Valentin Gurvits</u>
Valentin D. Gurvits (*pro hac vice*)
Matthew Shayefar (*pro hac vice*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Telephone: (617) 928-1804
Facsimile: (617) 928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

*Attorneys for Defendants
Constantin Luchian,
Konstatin Bolotin and
Sun Social Media Inc.*

Dated: November 16, 2015

<u>/s/ Brady J. Cobb</u>
Brady J. Cobb, Esquire
Florida Bar No. 031018
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone (954) 527-4111
Facsimile  (954) 900-5507
bcobb@cobbeddy.com

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record on the service list below this 16th day of November, 2015.

                                              /s/ Brady J. Cobb
                                              Brady J. Cobb

## SERVICE LIST

Aaron Behar, Esquire
Jaclyn Behar, Esquire
BEHARBEHAR
1840 North Commerce Parkway
Suite One
Weston, Florida 33326
Telephone: (954) 688-7642
Facsimile: (954) 332-9260
AB@BeharBehar.com
JB@BeharBehar.com

Spencer D. Freeman
Freeman Law Firm, Inc.
1107 1/2 Tacoma Avenue South
Tacoma, Washington 98402
Telephone: (206) 516-3800
Facsimile: (206) 516-3888
sfreeman@freemanlawfirm.org