UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 1:15-cv-22134-UU

HYDENTRA HLP INT. LIMITED,
a foreign corporation d/b/a METART,

        Plaintiff,

vs.

CONSTANTIN LUCHIAN, an individual,
KONSTANTIN BOLOTIN, an individual,
SUN SOCIAL MEDIA, INC., a corporation,
individually and d/b/a PLAYVID.COM,
FEEDVID.COM, PLAYVIDS.COM, and
PEEKVIDS. COM; PLAYVID.COM;
FEEDVID.COM; PLAYVIDS. COM;
PEEKVIDS.COM and;
and John Does 1-20,

        Defendants.
_____/

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE AMENDED AFFIRMATIVE DEFENSES FILED BY CONSTANTIN LUCHIAN, KONSTANTIN BOLOTIN AND SUN SOCIAL MEDIA, INC.

    Plaintiff, HYDENTRA HLP INT. LIMITED, a foreign corporation d/b/a METART (hereinafter, "Plaintiff"), by and through the undersigned counsel, files this Reply in Support of its Motion to Strike Amended Affirmative Defenses Filed by Constantin Luchian, Konstantin Bolotin and Sun Social Media, Inc., and states as follows:

    1.    On or about October 15, 2015, Defendants filed their Motion for Leave to File First Amended Answer and Affirmative Defenses.

2.      Before Plaintiff could notify the Court of its opposition to the proposed Amended Affirmative Defenses, on or about October 16, 2015, this Honorable Court entered an Order Granting Defendants' Motion for Leave to File Amended Answer and Affirmative Defenses.

3.      On October 29, 2015, Plaintiff filed its Motion to Strike Defendants' Amended Affirmative Defenses.

4.      On November 16, 2015, Defendants filed their Response opposing Plaintiff's Motion.

5.      Defendants' Response is without merit and Plaintiff's Motion to Strike should be Granted.

6.      Pursuant to Fed.R.Civ.P. 12(f) and the precedent in this Circuit, Defendants' amended affirmative defenses must be stricken as each of Defendants' defenses is insufficient as a matter of law. Not only do the defenses fail to meet this Court's pleading requirements, but the defenses are clearly invalid as defenses.

7.      In defending their First Amended Affirmative Defense of "copyright misuse," Defendants assert the position that the Court's ruling *Microsoft Corp. v. Jesse's Computers & Repair, Inc.,* 211 F.R.D. 681 (M.D. Fla. 2002), is "bad law" and that a subsequent decision by the Middle District of Florida in *Home Design Servs. Inc. v. Park Square Enterprises, Inc.,* 2005 WL 1027370 at *12 (M.D. Fla. 2005) governs. Defendants are incorrect in their analysis and interpretation of the decision. In *Home Design*, the Court was faced with a situation involving a lawsuit by an architectural design firm against a homebuilder and its owner. The design firm claimed that the Defendants copied two copyrighted residential floor plans and was seeking the entry of a

partial summary judgment in its favor and against Defendants.  The Court held that,
"Although the doctrine of copyright misuse has not been formally recognized or rejected
by the United States Court of Appeals for the Eleventh Circuit, such appellate court has
acknowledged that the doctrine **might some day** be available in copyright cases. *See
BellSouth Advertising & Publishing Corp. v. Donnelly Info. Publishing,* 933 F.2d 952
(11th Cir. 1991)*"* (Emphasis Supplied). There is a tremendous difference between an
affirmative defense being recognized as valid today versus the possibility that it *might* be
recognized as valid *some day* in the future. The law is constantly changing and evolving,
however, we are not dealing with what "might some day" happen but rather with what
exists today. As of today, the doctrine of copyright misuse has not been formally
recognized. "The United States Court of Appeals for the Eleventh Circuit has neither
applied, nor definitively rejected the **copyright misuse doctrine**. Similarly, while district
courts in the Eleventh Circuit have discussed the applicability of **copyright misuse**, none
of these courts have expressly applied it as a valid defense. Moreover, **to date the United
States Supreme Court, has not firmly established a copyright misuse defense in a
manner analogous to the establishment of the patent misuse defense."** *Microsoft Corp.
v. Jesse's Computers & Repair, Inc.,* 211 F.R.D. 681 (M.D. Fla. 2002) **(**Emphasis
supplied).

8.      In defending their Second Amended Affirmative Defense of "unclean
hands" Defendants claim they have directly alleged, "Plaintiff has asserted claims for
infringement based on files which it (or its agents) themselves uploaded to Defendants'
websites. Additionally, Defendants alleged that Plaintiffs intentionally disregarded

BeharBehar  ⬧  1840 North Commerce Parkway  ⬧  Suite One  ⬧  Weston, Florida 33326
**T:** 954-688-7642   **F:** 954-332-9260    **W:** BeharBehar.com

3 of 9

statutory and judicial law, including but not limited to 'the rights and safeguards afforded to both intellectual property owners and internet service providers.'" This argument does not appear in Defendants' Amended Affirmative Defenses and, assuming *arguendo* that it did, it must fail. "In order to apply, the alleged misconduct by the plaintiff must relate directly to the transaction concerning which the complaint is made." *Dollar Systems, Inc. v. Avcar Leasing Systems, Inc.*, 890 F.2d 165, 173 (9th Cir. 1989). Defendants' argument here is entirely baseless. No facts are provided which would give Plaintiff notice of *how* it purportedly disregarded statutory and judicial law, or *what* statutory and judicial law was disregarded.  Given the nature of the affirmative defense, Plaintiff cannot discern the basis of the asserted affirmative defense.

9.     In defending their Third Amended Affirmative Defense of "fair use," Defendants assert that Plaintiff elected to "selectively omit the actual language of Defendants' third affirmative defense and instead incorrectly attempts to generalize the defenses into one that is not sufficient." Defendants are incorrect. For the sake of brevity, Plaintiff quoted the relevant portions of the affirmative defense, which does not change the nature of the defense raised. Regardless, Section 107 of the Copyright Act sets forth precisely what "fair use" is and sets forth the factors that must be considered in order to determine whether a particular use is a "fair use." Defendants provide no factual support whatsoever as to how or why their actions or omissions would constitute "fair use" under these factors.

10.     With regard to their Fourth and Thirteenth Amended Affirmative Defenses, "lack of scienter" and lack of "volition," Defendants assert, "While it is true that knowledge may not be an element of direct infringement…it is the crux of secondary

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

4 of 9

liability." They go on to state that "to the extent Defendants engaged in the infringement of Plaintiff's intellectual property rights, which Defendants deny, such infringement was unintentional and without knowledge and therefore Defendants are either not liable for such infringements or the damages that may be obtained against them are limited" and that "Defendants themselves did not make available any of the works on their websites, but on the contrary such works were uploaded to the websites by third parties." None of these assertions suggest that Defendants lack scienter or volition or that Defendants were in any way innocent in their actions, nor do they provide the information necessary to place Plaintiff on notice of the nature of the defenses.

Even assuming, *arguendo*, that Defendants had provided such information, it would still be of no consequence. The law is clear that "[I]ntent or knowledge is not an element of infringement," and "[e]ven an innocent infringer is liable for infringement." *Fitzgerald Publ'g Co., Inc. v. Baylor Publ'g. Co., Inc.,* 807 F.2d 1110, 1113-14 (2d Cir. 1986); *Playboy Enters., Inc. v. Frena*, 839 F. Supp. 1552, 1559 (M.D. Fla. 1993).

11.     Defendants assert that "Plaintiffs are incorrect and (Amended Affirmative) Defenses 5-12 and 14-16 are correctly pled and legally sufficient." Yet again, Defendants fail to set forth facts to show how these defenses are correctly pled and legally sufficient, and their blanket statement is merely conclusory.

12.     Defendants lump together their defenses to their Fifth, Twelfth, Fourteenth and Fifteenth Amended Affirmative Defenses, that "any damages to Plaintiff were not the proximate result of Defendants' actions or omissions," that "Defendants' actions and omissions were lawful, justified and privileged," that "the accused actions do not create

any likelihood of confusion" and that "any remedies are limited to prevent an overlapping or duplicative recovery pursuant to the various claims against Defendants for any alleged single wrong." Defendants rely on *V/G Inv., Inc. v. M/V Pac. II*, 2012 U.S. Dist. LEXIS 10836, *12 (S.D. Fla. 2012) for the proposition that "Where a defendant raises a failure to state a claim as a purported affirmative defense, the appropriate course of action is for a court to simply treat the alleged affirmative defense as a denial and not to strike it." That case is distinguishable, however, as it discussed the specific purported affirmative defense of "failure to state a claim." In the case before us, the Amended Affirmative Defenses are entirely different. Similarly distinguishable is the negligence case of *Currie v. Dollar General Corp.*, 2005 WL 1684161, at *1 (N.D. Fla. 2005), also cited by Defendants. In *Currie*, the Court denied Plaintiff's Motion to Strike an affirmative defense which alleged a lack of proximate causation. In that negligence case, the court found that, "Defendant has clearly stated that its actions were not the proximate cause of the injuries to Mrs. Currie, and has explicitly alleged that Plaintiffs have failed to state a claim upon which relief can be granted. These specific denials are sufficient to put Plaintiffs on 'plain notice' as to the issues to be litigated." Not so in the case before us. Our case is not a negligence action where some unknown third party is alleged by Defendants to have been the proximate cause of Plaintiff's injury. Our case involves a copyright action, where Plaintiffs allege, among other things, that Defendants allowed third parties to upload copyrighted works to their servers. Defendants were in control of what was and was not permitted on their servers and blanket, unsupported, amended affirmative defenses which, in essence, point the finger away from them stating "it wasn't me it was him" are not sufficient. Defendants fail to provide any factual support

BeharBehar ♦ 1840 North Commerce Parkway ♦ Suite One ♦ Weston, Florida 33326
T: 954-688-7642   F: 954-332-9260   W: BeharBehar.com

6 of 9

whatsoever to permit Plaintiff to even begin to discern the nature and basis of the asserted affirmative defenses.

13.     In the defense of their Sixth Amended Affirmative Defense, that "Plaintiff is not entitled to injunctive relief because it has not suffered irreparable harm," Defendants assert merely, "Defendants dispute whether Plaintiff is entitled to injunctive relief, more specifically whether Plaintiff has suffered the requisite 'irreparable harm.'" Unfortunately, that defense must fail as Defendants fail to set forth facts of any sort which would place Plaintiff on notice of *how* Defendants have come to this conclusion. Again, Defendants fail to provide any factual support to permit Plaintiff to even begin to discern the nature and basis of the defense.

14.     Similarly, in defense of their Seventh Amended Affirmative Defense, that "Plaintiff cannot recover damages from Defendants to the extent that the damages alleged by Plaintiff are speculative or uncertain", Defendants make a mere blanket assertion. Yet, Defendants fail to set forth what item of damage is speculative or uncertain, and fail to provide any factual support to permit Plaintiff to discern the nature of the defense.

15.     In the defense of their Eighth Amended Affirmative Defense, that "Plaintiff failed to mitigate its alleged damages," Defendants assert that Plaintiff failed to promptly report any alleged infringement and thus, pursuant to *Malibu Media, LLC v. Zumbo*, 2014 WL 2742830 AT *4 (M.D. Fla. 2014), their amended affirmative defense should be permitted. This contention is incorrect in that Defendants have, once again, made a mere blanket assertion, devoid of any facts which would permit Plaintiff to even begin to discern the nature of the defense.

16.     Similarly, in defense of their Ninth Amended Affirmative Defense, that

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642   F: 954-332-9260   W: BeharBehar.com

7 of 9

"Plaintiff failed to comply with the requirements of the Digital Millennium Copyright Act," Defendants neglect to set forth *how* this is so. They cite the case of *Disney Enterprises, Inc., et al v. Hotfile Corp., et al*, 2013 WL 6336286 (S.D. Fla. 2013), contending that it shows this same defense has previously been recognized as being both sufficient and applicable to the issues at bar. The decision in *Disney Enterprises* does not expressly say what Defendants purport it says. Be that as it may, Defendants assertion is nothing more than a blanket statement, completely devoid of any facts showing how Plaintiff may have failed to comply and thus leaving Plaintiff in the untenable position of being unable to discern the nature of the asserted defense.

17.     In defense of their Tenth Amended Affirmative Defense, that "Defendants are entitled to the safe harbor of the Digital Millenium Copyright Act," Defendants set forth the *elements* of the Act but, once again, fail to set forth any facts whatsoever to permit Plaintiff to discern the nature of the asserted defense.

18.     Likewise, in defense of their Eleventh Amended Affirmative Defense, "that the alleged infringements were neither the result of the actions of Defendants, nor within the Defendants' reasonable control," Defendants set forth no facts in support of their proposition that some unknown third parties posted the protected material or that Defendants had no responsibility for the postings. Thus, Plaintiff cannot even begin to discern the nature and basis of the defense.

19.     Finally, in defense of their Sixteenth Amended Affirmative Defense, that "the Complaint is barred by such other and further affirmative defenses as may be applicable under Rule 8(c), Defendants assert that it is "merely a reservation of rights to assert additional affirmative defenses." If that is so, then such defense is it is improperly

BeharBehar ● 1840 North Commerce Parkway ● Suite One ● Weston, Florida 33326
T: 954-688-7642   F: 954-332-9260   W: BeharBehar.com

8 of 9

identified as an Amended Affirmative Defense and hence must be stricken.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of December, 2015 we electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Brady J. Cobb, Esq.; Valentin Gurvits, Esq. *(Pro Hac Vice pending);* and Matthew Shayefar, Esq. *(Pro Hac Vice pending).*

Respectfully submitted,

BeharBehar
1840 North Commerce Parkway
Suite One
Weston, Florida 33326
Telephone: (954) 688-7642
Facsimile: (954) 332-9260
E-mail: AB@BeharBehar.com

By:     */s/Aaron Behar, Esquire*
        Aaron Behar, Esquire
        Florida Bar No.: 166286
        Jaclyn Behar, Esquire
        Florida Bar No.: 63833
        ***Counsel for Plaintiff***

And:    Spencer D. Freeman
        Freeman Law Firm, Inc.
        1107 ½ Tacoma Avenue South
        Tacoma, WA 98402
        Telephone:  (253) 383-4500
        Facsimile:  (253) 383-4501
        E-mail:
        sfreeman@freemanlawfirm.org
        ***Counsel for Plaintiff***
        ***(Pro Hac Vice)***