UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 1:15-cv-22134-UU

HYDENTRA HLP INT. LIMITED,
a foreign corporation d/b/a METART,

       Plaintiff,

vs.

CONSTANTIN LUCHIAN, an individual,
KONSTANTIN BOLOTIN, an individual,
SUN SOCIAL MEDIA, INC., a corporation,
individually and d/b/a PLAYVID.COM,
FEEDVID.COM, PLAYVIDS.COM, and
PEEKVIDS. COM; PLAYVID.COM;
FEEDVID.COM; PLAYVIDS. COM;
PEEKVIDS.COM and;
and John Does 1-20,

       Defendants.

_____/

## PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S, SUN SOCIAL MEDIA, INC., ANSWERS TO PLAINTIFF'S  REQUEST FOR PRODUCTION

      Pursuant to Federal Rules of Civil Procedure 33 and 37, Plaintiff, HYDENTRA HLP

INT. LIMITED d/b/a METART (hereinafter "Plaintiff"), through its undersigned counsel, moves

for entry of an order compelling Defendant's, SUN SOCIAL MEDIA, INC. (hereinafter "Sun

Social" or "Defendant"), Answers to Plaintiff's Request for Production dated October 5, 2015

and in support thereof states the following:

1.     On or about June 4, 2015, Plaintiff filed its Complaint against Defendant.

2.     Plaintiff served its First Request for Production on or about October 5, 2015. A copy

     of Plaintiff's Requests for Production is attached hereto as Exhibit "A".

3.    Plaintiff received Defendant's Responses on or about November 11, 2015.[1] The responses are attached as Exhibit "B".

4.    Defendant's responses as to the aforementioned discovery requests are insufficient.

**WHEREFORE**, Plaintiff respectfully requests this Court grant the instant Motion and enter an Order overruling Defendant's objections to Plaintiff's Request for Production and requiring Defendant to provide better, full and complete responses to Plaintiff's Request for Production as propounded on October 5, 2015.

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

### I. Standard of Law

On or about June 4, 2015, Plaintiff filed a Complaint action against Sun Social Media (among others). Briefly, the allegations against Sun Social concern copyright infringement, contributory copyright infringement, vicarious copyright infringement, inducement of copyright infringement, unauthorized publication of name and likeness (Florida law), trademark infringement, contributory trademark infringement and false designation of origin.

Pursuant to Southern District of Florida Local Rule 26.1(I):

[M]otions to compel discovery . . . shall, for each separate Request for Production, question, request for production . . . state: (A) verbatim the specific item to be compelled; (B) the specific objections; (C) the grounds assigned for the objection (if not apparent from the objection); and (D) the reasons assigned as supporting the motion as it relates to that specific item. The party shall write this information in immediate succession (e.g. specific request for production, objection, grounds for the objection, reasons to support motion; next request for production, objection, grounds for the objection, reasons to support motion; and so on) to enable the Court to rule separately on each individual item in the motion.

---

[1] Defendant supplemented documents produced on November 17, 2015. While Defendant produced additional documents pursuant to Requests for Production #4 and #5, Defendant's objections to the discovery as set forth on November 11, 2015 remain the same.

The operation of Sun Social Media is at issue due to the allegations in the Complaint. Specifically, the following are all relevant pursuant to Plaintiff's Complaint.

1. How the infringing videos end up on Defendant's website.
2. What employees/contractors/users are involved with the posting of infringing videos on Defendant's website.
3. If the infringing videos are reviewed by people or programmatically.
4. How the infringing videos are categorized by users, agents, programmers and/or operators of Defendant's websites.

Plaintiff requires an opportunity to investigate whether Defendants are directly involved in the posting of videos and/or in the inducement to post and whether Defendants intentionally ignore the infringement. To accomplish this, Plaintiff requires a list of everyone involved in operation of the site, everyone paid by Defendants in the operation of the infringing website and what these individuals/entities do for the infringing website.

In 2014, this Court held:

Additionally, Defendants objected to many of Plaintiff's discovery requests on the grounds that the request is "overly broad, vague, harassing, burdensome, not limited in time and scope, and is not calculated to lead to the discovery of admissible evidence." Defendants, however, made no attempt to explain how the particular request is overly broad and not limited in time or scope or why it is vague, harassing and/or irrelevant. "[T]he mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to [a discovery request]. On the contrary, the party resisting discovery 'must show specifically how . . . each [discovery request] is not relevant or how each question is overly broad, burdensome, or oppressive." *Josephs v. Harris Corp*., 677 F.2d 985, 992 (3rd Cir. 1982); see also *Chavez*, 2011 U.S. Dist. LEXIS 37960, 2011 WL 1135005, at *2 ("Objections that state, without providing any detail that a discovery request is overly broad, unduly burdensome or not relevant . . . are meaningless. [The responding party] must explain the specific and particular way in which [the] requests are overly broad, unduly burdensome or irrelevant."). Such boilerplate objections, without more, "are inadequate and tantamount to not making any objection at all." *Sherwin- Williams Co. v. JB Collision Servs, Inc*., Nos. 13-CV-1946-LAB (WVG) and 13-CV-1947-LAB (WVG), 2014 U.S. Dist. LEXIS 93368, 2014 WL 3388871, at *2 (S.D. Cal. July 9, 2014) (internal quotation marks and citation omitted); see *also Mills v. East Gulf Coast Preparation Co., LLC*, 259 F.R.D. 118, 132 (S.D.W. Va. 2009) ("Objections to [discovery requests] must be stated

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642   F: 954-332-9260   W: BeharBehar.com

3 of 22

specifically, and boilerplate objections regurgitating words and phrases from Rule 26 are completely unacceptable."); *Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996) (The "mere recitation of the familiar litany that an interrogatory or document production request is 'overly broad, burdensome, oppressive and irrelevant' will not suffice."). Accordingly, Defendants' boilerplate objections that a request is "overly broad, vague, harassing, burdensome, not limited in time and scope, and is not calculated to lead to the discovery of admissible evidence" are overruled.

*Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 2014 U.S. Dist. LEXIS 161343, *8-9 (S.D. Fla. 2014).

Defendant raise multiple objections followed by the statement "[s]ubject to, and without waiving, the foregoing objections, SSM will produce responsive documents in its possession, custody or control." As the case law demonstrates, "whenever an answer accompanies an objection, the objection is deemed waived and the answer, if responsive, stands." *Id*. at *8 (quoting *Tardif v. People for the Ethical Treatment of Animals*, 2011 WL 1627165, at *2 (M.D. Fla. 2011)). Courts have held that this practice preserves nothing and only serves to waste the time and resources of the parties and the Court. *Id*. (quoting Consumer *Elecs. Ass'n c. Compras and Buys Magazine*, 2008 WL 4327253 at *3 (S.D. Fla. 2008)).

Defendant provides boilerplate work product and attorney client privilege objections without providing Plaintiff a privilege log. Pursuant to 26.1(G):

This rule requires preparation of a privilege log with respect to all documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product protection except the following: written and oral communications between a party and its counsel after commencement of the action and work product material created after commencement of the action.

"The party resisting discovery has a heavy burden of showing why the requested discovery should not be permitted . . . [with] '[t]he onus [] on the party resisting discovery to demonstrate specifically how the objected-to information is unnecessary, unreasonable or

otherwise unduly burdensome.'" *Henderson v. Holiday CVS, L.L.C.*, 269 F.R.D. 682, 686 (S.D. Fla. 2010) (quoting *Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.*, 2001 WL 34079319 (S.D. Fla. 2001)).

***II. Defendant's Responses are Incomplete as a Matter of Law***

### REQUEST FOR PRODUCTION 4

**REQUEST FOR PRODUCTION:** Please produce all documents relating to take down notices received regarding all claimed infringing videos on playvid.com, feedvid.com, playvids.com, and/or peekvids.com from the inception and/or creation of the web sites to the present date.

**RESPONSE:** SSM will produce those responsive documents in its care, custody or control.

**GROUNDS ASSIGNED FOR OBJECTION:** While Defendant produced some documentation, it is Plaintiff's information and belief that such documents are incomplete. Plaintiff is aware of additional entities that have sent take down notices to Defendant. Specifically, Takedown Piracy LLC dba takedownpiracy.com and Removeyourcontent LLC aka removeyourcontent.com have sent take down notices to Defendants reporting thousands of infringing URL's.

**ARGUMENT:** Defendant has an obligation to be as complete as possible in its requests. Defendant has already supplemented this response once, providing additional documents, but the records produced remain incomplete. Plaintiff has a right to examine each of the take down notices as such are part of Defendant's repeat infringer program.

### REQUEST FOR PRODUCTION 5

**REQUEST FOR PRODUCTION:** Please produce all documents relating to identifying information for each person or entity that was disciplined pursuant to repeat infringer policy on playvid.com, feedvid.com, playvids.com, and/or peekvids.com, including but not necessarily limited to: (a) uploader's user name, (b) uploader's email address, (c) uploader's IP address, (d) uploader's profile, (e) list of videos posted by uploader, (f) date of discipline, (g) discipline imposed, and (h) copy of notice of discipline.

**RESPONSE:** SSM objects to this Request to the extent that it requests the IP address of each such uploader as it is overbroad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection, SSM will produce those responsive documents in its care, custody or control but

without IP address information.

**GROUNDS ASSIGNED FOR OBJECTION:** In response to this request**,** Defendant produced documents, but failed to produce documents of actual terminations, including termination notices sent to repeat infringers. In fact, while Defendant's production includes a discussion of items (a)-(g), item (h) is not mentioned at all in its production.

**ARGUMENT:** Defendant failed to produce (or object to in any way) documentation concerning

actual terminations, including termination notices sent to repeat infringers. These documents are

a part of their repeat infringer program, which is essential to the issues in the Complaint.

### REQUEST FOR PRODUCTION 6

**REQUEST FOR PRODUCTION:** Please produce copies of all documents relating to written communications between Sun Social Media, Inc. (including all principals, representatives, employees, or agents of Sun Social Media, Inc.) and all independent contractors performing services for Sun Social Media, Inc. from the date of January 1, 2009 to the present date.

**DEFENDANT'S OBJECTION:** SSM objects to the entirety of this Request as overbroad, unduly burdensome and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Documents relating to communications between SSM and independent contractors are of no relevance to the issues alleged in MetArt's Complaint. SSM objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other privilege. SSM objects further to this Request to the extent that it seeks confidential business information.

**GROUNDS ASSIGNED FOR OBJECTION:** Defendant's objection is clear from the above quotation.

**ARGUMENT:** In its boilerplate objection, Defendant argues that its communications with

independent contractors "is of no relevance to the issues alleged in MetArt's Complaint." In its

Complaint, Plaintiff alleges that Defendant has violated copyright and trademark federal law,

infringing on Plaintiff's work and trademarks. Additionally, Plaintiff alleges that Defendant has

created "SexArt" and "MetArt" channels on its websites, encouraging users to view Plaintiff's

copyrighted works (Complaint, Par. 85-88). Additionally, Plaintiff alleges that Plaintiff's works

are "indexed, displayed and distributed on Defendant's website through Defendants and the John

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
**T:** 954-688-7642   **F:** 954-332-9260   **W:** BeharBehar.com

6 of 22

Doe Defendants acting in concert" (Complaint, Par. 90).

This Request for Production specifically requests communications with independent contractors "performing services" for the Defendant since 2009. This information is relevant, as Plaintiff is seeking information regarding the nature of the services performed by these independent contractors, the individuals performing these services, how much they were paid for the services and what directions (if any) they are given for these services. Defendant has produced documentation reflecting that it paid $31,000 in support and $85,000 in server administration, but it is unclear what these payments were for, who provided these services and the nature of the services provided.

Defendant, through this objection, fails to identify any independent contractors or communications with these independent contractors. These contractors may be witnesses regarding the Defendants' websites' functionality and the Defendants' use of the infringing content. Without production of these important documents, Plaintiff cannot investigate whether Defendant retained and/or paid any independent contractors to place infringing content on their websites. To the extent that Defendant seeks protection as work product or attorney client privilege, Defendant failed to produce a privilege log, in violation of local rule 26.1(g)(3)(C).

## REQUEST FOR PRODUCTION 7

**REQUEST FOR PRODUCTION:** Please produce copies of all documents relating to written communications between Sun Social Media, Inc. (including all principals, representatives, employees, or agents of Sun Social Media, Inc.) and all persons or entities purchasing advertising space on playvid.com, feedvid.com, playvids.com, and/or peekvids.com from the inception and/or creation of the web sites to the present date.

**OBJECTION:** SSM objects to the entirety of this Request as overbroad, unduly burdensome and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Documents relating to communications between SSM and purchasers of advertising are of no relevance to the issues alleged in MetArt's Complaint SSM objects to this Request to the extent that it seeks confidential business information.

BeharBehar ◆ 1840 North Commerce Parkway ◆ Suite One ◆ Weston, Florida 33326
**T:** 954-688-7642   **F:** 954-332-9260   **W:** BeharBehar.com

7 of 22

**GROUNDS ASSIGNED FOR OBJECTION:** Defendant's objection is clear from the above quotation.

**ARGUMENT:** Defendant generates its income, at least in large part, from advertisements. In turn, advertisers choose to pay for advertising space based in large part upon the quality and usage of the website. As such, these communications (and to the contracts/agreements to which these communications may lead) are essential to the operation of Defendant's websites.

Plaintiff seeks all documents reflecting communications with advertisers, including any promises that may have been made to convince advertisers to spend money with these websites, advertising rate sheets, or mailers to potential advertisers. Plaintiff expects these communications will demonstrate Defendant's knowledge as to the content of their websites, including their acceptance of infringing content. These promises and/or communications may also show that Defendants were aware of the infringing content on their websites yet ignored such infringement. Other than generally stating this information is not relevant, Defendant fails to provide any detail to support its contention.

## REQUEST FOR PRODUCTION 8

**REQUEST FOR PRODUCTION:** Please produce copies of all documents relating to contracts and written agreements, for the purchase/sale of advertising space on playvid.com, feedvid.com, playvids.com, and/or peekvids.com from the inception and/or creation of the web sites to the present date.

**OBJECTION:** SSM objects to the entirety of this Request as overbroad, unduly burdensome and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Documents relating to contracts and written agreements for the purchase/sale of advertising are of no relevance to the issues alleged in MetArt's Complaint SSM objects to this Request to the extent that it seeks confidential business information.

**GROUNDS ASSIGNED FOR OBJECTION:** Defendant's objection is clear from the above quotation.

**ARGUMENT:** Plaintiff seeks all documents reflecting contacts with advertisers, including any

BeharBehar ◆ 1840 North Commerce Parkway ◆ Suite One ◆ Weston, Florida 33326
**T:** 954-688-7642   **F:** 954-332-9260   **W:** BeharBehar.com

8 of 22

promises and/or representations made to advertisers to convince advertisers to spend money on Defendants' websites. Plaintiff expects these contracts will demonstrate Defendant's knowledge as to the content of their websites, including their acceptance of infringing content. These promises and/or representations may also show that Defendants were aware of the infringing content on their websites yet ignored such infringement. Other than generally stating this information is not relevant, Defendant fails to provide any detail to support its contention.

### REQUEST FOR PRODUCTION 9

**REQUEST FOR PRODUCTION:** Please produce copies of all documents relating to profit and loss statement for Sun Social Media, Inc. for the years 2009 through 2015.

**OBJECTION:** SSM objects to this Request to the extent that it calls for any documents or information from prior to June 4, 2011, which is four years prior to the filing of the Complaint, as the longest statute of limitations for MetArt's claims in the Complaint is four years. Pursuant to the foregoing objection, SSM will produce relevant responsive documents in its care, custody and control, limited to the relevant timeframes.

**GROUNDS ASSIGNED FOR OBJECTION:** Defendant provided a two-page profit and loss statement. However, this does not provide any information regarding the website and Defendant "feedvids" and "playvid".

**ARGUMENT:** Defendant waived any objection to this Request as it produced relevant responsive documents in its care, custody and control. *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 2014 U.S. Dist. LEXIS 161343, *8 (S.D. Fla. 2014). While the documentation provided income for "playvids" and "peekvids" generally, Plaintiff is entitled to all information for the website "feedvids" and "playvid".

### REQUEST FOR PRODUCTION 10

**REQUEST FOR PRODUCTION:** Please produce copies of all documents relating to contracts and written agreements, between Sun Social Media, Inc. and all independent contractors that were in effect at any time between in the date of January 1, 2009 and the present date.

**OBJECTION:** SSM objects to the entirety of this Request as overbroad, unduly burdensome and seeking information that is neither relevant nor reasonably calculated to lead to the discovery

of admissible evidence. Documents relating to contracts and written agreements between SSM and independent contractors are of no relevance to the issues alleged in MetArt's Complaint. SSM objects to this Request to the extent that it seeks confidential business information.

**GROUNDS ASSIGNED FOR OBJECTION:** Defendant's objection is clear from the above quotation.

**ARGUMENT:** In its boilerplate objection, Defendant argues that contracts and agreements with independent contractors "are of no relevance to the issues alleged in MetArt's Complaint." In its Complaint, Plaintiff alleges that Defendant has violated copyright and trademark federal law, infringing on Plaintiff's work and trademarks. Additionally, Plaintiff alleges that Defendant has created "SexArt" and "MetArt" channels on its websites, encouraging users to view Plaintiff's copyrighted works (Complaint, Par. 85-88). Additionally, Plaintiff alleges that Plaintiff's works are "indexed, displayed and distributed on Defendant's website through Defendants and the John Doe Defendants acting in concert" (Complaint, Par. 90).

Plaintiff requests contracts and written agreements with independent contractors since 2009. This information is relevant, as the contracts and written agreements with independent contractors, to the extent they exist, will provide information regarding what services are performed by these independent contractors, who are performing these services, how much they are paid for these services and what directions (if any) they are given for these services. Defendant produced documentation showing that it paid $31,000 in support and $85,000 in server administration, but it is unclear what these payments were for, who provided these services and what services were provided.

Defendant, through this objection, fails to identify any independent contractors or contracts/agreements with these independent contractors. These contractors may be witnesses regarding the Defendants' websites' functionality and the Defendants' use of the infringing

BeharBehar ◆ 1840 North Commerce Parkway ◆ Suite One ◆ Weston, Florida 33326
T: 954-688-7642   F: 954-332-9260   W: BeharBehar.com

10 of 22

content. Without production of these important documents, Plaintiff cannot investigate whether Defendant retained and/or paid any independent contractors to place infringing content on their websites. To the extent that Defendant seeks protection as work product or attorney client privilege, Defendant failed to produce a privilege log, in violation of local rule 26.1(g)(3)(C).

### REQUEST FOR PRODUCTION 11

**REQUEST FOR PRODUCTION:** Please produce copies of all documents relating to invoices for services rendered from all independent contractors that performed any work on playvid.com, feedvid.com, playvids.com, and/or peekvids.com from the inception and/or creation of the web sites to the present date.

**OBJECTION:** SSM objects to the entirety of this Request as overbroad, unduly burdensome and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Documents relating to invoices for services rendered from independent contractors are of no relevance to the issues alleged in MetArt's Complaint. SSM objects to this Request to the extent that it seeks confidential business information.

**GROUNDS ASSIGNED FOR OBJECTION:** Defendant's objection is clear from the above quotation.

**ARGUMENT:** In its boilerplate objection, Defendant argues that invoices for services rendered from independent contractors "are of no relevance to the issues alleged in MetArt's Complaint." In its Complaint, Plaintiff alleges that Defendant has violated copyright and trademark federal law, infringing on Plaintiff's work and trademarks. Additionally, Plaintiff alleges that Defendant has created "SexArt" and "MetArt" channels on its websites, encouraging users to view Plaintiff's copyrighted works (Complaint, Par. 85-88). Additionally, Plaintiff alleges that Plaintiff's works are "indexed, displayed and distributed on Defendant's website through Defendants and the John Doe Defendants acting in concert" (Complaint, Par. 90).

This Request for Production specifically requests invoices from independent contractors for work performed on Defendant's websites. This information is relevant, as these invoices with independent contractors, to the extent they exist, will provide information regarding what

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642   F: 954-332-9260   W: BeharBehar.com

11 of 22

services are performed by these independent contractors, who are performing these services, how much contractors are paid for these services and what directions (if any) contractors are given for these services. Defendant has produced documentation showing that it paid $31,000 in support and $85,000 in server administration, but it is unclear what these payments were for, who provided these services and what services were provided.

These contractors may be witnesses regarding the Defendants' websites' functionality and the Defendants' use of the infringing content. Without production of these important documents, Plaintiff cannot investigate whether Defendant retained and/or paid any independent contractors to place infringing content on their websites. To the extent that Defendant seeks protection as work product or attorney client privilege, Defendant failed to produce a privilege log, in violation of local rule 26.1(g)(3)(C).

## REQUEST FOR PRODUCTION 12

**REQUEST FOR PRODUCTION:** Please produce all documents relating to payments to all independent contractors that performed any work on playvid.com, feedvid.com, playvids.com, and/or peekvids.com from the inception and/or creation of the web sites to the present date.

**OBJECTION:** SSM objects to the entirety of this Request as overbroad, unduly burdensome and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Documents relating to payments to independent contractors are of no relevance to the issues alleged in MetArt's Complaint. SSM objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine or any other privilege and will not produce any such documents. SSM objects to this Request to the extent that it seeks confidential business information.

**GROUNDS ASSIGNED FOR OBJECTION:** Defendant's objection is clear from the above quotation.

**ARGUMENT:** In its boilerplate objection, Defendant argues that payments to independent contractors for work performed on its websites "are of no relevance to the issues alleged in MetArt's Complaint."  In its Complaint, Plaintiff alleges that Defendant has violated copyright

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642   F: 954-332-9260   W: BeharBehar.com

12 of 22

and trademark federal law, infringing on Plaintiff's work and trademarks. Additionally, Plaintiff alleges that Defendant has created "SexArt" and "MetArt" channels on its websites, encouraging users to view Plaintiff's copyrighted works (Complaint, Par. 85-88). Additionally, Plaintiff alleges that Plaintiff's works are "indexed, displayed and distributed on Defendant's website through Defendants and the John Doe Defendants acting in concert" (Complaint, Par. 90).

This Request for Production specifically requests payments to independent contractors for work performed on its websites. This information is relevant, as these invoices with independent contractors, to the extent they exist, will provide information regarding what services are performed by these independent contractors, who are performing these services, how much contractors are paid for these services and what directions (if any) contractors are given for these services. Defendant has produced documentation showing that it paid $31,000 in support and $85,000 in server administration, but it is unclear what these payments were for, who provided these services and what services were provided.

These contractors may be witnesses regarding the Defendants' websites' functionality and the Defendants' use of the infringing content. Without production of these important documents, Plaintiff cannot investigate whether Defendant retained and/or paid any independent contractors to place infringing content on their websites. To the extent that Defendant seeks protection as work product or attorney client privilege, Defendant failed to produce a privilege log, in violation of local rule 26.1(g)(3)(C).

### REQUEST FOR PRODUCTION 13

**REQUEST FOR PRODUCTION:** Please produce all documents relating to contracts or written agreements between Sun Social Media, Inc. and all programmers that performed any work on playvid.com, feedvid.com, playvids.com, and/or peekvids.com from the inception and/or creation of the web sites to the present date.

BeharBehar ⬥ 1840 North Commerce Parkway ⬥ Suite One ⬥ Weston, Florida 33326
**T:** 954-688-7642   **F:** 954-332-9260   **W:** BeharBehar.com

13 of 22

**OBJECTION:** SSM objects to the entirety of this Request as overbroad, unduly burdensome and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Documents relating to contracts or written agreements with programmers are of no relevance to the issues alleged in MetArt's Complaint. SSM objects to this Request to the extent that it seeks confidential business information.

**GROUNDS ASSIGNED FOR OBJECTION:** Defendant's objection is clear

**ARGUMENT:** This request seeks information relating to contracts and/or written agreements between Defendant and all programmers that performed work on Defendant's websites. Defendant objects, stating that "[d]ocuments relating to contracts or written agreements with programmers are of no relevance to the issues involved in MetArt's Complaint. Additionally, Defendant objects stating that this constitutes confidential business information."

In its response to Request for Production #9, Defendant's own profit and loss disclosures reflects that it has spent approximately $300,000 on programming and design (comprised of programming, HTML programming and design line items) since 2011. Plaintiff requests copies of those contracts with programmers to investigate the identity of the programmers and what direction was provided to the programmers', which in turn could lead to discovery of evidence that Defendant was knowingly involved in copyright infringement.

Plaintiff alleges that Defendant has created "SexArt" and "MetArt" channels on its websites, encouraging users to view Plaintiff's copyrighted works (Complaint, Par. 85-88). Additionally, Plaintiff alleges that Plaintiff's works are "indexed, displayed and distributed on Defendant's website through Defendants and the John Doe Defendants acting in concert" (Complaint, Par. 90). As such, the manner in which Defendant's websites were programmed is essential to proving knowledge on behalf of Defendant. Additionally, the programmers are essential to the operation of Defendant's website, making the work they performed crucial to this action.

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642   F: 954-332-9260   W: BeharBehar.com

14 of 22

## REQUEST FOR PRODUCTION 14

**REQUEST FOR PRODUCTION:** Please produce all documents relating to invoices from all programmers that performed any work on playvid.com, feedvid.com, playvids.com, and/or peekvids.com from the inception and/or creation of the web sites to the present date.

**OBJECTION:** SSM objects to the entirety of this Request as overbroad, unduly burdensome and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Documents relating to invoices from programmers are of no relevance to the issues alleged in MetArt's Complaint. SSM objects to this Request to the extent that it seeks confidential business information.

**GROUNDS ASSIGNED FOR OBJECTION:** Defendant's objection is clear from the above quotation.

**ARGUMENT:** This request seeks information relating to invoices from programmers that performed work on Defendant's websites. Defendant objects, stating "[d]ocuments relating to invoices from programmers are of no relevance to the issues involved in MetArt's Complaint". Additionally, Defendant objects stating that this constitutes confidential business information.

In its response to Request for Production #9, Defendant's own profit and loss disclosures reflects that it has spent approximately $300,000 on programming and design (comprised of programming, HTML programming and design line items) since 2011. Plaintiff requests these invoices from programmers in order to investigate the identity of these programmers and what the programmers' directions were, which in turn could lead to discovery of evidence that Defendant was knowingly involved in copyright infringement.

Plaintiff alleges that Defendant has created "SexArt" and "MetArt" channels on its websites, encouraging users to view Plaintiff's copyrighted works (Complaint, Par. 85-88). Additionally, Plaintiff alleges that Plaintiff's firms are "indexed, displayed and distributed on Defendant's website through Defendants and the John Doe Defendants acting in concert" (Complaint, Par. 90). As such, the manner in which Defendant's websites were programmed is

BeharBehar ◆ 1840 North Commerce Parkway ◆ Suite One ◆ Weston, Florida 33326
**T:** 954-688-7642   **F:** 954-332-9260   **W:** BeharBehar.com

15 of 22

essential to proving knowledge on behalf of Defendant. Additionally, the programmers are essential to the operation of Defendant's website, making the work they performed crucial to this action.

### REQUEST FOR PRODUCTION 15

**REQUEST FOR PRODUCTION:** Please produce all documents relating to payments to all programmers for any work performed on playvid.com, feedvid.com, playvids.com, and/or peekvids.com from the inception and/or creation of the web sites to the present date.

**OBJECTION:** SSM objects to the entirety of this Request as overbroad, unduly burdensome and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Documents relating to payments to programmers are of no relevance to the issues alleged in MetArt's Complaint. SSM objects to this Request to the extent that it seeks confidential business information.

**GROUNDS ASSIGNED FOR OBJECTION:** Defendant's objection is clear from the above quotation.

**ARGUMENT:** This request seeks information relating to payments from Defendant to all programmers that performed work on Defendant's websites. Defendant objects, stating that "[d]ocuments relating to payments to programmers are of no relevance to the issues involved in MetArt's Complaint". Additionally, Defendant objects stating that this constitutes confidential business information.

In its response to Request for Production #9, Defendant discloses that it has spent $300,000 on programming and design (comprised of programming, HTML programming and design line items) since 2011. Plaintiff requests these payments to programmers in order to investigate the identity of these programmers and what the programmers' directions were, which in turn could lead to discovery of evidence that Defendant was knowingly involved in copyright infringement.

Plaintiff alleges that Defendant has created "SexArt" and "MetArt" channels on its websites, encouraging users to view Plaintiff's copyrighted works (Complaint, Par. 85-88).

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642   F: 954-332-9260   W: BeharBehar.com

16 of 22

Additionally, Plaintiff alleges that Plaintiff's firms are "indexed, displayed and distributed on Defendant's website through Defendants and the John Doe Defendants acting in concert" (Complaint, Par. 90). As such, the manner in which Defendant's websites were programmed is essential to proving knowledge on behalf of Defendant. Additionally, the programmers are essential to the operation of Defendant's website, making the work they performed crucial to this action.

### REQUEST FOR PRODUCTION 16

**REQUEST FOR PRODUCTION:** Please produce all documents (including emails and written correspondence) between Sun Social Media, Inc. (and all representatives of Sun Social Media, Inc.) and all programmers that performed any work on playvid.com, feedvid.com, playvids.com, and/or peekvids.com from the inception and/or creation of the web sites to the present date.

**OBJECTION:** SSM objects to the entirety of this Request as overbroad, unduly burdensome and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Documents between SSM and programmers are of no relevance to the issues alleged in MetArt's Complaint. SSM objects to this Request to the extent that it seeks confidential business information.

**GROUNDS ASSIGNED FOR OBJECTION:** Defendant's objection is clear from the above quotation.

**ARGUMENT:** This request seeks information relating to communications between Defendant and all programmers that performed work on Defendant's websites. Defendant objects, stating that "[d]ocuments between SSM and programmers are of no relevance to the issues involved in MetArt's Complaint". Additionally, Defendant objects stating that this constitutes confidential business information.

In its response to Request for Production #9, Defendant discloses that it has $300,000 on programming and design (comprised of programming, HTML programming and design line items) since 2011. Plaintiff requests these communications with programmers in order to investigate the identity of these programmers and what the programmers' directions were, which

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642   F: 954-332-9260   W: BeharBehar.com

17 of 22

in turn could lead to discovery of evidence that Defendant was knowingly involved in copyright infringement.

Plaintiff alleges that Defendant has created "SexArt" and "MetArt" channels on its websites, encouraging users to view Plaintiff's copyrighted works (Complaint, Par. 85-88). Additionally, Plaintiff alleges that Plaintiff's firms are "indexed, displayed and distributed on Defendant's website through Defendants and the John Doe Defendants acting in concert" (Complaint, Par. 90). As such, the manner in which Defendant's websites were programmed is essential to proving knowledge on behalf of Defendant. Additionally, the programmers are essential to the operation of Defendant's website, making the work they performed crucial to this action.

### REQUEST FOR PRODUCTION 17

**REQUEST FOR PRODUCTION:** Please produce all documents relating to the corporate formation of Sun Social Media, Inc.

**OBJECTION:** SSM objects to the entirety of this Request as overbroad, unduly burdensome and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving, the foregoing objections, SSM will produce responsive documents in its possession, custody or control.

**GROUNDS ASSIGNED FOR OBJECTION:** Defendant's objection is clear from the above quotation.

**ARGUMENT:** Defendant waived any objection to this Request as it produced relevant responsive documents in its care, custody and control. *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 2014 U.S. Dist. LEXIS 161343, *8 (S.D. Fla. 2014). Defendant failed to produce documentation concerning its corporate formation, including the Articles of Incorporation and Bylaws. For example, the Action of the Sole Incorporator references By-Laws as Exhibit "A", which Exhibit was never produced. Defendant claims this information is not relevant; however,

BeharBehar ◆ 1840 North Commerce Parkway ◆ Suite One ◆ Weston, Florida 33326
**T:** 954-688-7642   **F:** 954-332-9260   **W:** BeharBehar.com

18 of 22

Plaintiff requires this information to determine the Defendant's corporate structure and the proper entities subject to this lawsuit or discovery (including depositions and document requests).

### REQUEST FOR PRODUCTION 18

**REQUEST FOR PRODUCTION:** Please produce all documents relating to the ownership of Sun Social Media, Inc.

**OBJECTION:** SSM objects to the entirety of this Request as overbroad, unduly burdensome and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Documents regarding the ownership of SSM are of no relevance to the issues alleged in MetArt's Complaint, since ownership does not by itself denote active participation in operation. SSM objects to this Request to the extent that it seeks confidential business information.

**GROUNDS ASSIGNED FOR OBJECTION:** Defendant's objection is clear from the above quotation.

**ARGUMENT:** While ownership of a website may not establish liability, it certainly is a major factor -- if an individual or entity exhibits any control over the operation of the Defendant's websites, then those entities and individuals may be liable for the allegations in the Complaint. Plaintiff needs an opportunity to investigate those entities and individuals who exhibit any control over the operation of any of Defendant's websites.

### REQUEST FOR PRODUCTION 19

**REQUEST FOR PRODUCTION:** Please produce all documents relating to all State and Federal income tax returns filed by Sun Social Media, Inc. for the years 2009 through 2015.

**OBJECTION:** SSM objects to this Request to the extent that it calls for any documents or information from prior to June 4, 2011, which is four years prior to the filing of the Complaint, as the longest statute of limitations for MetArt's claims in the Complaint is four years. Pursuant to the foregoing objection, SSM will produce relevant responsive documents in its care, custody and control, limited to the relevant timeframes.

**GROUNDS ASSIGNED FOR OBJECTION:** Defendant's objection is clear from the above quotation.

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
**T:** 954-688-7642   **F:** 954-332-9260   **W:** BeharBehar.com

19 of 22

**ARGUMENT:** Defendant, through its statement of producing relevant responsive documents in its care, custody and control, has waived any objections to this Request. *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 2014 U.S. Dist. LEXIS 161343, *8 (S.D. Fla. 2014). Plaintiff failed to produce *any* tax filings, even for the years Defendant did not object to. Plaintiff is entitled to discover Defendant's profits to determine its damages for infringement, and therefore Plaintiff requires production of this information.

## REQUEST FOR PRODUCTION 20

**REQUEST FOR PRODUCTION:** Please produce all documents (including loan documents) relating to all debt owed by Sun Social Media, Inc. during the years 2009 through 2015.

**OBJECTION:** SSM objects to the entirety of this Request as overbroad, unduly burdensome and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Documents regarding SSM's debt are of no relevance to the issues alleged in MetArt's Complaint. SSM objects to this Request to the extent that it seeks confidential business information.

**GROUNDS ASSIGNED FOR OBJECTION:** Defendant's objection is clear from the above quotation.

**ARGUMENT:** Defendant asserts that documents regarding its debt are of no relevance to the issues in Plaintiff's Complaint. Defendant is incorrect in this assertion. Defendant may have debts to third parties for services performed concerning the use and operation of its website. Plaintiff has a right to investigate these services as they relate to the operation of Defendant's website, as Plaintiff contends that Defendant was aware and/or directly involved in the copyright and trademark infringement on its website.

Additionally, Plaintiff has a right to investigate the identity of investors and the promises/representations made to these investors by the Defendant. These promises and representations may support Defendant's knowledge and/or direct involvement in the copyright and trademark infringement of Plaintiff's works on Defendant's websites.

BeharBehar ◆ 1840 North Commerce Parkway ◆ Suite One ◆ Weston, Florida 33326
**T:** 954-688-7642   **F:** 954-332-9260   **W:** BeharBehar.com

20 of 22

## CONCLUSION

A trial court possesses broad discretion in determining the scope of allowable discovery and this Honorable Court should exercise its discretion by overruling Defendant's objections and entering an Order Compelling Defendant's Better Responses to Defendant's Request for Production as set forth in the instant Motion.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

I hereby certify that counsel for the movant has, in good faith, conferred with opposing counsel, but was unable to resolve the issues raised herein.

BeharBehar ♦ 1840 North Commerce Parkway ♦ Suite One ♦ Weston, Florida 33326
T: 954-688-7642     F: 954-332-9260     W: BeharBehar.com

21 of 22

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of December, 2015 we electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Brady J. Cobb, Esq. *(Counsel for K. Bolotin and Sun Social.)*

Respectfully submitted,

BeharBehar
1840 North Commerce Parkway
Suite One
Weston, Florida 33326
Telephone: (954) 688-7642
Facsimile: (954) 332-9260
E-mail: AB@BeharBehar.com

By:     */s/Aaron Behar, Esquire*
Aaron Behar, Esquire
Florida Bar No.: 166286
Jaclyn Behar, Esquire
Florida Bar No.: 63833
***Counsel for Plaintiff***

And:    Spencer D. Freeman
Freeman Law Firm, Inc.
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
Telephone:  (253) 383-4500
Facsimile:  (253) 383-4501
E-mail: sfreeman@freemanlawfirm.org
***Counsel for Plaintiff***
(Moving for Admission pro hac vice)

BeharBehar ♦ 1840 North Commerce Parkway ♦ Suite One ♦ Weston, Florida 33326
T: 954-688-7642   F: 954-332-9260   W: BeharBehar.com

22 of 22

EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 1:15-cv-22134-UU

HYDENTRA HLP INT. LIMITED,
a foreign corporation d/b/a METART,

        Plaintiff,

vs.

CONSTANTIN LUCHIAN, an individual,
KONSTANTIN BOLOTIN, an individual,
SUN SOCIAL MEDIA, INC., a corporation,
individually and d/b/a PLAYVID.COM,
FEEDVID.COM, PLAYVIDS.COM, and
PEEKVIDS. COM; PLAYVID.COM;
FEEDVID.COM; PLAYVIDS. COM;
PEEKVIDS.COM and;
*and John Does 1-20,*

        Defendants.

_____/

## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT SUN SOCIAL MEDIA, INC.

    Plaintiff, by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 34, hereby propounds the following Request for Production of Documents to Defendant, SUN SOCIAL MEDIA, INC., to produce and make available for inspection and duplication, in response to each numbered paragraph, all documents specified herein which are in your possession, custody, or control or in the possession, custody, or control of your agents or attorney. You are requested to make such production within thirty (30) days from the date of service at the law offices of the undersigned counsel.

## DEFINITIONS AND INSTRUCTIONS

A.    As used herein, the following words shall have the meanings indicated:

(1)    The term "you" and "your" means the party to which this request is addressed, including their attorney, agents, and all other persons acting or purporting to act on their behalf.

(2)    The term "Evidence" or "Evidencing" means tending to show, in any probative manner, the existence or non-existence of any matter.

(3)    The term "Communication" means any statement or utterance, whether written or oral, made by on person to another, or in the presence of another, or any document delivered or sent from one person to another.

(4)    The term "Relating to" means consisting of, referring to, reflecting or in any way logically or factually connected with the matter discussed.  A document "relating to" a given subject is any document identifying, showing, referring to, dealing with evidencing, commenting upon, having as a subject, describing, summarizing, analyzing, explaining, detailing, outlining, defining, interpreting, or pertaining to that subject, including without limitation, documents referring to the presentation of other documents.

(5)    "Or" shall mean and/or;

(6)    The term "documents" means all writings of any kind, including the originals and all identical copies, whether different from the original by reasons of any notation made on such copies or otherwise including, without limitation, e-mails, letters, text messages, social media messages, correspondence, memoranda, notes, diaries, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice and intraoffice telephone calls, meetings or other communications, bulletins, printed matter, computer printouts, teletypes, telefax, invoices, worksheets (and all drafts, alternations, modifications, changes and amendments of any of the foregoing).

2

(7)     The term "all documents" means every document as above defined known to you and every such document, which can be located or discovered by reasonably diligent efforts, whether in electronic format or in physical format.

(8)     The term "person" means any natural person, corporation, partnership, proprietorship, association, organization, or group of natural persons.

(9)     When producing the documents, please keep all documents segregated by the file in which the documents are contained and indicate the name of the file in which the documents are contained and the name of the documents being produced.

### DOCUMENTS TO BE PRODUCED

1.      For each video listed in Exhibit A of Plaintiff's Complaint, please produce all recorded/collected information regarding the upload of the video to playvid.com, feedvid.com, playvids.com, and/or peekvids.com, including, but not limited to:

a.      Date and time the video was uploaded

b.      Identity of specific web site to which the video was uploaded

c.      IP address from which the video was uploaded

d.      IP address to which the video was uploaded

e.      All information regarding the identity of the video uploader, including:

(1) Uploader's user name

(2) Uploader's email address

(3) Uploader's IP address

(4) Uploader's Profile

f.    Video Title entered by Uploader

g.    Video Description entered by Uploader

h.    Video Keywords entered by Uploader

2.    For each person that uploaded a video listed in Exhibit A of Plaintiff's Complaint, please provide all information regarding all of the uploader's uploaded videos, including, but not limited to:

a.    Date and time the video was uploaded

b.    Identity of specific web site to which video was uploaded

c.    IP address from which the video was uploaded

d.    IP address to which the video was uploaded

e.    Video Title entered by Uploader

f.    Video Description entered by Uploader

g.    Video Keywords entered by Uploader

3.    Please produce all documents relating to repeat infringer policy/policies in effect from the inception and/or creation of the web site to the present date relevant to playvid.com, feedvid.com, playvids.com, and/or peekvids.com.

4.    Please produce all documents relating to take down notices received regarding all claimed infringing videos on playvid.com, feedvid.com, playvids.com,

and/or peekvids.com from the inception and/or creation of the web sites to the present date.

5.      Please produce all documents relating to identifying information for each person or entity that was disciplined pursuant to repeat infringer policy on playvid.com, feedvid.com, playvids.com, and/or peekvids.com, including but not necessarily limited to:

  a.      Uploader's user name

  b.      Uploader's email address

  c.      Uploader's IP address

  d.      Uploader's profile

  e.      List of videos posted by uploader

  f.      Date of discipline

  g.      Discipline imposed

  h.      Copy of notice of discipline

6.      Please produce copies of all documents relating to written communications between Sun Social Media, Inc. (including all principals, representatives, employees, or agents of Sun Social Media, Inc.) and all independent contractors performing services for Sun Social Media, Inc. from the date of January 1, 2009 to the present date.

7.      Please produce copies of all documents relating to written communications between Sun Social Media, Inc. (including all principals,

representatives, employees, or agents of Sun Social Media, Inc.) and all persons or entities purchasing advertising space on playvid.com, feedvid.com, playvids.com, and/or peekvids.com from the inception and/or creation of the web sites to the present date.

8.      Please produce copies of all documents relating to contracts and written agreements, for the purchase/sale of advertising space on playvid.com, feedvid.com, playvids.com, and/or peekvids.com from the inception and/or creation of the web sites to the present date.

9.      Please produce copies of all documents relating to profit and loss statements for Sun Social Media, Inc. for the years 2009 through 2015.

10.      Please produce copies of all documents relating to contracts and written agreements, between Sun Social Media, Inc. and all independent contractors that were in effect at any time between in the date of January 1, 2009 and the present date.

11.      Please produce copies of all documents relating to invoices for services rendered from all independent contractors that performed any work on playvid.com, feedvid.com, playvids.com, and/or peekvids.com from the inception and/or creation of the web sites to the present date.

12.      Please produce all documents relating to payments to all independent contractors that performed any work on playvid.com, feedvid.com, playvids.com, and/or peekvids.com from the inception and/or creation of the web sites to the present date.

13.      Please produce all documents relating to contracts or written agreements between Sun Social Media, Inc. and all programmers that performed any work on

6

playvid.com, feedvid.com, playvids.com, and/or peekvids.com from the inception and/or creation of the web sites to the present date.

14.     Please produce all documents relating to invoices from all programmers that performed any work on playvid.com, feedvid.com, playvids.com, and/or peekvids.com from the inception and/or creation of the web sites to the present date.

15.     Please produce all documents relating to payments to all programmers for any work performed on playvid.com, feedvid.com, playvids.com, and/or peekvids.com from the inception and/or creation of the web sites to the present date.

16.     Please produce all documents (including emails and written correspondence) between Sun Social Media, Inc. (and all representatives of Sun Social Media, Inc.) and all programmers that performed any work on playvid.com, feedvid.com, playvids.com, and/or peekvids.com from the inception and/or creation of the web sites to the present date.

17.     Please produce all documents relating to the corporate formation of Sun Social Media, Inc.

18.     Please produce all documents relating to the ownership of Sun Social Media, Inc.

19.     Please produce all documents relating to all State and Federal income tax returns filed by Sun Social Media, Inc. for the years 2009 through 2015.

20.     Please produce all documents (including loan documents) relating to all debt owed by Sun Social Media, Inc. during the years 2009 through 2015.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of October, 2015 we electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Brady J. Cobb, Esq.; Valentin Gurvits, Esq. *(Pro Hac admission pending);* and Matthew Shayefar, Esq. *(Pro Hac admission pending).*

Respectfully submitted,

BeharBehar
1840 North Commerce Parkway
Suite One
Weston, Florida 33326
Telephone: (954) 688-7642
Facsimile: (954) 332-9260
E-mail: AB@BeharBehar.com

By:   */s/Aaron Behar, Esq.*
Aaron Behar, Esq.
Florida Bar No.: 166286
*/s/Jaclyn Behar, Esq.*
Jaclyn Behar, Esq.
Florida Bar No.: 63833
**Counsel for Plaintiff**

And:   */s/Spencer D. Freeman, Esq.*
Spencer D. Freeman, Esq.
Freeman Law Firm, Inc.
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
Telephone:  (253) 383-4500
Facsimile:  (253) 383-4501
E-mail:
sfreeman@freemanlawfirm.org
**Counsel forPlaintiff (Pro Hac Vice)**

EXHIBIT "B"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

|  |  |
|---|---|
| HYDENTRA HLP INT. LIMITED,<br>a foreign corporation d/b/a METART,<br><br>    Plaintiff,<br><br>v.<br><br>CONSTANTIN LUCHIAN, an individual,<br>KONSTANTIN BOLOTIN, an individual,<br>SUN SOCIAL MEDIA, INC., a corporation,<br>individually and d/b/a PLAYVID.COM,<br>FEEDVID.COM, PLAYVIDS.COM and<br>PEEKVIDS.COM; PLAYVID.COM;<br>FEEDVID.COM; PLAYVIDS.COM;<br>PEEKVIDS.COM; and<br>John Does 1-20,<br><br>    Defendants. | Case No.<br>**1:15-cv-22134-UU** |

<u>**DEFENDANT SUN SOCIAL MEDIA, INC'S OBJECTIONS AND RESPONSES**</u>
<u>**TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**</u>

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Sun Social

Media, Inc. ("SSM"), by and through its undersigned counsel, hereby objects and responds to

Plaintiff Hydentra HLP Int. Limited's d/b/a "MetArt" ("MetArt") Request for Production of

Documents to Defendant Sun Social Media, Inc. (the "Requests").  SSM's failure to object to a

particular Request or willingness to produce responses to a Request is not, and shall not be

construed as an admission of the relevance or admissibility into evidence of any such response or

that the purported factual premise for any Request is valid or accurate.  The inadvertent

production of any privileged information shall not be deemed to be a waiver of any applicable

privilege with respect to such response or with respect to any other response.

1

## Specific Objections and Responses to Requests

**Request No. 1.**        For each video listed in Exhibit A of Plaintiff's Complaint, please

produce all recorded/collected information regarding the upload of the video to playvid.com,

feedvid.com, playvids.com, and/or peekvids.com, including, but not limited to:

      a.      Date and time the video was uploaded

      b.      Identity of specific web site to which the video was uploaded

      c.      IP address from which the video was uploaded

      d.      IP address to which the video was uploaded

      e.      All information regarding the identity of the video uploader, including:

            (1)      Uploader's user name

            (2)      Uploader's email address

            (3)      Uploader's IP address

            (4)      Uploader's Profile

      f.      Video Title entered by Uploader

      g.      Video Description entered by Uplaoder

      h.      Video Keywords entered by Uploader

<u>Response:</u>

SSM will produce those responsive documents in its care, custody or control.


**Request No. 2.**        For each person that uploaded a video listed in Exhibit A to

Plaintiff's Complaint, please provide all information regarding all of the uploader's uploaded

videos, including, but not limited to:

     a.      Date and time the video was uploaded

     b.      Identity of specific web site to which video was uploaded

     c.      IP address from which the video was uploaded

     d.      IP address to which the video was uploaded

     e.      Video Title entered by Uploader

     f.      Video Description entered by Uploader

     g.      Video Keywords entered by Uploader

<u>Response:</u>

SSM will produce those responsive documents in its care, custody or control.

**Request No. 3.**      Please produce all documents relating to repeat infringer policy/policies in effect from inception and/or creation of the web site to present date relevant to playvid.com, feedvid.com, playvids.com, and/or peekvids.com.

<u>Response:</u>

SSM will produce those responsive documents in its care, custody or control.

**Request No. 4.**      Please produce all documents relating to take down notices received regarding all claimed infringing videos on playvid.com, feedvid.com, playvids.com and/or peekvids.com from the inception and/or creation of the web site to the present date.

<u>Response:</u>

SSM will produce those responsive documents in its care, custody or control.

**Request No. 5.**        Please produce all documents relating to identifying information for each person or entity that was disciplined pursuant to repeat infringer policy on playvid.com, feedvid.com, playvids.com, and/or peekvids.com, including but not necessarily limited to:

      a.        Uploader's user name

      b.        Uploader's email address

      c.        Uploader's IP address

      d.        Uploader's profile

      e.        List of videos posted by uploader

      f.        Date of discipline

      g.        Discipline imposed

      h.        Copy of notice of discipline

<u>Objections and Response:</u>

SSM objects to this Request to the extent that it requests the IP address of each such uploader as it is overbroad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to this objection, SSM will produce those responsive documents in its care, custody or control but without IP address information.


**Request No. 6.**        Please product copies of all documents relating to written communications between Sun Social Media, Inc. (including all principals, representatives, employees or agents of Sun Social Media, Inc.) and all independent contractors performing services for Sun Social Media, Inc. from the date of January 1, 2009 to the present date.

<u>Objections:</u>

SSM objects to the entirety of this Request as overbroad, unduly burdensome and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Documents relating to communications between SSM and independent contractors are of no relevance to the issues alleged in MetArt's Complaint.  SSM objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other privilege.   SSM objects further to this Request to the extent that it seeks confidential business information.

**Request No. 7.**      Please product copies of all documents relating to written communications between Sun Social Media, Inc. (including all principals, representatives, employees or agents of Sun Social Media, Inc.) and all persons or entities purchasing advertising space on playvid.com, feedvid.com, playvids.com, and/or peekvids.com from the inception and/or creation of the web sites to the present date.

<u>Objections:</u>

SSM objects to the entirety of this Request as overbroad, unduly burdensome and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Documents relating to communications between SSM and purchasers of advertising are of no relevance to the issues alleged in MetArt's Complaint  SSM objects to this Request to the extent that it seeks confidential business information.

**Request No. 8.**      Please produce copies of all documents relating to contracts and written agreements, for the purchase/sale of advertising space on playvid.com, feedvid.com,

playvids.com, and/or peekvids.com from the inception and/or creation of the web sites to the present date.

Objections:

SSM objects to the entirety of this Request as overbroad, unduly burdensome and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Documents relating to contracts and written agreements for the purchase/sale of advertising are of no relevance to the issues alleged in MetArt's Complaint. SSM objects to this Request to the extent that it seeks confidential business information.

**Request No. 9.**        Please produce copies of all documents relating to profit and loss statement for Sun Social Media, Inc. for the years 2009 through 2015.

Objections and Response:

SSM objects to this Request to the extent that it calls for any documents or information from prior to June 4, 2011, which is four years prior to the filing of the Complaint, as the longest statute of limitations for MetArt's claims in the Complaint is four years.  Pursuant to the foregoing objection, SSM will produce relevant responsive documents in its care, custody and control, limited to the relevant timeframes.

**Request No. 10.**        Please produce copies of all documents relating to contracts and written agreements, between Sun Social Media, Inc. and all independent contractors that were in effect at any time between in the date of January 1, 2009 and the present date.

Objections:

SSM objects to the entirety of this Request as overbroad, unduly burdensome and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Documents relating to contracts and written agreements between SSM and independent contractors are of no relevance to the issues alleged in MetArt's Complaint.  SSM objects to this Request to the extent that it seeks confidential business information.

**Request No. 11.**      Please produce copies of all documents relating to invoices for services rendered from all independent contractors that performed any work on playvid.com, feedvid.com, playvids.com, and/or peekvids.com from the inception and/or creation of the web sites to the present date.

Objections:

SSM objects to the entirety of this Request as overbroad, unduly burdensome and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Documents relating to invoices for services rendered from independent contractors are of no relevance to the issues alleged in MetArt's Complaint.  SSM objects to this Request to the extent that it seeks confidential business information.

**Request No. 12.**      Please produce all documents relating to payments to all independent contractors that performed any work on playvid.com, feedvid.com, playvids.com, and/or peekvids.com from the inception and/or creation of the web sites to the present date.

Objections:

SSM objects to the entirety of this Request as overbroad, unduly burdensome and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Documents relating to payments to independent contractors are of no relevance to the issues alleged in MetArt's Complaint.  SSM objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-product doctrine or any other privilege and will not produce any such documents.  SSM objects to this Request to the extent that it seeks confidential business information.

**Request No. 13.**      Please produce all documents relating to contracts or written agreements between Sun Social Media, Inc. and all programmers that performed any work on playvid.com, feedvid.com, playvids.com, and/or peekvids.com from the inception and/or creation of the web sites to the present date.

Objections:

SSM objects to the entirety of this Request as overbroad, unduly burdensome and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Documents relating to contracts or written agreements with programmers are of no relevance to the issues alleged in MetArt's Complaint.  SSM objects to this Request to the extent that it seeks confidential business information.

**Request No. 14.**      Please produce all documents relating to invoices from all programmers that performed any work on playvid.com, feedvid.com, playvids.com, and/or peekvids.com from the inception and/or creation of the web sites to the present date.

8

Objections:

SSM objects to the entirety of this Request as overbroad, unduly burdensome and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Documents relating to invoices from programmers are of no relevance to the issues alleged in MetArt's Complaint.  SSM objects to this Request to the extent that it seeks confidential business information.

**Request No. 15.**      Please produce all documents relating to payments to all programmers for any work performed on playvid.com, feedvid.com, playvids.com, and/or peekvids.com from the inception and/or creation of the web sites to the present date.

Objections:

SSM objects to the entirety of this Request as overbroad, unduly burdensome and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Documents relating to payments to programmers are of no relevance to the issues alleged in MetArt's Complaint.  SSM objects to this Request to the extent that it seeks confidential business information.

**Request No. 16.**      Please produce all documents (including emails and written correspondence) between Sun Social Media, Inc. (and all representatives of Sun Social Media, Inc.) and all programmers that performed any work on playvid.com, feedvid.com, playvids.com, and/or peekvids.com from the inception and/or creation of the web sites to the present date.

9

Objections:

SSM objects to the entirety of this Request as overbroad, unduly burdensome and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Documents between SSM and programmers are of no relevance to the issues alleged in MetArt's Complaint.  SSM objects to this Request to the extent that it seeks confidential business information.

**Request No. 17.**      Please produce all documents relating to the corporate formation of Sun Social Media, Inc.

Objections and Response:

SSM objects to the entirety of this Request as overbroad, unduly burdensome and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to, and without waiving, the foregoing objections, SSM will produce responsive documents in its possession, custody or control.

**Request No. 18.**      Please produce all documents relating to the ownership of Sun Social Media, Inc.

Objections:

SSM objects to the entirety of this Request as overbroad, unduly burdensome and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Documents regarding the ownership of SSM are of no relevance to the issues alleged in MetArt's Complaint, since ownership does not by itself denote active

participation in operation.  SSM objects to this Request to the extent that it seeks confidential business information.

**Request No. 19.**        Please produce all documents relating to all State and Federal income tax returns filed by Sun Social Media, Inc. for the years 2009 through 2015.

Objections and Response:

SSM objects to this Request to the extent that it calls for any documents or information from prior to June 4, 2011, which is four years prior to the filing of the Complaint, as the longest statute of limitations for MetArt's claims in the Complaint is four years.  Pursuant to the foregoing objection, SSM will produce relevant responsive documents in its care, custody and control, limited to the relevant timeframes.

**Request No. 20.**        Please produce all documents (including loan documents) relating to all debt owed by Sun Social Media, Inc. during the years 2009 through 2015.

Objections:

SSM objects to the entirety of this Request as overbroad, unduly burdensome and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Documents regarding SSM's debt are of no relevance to the issues alleged in MetArt's Complaint.  SSM objects to this Request to the extent that it seeks confidential business information.

11

/s/ Matthew Shayefar
Matthew Shayefar (*pro hac vice*)
Valentin D. Gurvits (*pro hac vice*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Telephone: (617) 928-1804
Facsimile: (617) 928-1802
matt@bostonlawgroup.com
vgurvits@bostonlawgroup.com

*Attorneys for Defendants*
*Constantin Luchian,*
*Konstatin Bolotin and*
*Sun Social Media Inc.*

Dated: November 11, 2015

/s/ Brady J. Cobb
Brady J. Cobb, Esquire
Florida Bar No. 031018
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone (954) 527-4111
Facsimile  (954) 900-5507
bcobb@cobbeddy.com

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via email on all counsel or parties of record on the service list below this 11th day of November, 2015.

/s/ Matthew Shayefar
Matthew Shayefar

## SERVICE LIST

Aaron Behar, Esquire
Jaclyn Behar, Esquire
BEHARBEHAR
1840 North Commerce Parkway
Suite One
Weston, Florida 33326
Telephone: (954) 688-7642
Facsimile: (954) 332-9260
AB@BeharBehar.com
JB@BeharBehar.com

Spencer D. Freeman
Freeman Law Firm, Inc.
1107 1/2 Tacoma Avenue South
Tacoma, Washington 98402
Telephone: (206) 516-3800
Facsimile: (206) 516-3888
sfreeman@freemanlawfirm.org