UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cv-22364-UU

HYDENTRA HLP INT. LIMITED,

    Plaintiff,

v.

CONSTANTIN LUCHIAN, *et al.*,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Strike Amended Affirmative Defenses Filed by Constantin Luchian, Konstantin Bolotin, and Sun Social Media, Inc. D.E. 41.

THE COURT has considered Motion, the pertinent portions of the record and is otherwise fully advised in the premises. It is hereby

On October 29, 2015, Plaintiff filed its Motion to Strike Defendants' Amended Affirmative Defenses to Plaintiff's Complaint. D.E. 41. In its Motion, Plaintiff moves to strike each of Defendants' sixteen affirmative defenses. *Id.* Plaintiff alleges that Defendants' affirmative defenses consist of conclusory bare bone statements and fail to plead sufficient facts to place Plaintiff on notice of the defenses alleged. *Id.* Furthermore, Plaintiff argues that Defendants' First, Second, Third, Fourth, and Thirteenth affirmative defenses are substantively improper. *Id.* In opposition, Defendants argue that they have alleged sufficient facts to put Plaintiff on notice of the defenses, and Defendants assert that their defenses are substantively proper. D.E. 41.

1

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Affirmative defenses are insufficient as a matter of law if they do not meet the general pleading requirements of Rule 8(a), which requires "a short and plain statement" of the defense. Fed. R. Civ. P. 8(a). Additionally, although an affirmative defense "does not need detailed factual allegations, [it] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Mid-Continent Cas. Co. v. Active Drywall South, Inc.*, 765 F. Supp. 2d 1360, 1361 (S.D. Fla. 2011). "Where the affirmative defenses are no more than bare bones conclusory allegations, [they] must be stricken." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005).

The Court addresses Plaintiff's arguments in light of the standard.

### A. First Affirmative Defense

As their First Affirmative Defense, Defendants assert that "[t]he Complaint is barred, in whole or in part, by the doctrine of copyright misuse." D.E. 38-1. Plaintiff argues that the doctrine of copyright misuse is "completely unsupported by law[,]" relying upon the court's decision in *Microsoft Corp. v. Jesse's Comps. & Repairs, Inc.*, 211 F.R.D. 681 (M.D. Fla. 2002). D.E. 41. Defendants contend that a subsequent case, *Home Design Servs., Inc. v. Park Square Enters., Inc.*, No. 6:02-CV-637-ORL28JGG, 2005 WL 1027370, at *12 (M.D. Fla. 2005), left open the possibility that the doctrine of copyright misuse may be a potential defense. D.E. 43. In *Home Design*, the Middle District of Florida recognized that "[t]he trend toward recognizing the copyright misuse defense . . . is well-grounded in the basic objectives of copyright," which is "to promote the dissemination of creative expression and provide incentives for copyright

owners to produce . . . original works." *Home Design*, 2005 WL 1027970, at *12 (citing *CBS Broad., Inc. v. EchoStar Comms. Corp.*, 265 F.3d 1193, 1211 (11th Cir. 2001)). At this stage of the litigation, this Court does not disagree with that analysis. Accordingly, Plaintiff's Motion to Strike Defendants' First Affirmative Defense is DENIED.

### B. Second Affirmative Defense

As their Second Affirmative Defense, Defendants assert that "[t]he Complaint is barred, in whole or in part, and Plaintiff is barred from equitable recovery, by the doctrine of unclean hands." D.E. 38-1. Plaintiff argues that Defendants "merely describe actions allegedly taken by this Plaintiff (or which would conceivably be taken by any reasonable Plaintiff under similar circumstances) to defend and protect its copyrights which are being infringed." D.E. 41. In responding to Plaintiff's argument, Defendants set forth a number of actions undertaken by Plaintiff to substantiate this defense and allow Defendants to survive Plaintiff's Motion to Strike. Moreover, Plaintiff's arguments raise evidentiary concerns that are better fit for resolution at trial or on a motion for summary judgment and do not warrant the striking of this defense. Accordingly, Plaintiff's Motion to Strike Defendants' Second Affirmative Defense is DENIED.

### C. Third Affirmative Defense

As their Third Affirmative Defense, Defendants allege that "Defendants' actions constitute fair use, and as such, the Complaint, in whole or in part must fail." D.E. 38-1. In moving to strike this defense, Plaintiff argues, "Defendants herein provide no factual support whatsoever as to how or why their actions or omissions would constitute 'fair use' under [17 U.S.C. § 107] factors." D.E. 41. In opposition, Defendants assert that the defense provides the requisite "fair notice" to Plaintiff pursuant to Federal Rule of Civil Procedure 8(a). D.E. 43. *See Sace BT S.p.A. v. Italkitchen Intern., Inc.*, No. 11-21663-CIV, 2012 WL 37391, at *1 (S.D. Fla.

3

Jan. 6, 2012) ("While 'an affirmative defense does not need detailed factual allegations, it requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'"). In considering this affirmative defense, the Court is satisfied that Defendants have sufficiently met the pleading requirements under Rule 8(a). In quoting Defendants' defense, Plaintiff omitted to include Defendants' allegation that "Plaintiff has failed to properly consider whether the individuals posting to the websites operated by Sun Social were entitled to do so under the doctrine of fair use." D.E. 43. The Court does not find there to be a sufficient basis upon which this defense should be stricken. Accordingly, Plaintiff's Motion to Strike Defendants' Third Affirmative Defense is DENIED.

### D. Fourth and Thirteenth Affirmative Defenses

As their Fourth Affirmative Defense, Defendants assert that "[t]he Complaint is barred, in whole or in part, by lack of scienter and/or because the alleged infringement was innocent." D.E. 38-1. In addition, as their Thirteenth Affirmative Defense, Defendants assert that "[t]he Complaint fails, in whole or in part, because Defendants lacked the necessary volition required to state a claim for direct copyright infringement." *Id.* Plaintiff argues that Defendants have failed to provide factual allegations to support these defenses and that a lack of intent is not relevant to the claims that are being asserted in this case. D.E. 41.

As to Defendants' Fourth Affirmative Defense, the Court agrees with Defendants that while lack of knowledge is not an element of infringement, knowledge of the infringing activity may potentially be relevant to secondary liability. *See Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 914 (2005) ("One infringes contributorily by intentionally inducing or encouraging direct infringement, and infringes vicariously by profiting from direct infringement while declining to exercise the right to stop or limit it."); *Coach, Inc. v. Swap*

4

*Shops, Inc.*, 916 F. Supp. 2d 1271, 1278 (S.D. Fla. 2012) ("To be liable for Contributory Trademark Infringement, a defendant must have (1) 'intentionally induced' the primary infringer to infringe, or (2) continued to supply an infringing product to an infringer with knowledge that the infringer is mislabeling the particular product supplied."). Thus, this Court finds that there is a sufficient basis upon which Defendants are asserting this affirmative defense.

As for Defendants' Thirteenth Affirmative Defense, this Court agrees with Defendants in its reliance upon *Disney Enters., Inc. v. Hotfile Corp.*, 798 F. Supp. 2d 1303, 1307 (S.D. Fla. 2011). Specifically, the court in *Disney* cited a case from the Northern District of California where it stated, "although copyright is a strict liability statute, there should still be some element of volition or causation which is lacking where a defendant's system is merely used to create a copy by a third party." *Id.* at 1307 (citing *Religious Tech. Ctr. v. Netcom On-Line Comm. Servs.*, 907 F. Supp. 1361, 1370 (N.D. Cal. 1995)). The Court similarly finds this defense is properly asserted in this case where Defendants' volition may be an issue as it pertains to Plaintiff's contributory copyright infringement and contributory trademark infringement claims. Accordingly, Plaintiff's Motion to Strike Defendants' Fourth and Thirteenth Affirmative Defenses is DENIED.

### E. Fifth Affirmative Defense

As their Fifth Affirmative Defense, Defendants assert that "[t]he Complaint is barred, in whole or in part, because any damages to Plaintiff were not the proximate result of Defendants' actions or omissions." D.E. 38-1. Plaintiff argues that Defendants failed to "provide any factual support whatsoever to permit Plaintiff to even begin to discern the nature and basis of the asserted affirmative defenses." D.E. 50. The Court disagrees. In this defense, Defendants allege that "to the extent Plaintiff suffered any damages, they were as a result of the actions and

5

omissions of third parties (e.g., those individuals who allegedly uploaded Plaintiff's works, trademarks and trade names)." D.E. 38-1.  The Eleventh Circuit has provided a test for determining whether a defense qualifies as an affirmative defense: "[i]n determining whether a particular argument is an affirmative defense, courts consider the logical relationship between the defense and the cause of action, and the likelihood that the plaintiff will be unfairly surprised if the defense does not appear in the pleadings." *Mid-Continent Cas. Co. v. Active Drywall South, Inc.*, 765 F. Supp. 2d 1360, 1362 n.3 (S.D. Fla. 2011) (citing *Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988)).

The Court is satisfied that in pleading this defense, Defendants have met the standard set forth in Rule 8(a), particularly in that it requires "a short and plain statement" of the defense. Fed. R. Civ. P. 8(a).  Moreover, "an affirmative defense is established only when a defendant admits the essential facts of a complaint and sets up other facts in justification or avoidance." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005).  While Defendants did not specifically identify the third parties who allegedly engaged in the unlawful conduct, this defense, as pleaded, is sufficient to place Plaintiff on notice of the claims being asserted against it.  Accordingly, Plaintiff's Motion to Strike Defendants' Fifth Affirmative Defense is DENIED.

### F. Sixth Affirmative Defense

As their Sixth Affirmative Defense, Defendants allege, "Plaintiff is not entitled to injunctive relief because it has not suffered irreparable harm.  Specifically, but without limitation, to the extent that Plaintiff has suffered any harm, which Defendants deny, any such harm can be fully remedied by monetary damages only." D.E. 38-1.  The Court finds this defense is, in fact, a denial to the claims being asserted against it and not an affirmative defense.

Nonetheless, "the proper remedy is not to strike the claim, but rather to treat it as a specific denial." *CI Int'l Fuels, LTDA v. Helm Bank, S.A.*, Case No. 10-20357-CIV, 2010 WL 3368658, at *2 (S.D. Fla. Aug. 24, 2010). Thus, the Court finds that this defense should be treated as a denial, and Plaintiff's Motion to Strike is denied.

### G. Seventh Affirmative Defense

As their Seventh Affirmative Defense, Defendants allege, "Plaintiff cannot recover damages from Defendants to the extent that damages alleged by Plaintiff are speculative or uncertain." D.E. 38-1. This defense, as pleaded, pertains strictly to damages, which is an issue that will be addressed by this Court at trial and is improper for consideration as an affirmative defense. *See Losada v. Norwegian (Bahamas) Ltd.*, 296 F.R.D. 688, 689 (S.D. Fla. 2013) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense."). Accordingly, this Court finds that this defense should be treated as a denial, and Plaintiff's Motion to Strike is denied.

### H. Eighth Affirmative Defense

As their Eighth Affirmative Defense, Defendants allege, "Plaintiff cannot recover damages from Defendants to the extent that Plaintiff failed to mitigate its alleged damages." D.E. 38-1. Contrary to Plaintiff's contention, this defense is not a "mere blanket assertion, devoid of any facts which would permit Plaintiff to even begin to discern the nature of the defense." D.E. 50. Rather, Defendants allege that "to the extent that Plaintiff failed to promptly report any alleged infringement it learned about on the websites at issue in this litigation and therefore allowed such alleged infringements to stay on such websites, Plaintiff failed to mitigate is alleged damages." D.E. 38-1. The Court agrees with Defendants' position that courts have recognized a knowing failure to stop ongoing copyright infringement amounts to a failure to

mitigate damages in copyright infringement cases. *Malibu Media, LLC v. Zumbo*, No. 2:13-cv-729-JES-DNF, 2014 WL 2742830, at *4 (M.D. Fla. 2014); *Tingley Sys., Inc. v. HealthLink, Inc.*, 509 F. Supp. 2d 1209, 1219 (M.D. Fla. 2007).  Based upon Defendants' cited case law and the allegations contained within this defense, Plaintiff's Motion to Strike Defendants' Eighth Affirmative Defense is DENIED.

### I. Ninth Affirmative Defense

Defendants' Ninth Affirmative Defense states, "Plaintiff has failed to comply with the requirements of the Digital Millennium Copyright Act and, as such, the Complaint must fail in whole or in part." D.E. 38-1.  Defendant further alleges that Defendants are "entitled to the safe harbors of the Digital Millennium Copyright Act and Defendant is not liable . . . unless the conditions of the Digital Millennium Copyright Act have been met[.]" *Id.*  In responding to Defendants' reliance upon *Disney Enters., Inc. v. Hotfile Corp.*, No. 11-20427-CIV, 2013 WL 6336286, at *18 (S.D. Fla. Sept. 20, 2013), Plaintiff does not address or distinguish the merits of this case.  Should Defendants prevail in establishing that they are entitled to the safe harbor provisions provided under the Digital Millennium Copyright Act, 17 U.S.C. § 512(c)(1), then Defendants are not "liable for monetary relief, or . . . injunctive or other equitable relief[.]" *Id.* Thus, Defendants properly raised and pleaded this defense, and Plaintiff's Motion to Strike Defendants' Ninth Affirmative Defense is DENIED.

### J. Tenth Affirmative Defense

As their Tenth Affirmative Defense, Defendants allege that they are "entitled to the safe harbor of the Digital Millennium Copyright Act and, as such, the Complaint must fail in whole or in part." D.E. 38-1.  For the same reasons addressed in considering Defendants' Ninth Affirmative Defense, Plaintiff's Motion to Strike Tenth Affirmative Defense is DENIED.

### K. Eleventh Affirmative Defense

As their Eleventh Affirmative Defense, Defendants assert, "The Complaints fails in whole or in part because the alleged infringements were neither the result of the actions of Defendants, nor within Defendants' reasonable control."  D.E. 38-1.  Plaintiff argues, "Defendants set forth no facts in support of their proposition that some unknown third parties posted the protected material or that Defendants had no responsibility for the postings."  D.E. 50. In this defense, Defendants further allege, "if any material was available on the websites at issue in this litigation infringed upon Plaintiff's rights, they were not made available by Defendants and could not be reasonably controlled by Defendants."   D.E. 38-1.  The Court finds this defense is, in fact, a denial to the claims being asserted against it and not an affirmative defense. Nonetheless, "the proper remedy is not to strike the claim, but rather to treat it as a specific denial."  *CI Int'l Fuels, LTDA v. Helm Bank, S.A.*, Case No. 10-20357-CIV, 2010 WL 3368658, at *2 (S.D. Fla. Aug. 24, 2010).  Accordingly, this defense will be treated as a denial, and Plaintiff's Motion to Strike Defendants' Eleventh Affirmative Defense is DENIED.

### L. Twelfth Affirmative Defense

Defendants allege in their Twelfth Affirmative Defense that their "actions and omissions were lawful, justified and privileged."  D.E. 38-1.  The Court finds this defense is, in fact, a denial of the claims being asserted against it and not an affirmative defense.  Nonetheless, "the proper remedy is not to strike the claim, but rather to treat it as a specific denial."  *CI Int'l Fuels, LTDA v. Helm Bank, S.A.*, Case No. 10-20357-CIV, 2010 WL 3368658, at *2 (S.D. Fla. Aug. 24, 2010).  Accordingly, this defense will be treated as a denial, and Plaintiff's Motion to Strike Defendants' Twelfth Affirmative Defense is DENIED.

### M. Fourteenth Affirmative Defense

In their Fourteenth Affirmative Defense, Defendants allege that "[t]he Complaint is barred, in whole or in part, because the accused actions do not create any likelihood of confusion." D.E. 38-1. The Court finds this defense is, in fact, a denial of the claims being asserted against it and not an affirmative defense. Nonetheless, "the proper remedy is not to strike the claim, but rather to treat it as a specific denial." *CI Int'l Fuels, LTDA v. Helm Bank, S.A.*, Case No. 10-20357-CIV, 2010 WL 3368658, at *2 (S.D. Fla. Aug. 24, 2010). Accordingly, this defense will be treated as a denial, and Plaintiff's Motion to Strike Defendants' Fourteenth Affirmative Defense is DENIED.

### N. Fifteenth Affirmative Defense

As their Fifteenth Affirmative Defense, Defendants state, "any remedies are limited to prevent an overlapping or duplicative recovery pursuant to the various claims against Defendants or for any alleged single wrong." D.E. 38-1. This defense, as pleaded, pertains strictly to damages, which is an issue that will be addressed by this Court at trial and is improper for consideration as an affirmative defense. *See Losada v. Norwegian (Bahamas) Ltd.*, 296 F.R.D. 688, 689 (S.D. Fla. 2013) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense."). Accordingly, this Court finds the defense should be treated as a denial, and Plaintiff's Motion to Strike Defendants' Fifteenth Affirmative Defense is DENIED.

### O. Sixteenth Affirmative Defense

As their Sixteenth Affirmative Defense, Defendants allege "[t]he Complaint is barred, in whole or in part, by such other and further affirmative defenses as set forth in Rule 8(c) of the

Federal Rules of Civil Procedure as may be deemed applicable to this case by further discovery and disclosure." D.E. 38-1. Under the Federal Rules of Civil Procedure, there is no basis whatsoever for reserving rights to assert defenses without specifically stating the grounds upon which the defense is pleaded, and accordingly, Plaintiff's Motion to Strike Defendants' Sixteenth Affirmative Defense is GRANTED.

ORDERED and ADJUDGED that Plaintiff's Motion to Strike Amended Affirmative Defenses Filed by Constantin Luchian, Konstantin Bolotin, and Sun Social Media, Inc. (D.E. 41) is GRANTED IN PART and DENIED IN PART. Defendants' Sixteenth Affirmative Defense is STRICKEN WITHOUT PREJUDICE. Plaintiff's Motion to Strike Defendants' Affirmative Defenses Numbers One through Fifteen is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 3d day of December, 2015.

_____
UNITED STATES DISTRICT JUDGE

cc:

counsel of record via cm/ecf