UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

| | |
|---|---|
| HYDENTRA HLP INT. LIMITED, a foreign corporation d/b/a METART<br><br>    Plaintiff,<br><br>v.<br><br>CONSTANTIN LUCHIAN, an individual, KONSTANTIN BOLOTIN, an individual, SUN SOCIAL MEDIA, INC., a corporation, individually and d/b/a PLAYVID.COM, FEEDVID.COM, PLAYVIDS.COM and PEEKVIDS.COM; PLAYVID.COM; FEEDVID.COM; PLAYVIDS.COM; PEEKVIDS.COM; and John Does 1-20,<br><br>    Defendants. | Case No.<br>1:15-cv-22134-UU |

**DEFENDANT SUN SOCIAL MEDIA, INC.'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL ANSWERS TO PLAINTIFF'S REQUEST FOR PRODUCTION**

Defendant Sun Social Media, Inc. ("Defendant"), by and through its undersigned counsel, hereby opposes Plaintiff Hydentral HLP Int. Limited's ("Plaintiff") Motion to Compel Defendant's Answers to Plaintiff's Request for Production (the "Motion"). Plaintiff's Motion is based on an incomplete review of the literally tens of thousands of pages of documents produced by Defendant, a mistaken belief that Defendant has withheld documents that it didn't object to, and a belief that Plaintiff can go on a fishing expedition for documents not reasonably calculated to lead to the discovery of admissible evidence.

Defendant hereby responds to the Motion on a Request by Request basis:

1

## REQUEST FOR PRODUCTION 4

**REQUEST FOR PRODUCTION 4:** Please produce all documents relating to take down notices received regarding all claimed infringing videos on playvid.com, feedvid.com, playvids.com, and/or peekvids.com from the inception and/or creation of the web sites to the present date.

**ARGUMENT:** Defendant has produced **16,724** pages of documents in response to this request for production alone (Documents Bates Stamped SSM40001 through SSM47871 and SSM-b-40001 through SSM48853). However, inexplicably, Plaintiff argues in its Motion that it believes that this document response is incomplete. On an initial basis, one has to wonder what Defendant could possibly be hiding or why it would purposefully fail to produce any documents in response to this request when it has already produced over 16,000 pages of documents. But apparently, "Plaintiff is aware of additional entities that have sent take down notices to Defendant. Specifically, Takedown Piracy LLC dba takedownpiracy.com and Removeyourcontent LLC aka removeyourcontent.com."

What's more concerning, however, is that Plaintiff has, at the very least, simply failed to even review the documents that Defendant has produced. **Defendant produced on the order of 2,500 pages of take down notices from Takedown Piracy LLC and Removeyourcontent LLC, Bates Stamped SSM42594 through SSM44133.** These documents were produced in searchable pdf format and all Plaintiff had to do was search for these terms in order to confirm that these documents were produced.

The only reasonable explanation therefore for Plaintiff's Motion to Compel with regards to Request for Production 4 is therefore either that it was brought in bad faith or because Plaintiff is simply failing to do any sort of due diligence or review before wasting this Court's time.

## REQUEST FOR PRODUCTION 5

**REQUEST FOR PRODUCTION 5:** Please produce all documents relating to identifying information for each person or entity that was disciplined pursuant to repeat infringer policy on playvid.com, feedvid.com, playvids.com, and/or peekvids.com, including but not necessarily limited to: (a) uploader's user name, (b) uploader's email address, (c) uploader's IP address, (d) uploader's profile, (e) list of videos posted by uploader, (f) date of discipline, (g) discipline imposed, and (h) copy of notice of discipline.

**ARGUMENT**: Plaintiff contents that Defendant failed to produce "documentation concerning actual terminations, including termination notices sent to repeat infringers," which it contends "are a part of their repeat infringer program." Plaintiff again has failed to reasonably review the documents produced by Defendant. The notice to repeat infringers that is sent as part of the repeat infringer program was produced in response to Request for Production 3 (which requested all documents related to the repeat infringer policy) and was Bates Stamped SSM30001. Defendant has no further documents in its possession, custody or control related to copies of notices of discipline.

Once again, the only reasonable explanation therefore for Plaintiff's Motion to Compel with regards to Request for Production 5 is therefore either that it was brought in bad faith or because Plaintiff is simply failing to do any sort of due diligence or review before wasting this Court's time.

## REQUESTS FOR PRODUCTION 6

**REQUEST FOR PRODUCTION 6:** Please produce copies of all documents relating to written communications between Sun Social Media, Inc. (including all principals, representatives, employees, or agents of Sun Social Media, Inc.) and all independent contractors performing services for Sun Social Media, Inc. from the date of January 1, 2009 to the present date.

**ARGUMENT:** Defendant objects to this request on the basis that it is overbroad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because "[d]ocuments relating to communications between

SSM and independent contractors are of no relevance to the issues alleged in [Plaintiff's] Complaint."

In opposition to Defendant's objections, Plaintiff cannot state a single related reason for which these documents would in any way be relevant to the issues in this litigation except that without all of these documents, and after paragraphs of building a tenuous string of purported logic, "Plaintiff cannot investigate whether Defendant retained and/or paid any independent contractors to place infringing content on their websites."

Federal Rule of Civil Produce 26(b)(1) limits the scope of discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is ***relevant to any party's claim or defense*** and proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Plaintiff's Request for Production 6 completely fails to satisfy the standard set forth in FRCP 26(b)(1). First, despite Plaintiff's attempt to string along a reason for how these documents may somehow be relevant to the litigation, the connection is so tenuous as to make it virtually baseless. Plaintiff claims that it needs to have ***all*** documents and communications with independent contractors because somewhere in those documents there may be instructions to those contractors to upload infringing materials – this request is clearly not proportional and is certainly not reasonably calculated to lead to the discovery of admissible evidence. It certainly puts a burden and expense on Defendant far more than the likely benefit (which, as shown below, is none).

Moreover, this discovery is absolutely unnecessary as Defendant has already produced all documents regarding who uploaded every file Plaintiff has claimed infringes its copyrights in responses to Plaintiff's Request for Documents 1. *See* documents Bates Stamped SSM10001

through SSM10010.  Then for each user who uploaded the allegedly infringing files, Defendant has already produced documents (totaling 1,677 pages) providing information about every other video such users uploaded in response to Plaintiff's Request for Document 2.  *See* documents Bates Stamped SSM20001 through SSM21677.  Then Defendant produced documents (totaling 944 pages) with information about every user who has ever been disciplined pursuant to Defendant's repeat infringer policy in response to Plaintiff's Request for Documents 5.  *See* documents Bates Stamped SSM50628 through SSM51571.  Finally, Plaintiff has already used all of this information to send out third party subpoenas to 1& 1 Mail & Media, Inc., Google, Inc., Microsoft Corporation and Yahoo! Inc., service providers for each of those users, to determine their identities.

      Plaintiff already has all the information it needs about who uploaded the allegedly infringing files on Defendant's websites.  Therefore, not only are communications and documents with and regarding independent contractors simply irrelevant to this case, they are unnecessary and constitute an unjustifiable burden on Defendant with no likely benefit to Plaintiff.  The request therefore is also unreasonably cumulative or duplicative, can be obtained from some other source that is more convenient, less burdensome and less expensive and is outside the scope permitted by Rule 26(b)(1).  *See* FRCP 26(b)(2)(C).  *See also* Schwimmer v. 24 Hour Fitness USA, Inc., 2015 WL 3529616 at *2 (S.D. Fla. June 2, 2015) (court denying plaintiff's motion to compel the deposition of ever person who signed an insurance policy on behalf of defendant, finding that it would be overbroad, duplicative and unnecessary and because there are far more convenient, less burdensome and less expenses sources for the information sought).

Defendant also objects to this request to the extent it sought documents protected from disclosure by the attorney-client privilege and related privileges solely on the basis that its attorneys may be considered or deemed to be independent contractors, and all such communications are privileged and may not be compelled to be produced.

Defendant also incorporates by this reference its arguments below in relation to Request for Production 7 as this Request for production is simply not properly tailored to the issues involved in this case.

### REQUEST FOR PRODUCTION 7

**REQUEST FOR PRODUCTION 7:** Please produce copies of all documents relating to written communications between Sun Social Media, Inc. (including all principals, representatives, employees, or agents of Sun Social Media, Inc.) and all persons or entities purchasing advertising space on playvid.com, feedvid.com, playvids.com, and/or peekvids.com from the inception and/or creation of the web sites to the present date.

**ARGUMENT:** Much like Request for Production 6, Defendant objects to this Request for Production because it is wholly irrelevant to the allegations of copyright and trademark infringement alleged in Plaintiff's Complaint. In the Motion, Plaintiff presents an absurd convoluted basis for why Plaintiff is entitled to this documentation.

First, Plaintiff argues that advertisers "are essential to the operation of Defendant's websites" because Defendant generates its income from advertisements. This in turn leads to Plaintiff's tenuous conclusion that Defendant may have lured these advertisers onto the websites by promising or indicating that there was infringing content on the websites. And this in turn apparently related, or Plaintiff desires it to relate, to Defendant's awareness of infringing content on the websites.

Much like Request for Production 6 and pursuant to FRCP 26(b)(1), Plaintiff's Request for Production 7 requests documents that are irrelevant to this case and otherwise (1) not

proportional to the needs of the case, (3) unimportant to the ultimate issue sought to be proved by Plaintiff, (4) an overbroad classification of documents, (5) present a great burden and expense on Defendant but no benefit to Plaintiff, thereby being outside the scope of discovery permitted by Rule 26(b)(1). Before gaining access to all of Defendant's proprietary and confidential business information, including its agreements and communications with its business partners and advertisers, Plaintiff must present a basis for the request more than just "we think it'll show they knew about infringement."

Discovery "is not without limits" and "should be tailored to the issues involved in the particular case." *See* Maharaj v. GEICO Cas. Co., 2013 WL 1934075 (S.D. Fla. Jan. 30, 2013) (citation omitted). Plaintiff has completely failed to tailor its discovery to the issues at hand in this litigation and seeks limitless discovery into every document and aspect of Defendant's business on the hopes that somewhere it will find its smoking gun. Rule 26 does not permit such discovery and Defendant should not be required to jump through Plaintiff's hoops for no reason.

### REQUEST FOR PRODUCTION 8

**REQUEST FOR PRODUCTION 8:** Please produce copies of all documents relating to contracts and written agreements, for the purchase/sale of advertising space on playvid.com, feedvid.com, playvids.com, and/or peekvids.com from the inception and/or creation of the web sites to the present date.

**ARGUMENT:** Plaintiff's argument with regard to Request for Production is virtually the same as its argument with respect to Request for Production 7 and Request for Production 6, whereby Plaintiff believes that these documents will somehow show that Defendant either knew about infringement on the websites or paid third parties to put up infringing content. Defendant therefore incorporates and restates its argument in opposition above with regard to Request for Production 7 and Request for Production 6 herein by reference.

## REQUEST FOR PRODUCTION 9

**REQUEST FOR PRODUCTION 9:** Please produce copies of all documents relating to profit and loss statement for Sun Social Media, Inc. for the years 2009 through 2015.

**ARGUMENT:** Plaintiff argues that Defendant failed to produce any income documentation for "feedvids" and "playvids." Defendant states that it has no further documentation to produce in response to this Request for Production. If Plaintiff presents any interrogatories regarding this matter, Defendant will state that "feedvid" had no income and that the income for "peekvid" is incorporated into the income for "peekvids" on the profit and loss statements already produced.

## REQUEST FOR PRODUCTION 10

**REQUEST FOR PRODUCTION 10:** Please produce copies of all documents relating to contracts and written agreements, between Sun Social Media, Inc. and all independent contractors that were in effect at any time between in the date of January 1, 2009 and the present date.

**ARGUMENT:** Plaintiff's argument with regard to Request for Production is virtually the same as its argument with respect to Request for Production 7 and Request for Production 6, whereby Plaintiff believes that these documents will somehow show that Defendant either knew about infringement on the websites or paid third parties to put up infringing content. Defendant therefore incorporates and restates its argument in opposition above with regard to Request for Production 7 and Request for Production 6 herein by reference.

## REQUEST FOR PRODUCTION 11

**REQUEST FOR PRODUCTION 11:** Please produce copies of all documents relating to invoices for services rendered from all independent contractors that performed any work on playvid.com, feedvid.com, playvids.com, and/or peekvids.com from the inception and/or creation of the web sites to the present date.

**ARGUMENT:** Plaintiff's argument with regard to Request for Production is virtually the same as its argument with respect to Request for Production 7 and Request for Production 6, whereby Plaintiff believes that these documents will somehow show that Defendant either knew about

infringement on the websites or paid third parties to put up infringing content. Defendant therefore incorporates and restates its argument in opposition above with regard to Request for Production 7 and Request for Production 6 herein by reference.

## REQUEST FOR PRODUCTION 12

**REQUEST FOR PRODUCTION 12:** Please produce all documents relating to payments to all independent contractors that performed any work on playvid.com, feedvid.com, playvids.com, and/or peekvids.com from the inception and/or creation of the web sites to the present date.

**ARGUMENT:** Plaintiff's argument with regard to Request for Production is virtually the same as its argument with respect to Request for Production 7 and Request for Production 6, whereby Plaintiff believes that these documents will somehow show that Defendant either knew about infringement on the websites or paid third parties to put up infringing content. Defendant therefore incorporates and restates its argument in opposition above with regard to Request for Production 7 and Request for Production 6 herein by reference.

## REQUEST FOR PRODUCTION 13

**REQUEST FOR PRODUCTION 13:** Please produce all documents relating to contracts or written agreements between Sun Social Media, Inc. and all programmers that performed any work on playvid.com, feedvid.com, playvids.com, and/or peekvids.com from the inception and/or creation of the web sites to the present date.

**ARGUMENT:** Plaintiff's argument with regard to Request for Production is virtually the same as its argument with respect to Request for Production 7 and Request for Production 6, whereby Plaintiff believes that these documents will somehow show that Defendant either knew about infringement on the websites or paid third parties to put up infringing content. Defendant therefore incorporates and restates its argument in opposition above with regard to Request for Production 7 and Request for Production 6 herein by reference.

## REQUEST FOR PRODUCTION 14

**REQUEST FOR PRODUCTION 14:** Please produce all documents relating to invoices from all programmers that performed any work on playvid.com, feedvid.com, playvids.com, and/or peekvids.com from the inception and/or creation of the web sites to the present date.

**ARGUMENT:** Plaintiff's argument with regard to Request for Production is virtually the same as its argument with respect to Request for Production 7 and Request for Production 6, whereby Plaintiff believes that these documents will somehow show that Defendant either knew about infringement on the websites or paid third parties to put up infringing content. Defendant therefore incorporates and restates its argument in opposition above with regard to Request for Production 7 and Request for Production 6 herein by reference.

## REQUEST FOR PRODUCTION 15

**REQUEST FOR PRODUCTION 15:** Please produce all documents relating to payments to all programmers for any work performed on playvid.com, feedvid.com, playvids.com, and/or peekvids.com from the inception and/or creation of the web sites to the present date.

**ARGUMENT:** Plaintiff's argument with regard to Request for Production is virtually the same as its argument with respect to Request for Production 7 and Request for Production 6, whereby Plaintiff believes that these documents will somehow show that Defendant either knew about infringement on the websites or paid third parties to put up infringing content. Defendant therefore incorporates and restates its argument in opposition above with regard to Request for Production 7 and Request for Production 6 herein by reference.

## REQUEST FOR PRODUCTION 16

**REQUEST FOR PRODUCTION 16:** Please produce all documents (including emails and written correspondence) between Sun Social Media, Inc. (and all representatives of Sun Social Media, Inc.) and all programmers that performed any work on playvid.com, feedvid.com, playvids.com, and/or peekvids.com from the inception and/or creation of the web sites to the present date.

**ARGUMENT:** Plaintiff's argument with regard to Request for Production is virtually the same as its argument with respect to Request for Production 7 and Request for Production 6, whereby Plaintiff believes that these documents will somehow show that Defendant either knew about infringement on the websites or paid third parties to put up infringing content. Defendant therefore incorporates and restates its argument in opposition above with regard to Request for Production 7 and Request for Production 6 herein by reference.

### REQUEST FOR PRODUCTION 17

**REQUEST FOR PRODUCTION 17:** Please produce all documents relating to the corporate formation of Sun Social Media, Inc.

**ARGUMENT:** Defendant has produced all responsive documents in its possession, custody and control. Although one document produced makes reference to By-Laws, Defendant states that no such document actually was drafted or executed.

Moreover, Defendant denies Plaintiff's assertion that these documents are necessary or relevant. To the extent that Defendant's corporate structure is relevant (which it is not), questions regarding proper entities subject to this lawsuit or discovery can be determined by properly limited interrogatories or pursuant to deposition. Plaintiff would have no need to review the entirety of the By-Laws of the defendant to get that information, thereby making this request inappropriate as that information can be discovery by other means that more convenient and less burdensome.

### REQUEST FOR PRODUCTION 18

**REQUEST FOR PRODUCTION 18:** Please produce all documents relating to the ownership of Sun Social Media, Inc.

**ARGUMENT:** Plaintiff's only argument for why it is purportedly entitled to information about the ownership of Defendant is that such persons or entities may exhibit control over Defendant's

operations and thereby may be liable for Defendant's actions. Initially, to the extent that this argument purports to be an attempt by Plaintiff to pierce the corporate veil, it must fail as Plaintiff has made no such allegations and has no basis to make such allegations. To the extent that Plaintiff does only want to know who actually exhibits any sort of control over the corporation, Plaintiff may do so through less obtrusive and tailored means, including by interrogatories about the individuals who control Defendant or questions at deposition the deposition of the listed executives of Defendant about responsibilities of which individuals. Requesting documents about the shareholders of Defendant is an abusive, irrelevant, unreasonably calculated, disproportionate and generally improper means of discovering evidence regarding the individuals that control Defendant and should therefore be denied.

## REQUEST FOR PRODUCTION 19

**REQUEST FOR PRODUCTION 19:** Please produce all documents relating to all State and Federal income tax returns filed by Sun Social Media, Inc. for the years 2009 through 2015.

**ARGUMENT:** Defendant has produced all responsive documents (subject to its objections) in its possession, custody and control. Defendant further states that it currently has no tax returns for the years 2011 through the present as they have not yet been completed and filed. Defendant will produce such documents when they are prepared and filed.

## REQUEST FOR PRODUCTION 20

**REQUEST FOR PRODUCTION:** Please produce all documents (including loan documents) relating to all debt owed by Sun Social Media, Inc. during the years 2009 through 2015.

**ARGUMENT:** Plaintiff's argument with regards to Request for Production 20 and investors is the culminating conglomeration of all of its frivolous arguments with regards to documents relating to advertisers and shareholders and boils down once again to its baseless belief that this information is relevant because it relates to who may have control over Defendant and that

promises Defendant made to investors may have implicated Defendant's knowledge of infringing activities.

Once again, Defendant makes reference to its arguments above relating to Request for Production 7 (regarding advertisers) in that the requested documents are entirely irrelevant and not properly tailored and relating to Request for Production 18 (regarding shareholders) in that the information in the requested documents that would be (but is not) relevant can be discovered by more pointed interrogatories regarding individuals and entities that actually control Defendant.

Plaintiff's request for information about investors is wholesale overreaching and cannot be justified regardless of Plaintiff's attempts to paint some tenuous, tenth-degree connection to the issues in this case.

## CONCLUSION

On the basis of the foregoing, Defendant requests that this honorable Court deny Plaintiff's Motion to Compel for the reasons set forth above, including because Defendant has produced all relevant and requested documents in its possession, custody and control and that the other requested documents are outside of scope of discovery permitted by Federal Rule of Civil Procedure 26(b).

**Respectfully submitted:**

| | |
|---|---|
| /s/ Valentin Gurvits | /s/ Brady J. Cobb |
| Valentin D. Gurvits (*pro hac vice*) | Brady J. Cobb, Esquire |
| Matthew Shayefar (*pro hac vice*) | Florida Bar No. 031018 |
| BOSTON LAW GROUP, PC | COBB EDDY, PLLC |
| 825 Beacon Street, Suite 20 | 642 Northeast Third Avenue |
| Newton Centre, MA 02459 | Fort Lauderdale, Florida 33304 |
| Telephone: (617) 928-1804 | Telephone (954) 527-4111 |
| Facsimile: (617) 928-1802 | Facsimile (954) 900-5507 |
| vgurvits@bostonlawgroup.com | bcobb@cobbeddy.com |
| matt@bostonlawgroup.com | |

*Attorneys for Defendants
Constantin Luchian,
Konstatin Bolotin and
Sun Social Media Inc.*

Dated: December 15, 2015

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record on the service list below this 11th day of December, 2015.

/s/ Brady J. Cobb
Brady J. Cobb

## SERVICE LIST

Aaron Behar, Esquire
Jaclyn Behar, Esquire
BEHARBEHAR
1840 North Commerce Parkway
Suite One
Weston, Florida 33326
Telephone: (954) 688-7642
Facsimile: (954) 332-9260
AB@BeharBehar.com
JB@BeharBehar.com

Spencer D. Freeman
Freeman Law Firm, Inc.
1107 1/2 Tacoma Avenue South
Tacoma, Washington 98402
Telephone: (206) 516-3800
Facsimile: (206) 516-3888
sfreeman@freemanlawfirm.org