UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cv-22364-UU

HYDENTRA HLP INT. LIMITED,

    Plaintiff,

v.

CONSTANTIN LUCHIAN, *et al.*,

    Defendants.
_____/

**ORDER**

THIS CAUSE comes before the Court upon Defendants' Motion to Bifurcate Discovery and Trial or in the Alternative to Issue Protective Order Temporarily Limiting Discovery to Threshold Dispositive Issue. D.E. 60.

THE COURT has considered Motion, the pertinent portions of the record and is otherwise fully advised in the premises. It is hereby

On June 4, 2015, Plaintiff filed this action against Defendants, asserting a number of copyright and trademark infringement claims. D.E. 1. On December 31, 2015, Defendants filed their Motion to Bifurcate Discovery and Trial or in the Alternative to Issue Protective Order Temporarily Limiting Discovery to Threshold Dispositive Issue. D.E. 60. In their Motion, Defendants argue that they are entitled to the safe-harbor protections of the Digital Millennium Copyright Act ("DCMA"), 17 U.S.C. § 1202, and therefore, Defendants will expend unnecessary resources on litigation if discovery is not narrowly tailored. *Id.*

Pursuant to Federal Rule of Civil Procedure 42(b), this Court may bifurcate a trial "[f]or convenience, to avoid prejudice, or to expedite and economize[.]" Fed. R. Civ. P. 42(b). The determination of whether it is appropriate to bifurcate a trial is within the Court's discretion and

1

"is dependent on the facts and circumstances of each case." *Gables Ins. Recovery v. United Healthcare Ins. Co.*, No. 13-21142-CIV, 2013 WL 4068786, at *2 (S.D. Fla. Aug. 12, 2013). "The party seeking bifurcation 'bears the burden of demonstrating that bifurcation would serve judicial economy, avoid inconvenience, and not prejudice any of the parties.'" *Brown v. Toscano*, 630 F. Supp. 2d 1342, 1346 (S.D. Fla. 2008). "Even if bifurcation might somehow promote judicial economy, courts should not order separate trials when bifurcation would result in unnecessary delay." *Id.* at 1347.

Under the facts of this particular case, the Court does not find that it is necessary to bifurcate discovery and a trial at this time. While the Court recognizes Defendants' contention that there is a threshold issue of whether Defendants qualify for statutory safe-harbor protection, this is an issue that Defendants are required to prove. The Court cannot simply accept Defendants' word that it is entitled to such protections without further proof. Moreover, Defendants have not cited a case where a court bifurcated discovery or a trial when the safe-harbor protection was an issue. In addition, the safe-harbor protections of the DCMA would only apply to Plaintiff's copyright infringement claims, not the trademark infringement claims. The appropriate way to address this issue would be in filing a dispositive motion, not filing a motion to bifurcate discovery and trial when discovery is not yet complete. It would be an egregious waste of resources if this Court were to narrow the scope of discovery at this time, and then Defendants fail to meet their burden in establishing they are entitled to such protections. Should Defendants object to particular discovery requests, this should be addressed through discovery motions, not through this Court issuing a blanket protective order. Accordingly, it is hereby

ORDERED and ADJUDGED that Defendants' Motion to Bifurcate Discovery and Trial or in the Alternative to Issue Protective Order Temporarily Limiting Discovery to Threshold Dispositive Issue (D.E. 60) is DENIED WITHOUT PREJUDICE.

DONE AND ORDERED in Chambers at Miami, Florida, this 4TH day of January, 2016.

_____
UNITED STATES DISTRICT JUDGE

cc:
counsel of record via cm/ecf