## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### MIAMI DIVISION

|  |  |
|---|---|
| HYDENTRA HLP INT. LIMITED,<br>a foreign corporation d/b/a METART,<br><br>    Plaintiff,<br><br>v.<br><br>CONSTANTIN LUCHIAN, an individual,<br>KONSTANTIN BOLOTIN, an individual,<br>SUN SOCIAL MEDIA, INC., a corporation,<br>individually and d/b/a PLAYVID.COM,<br>FEEDVID.COM, PLAYVIDS.COM and<br>PEEKVIDS.COM; PLAYVID.COM;<br>FEEDVID.COM; PLAYVIDS.COM;<br>PEEKVIDS.COM; and<br>John Does 1-20,<br><br>    Defendants. | **Case No.**<br>**1:15-cv-22134-UU** |

## MOTION TO AMEND SCHEDULING ORDER
## TO PERMIT DEFENDANT TO AMEND ANSWER TO ADD COUNTERCLAIMS

Defendants Sun Social Media, Inc. ("SSM"), Constantin Luchian and Konstantin Bolotin respectfully moves this court to Amend its Scheduling Order of September 14, 2015 (Docket No. 33) to permit Defendants to amend their First Amended Answer to Complaint to add a Counterclaim against Plaintiff based on facts only discovered recently through discovery. In support of this Motion, Defendants state as follows:

1.    Towards the end of the discovery period, which ended on January 22, 2016, Defendants discovered for the first time information that gives rise to counterclaims against the Plaintiff Hydentra HLP Int. Limited ("Hydentra").

1

2.      Hydentra filed suit against Defendants on allegations that Hydentra's copyrighted works were uploaded onto SSM's websites by SSM's users and that SSM failed to remove certain works after being notified of the same.

3.      On multiple occasions before January of 2015, Hydentra, through its agent Nate Glass, sent multiple copyright notifications to SSM by email, which SSM promptly processed by removing the complained of content and terminating repeat infringers as appropriate in accordance with the safe-harbor provisions of the Digital Millennium Copyright Act, codified as 17 U.S.C. § 512.

4.      Mr. Glass sent these electronic notices on October 13, 2013 and March 10, 2014 Mr. Glass also sent further notices by email on March 4, 2015.  All such notices were appropriately processed and the content complained of in the notices promptly removed from SSM's websites.

5.      On January 18 and 19 of 2016, at the depositions of Defendants, Defendants discovered that a different agent of Hydentra, Jason Tucker of Battleship Stance LLC, purportedly sent dozens of paper notifications by the US Postal Service to SSM's designated agent in January of 2015.

6.      This was an intentional deviation from the established mode of communicating DMCA notices by email (which is faster, safer and easier to send and process for both the complaining party and the receiving party).

7.      Given that SSM had promptly responded to all of Mr. Glass's notifications both before and after Mr. Tucker's notifications, these paper notices were clearly sent in bad faith and in the hope that they would be lost or improperly processed in order to manufacture a pretext for filing a lawsuit against Defendants.  In addition, because the links complained of are usually

comprised of very long strings of characters, sending paper notices increases the chances that a recipient will accidentally be unable to locate the link complained of.

8.      As it happened, SSM's designated agent's landlord lost the paper notices sent by Mr. Tucker.  Consequently, the notices were never received by SSM and therefore could not be processed by SSM.

9.      The information above that was only discovered through the discovery process presents the basis for Defendants to file a counterclaim against Hydentra for Abuse of Process.

10.     "The elements of a cause of action for abuse of process under Florida law are: (1) an illegal, improper, or perverted use of process by the defendant; (2) an ulterior motive or purpose in exercising the illegal, improper, or perverted process; and (3) damages to the plaintiff as a result."  *See* Wolfe v. Foreman, 128 So. 3d 67, 69 (Fla. Dist. Ct. App. 2013) (citing Valdes v. GAB Robins N. Am. Inc., 924 So.2d 862 (Fla. 3d DCA 2006)).

11.     Defendants allege that Hydentra's sending of paper notices was not an attempt to vindicate legitimate rights, but a set up to entrap potential defendants into unintentional violations.

12.     In its scheduling Order of September 14, 2015, the Court set the cut-off date for adding parties and amending pleadings as October 30, 2015.

13.     Therefore, Defendants hereby move this Court to amend the Scheduling Order to permit Defendants to file an Amended Answer with a Counterclaim in the form attached hereto as Exhibit 1.

14.     The Amended Answer with Counterclaim would be premised on Federal Rule of Civil procedure 15, which states that "[t]he court should freely give leave when justice so requires."  Nor would the Motion for Leave be in vain because, "In the absence of any apparent

or declared reason . . . the leave sought should, as the rules require, be 'freely given.'" <u>McKinley v. Kaplan</u>, 177 F. 3d 1253, 1258 (11th Cir. 1999) (citation omitted).  Moreover, because the information relevant to the Counterclaim was only recently discovered, there was no undue delay, bad faith, dilatory move, repeated failure, undue prejudice or futility in this Motion or the desired Motion for Leave.  *See* <u>Bryan v. Dupree</u>, 252 F.3d 1161, 1163 (11th Cir. 2001).

<b><u>Certificate of Compliance with Local Rule 7.1(a)(3)</u></b>

I hereby certify that counsel for Movant has conferred with Plaintiff's counsel via email in a good faith effort to resolve the issues raised in this Motion, and Plaintiff's objected to the relief sought herein.

/s/ Brady J. Cobb_____

Respectfully submitted this 5th day of February, 2016.

COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone (954) 527-4111
Facsimile  (954) 900-5507

**By: ___/s/ BRADY J. COBB_____**
BRADY J. COBB, ESQUIRE
Florida Bar No. 031018
bcobb@cobbeddy.com

*Attorney for Defendants Constantin Luchian, Konstatin Bolotin, and Sun Social Media Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

**I hereby certify** that a true and correct copy of the foregoing was served electronically

via the CM/ECF electronic filing system on all counsel or parties of record on the service list

below this 6th day of February, 2016.

/s/ **Brady J. Cobb**
Brady J. Cobb

## SERVICE LIST

Aaron Behar, Esquire
Jaclyn Behar, Esquire
BEHARBEHAR
1840 North Commerce Parkway
Suite One
Weston, Florida 33326
Telephone: (954) 688-7642
Facsimile: (954) 332-9260
AB@BeharBehar.com
JB@BeharBehar.com

Spencer D. Freeman
Freeman Law Firm, Inc.
1107 1/2 Tacoma Avenue South
Tacoma, Washington 98402
Telephone: (206) 516-3800
Facsimile: (206) 516-3888
sfreeman@freemanlawfirm.org