# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### MIAMI DIVISION

|  |  |
|---|---|
| HYDENTRA HLP INT. LIMITED,<br>a foreign corporation d/b/a METART,<br><br>    Plaintiff,<br><br>v.<br><br>CONSTANTIN LUCHIAN, an individual,<br>KONSTANTIN BOLOTIN, an individual,<br>SUN SOCIAL MEDIA, INC., a corporation,<br>individually and d/b/a PLAYVID.COM,<br>FEEDVID.COM, PLAYVIDS.COM and<br>PEEKVIDS.COM; PLAYVID.COM;<br>FEEDVID.COM; PLAYVIDS.COM;<br>PEEKVIDS.COM; and<br>John Does 1-20,<br><br>    Defendants. | **Case No.**<br>**1:15-cv-22134-UU** |
| SUN SOCIAL MEDIA, INC., a corporation,<br>CONSTANTIN LUCHIAN, an individual,<br>and<br>KONSTANTIN BOLOTIN, an individual,<br><br>    Counterclaim Plaintiffs,<br><br>v.<br><br>HYDENTRA HLP INT. LIMITED,<br>A foreign corporation d/b/a METART,<br><br>    Counterclaim Defendant. |  |

## CONSTANTIN LUCHIAN, KONSTANTIN BOLOTIN AND SUN SOCIAL MEDIA INC.'S SECOND AMENDED ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

**ANSWER**

Defendants Constantin Luchian, Konstantin Bolotin and Sun Social Media, Inc. (individually and as the owner and operator of putative Defendants Playvid.com, Feedvid.com, Playvids.com and Peekvids.com) ("Defendants"), for their First Amended Answer to the Complaint for Damages, Injunctive Relief and Demand For Jury Trial of Plaintiff Hydentra HLP Int. Limited ("Plaintiff") answer as follows:

**JURISDICTION AND VENUE**

1.      Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

2.      Defendants admit only that Defendant Constantin Luchian is an individual residing in this judicial district and that Sun Social Media, Inc. owns and operates Playvid.com, Feedvid.com, Playvids.com and Peekvids.com.  Defendants deny the remaining allegations of this paragraph.

3.      Defendants admit only that Defendant Konstantin Bolotin is an individual residing in this judicial district, that he is a Director of Operations at Sun Social Media, Inc. and that Sun Social Media, Inc. owns and operates Playvid.com, Feedvid.com, Playvids.com and Peekvids.com.  Defendants deny the remaining allegations of this paragraph.

4.      Defendants are without sufficient information or knowledge to admit or deny what is known to Plaintiff or what has been purported to Plaintiff, and therefore deny the allegations of this first sentence of this paragraph.  Defendants are without sufficient information or knowledge as to what is meant by "registrar and agent" for Playvid.com, and therefore denies the remaining allegations of this paragraph.

2

5.      Defendants admit only that Playvid.com is an Internet website that displays adult oriented videos and content.  Defendants specifically deny that Playvid.com is an entity that can be a party to a lawsuit and state that it is simply a domain name.  Defendants deny the remaining allegations of this paragraph.

6.      Defendants admit only that the Playvid.com domain name is registered to Sun Social Media, Inc. and that its registrar is GoDaddy.com, LLC, which has its headquarters located in Scottsdale, Arizona.  Defendants are without sufficient information or knowledge to admit or deny that GoDaddy.com, LLC is an Arizona corporation and therefore deny the same and the remaining allegations of this paragraph.

7.      Defendants admit only that Feedvid.com is an Internet website that displays adult oriented videos and content and, in answering further, Defendants state that Feedvid.com displays videos and content other than just adult oriented videos and content.  Defendants specifically deny that Feedvid.com is an entity that can be a party to a lawsuit and state that it is simply a domain name.  Defendants deny the remaining allegations of this paragraph.

8.      Defendants admit only that the Feedvid.com domain name is registered to Sun Social Media, Inc. and that its registrar is GoDaddy.com, LLC.  Defendants deny the remaining allegations of this paragraph.

9.      Defendants admit only that Playvids.com is an Internet website that displays adult oriented videos and content.  Defendants specifically deny that Playvids.com is an entity that can be a party to a lawsuit and state that it is simply a domain name.  Defendants deny the remaining allegations of this paragraph.

10.    Defendants admit only that the Playvids.com domain name is registered to Sun Social Media, Inc. and that its registrar is GoDaddy.com, LLC.  Defendants deny the remaining allegations of this paragraph.

11.    Defendants admit only that Peekvids.com is an Internet website that displays adult oriented videos and content.  Defendants specifically deny that Peekvids.com is an entity that can be a party to a lawsuit and state that it is simply a domain name.  Defendants deny the remaining allegations of this paragraph.

12.    Defendants admit only that the Playvids.com domain name is registered to Sun Social Media, Inc. and that its registrar is GoDaddy.com, LLC.  Defendants deny the remaining allegations of this paragraph.

13.    Defendants deny the allegations of this paragraph.

14.    This paragraph contains a conclusion of law for which no response is required, but to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

15.    This paragraph contains a conclusion of law for which no response is required, but to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

16.    This paragraph contains a conclusion of law for which no response is required, but to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

17.    This paragraph contains a conclusion of law for which no response is required, but to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

18.     This paragraph contains a conclusion of law for which no response is required, but to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

**PARTIES**

19.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

20.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

21.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

22.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

23.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

24.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

25.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

26.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

27.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

28.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

29.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

30.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

31.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

32.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

33.     Defendants admit only that Sun Social Media, Inc. operates the websites at Playvid.com, Feedvid.com, Playvids.com and Peekvids.com.  Defendants deny the remaining allegations of this paragraph.

34.     Defendants admit the allegations of this paragraph.

35.     Defendants deny the allegations of this paragraph.

36.     Defendants admit only that Defendant Luchian is a Vice President of Incorporate Now, Inc.  The remaining allegations of this paragraph are unintelligible and therefore no response is required, but to the extent a response is deemed necessary, Defendants deny the remaining allegations of this paragraph.

37.     Defendants admit only that Defendant Luchian is the Registered Agent and Registered DMCA Agent for WZ Communications, Inc.  Defendants deny the remaining allegations of this paragraph.

38.    Defendants admit only that Defendant Luchian is a Registered Agent, Financial Director and Registered DMCA Agent for IP Transit Inc.  Defendants deny the remaining allegations of this paragraph.

39.    Defendants admit only that Defendant Luchian is a Registered DMCA Agent for Webzilla, Inc. and that Sun Social Media, Inc. utilizes Webzilla, Inc. for web services for Playvid.com, Feedvid.com, Playvids.com and Peekvids.com.  Defendants deny the remaining allegations of this paragraph.

40.    Defendants deny the allegations of this paragraph.

41.    Defendants admit the allegations of this paragraph.

42.    Defendants deny the allegations of this paragraph.

43.    Defendants admit only that Webzilla Inc. is a company utilized to provide web services for Playvid.com, Feedvid.com, Playvids.com and Peekvids.com.  Defendants deny the remaining allegations of this paragraph.  In answering further, Defendants specifically deny that Defendant Bolotin is a vice president of Webzilla Inc.

44.    Defendants deny the allegations of this paragraph.

45.    Defendants admit that Sun Social Media, Inc. designated a DMCA Agent, Defendant Constantin Luchian.  The remaining allegations of this paragraph are unintelligible and therefore no response is required, but to the extent a response is deemed necessary, Defendants deny the remaining allegations of this paragraph.

46.    Defendants deny the allegations of this paragraph.

47.    Defendant specifically deny that Feedvid.com, Playvids.com and Peekvids.com do not have designated DMCA agents.  The remaining allegations of this paragraph are

unintelligible and therefore no response is required, but to the extent a response is deemed necessary, Defendants deny the remaining allegations of this paragraph.

48.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

## STATEMENT OF FACTS

49.     This paragraph contains only conclusions of law, speculation, and legal argument, requiring no response.  However, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

50.      This paragraph contains only conclusions of law, speculation, and legal argument, requiring no response.  However, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

51.     Defendants deny the allegations of this paragraph.

52.     Defendants admit only that Sun Social Media, Inc. allows users to view videos on Playvid.com, Feedvid.com, Playvids.com and Peekvids.com for free.  Defendants deny the remaining allegations of this paragraph.

53.     Defendants admit only that Sun Social Media, Inc. sells advertising space on Playvid.com, Feedvid.com, Playvids.com and Peekvids.com.  Defendants deny the remaining allegations of this paragraph.

54.     Defendants admit only that videos on Playvid.com, Feedvid.com, Playvids.com and Peekvids.com may be shared on other sites.  Defendants deny the remaining allegations of this paragraph.

55.     Defendants deny the allegations of this paragraph.

56.     Defendants deny the allegations of this paragraph.

57.     Defendants deny the allegations of this paragraph.

58.     Defendants deny the allegations of this paragraph.

59.     Defendants deny the allegations of this paragraph.

60.     Defendants deny the allegations of this paragraph.

61.     Defendants deny the allegations of this paragraph.

62.     Defendants deny the allegations of this paragraph.

63.     Defendants are without sufficient information or knowledge as to what has been purported to Plaintiff, and therefore deny the allegations of this paragraph.  In answering further, Defendants state that all videos uploaded to the websites Playvid.com, Feedvid.com, Playvids.com and Peekvids.com were uploaded by third parties.

64.     Defendants deny the allegations of this paragraph.

65.     Defendants deny the allegations of this paragraph.

66.     Defendants deny the allegations of this paragraph.

67.     Defendants deny the allegations of this paragraph.

68.     Defendants are without sufficient information or knowledge as to what has been purported to Plaintiff, and therefore deny the allegations of this paragraph.  In answering further, Defendants state that all videos uploaded to the websites Playvid.com, Feedvid.com, Playvids.com and Peekvids.com were uploaded by third parties.

69.     Defendants deny the allegations of this paragraph.

70.     Defendants deny the allegations of this paragraph.

71.     Defendants are without sufficient information or knowledge as to what has been purported to Plaintiff, and therefore deny the allegations of this paragraph.  In answering further,

Defendants state that all videos uploaded to the websites Playvid.com, Feedvid.com, Playvids.com and Peekvids.com were uploaded by third parties.

72.    Defendants deny the allegations of this paragraph.

73.    Defendants deny the allegations of this paragraph.

74.    Defendants are without sufficient information or knowledge as to what has been purported to Plaintiff, and therefore deny the allegations of this paragraph.  In answering further, Defendants state that all videos uploaded to the websites Playvid.com, Feedvid.com, Playvids.com and Peekvids.com were uploaded by third parties.

75.    Defendants deny the allegations of this paragraph.

76.    Defendants deny the allegations of this paragraph.

77.    This paragraph contains only general statements concerning the operation and functioning of the internet as a whole which may or may not be true in any given instance and, as such, defy an ability to admit or deny.  However, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

78.    This paragraph contains only general statements concerning the operation and functioning of the internet as a whole which may or may not be true in any given instance and, as such, defy an ability to admit or deny.  However, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

79.    This paragraph contains only general statements concerning the operation and functioning of the internet as a whole which may or may not be true in any given instance and, as such, defy an ability to admit or deny.  However, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

80.     This paragraph contains only general statements concerning the operation and functioning of the internet as a whole which may or may not be true in any given instance and, as such, defy an ability to admit or deny.  However, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

81.     Defendants deny the allegations of this paragraph.

82.     Defendants deny the allegations of this paragraph.

83.     Defendants deny the allegations of this paragraph

84.     Defendants deny the allegations of this paragraph.

85.     Defendants deny the allegations of this paragraph.  In answering further, Defendants specifically deny that they created a "SexArt Channel" on Playvid.com, Feedvid.com, Playvids.com, or Peekvids.com and state that if any such channel existed, it was created by a user of said websites.

86.     Defendants deny the allegations of this paragraph.  In answering further, Defendants specifically deny that they created a "SexArt Channel" on Playvid.com, Feedvid.com, Playvids.com, or Peekvids.com or that they wrote such a description and state that if any such channel and description existed, it was created by a user of said websites.

87.     Defendants deny the allegations of this paragraph.  In answering further, Defendants specifically deny that they created a "MetArt Channel" on Playvid.com, Feedvid.com, Playvids.com, or Peekvids.com and state that if any such channel existed, it was created by a user of said websites

88.     Defendants deny the allegations of this paragraph.  In answering further, Defendants specifically deny that they created a "MetArt Channel" on Playvid.com,

Feedvid.com, Playvids.com, or Peekvids.com or that they wrote such a description and state that if any such channel and description existed, it was created by a user of said websites.

89.     Defendants deny the allegations of this paragraph.

90.     Defendants deny the allegations of this paragraph.

91.     Defendants deny the allegations of this paragraph.

92.     Defendants deny the allegations of this paragraph.

93.     Defendants deny the allegations of this paragraph.

94.     Defendants deny the allegations of this paragraph.

95.     Defendants deny the allegations of this paragraph.

96.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

97.     Defendants deny the allegations of this paragraph.


**COUNT I**
**Copyright Infringement – 17 U.S.C. §§ 101 *et. seq.***
**Against all Defendants**

98.     Defendants repeat, re-respond and incorporate by reference their responses to paragraph 1 through 97 as if set forth herein.

99.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

100.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

101.     Defendants deny the allegations of this paragraph.

102.     Defendants deny the allegations of this paragraph.

103.    Defendants deny the allegations of this paragraph.

104.    Defendants deny the allegations of this paragraph.

105.    Defendants deny the allegations of this paragraph

106.    Defendants deny the allegations of this paragraph.

107.    Defendants deny the allegations of this paragraph.

108.    Defendants deny the allegations of this paragraph.

109.    Defendants deny the allegations of this paragraph.

110.    Defendants deny the allegations of this paragraph.

111.    Defendants deny the allegations of this paragraph.

112.    Defendants deny the allegations of this paragraph.

113.    Defendants deny the allegations of this paragraph.

114.    Defendants deny the allegations of this paragraph.

115.    Defendants deny the allegations of this paragraph.

116.    Defendants deny the allegations of this paragraph.

117.    Defendants deny the allegations of this paragraph.

118.    Defendants deny the allegations of this paragraph.

119.    Defendants deny the allegations of this paragraph.

120.    Defendants deny the allegations of this paragraph.

WHEREFORE, Defendants pray for the following relief:

A.    That Plaintiff takes nothing by way of this Count and of the Complaint, that its requested relief be denied, that this Count and the Complaint be dismissed with prejudice and that judgment be rendered in favor of Defendants;

B.     That Defendants be awarded their costs, including reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 515, and costs pursuant to 28 U.S.C. § 1920; and

C.     For such further relief as the Court deems just and proper.

**COUNT II**
**Contributory Copyright Infringement**
**Against All Defendants**

121.     Defendants repeat, re-respond and incorporate by reference their responses to paragraph 1 through 97 as if set forth herein.

122.     Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

123.     Defendants deny the allegations of this paragraph.

124.     Defendants deny the allegations of this paragraph.

125.     Defendants deny the allegations of this paragraph.

126.     Defendants deny the allegations of this paragraph.

127.     Defendants deny the allegations of this paragraph.

128.     Defendants deny the allegations of this paragraph.

129.     Defendants deny the allegations of this paragraph.

130.     Defendants deny the allegations of this paragraph.

131.     Defendants deny the allegations of this paragraph.

132.     Defendants deny the allegations of this paragraph.

133.     Defendants deny the allegations of this paragraph.

134.     Defendants deny the allegations of this paragraph.

WHEREFORE, Defendants pray for the following relief:

A.     That Plaintiff takes nothing by way of this Count and of the Complaint, that its requested relief be denied, that this Count and the Complaint be dismissed with prejudice and that judgment be rendered in favor of Defendants;

B.     That Defendants be awarded their costs, including reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 515, and costs pursuant to 28 U.S.C. § 1920; and

C.     For such further relief as the Court deems just and proper.

### COUNT III
### Vicarious Copyright Infringement
### Against All Defendants

135.   Defendants repeat, re-respond and incorporate by reference their responses to paragraph 1 through 134 as if set forth herein.

136.   Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

137.   Defendants deny the allegations of this paragraph.

138.   Defendants deny the allegations of this paragraph.

139.   Defendants deny the allegations of this paragraph.

140.   Defendants deny the allegations of this paragraph.

141.   Defendants deny the allegations of this paragraph.

142.   Defendants deny the allegations of this paragraph.

143.   Defendants deny the allegations of this paragraph.

144.   Defendants deny the allegations of this paragraph.

WHEREFORE, Defendants pray for the following relief:

A.     That Plaintiff takes nothing by way of this Count and of the Complaint, that its requested relief be denied, that this Count and the Complaint be dismissed with prejudice and that judgment be rendered in favor of Defendants;

B.     That Defendants be awarded their costs, including reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 515, and costs pursuant to 28 U.S.C. § 1920; and

C.     For such further relief as the Court deems just and proper.

**COUNT IV**
**Inducement of Copyright Infringement**
**Against All Defendants**

145.    Defendants repeat, re-respond and incorporate by reference their responses to paragraph 1 through 144 as if set forth herein.

146.    Defendants deny the allegations of this paragraph.

147.    Defendants deny the allegations of this paragraph.

148.    Defendants deny the allegations of this paragraph.

149.    Defendants deny the allegations of this paragraph.

150.    Defendants deny the allegations of this paragraph.

151.    Defendants deny the allegations of this paragraph.

152.    Defendants deny the allegations of this paragraph.

153.    Defendants deny the allegations of this paragraph.

154.    Defendants deny the allegations of this paragraph.

WHEREFORE, Defendants pray for the following relief:

A.     That Plaintiff takes nothing by way of this Count and of the Complaint, that its requested relief be denied, that this Count and the Complaint be dismissed with prejudice and that judgment be rendered in favor of Defendants;

B.      That Defendants be awarded their costs, including reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 515, and costs pursuant to 28 U.S.C. § 1920; and

C.      For such further relief as the Court deems just and proper.

**COUNT V**
**Unauthorized Publication of Name and Likeness in Violation**
**of Section 540.08, Florida Statutes**
**Against All Defendants**

155.    Defendants repeat, re-respond and incorporate by reference their responses to paragraph 1 through 154 as if set forth herein.

156.    Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

157.    Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

158.    Defendants deny the allegations of this paragraph.

159.    Defendants deny the allegations of this paragraph.

160.    Defendants deny the allegations of this paragraph.

161.    Defendants deny the allegations of this paragraph.

162.    Defendants deny the allegations of this paragraph.

WHEREFORE, Defendants pray for the following relief:

A.      That Plaintiff takes nothing by way of this Count and of the Complaint, that its requested relief be denied, that this Count and the Complaint be dismissed with prejudice and that judgment be rendered in favor of Defendants;

B.      That Defendants be awarded their costs, including reasonable attorneys' fees incurred herein as permitted under law; and

C.      For such further relief as the Court deems just and proper.

17

## COUNT VI
### Trademark Infringement – 15 U.S.C. §§ 1111 *et seq.*
### Against All Defendants

163.    Defendants repeat, re-respond and incorporate by reference their responses to paragraph 1 through 162 as if set forth herein.

164.    This paragraph contains a conclusion of law for which no response is required, but to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

165.    Defendants deny the allegations of this paragraph.

166.    Defendants deny the allegations of this paragraph.

WHEREFORE, Defendants pray for the following relief:

A.    That Plaintiff takes nothing by way of this Count and of the Complaint, that its requested relief be denied, that this Count and the Complaint be dismissed with prejudice and that judgment be rendered in favor of Defendants;

B.    That Defendants be awarded their costs, including reasonable attorneys' fees incurred herein as permitted under law; and

C.    For such further relief as the Court deems just and proper.

## COUNT VII
### Contributory Trademark Infringement – 15 U.S.C. §§ 1111 *et seq.*
### Against All Defendants

167.    Defendants repeat, re-respond and incorporate by reference their responses to paragraph 1 through 166 as if set forth herein.

168.    This paragraph contains a conclusion of law for which no response is required, but to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

169.    Defendants deny the allegations of this paragraph.

170.    Defendants deny the allegations of this paragraph.

WHEREFORE, Defendants pray for the following relief:

A.    That Plaintiff takes nothing by way of this Count and of the Complaint, that its requested relief be denied, that this Count and the Complaint be dismissed with prejudice and that judgment be rendered in favor of Defendants;

B.    That Defendants be awarded their costs, including reasonable attorneys' fees incurred herein as permitted under law; and

C.    For such further relief as the Court deems just and proper.

## COUNT VIII
### False Designation of Origin under the Lanham Act – 15 U.S.C. §§ 1125 *et seq.* Against All Defendants

171.    Defendants repeat, re-respond and incorporate by reference their responses to paragraph 1 through 170 as if set forth herein.

172.    Defendants deny the allegations of this paragraph.

173.    Defendants deny the allegations of this paragraph.

174.    Defendants deny the allegations of this paragraph.

WHEREFORE, Defendants pray for the following relief:

A.    That Plaintiff takes nothing by way of this Count and of the Complaint, that its requested relief be denied, that this Count and the Complaint be dismissed with prejudice and that judgment be rendered in favor of Defendants;

B.      That Defendants be awarded their costs, including reasonable attorneys' fees incurred herein as permitted under law; and

C.      For such further relief as the Court deems just and proper.

## GENERAL DENIAL

Each and every allegation of the Complaint not specifically admitted is hereby denied.

## FIRST AMENDED AFFIRMATIVE DEFENSES

1.      The Complaint is barred, in whole or in part, by the doctrine of copyright misuse. Specifically, but without limitation, Plaintiff's filing of this case, putative strategies for protecting its copyrights, general litigation strategies and intentional disregard of the Digital Millennium Copyright Act (including the rights and safeguards it affords to both copyright owners and internet service providers) show a clear intent by Plaintiff to use its copyrights for a purpose other than which it was intended. Specifically, but without limitation, Plaintiff is using its copyrights and this lawsuit (along with a score of other lawsuits filed around the country) to extract settlement payments from innocent parties like Defendants, instead of working within the structures of the Digital Millennium Copyright Act to properly protect its copyrights. On information and belief, over the course of 6 months, the Plaintiff has filed almost a dozen near-identical litigations seeking not to protect its legitimate rights, but rather because it seeks to use the harassment value of such litigations as a way to secure lucrative settlements from the defendants. The Plaintiff's actions in failing to follow the DMCA's takedown process or work cooperatively with defendants to ensure the removal of allegedly infringing materials are not the actions of a rightsholder looking to legitimately protect its interests. Additionally, on information and belief, the Plaintiff made no effort to consider whether the individuals who posted materials to websites owned by Sun Social were protected by the doctrine of fair use.

2.      The Complaint is barred, in whole or in part, and Plaintiff is barred from equitable recovery, by the doctrine of unclean hands.  Specifically, but without limitation, Plaintiff's filing of this case, putative strategies at protecting its copyrights, trademarks and business, general litigation strategies and intentional disregard of statutory and judicial law (including the rights and safeguards afforded to both intellectual property owners and internet service providers) show a clear intent by Plaintiff to use its intellectual property rights and the legal system for purposes other than which they were intended.  Specifically, but without limitation, Plaintiff is using its intellectual property rights, the court system and this lawsuit (along with a score of other lawsuits filed around the country) to extract settlement payments from innocent parties like Defendants, instead of working within the structures of law to properly protect its rights.  Additionally, on information and belief, certain of the files in suit were uploaded by the Plaintiff's own affiliates.

3.      Defendants' actions and omissions constitute fair use, and as such, the Complaint, in whole or in part, must fail.  Specifically, but without limitation, the appearance of Plaintiff's trademarks and trade names used in conjunction or relation with Plaintiff's actual works constitute traditional fair use and/or nominative fair use.  In addition, the Plaintiff has failed to properly consider whether the individuals posting to the websites operated by Sun Social were entitled to do so under the doctrine of fair use.

4.      The Complaint is barred, in whole or in part, by lack of scienter and/or because the alleged infringement was innocent.  Specifically, but without limitation, to the extent that Defendants engaged in the infringement of Plaintiff's intellectual property rights, which Defendants deny, such infringement was unintentional and without knowledge and therefore Defendants are either not liable for such infringements or the damages that may be obtained against them are limited.

5.     The Complaint is barred, in whole or in part, because any damages to Plaintiff were not the proximate result of Defendants' actions or omissions.  Specifically, but without limitation, Defendants engaged in no conduct or omissions which resulted in any damages to Plaintiff which were a natural, direct and uninterrupted consequence of their actions or omissions.  To the contrary, to the extent Plaintiff suffered any damages, they were as a result of the actions and omissions of third parties (e.g., those individuals who allegedly uploaded Plaintiff's works, trademarks and trade names).

6.     Plaintiff is not entitled to injunctive relief because it has not suffered irreparable harm.  Specifically, but without limitation, to the extent that Plaintiff has suffered any harm, which Defendants deny, any such harm can be fully remedied by monetary damages only.

7.     Plaintiff cannot recover damages from Defendants to the extent that damages alleged by Plaintiff are speculative or uncertain.  Specifically, but without limitation, Plaintiff is not entitled to actual damages because it is impossible with any certainty to demonstrate that it lost any actual profits from the alleged infringement or that Defendants made any profits attributable directly to the alleged infringement.

8.     Plaintiff cannot recover damages from Defendants to the extent that Plaintiff failed to mitigate its alleged damages.  Specifically, but without limitation, to the extent that Plaintiff failed to promptly report any alleged infringement it learned about on the websites at issue in this litigation and therefore allowed such alleged infringements to stay on such websites, Plaintiff failed to mitigate its alleged damages.  Defendants further state that Plaintiff knew that Sun Social Media, Inc. would remove allegedly infringing material promptly upon notice, given that on multiple occasions in the past Plaintiff (or its agent) had provided such notifications to

Sun Social Media, Inc. and Sun Social Media, Inc. removed all allegedly infringing material from the websites in an expeditious manner.

9.      Plaintiff has failed to comply with the requirements of the Digital Millennium Copyright Act and, as such, the Complaint must fail in whole or in part.  Specifically, but without limitation, Defendants are entitled to the safe harbors of the Digital Millennium Copyright Act and Defendant is not liable for monetary relief or injunctive relief (except as explicitly provided therein) unless the conditions of the Digital Millennium Copyright Act have been met, including, without limitation, that Plaintiff first notify Defendants of a claimed infringement and afford the proper time for Defendants to respond to such notification.  In addition, the Plaintiff failed to consider the fair use doctrine before sending takedown notices and/or initiating the present litigation.

10.     Defendants are entitled to the safe harbor of the Digital Millennium Copyright Act and, as such, the Complaint must fail in whole or in part.  Specifically, but without limitation, Defendants have, *inter alia*, registered an agent with the copyright office for the receipt of takedown notices, do not know of any specific instances of infringement on the websites and when they receives knowledge or notification work expeditiously to remove such instances, accommodate and do not interfere with standard technical measures to protect copyrights, have adopted, reasonably implemented and informed users of a repeat infringer policy and do not receive financial benefit directly attributable to any allegedly infringing material.

11.     The Complaint fails in whole or in part because the alleged infringements were neither the result of the actions of Defendants, nor within Defendants' reasonable control. Specifically, but without limitation, if any material was available on the websites at issue in this

litigation infringed upon Plaintiff's rights, they were not made available by Defendants and could not be reasonably controlled by Defendants.  Under precedent from this Court, the actions of the Defendants do not constitute direct infringement.

12.     Defendants' actions and omissions were lawful, justified and privileged. Specifically, but without limitation, Defendants acted in all times in accordance with the provisions of the Digital Millennium Copyright Act and therefore cannot be liable for claims of copyright infringement.  Furthermore, Defendants cannot be liable for the actions and omissions of the users of the websites, who are third parties not controlled by Defendants.

13.     The Complaint fails, in whole or in part, because Defendants lacked the necessary volition required to state a claim for direct copyright infringement.  Specifically, but without limitation, because Defendants themselves did not make available any of the allegedly infringing works on the websites, but on the contrary such works were uploaded to the websites by third parties, Defendants cannot be liable for direct copyright infringement.

14.     The Complaint is barred, in whole or in part, because the accused actions do not create any likelihood of confusion.  Specifically, but without limitation, no reasonable consumer would be confused as to any affiliation as between Defendants and Plaintiff or be confused as to the origin, producer or manufacturer of the works on the websites at issue in this litigation.

15.     Without admitting that the Complaint states a claim, any remedies are limited to prevent an overlapping or duplicative recovery pursuant to the various claims against Defendants or for any alleged single wrong.  Specifically, but without limitation, Plaintiff has alleged multiple alternative theories of liabilities against Defendants for the same single alleged wrongs, and are not entitled to multiple damages for the same as they would constitute overlapping or duplicative recovery.

Defendants have not knowingly or intentionally waived any applicable affirmative defenses and reserve the right to assert and rely on such other applicable affirmative defenses as may become available or apparent during discovery proceedings.  Defendants further reserve the right to amend their answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that they determine are not applicable during the course of subsequent discovery.

### DEFENDANTS DEMAND A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE

### COUNTERCLAIM

For their Counterclaim in this matter, Counterclaim Plaintiffs Sun Social Media, Inc., Constantin Luchian and Konstantin Bolotin, through their counsel, state as follows:

### Parties

1.     Counterclaim Plaintiff Sun Social Media, Inc. ("SSM") is a Delaware Corporation, with a regular place of business in Florida.

2.     Counterclaim Plaintiff Constantin Luchian ("Luchian") is an individual residing in the state of Florida.

3.     Counterclaim Plaintiff Konstantin Bolotin ("Bolotin") is an individual residing in the state of Florida.

4.     On information and belief, Counterclaim Defendant Hydentra HLP Int. Limited d/b/a MetArt, d/b/a SexArt ("Hydentra") is a foreign corporation organized under the laws of Cyprus, with a regular place of business in Los Angeles, California.

### Jurisdiction

5.     This Court has personal jurisdiction over Hydentra inasmuch as it voluntarily agreed to jurisdiction in this court by filing its Complaint here.

25

6.     This Court has supplemental jurisdiction over the Counterclaim pursuant to 28 U.S.C. § 1367.

**Facts**

7.     SSM operates a number of adult entertainment websites, including Playvid.com, Feedvid.com, Playvids.com and Peekvids.com (collectively, the "Websites").

8.     SSM complies with the requirements to qualify for the safe-harbor provisions of the Digital Millennium Copyright Act (the "DMCA").

9.     The videos and other substantive content on the Websites are uploaded onto the Websites by users of the Websites, and not by SSM or its agents.

10.    SSM does not have actual knowledge that any files on its Websites are infringing, or, in the absence of such actual knowledge, it not aware of facts or circumstances from which allegedly infringing activity is apparent, or, upon obtaining such knowledge or awareness, acts expeditiously to remove, or disable access to, allegedly infringing material.

11.    SSM does not receive a financial benefit directly attributable to any allegedly infringing activity on the Websites.

12.    Upon notification of claimed infringement, SSM acts expeditiously to remove, or disable access to, the material that is claimed to be infringing.

13.    SSM has at all relevant times designated an agent to receive notifications of claimed infringement (its "DMCA Agent") by making available through its Websites and by providing to the United States Copyright Office the information for its agent.

14.    SSM has adopted and reasonably implemented, and has informed users of the Websites of, a policy that provides for the termination in appropriate circumstances of users who are repeat infringers.

15.     SSM accommodates and does not interfere with standard technical measures that are used by copyright owners to identify or protect copyrighted works.

16.     The DMCA provides for a procedure whereby the holder of a copyright can request that a website operator like SSM remove materials that the copyright holder alleges to be infringing of its rights under the copyright laws.  This request is typically known as a "DMCA takedown notice."

17.     As indicated above, SSM provides, at its Websites and as filed with the United States Copyright Office, contact information for copyright owners and their agents who wish to send DMCA takedown notices.

18.     Although SSM provides both a physical mailing address and an email address and fax number for its DMCA Agent, it is standard practice that large content producers – such as Hydentra – who send multiple DMCA takedown notices to do so via electronic means.

19.     There are multiple reasons for this: (a) electronic notices provide a copyright holder with a legitimate desire to protect its copyright interests a much faster method to have infringing materials removed from a website; (b) electronic notices are easier and more cost-effective to send; (c) electronic notices allow for a content provider to report, in a single notice, multiple instances of alleged infringement; and (d) perhaps most importantly, electronic notices allow website owners to more accurately and promptly remove infringing materials with less risk of error.  This is true because the URL addresses where the infringing materials may be located often have particularly complex and non-intuitive character strings.

20.     For example, in the present case, Hydentra asked for the removal of allegedly infringing materials located at the URL address: http://www.playvid.com/watch/OZoeQgEkQPE. If notice had been provided to SSM electronically, SSM could check and remove the allegedly

infringing materials with a few clicks of a mouse.  If, however, the DMCA takedown notice is

sent in hard copy, an individual either has to hand-type the URL address into the removal system

(which is subject to human error) or the notice must be electronically scanned and subjected to

optical character readers, which are particularly susceptible to errors when confronted with

strings of random characters, such as those involved here.

21.     On multiple occasions prior to January of 2015, Hydentra, through its agent Nate

Glass, sent multiple DMCA takedown notices to SSM by email, which SSM promptly processed

by removing the complained of content and terminating repeat infringers as appropriate in

accordance with the safe-harbor provisions of the DMCA.

22.     Mr. Glass sent these electronic notices on October 13, 2013 and March 10, 2014

Mr. Glass also sent further notices by email on March 4, 2015.  All such notices were

appropriately processed and the content complained of in the notices promptly removed from the

Websites.

23.     However, Hydentra purports that a difference agent, Jason Tucker of Battleship

Stance LLC, purportedly sent dozens of paper notifications by the US Postal Service to SSM's

designated agent in January of 2015.

24.     This was an intentional deviation from the established mode of communicating

DMCA takedown notices by email (which is faster, safer and easier to send and process for both

the complaining party and the receiving party).

25.     Given that SSM had promptly responded to all of Mr. Glass's notifications both

before and after Mr. Tucker's notifications, these paper notices were clearly sent in bad faith and

in the hope that they would be lost or improperly processed in order to manufacture a pretext for

filing a lawsuit against SSM.  In addition, because the links complained of are usually comprised

of very long strings of characters, sending paper notices increases the chances that a recipient will accidentally be unable to locate the link complained of.

26.     As it happened, SSM's DMCA Agent's landlord lost the paper notices sent by Mr. Tucker (if they were in fact sent).  Consequently, the notices were never received by SSM and therefore could not be processed by SSM.

27.     In sending these hard copy notices, Hydentra was not attempting to vindicate legitimate rights under the DMCA and the Copyright Act, but rather it was a set up to entrap Counterclaim Plaintiffs into unintentional violations.

28.     Over the course of the last twelve months, Hydentra has filed at least 18 near-identical federal lawsuits (including the present one) against the owners and operators of adult entertainment websites, including at least five within the Southern District of Florida.

29.     On information and belief, in each of those cases, Hydentra has utilized the same *modus operandi*, namely sending hundreds – and in some cases thousands – of pages of hard copy DMCA takedown notices to the defendants immediately prior to initiating suit.

30.     Hydentra's actions are not the actions of a content producer seeking to legitimately enforce its copyrights, but rather are intended to misuse such copyrights and force website owners and operators to enter into settlement agreements lest they incur crippling legal fees fighting the improper claims.

31.     Hydentra's agent, Mr. Tucker, has previously spoken publically about his willingness to utilize the legal process with improper ulterior motives.  For example, in one television documentary, Mr. Tucker stated: "… we're going to go hurt some people with the legal system, and it's going to be costly for them.   And we've got the money to go fight them and fight them to the death."

32.     On information and belief, the present lawsuit (and, indeed, the 18 lawsuits filed by Hydentra around the country) are an example of Mr. Tucker's stated strategy: a frivolous suit brought not to vindicate legitimate rights, but instead with the goal of either forcing an unjustified settlement or driving legitimate websites out of business.

33.     On information and belief, Hydentra's intent in the many lawsuits filed over the past year is not to vindicate legitimate rights, but rather to manufacture baseless copyright claims in an attempt to create a new revenue stream for Hydentra.

### Count I
### Abuse of Process

34.     Counterclaim Plaintiffs repeat, re-allege and incorporate each and every allegation of the preceding paragraphs of the Counterclaim as if set forth herein.

35.     By its actions as set forth above, Hydentra has engaged in an illegal, improper and/or perverted use of process against Counterclaim Plaintiffs by filing the Complaint in this action.

36.     Hydentra had an ulterior motive and/or purpose in exercising the illegal, improper and/or perverted use of process against Counterclaim Plaintiffs.  Specifically, and without limitation, Hydentra's sending of paper notices was not an attempt to vindicate legitimate rights, but a set up to entrap potential defendants into unintentional violations.

37.     Counterclaim Plaintiffs have suffered damages as a direct and proximate result of Hydentra's actions as set forth herein.

### Requested Relief

WHEREFORE, Counterclaim Plaintiffs pray that this honorable court will award the following:

1.     Enter judgment for Counterclaim Plaintiffs on its Counterclaims;

2.      Award Counterclaim Plaintiffs damages and losses as determined at trial, including, without limitation, actual damages, consequential damages, punitive damages, attorney's fees, multiple damages, treble damages, interest and costs as may be provided by law; and

3.      Grant Counterclaim Plaintiff such other relief as the Court deems just and proper.

Respectfully submitted this 5th day of February, 2016.

> COBB EDDY, PLLC
> 642 Northeast Third Avenue
> Fort Lauderdale, Florida 33304
> Telephone (954) 527-4111
> Facsimile  (954) 900-5507
>
> **By: ___/s/ BRADY J. COBB_____**
> BRADY J. COBB, ESQUIRE
> Florida Bar No. 031018
> bcobb@cobbeddy.com
>
> *Attorney for Defendants Constantin Luchian, Konstatin Bolotin, and Sun Social Media Inc.*

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record on the service list below this 6th day of February, 2016.

> **/s/ Brady J. Cobb_____**
> Brady J. Cobb

## <u>SERVICE LIST</u>

Aaron Behar, Esquire
Jaclyn Behar, Esquire
BEHARBEHAR
1840 North Commerce Parkway
Suite One
Weston, Florida 33326
Telephone: (954) 688-7642
Facsimile: (954) 332-9260
AB@BeharBehar.com
JB@BeharBehar.com

Spencer D. Freeman
Freeman Law Firm, Inc.
1107 1/2 Tacoma Avenue South
Tacoma, Washington 98402
Telephone: (206) 516-3800
Facsimile: (206) 516-3888
sfreeman@freemanlawfirm.org