UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cv-22134-UU

HYDENTRA HLP INT. LIMITED,

    Plaintiff,

v.

CONSTANTIN LUCHIAN, *et al.*,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Amend Scheduling Order to Permit Defendant to Amend Answer to Add Counterclaims.  D.E. 64.

THE COURT has considered Motion, the pertinent portions of the record and is otherwise fully advised in the premises.  It is hereby

On June 4, 2015, Plaintiff filed this action against Defendants, asserting a number of copyright and trademark infringement claims.  D.E. 1.  On September 1, 2015, Defendants filed their Answer and Affirmative Defenses.  D.E. 32.  On September 14, 2015, the Court issued a Trial Order, setting a deadline of October 30, 2015 for amended pleadings.  D.E. 33.  On October 15, 2015, Defendants filed their Motion for Leave to File First Amended Answer and Affirmative Defenses.  D.E. 38.  On October 16, 2015, this Court granted Defendants' Motion.  D.E. 39.  On February 5, 2016, Defendants filed their Motion to Amend Scheduling Order to Permit Defendant to Amend Answer to Add Counterclaims.  D.E. 64.  In their Motion, Defendants contend that they discovered pertinent information through discovery and seek leave to file a counterclaim against Plaintiff for abuse of practice under Florida state law.

District courts are required to enter orders limiting the time within which litigants may add parties and amend pleadings, and such orders may be modified only "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) ("This good cause standard precludes modification unless the schedule cannot 'be set despite the diligence of the party seeking the extension.'"). Furthermore, "[a] district court's decision to enforce its pre-trial order will not be disturbed on appeal absent an abuse of discretion." *Sosa*, 133 F.3d at 1418 (citing *Santiago v. Lykes Bros. Steamship Co.*, 986 F.2d 423, 427 (11th Cir. 1993)).

Defendants are seeking leave of Court to assert a counterclaim against Plaintiff nearly three months <u>after</u> the deadline to amend pleadings has passed. D.E. 64. Aside from the fact that this Court would declines to exercise supplemental jurisdiction oversuch a Florida state law claim, the Court is not satisfied that Defendants have set forth sufficient justification to meet the good cause standard that is required under Federal Rule of Civil Procedure 16(b)(4) prior to this Court extending deadlines contained within the Trial Order. In their Motion, Defendants concede that this "new" information was discovered on January 18 and 19, 2016 during depositions. Since September, Defendants have been aware that the deadline for discovery was January 22, 2016. In scheduling pertinent depositions right before the discovery cut-off, the Court is not convinced that Defendants engaged in the due diligence that is necessary prior to the expiration of these deadlines to justify an extension of time. Accordingly, it is hereby

ORDERED and ADJUDGED that Defendants' Motion to Amend Scheduling Order to Permit Defendant to Amend Answer to Add Counterclaims (D.E. 64) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 8th__ day of February, 2016.

*Ursula Ungaro*
_____
UNITED STATES DISTRICT JUDGE

cc:
counsel of record via cm/ecf