UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 1:15-cv-22134-UU

HYDENTRA HLP INT LIMITED,
a foreign corporation d/b/a METART,

        Plaintiff,

vs.

CONSTANTIN LUCHIAN, an individual,
KONSTANTIN BOLOTIN, an individual,
SUN SOCIAL MEDIA, INC., a corporation,
individually and d/b/a PLAYVID.COM,
FEEDVID.COM, PLAYVIDS.COM, and
PEEKVIDS. COM; PLAYVID.COM;
FEEDVID.COM; PLAYVIDS. COM;
PEEKVIDS.COM and;
and John Does 1-20,

        Defendants.

_____/

**PLAINTIFF'S MOTION FOR SANCTIONS AGAINST VALENTIN GURVITS
FOR THE UNLICENSED PRACTICE OF LAW AND AGAINST DEFENDANTS
FOR THEIR RESULTING FAILURE TO APPEAR AT MEDIATION**

        Plaintiff, HYDENTRA HLP INT LIMITED d/b/a METART ("Plaintiff"), through

the undersigned counsel, files this Motion for Sanctions Against Valentin Gurvits for the

Unlicensed Practice of Law and Against Defendants for their Resulting Failure to Appear

at Mediation, and in support states the following.

        1.      It is with great reluctance that Plaintiff brings to this Court's attention an

unfortunate set of circumstances that has unraveled during the course of this litigation

and culminated in what appears to be a foreign lawyer's (non-lawyer's) unlicensed practice of law before this Court during a court-ordered mediation.[1]

2.      Plaintiff filed its Complaint on June 4, 2015. [D.E. #1]. On August 27, 2015, attorney Brady Cobb filed a notice of appearance on behalf of Konstantin Bolotin and Sun Social Media. [D.E. #27]. On September 1, 2015, Mr. Cobb filed an Answer to the Complaint on behalf of his clients and Constantin Luchian, who he appears to also represent. [D.E. #32]. Mr. Cobb is licensed to practice in the State of Florida and remains in good standing with The Florida Bar.

3.      Valentin Gurvits is a co-founding partner at the Boston Law Group and is licensed in Massachusetts.[2] In the past, Mr. Gurvits has only appeared in a representative capacity in Florida on a pro hac vice basis. Mr. Gurvits is presently admitted in the Southern District of Florida on a pro hac vice basis only in the matter of *Hydentra HLP Int. Limited v. Maximum Apps, Inc. d/b/a sex.com, Clover Holdings Limited Partnership, Sex.com, Frederic Valiquette, and John Does 1-20*, Case No.: 15-22463-Civ-Cooke/Torres.

4.      At no time has Mr. Gurvits sought pro hac vice admission with this Court in relation to the instant lawsuit. A cursory review of the Court's docket will demonstrate

---

[1]   Pursuant to 10-2(c) of the Rules Governing the Investigation and Prosecution of the Unlicensed Practice of Law, a "non-lawyer" or "non-attorney" is defined as "an individual who is not a member of The Florida Bar. This includes, but is not limited to, lawyers admitted in other jurisdictions."

[2]   The website for the Boston Law Group (bostonlawgroup.com) reflects that Mr. Gurvits is the "co-founding partner of the Boston Law Group." A review of the other members of the firm reflects there is one paralegal, one associate and one of-counsel attorney. Therefore, it appears that at this time Mr. Gurvits is *the* founding partner and *only* partner of the law firm.

that not only has no such motion been filed, but Mr. Cobb appears as the *only* counsel of record for the Defendants.

5.      Despite his failure to seek admission on a pro hac vice basis, Mr. Gurvits has repeatedly sought to inject himself into these proceedings on a number of occasions, and each time Plaintiff has objected.

6.      *First*, on December 16, 2016, the parties attended a discovery hearing before The Honorable Magistrate Judge Otazo-Reyes. The "Paperless Minute Entry" recorded on the Court's docket reflects that Brady Cobb and Val Gurvits appeared for the Defendants. [D.E. #57]. During the hearing, Mr. Gurvits began making legal argument to the Court, at which time Plaintiff's counsel immediately notified the Court that Mr. Gurvits was not an attorney admitted in Florida or on a pro hac vice basis, and the Court obligated Mr. Cobb to argue Defendants' position. Following this hearing and with knowledge of Plaintiff's position, Mr. Gurvits nevertheless failed to seek pro hac vice admission on this case.

7.      *Second*, on January 15, 2016, Plaintiff's counsel and Mr. Cobb had exchanged a number of emails concerning Mr. Cobb's scheduling conflict just prior to Defendants' depositions. During this exchange, Mr. Cobb wrote of his conflict and stated, "Val[entin] can attend the deposition on Monday with our corporate representative, however you have previously objected to his appearance in proceedings (at the Motion to Compel). Please let me know if you will let Val attend the deposition on Monday. . . . If you object to Val's appearance, we will be forced to cancel it."

8.      In response, Plaintiff's counsel again voiced its objections and stated, " . . . [Valentin's] being there as a participating attorney presents an entirely different issue. . . .

I don't think that I can agree to it even should I have no problem with it. It would render me *complicit in the unlicensed practice of law* in Florida." Plaintiff's counsel also raised the obvious question at this point where Mr. Gurvits's admission has become the focus of the communications – "I am wondering why Val hasn't filed pro hac app[lications] even though he keeps signing documents pro hac vice."

9.      Mr. Cobb responded to this simple inquiry by stating, quite cryptically, "The issue as to why Val has not filed the pro hac's yet will be addressed in a future motion." Since January 15, 2016, no such motion has been filed and Defendants have not sought to confer with Plaintiff on any such motion.

10.      *Third*, despite Plaintiff's repeated objections to Mr. Gurvits's participation in this case as an un-admitted attorney, Mr. Gurvits appeared as *the only "counsel"* on behalf of all Defendants (individual and corporate Defendants) at a court ordered mediation on February 5, 2016 that took place in Miami, Florida.[3]

11.      At the commencement of the mediation, the mediator required that all individuals present complete a "Mediation Attendance Sheet." As demonstrated by the *Attendance Sheet attached as Exhibit "A"*, Mr. Gurvits included the following information: (a) his printed name; (b) his work email, which was required *of counsel only*, and (c) his notation that he appeared on behalf of "DEF", which presumably means "Defendants" in this action.[4] At no time prior to the parties' appearance at mediation was

---

[3] Notably, Plaintiff's counsel and corporate representative both incurred significant expense in traveling from Tacoma, Washington and Los Angeles, California, respectively, including airfare, hotel, transportation and attorneys' fees.

[4] In an abundance of caution, and as required by Florida Rule of Judicial Administration 2.425(5), Plaintiff redacts a portion of Mr. Gurvits's email address, although such is already a public record as a result of his appearance in other matters before the Southern District of Florida.

Plaintiff or its counsel on notice that Mr. Gurvits would appear at mediation solely on behalf of Defendants without Mr. Cobb's presence.

12.      Following mediation, the mediator prepared a "Mediator's Report" that provides, "The parties and/or their *respective counsel* and/or representatives, attended mediation. . . ." [D.E. #63] [5]

13.      During mediation, Mr. Gurvits spoke on behalf of Defendants, evaluated Plaintiff's settlement demand, offered Defendants legal advice, developed and secured authorization to propose a counter-offer and indeed made such counter-offer.

14.      Assuming, *arguendo*, that Mr. Bolotin and Mr. Luchian claim to have represented themselves at mediation so that Mr. Gurvits's appearance becomes less suspect, Sun Social Media cannot claim such self-representation. As a corporate Defendant, SSM must appear through counsel, as a matter of law. *Fed. Trade Comm'n v. Gem Merch. Corp.*, No. 95-8364, 1995 WL 623168, at *1 (11th Cir. 1995)(per curiam); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel.")(internal citations omitted). Therefore, at a minimum, Mr. Gurvits appeared on behalf of at least one Defendant at mediation in Florida. Nevertheless, this Court's Local Rule 11.1(d)(4) would prohibit such self-representation by the individual Defendants after Mr. Cobb had appeared on their behalves. Thus, because Mr. Gurvits is not licensed in Florida and has not been admitted on a pro hac vice basis, his participation at mediation constitutes the unlicensed practice of law in Florida.

---

[5] It is evident that Mr. Gurvits failed to disclose to the mediator the fact that he is unlicensed in Florida and not admitted on a pro hac basis to represent the Defendants.

15.    Prior to filing this Motion, counsel for Plaintiff conferred with Mr. Cobb as to the relief sought. Mr. Cobb opposes this Motion.

16.    As a result of these unfortunate circumstances, Plaintiff seeks the following relief against Mr. Gurvits, his law firm and Defendants:[6]

a.    First, Plaintiff seeks sanctions against **Mr. Gurvits**, including but not limited to contempt of court, not only for his repeated attempts to appear in this case without the Court's approval, but for having actually practiced law in Florida by participating in mediation on behalf of all Defendants (or at a minimum on behalf of SSM). These sanctions should include the revocation of his prior admissions on a pro hac vice basis in the Southern District of Florida (Case No.: 15-22463-Civ-Cooke/Torres) and a ban on future admissions on a pro hac vice basis.

b.    Second, **Mr. Gurvits's law firm, the Boston Law Group**, should likewise be disqualified from the continued and future representation of any party in the Southern District of Florida. Because it appears from the law firm's website that Mr. Gurvits is the only partner (or at a minimum the co-founding partner), the disqualification of the entire law firm would be necessary to avoid any other attorney's circumvention of the relief sought in paragraph (a) above.

c.    Third, **Mr. Gurvits and his law firm** should be enjoined from having any direct or indirect contact with any party, opposing counsel or third party to these proceedings.

d.    Fourth, **Mr. Gurvits and his law firm** should be enjoined from discussing, construing or interpreting the applicability of any case law, statutory law, or any other law with any opposing counsel; preparing pleadings, motions or any other legal documents or explaining the significance of any documents with any party, opposing counsel or third party to these proceedings.

e.    Fifth, **Mr. Gurvits and his law firm** should be enjoined from having direct or indirect contact in the nature of consultation, explanation, recommendation, advice or assistance in the selection of any legal remedy or course of action in these proceedings.

---

[6] This Court has the inherent authority to award Plaintiff the relief requested. The injunctive relief requested is also authorized pursuant to *The Florida Bar v. Neiman*, 816 So.2d 587 (Fla. 2002).

f.  Sixth, **Mr. Gurvits and his law firm** should be enjoined from suggesting, directing or participating in the accumulation of evidence supporting any legal claim in these proceedings.

g.  Seventh, **Mr. Gurvits and his law firm** should be enjoined from soliciting or accepting any attorney's fees in this matter.

h.  Eighth, Plaintiff seeks sanctions against **each Defendant** for their failure to appear at a court ordered mediation. Because Defendant's counsel at mediation was unlicensed in Florida and not admitted to practice before this Court, in effect Defendants had no legal representation at mediation, and thus for all purposes, failed to appear. Even if the Court finds that Mr. Luchian and Mr. Bolotin may have appeared in their individual capacities, the same cannot be said for SSM, and thus the corporate Defendant failed to comply with the Court's Order.

i.  Ninth, Plaintiff seeks reimbursement of its attorneys' fees and costs against **Mr. Gurvits and the Defendants**, jointly and severally, for their violations of not only this Court's Mediation Order, but of this Court's rules governing the appearance of counsel practicing before it.

j.  Tenth, Plaintiff seeks the entry of a default judgment against Defendants for their bad faith failure to comply with the Court's orders and rules of procedure by delaying and/or disrupting the litigation and hampering the enforcement of the Court's Mediation Order. Absent entry of a default judgment, Plaintiff requests sanctions be entered as set forth in Fed.R.Civ.P. 37(b)(2)(A)(ii), (iii), (vi) and/or (vii).

k.  Eleventh, given the brazen conduct detailed in this Motion, Plaintiff asks the Court to impose all other sanctions it deems appropriate given the nature of the issues raised.

**WHEREFORE,** Plaintiff respectfully requests this Court grant the instant Motion and enter an Order consistent with the relief sought in the previous paragraph.

## MEMORANDUM OF LAW

To start, Rule 11.1 of the Local Rules for the Southern District of Florida governs the attorneys who practice before this Court. Rule 11.1(a) provides that, "The Bar of this Court shall consist of those persons heretofore admitted and those who may hereafter be admitted in accordance with the Special Rules Governing the Admission and Practice of

Attorneys in this District." S.D. Fla. L.R. 11.1(a). Rule 11.1(b) further provides that "Any

person who before his or her admission to the Bar of this Court . . . exercises in this

District in any action or proceeding pending in this Court any of the privileges of a

member of the Bar, or who pretends to be entitled to do so, may be found guilty of

*contempt* of Court." Rule 11.1(d)(4) provides:

> Whenever a party has appeared by attorney, the party cannot thereafter
> appear or act on the party's own behalf in the action or proceeding, or take
> any step therein, unless an order of substitution shall first have been made
> by the Court, after notice to the attorney of such party, and to the opposite
> party; provided, that the Court may in its discretion hear a party in open
> court, notwithstanding the fact that the party has appeared or is
> represented by an attorney.

This Court entered an Order of Referral to Mediation on September 15, 2015

[D.E. #34], where the Court expressly required the appearance at mediation of all counsel

of record. The Order provides the following important obligations and warnings:

> 3.  A place, date and time for mediation convenient to the mediator,
> *counsel of record*, and unrepresented parties shall be established. . . .
>
> 4.  *The appearance of counsel and each party is mandatory*.
>
> 7.  The Court may impose sanctions against parties and/or counsel who do
> not comply with the attendance . . . requirements herein or who otherwise
> violate the terms of the Order. The mediator shall report non-attendance
> and may recommend imposition of sanctions by the Court for non-
> attendance.
>
> 11.  If mediation is not conducted, the case may be stricken from the trial
> calendar, and *other sanctions may be imposed*.[7]

Defendants and Mr. Gurvits violated this Court's Mediation Order. In paragraph 3

of the Order, the Court contemplated that counsel "of record" attend mediation, hence the

---

[7] Plaintiff does not wish for this Court to remove it from the trial docket as Plaintiff is not
at fault for the violations of the Court's Order or other legal obligations set forth in this
Motion. Instead, Plaintiff seeks the imposition of sanctions as more fully described
herein.

requirement that mediation be conveniently scheduled for such counsel. Only Mr. Gurvits appeared. Paragraph 4 of the Order could not be clearer – counsel's appearance is *mandatory*. Again, only Mr. Gurvits appeared rather than counsel of record, thus sanctions are appropriate pursuant to paragraph 7 of the Order. While the Mediation Attendance Sheet *(Exhibit A) and* Mediator's Report (D.E. #63) reflect that counsel was present at mediation, it is evident the mediator was mislead into believing Mr. Gurvits was properly before him. The parties are again warned of sanctions for violating the Court's Order in paragraph 11. To the extent any individual Defendant suggests he appeared *pro se* at the mediation, thus limiting Mr. Gurvits's liability, such position must fail pursuant to Local Rule 11.1(d)(4) as no order of substitution has ever been submitted or entered by the Court.

The appearance of counsel at mediation is, as a matter of law, the practice of law. In *Florida Bar v. Neiman*, 816 So.2d 587 (Fla. 2002), the Florida Supreme Court set forth the definition of the "practice of law" as follows:

> [I]n determining whether the giving of advice and counsel and the performance of services in legal matters for compensation constitute the practice of law it is safe to follow the rule that if the giving of such advice and performance of such services affect important rights of a person under the law, and if the reasonable protection of the rights and property of those advised and served requires that the persons giving such advice possess legal skill and a knowledge of the law greater than that possessed by the average citizen, then the giving of such advice and the performance of such services by one for another as a course of conduct constitute the practice of law.

*Id.* citing *State ex rel. Florida Bar v. Sperry*, 140 So.2d 587, 591 (Fla. 1962). In applying this definition to the facts presented in *Neiman*, the Florida Supreme Court concluded there are an extensive set of facts that constitute the unlicensed practice of law: participating in settlement negotiations, discussing case law and legal strategy with

clients, speaking on behalf of clients, and arguing the legal merits of a case. *Id.* During the mediation in the present case, Plaintiffs made a settlement demand to Defendants. Mr. Gurvits and Defendants, at a minimum, considered the demand and rejected the demand. Mr. Gurvits thereafter made a counter-offer, which required him to consult with Defendants, provide them with legal advice, obtain authority and speak with the mediator on behalf of Defendants. By definition, such negotiations and active participation in mediation is the unlicensed practice of law. *See also Florida Bar v. Rapoport*, 845 So.2d 874 (Fla. 2003) (enjoining Washington D.C. attorney not licensed in Florida from representing clients in a securities arbitration matter before the AAA, NASD and NYSE).

Similarly, the Mediator Qualifications Advisory Panel published an Advisory Opinion dated July 3, 1999, entitled "Unlicensed Practice of Law" in which the following question was posed, "Can a non-lawyer employee of an attorney negotiate on behalf of the attorney's client at mediation, if the attorney is present and all persons at the mediation know of the non-lawyer's capacity?" In response, the Panel stated, "A non-lawyer employee of an attorney may negotiate on behalf of the attorney's client at mediation *if the attorney is present* and all persons at the mediation are aware of the non-lawyer's capacity. In both this and the above instance, *the agreement of all parties is required* for the mediation to proceed." *A copy of the Advisory Opinion is attached as Exhibit "B"*. Here, Mr. Cobb was not present at mediation. Likewise, Plaintiff's agreement was never secured (nor solicited) to permit Mr. Gurvis to participate. In fact, given Plaintiff's counsel's several prior objections at the hearing on the Motion to Compel and in emails, such agreement cannot have even been inferred.

In *Textron Fin. Corp. v. RV Having Fun Yet, Inc.,* 2010 U.S. Dist. LEXIS 25917, 2010 WL 1038503 (M.D. Fla. 2010), the Middle District of Florida found that "it is well established that the district court has authority to . . . enter default judgment . . . for failure to . . . comply with its order or rules of procedure." *Id. citing Flaska v. Little River Marine Constr. Co.,* 389 F.2d 885, 887 (5th Cir. 1968). The court went on to state the following as it pertains to the imposition of sanctions:

> Indeed, where a party demonstrates bad faith, district courts possess the inherent power to impose such sanctions "in the interest of the orderly administration of justice." *Flaksa,* 389 F.2d at 887 (internal quotations omitted); *In re Sunshine Jr. Stores, Inc.,* 456 F.3d 1291, 1304 (11th Cir. 2006); *Ward v. Real Ships, Inc.,* No. 09-0065-WS-N, 2009 U.S. Dist. LEXIS 80297, 2009 WL 2783217, at *1 (S.D. Ala. Aug. 31, 2009). "'*A party . . . demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order.*'" *Sunshine Jr. Stores,* 456 F.3d at 1304 (*quoting Byrne v. Nezhat,* 261 F.3d 1075, 1121 (11th Cir. 2001)). However, "'because of their very potency, inherent powers must be exercised with restraint and discretion.'" *Id.* at 1305 (*quoting Chambers v. NASCO, Inc.,* 501 U.S. 32, 44, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)).

> Additionally, Rule 16(f) authorizes a court to impose sanctions *"if a party or its attorney: . . . fails to obey a scheduling or other pretrial order."* Sanctions under this Rule are designed to "punish lawyers and parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation." *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985). A court may impose the same sanctions under Rule 16(f) that are permitted for discovery violations under Rule 37(b)(2)(A)(ii)-(vii). *See* Rule 16(f). Thus, a court is authorized to render a default judgment against a party that fails to comply with the court's pretrial orders. *See* Rule 16(f); Rule 37(b)(2)(A)(vi).

> However, "the decision to enter a default judgment[ ] ought to be a last resort - ordered only if noncompliance with [court] orders is due to *willful or bad faith disregard for those orders*." *Cox v. Am. Cast Iron Pipe Co.,* 784 F.2d 1546, 1556 (11th Cir. 1986) (alterations added); *Malautea v. Suzuki Motor Co. Ltd.,* 987 F.2d 1536, 1542 (11th Cir. 1993). As such, this sanction is warranted *"only on a clear record of delay or willful contempt."* *Central Fla. Council Boy Scouts of Am., Inc. v. Rasmussen,* No. 6:07-cv-1091-Orl-19GJK, 2009 U.S. Dist. LEXIS 77439, 2009 WL

2781540, at *5 (M.D. Fla. Aug. 28, 2009). Indeed, as a sanction, default judgment is appropriate only "'when less drastic sanctions would not ensure compliance with the court's orders.'" *Sunshine Jr. Stores*, 456 F.3d at 1306 (*quoting Malautea*, 987 F.2d at 1542.). Thus, a court should apply this sanction only in "extreme circumstances." *See Flaksa*, 389 F.2d at 888.

This Court's own Order of Referral to Mediation [D.E. #34] similarly warns against any non-compliance with the clear requirements imposed on all parties/attorneys involved – "The Court may impose sanctions against parties and/or counsel who do not comply with the attendance . . . requirements herein or who otherwise violate the terms of the Order." *Id.* at parag. 7. The circumstances here warrant the imposition of all available sanctions against Mr. Gurvits and Defendants – they not only violated this Court's Order but Florida law as well.

First, Mr. Gurvits and Defendants demonstrated bad faith by *knowingly* delaying and disrupting the litigation and hampering the enforcement of the Court's Mediation Order. Mr. Gurvits knowingly practiced law in this jurisdiction without license or this Court's authorization. Defendants know (or should know) that Mr. Cobb (and not Mr. Gurvits) represents them. Defendants knew (or should have known) that only their attorney of record could have represented them at the mediation. Both Mr. Gurvits and Defendants disregarded their obligations and responsibilities and did so knowingly and in bad faith.

Second, Rule 16(f) authorizes sanctions be imposed if a lawyer or party fails to obey a scheduling or other pretrial order, which includes this Court's Mediation Order. Fed.R.Civ.P. 16(f)(1)(C). These sanctions include all of those authorized by Rule 37(b)(2)(A)(ii)-(vii). Here, Plaintiff seeks the entry of a default judgment against Defendants. Alternatively, and in the event the Court declines to enter such default

judgment, Plaintiff would then seek those remedies authorized in Rule 37(b)(2)(A)(ii), (iii) and/or (vii).

Third, a review of the history of Mr. Gurvits's participation in this case and Plaintiff's repeated objections demonstrate that the noncompliance with the Court's Mediation Order was willful and done in bad faith. As explained above, Plaintiff had objected to Mr. Gurvits's participation during the hearing on the Motion to Compel and in subsequent emails with Mr. Cobb. Despite Defendants and Mr. Gurvits's knowledge of such opposition, they nevertheless balked at Plaintiff's position and appeared at mediation. For all purposes, Defendants' "appearance" without counsel is no appearance at all, and Mr. Gurvits's appearance constitutes the unlicensed practice of law. Indeed, pursuant to this Court's Local Rule 11.1(b), Mr. Gurvits's actions are deemed to constitute contempt of court. What more bad faith could any party or individual attempting to practice before this Court demonstrate in order to justify entry of a default judgment or other severe sanctions?

As a result of the conduct described herein, Plaintiff requests this Court enter an Order consistent with paragraph 16(a) – (k) above and take all further action it deems necessary under the circumstances.

## **CERTIFICATION OF 7.1 CONFERENCE**

Counsel for Plaintiff has conferred with counsel for Defendants, Brady J. Cobb, Esq., and represents that Mr. Cobb *opposes* the relief requested herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of February, 2016 we electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Brady J. Cobb, Esq. *(Counsel for Defendants).*

Respectfully submitted,

BeharBehar
1840 North Commerce Parkway
Suite One
Weston, Florida 33326
Telephone: (954) 688-7642
Facsimile: (954) 332-9260
E-mail: AB@BeharBehar.com

By:  */s/Aaron Behar, Esquire*
Aaron Behar, Esquire
Florida Bar No.: 166286
Jaclyn Behar, Esquire
Florida Bar No.: 63833
***Counsel for Plaintiff***

And:   Spencer D. Freeman
          Freeman Law Firm, Inc.
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
Telephone:  (253) 383-4500
Facsimile:  (253) 383-4501
E-mail:
sfreeman@freemanlawfirm.org
***Counsel for Plaintiff***
(Admitted pro hac vice)

# EXHIBIT "A"

MEDIATION ATTENDANCE SHEET

HYDENTRA, etc.

v. Constantin Luchian, et al.

CASE NO.: 1:15-CV-22134-UU

DATE: 2/5/16

| Print Name | Email Counsel only | Cell # Counsel only | Identify party on whose behalf you are attending and capacity in which you are attending (counsel, party representative, etc.) |
|---|---|---|---|
| Konstantin Bolotin | VAC ████████████ group.com | | DEF. |
| VAL GURVITS | | | |
| Constantin Luchian | | | |
| Spencer Freeman | sfreeman@freemanlawfirm.org | ████ 355 7724 | Plaintiff |
| Aaron Behar | AB@BeharBehar.com | 954 560-7171 | Plaintiff |
| ANON LISBONA | | | |

# EXHIBIT "B"

MQAP
99-004

# *Advisory Opinion*

MEDIATOR QUALIFICATIONS ADVISORY PANEL

July 3, 1999

c/o Dispute Resolution Center ┃ Supreme Court Building ┃ Tallahassee, FL 32399-1905

## THE QUESTION

RE:    Unlicensed Practice of Law

Dear Ms. Posey:

I would appreciate your providing to me information with regard to the following two matters:

1.    Can a nonlawyer assist an unrepresented party at a court ordered mediation and participate in the negotiations?

2.    Can a nonlawyer employee of an attorney negotiate on behalf of the attorney's client at mediation, if the attorney is present and all persons at the mediation know the nonlawyer's capacity?

Sincerely yours,

Certified Circuit Mediator
Southern Division

## SUMMARY OF THE OPINION:

In both instances, the agreement of all parties is required for the mediation to proceed under these circumstances.

## OPINION:

An unrepresented party may be accompanied by a non-party who may assist the party and participate in the negotiations. For example, a husband may accompany a wife, a roommate may appear with a signatory tenant, a garage owner may bring the shop manager. In fact, there are instances in which negotiations may be hampered by the absence of such parties.

The same is true in response to your second question. A non-lawyer employee of an attorney may

Page 1 of 2 - MQAP 99-004

negotiate on behalf of the attorney's client at mediation if the attorney is present and all persons at the mediation are aware of the non-lawyer's capacity.  In both this and the above instance, the agreement of all parties is required for the mediation to proceed.

The Panel's response is limited to the interpretation of mediation rules.  On both issues, you may wish to contact The Florida Bar to determine the appropriateness of such actions under their rules, specifically as they relate to the unauthorized practice of law.

_____          _____
Date                                                                  Charles Rieders, Panel Chair