UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

| | |
|---|---|
| HYDENTRA HLP INT. LIMITED, a foreign corporation d/b/a METART,<br><br>   Plaintiff,<br><br>v.<br><br>CONSTANTIN LUCHIAN, an individual, KONSTANTIN BOLOTIN, an individual, SUN SOCIAL MEDIA, INC., a corporation, individually and d/b/a PLAYVID.COM, FEEDVID.COM, PLAYVIDS.COM and PEEKVIDS.COM; PLAYVID.COM; FEEDVID.COM; PLAYVIDS.COM; PEEKVIDS.COM; and John Does 1-20,<br><br>   Defendants. | **Case No.**<br>**1:15-cv-22134-UU** |

### MOTION AND MEMORANDUM OF LAW OF DEFENDANT CONSTANTIN LUCHIAN FOR SUMMARY JUDGMENT

### INTRODUCTION

It would be hard to overstate precisely how absurd and frivolous the present action is with respect to Defendant Constantin Luchian ("Mr. Luchian"), an individual whose only "connection" to Defendant Sun Social Media, Inc. ("SSM") is the fact that he is employed by IncorporateNow, Inc. ("INI"), a company that provides certain limited administrative services to SSM. The claims against Mr. Luchian make even less sense than if the Plaintiff had named Florida Power and Light as a defendant, reasoning that, if SSM didn't receive electricity, then it couldn't maintain websites where its users allegedly uploaded infringing materials. If a claim

exists against Mr. Luchian, then President Kennedy's famous line should be reframed as "Ich bin ein defendant," because the notion of causation will have been obliterated and everyone everywhere should declare themselves to be a defendant.

Under the assumption, however, that the Southern District of Florida has repealed neither the concept of causation nor common sense, Mr. Luchian moves for an entry of summary judgment in his favor on all counts and states as follows.

## MOTION

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Mr. Luchian hereby moves for summary judgment on all counts of the Complaint. Discovery has revealed no connection – direct or otherwise – between Mr. Luchian and any of the allegations of infringement made by Plaintiff Hydentra HLP Int. Limited ("Hydentra"). Indeed, discovery has not even revealed any relevant connection between Mr. Luchian individually and SSM (or its websites) upon which liability could be based. Because there is no genuine issue of material fact and Mr. Luchian is entitled to judgment as a matter of law, Mr. Luchian respectfully moves that judgment enter in his favor on all counts of the Complaint. The present motion is based on the following memorandum of law, Mr. Luchian's Statement of Material Facts, and Mr. Luchian's Declaration. In addition, Mr. Luchian relies on SSM's Motion and Memorandum for Summary Judgment and the materials submitted in conjunction therewith.

## MEMORANDUM OF LAW

I.  **RELEVANT FACTS**

Mr. Luchian is an owner, employee, and director of INI, a company that provides certain administrative and financial services to its clients. *See* Declaration of Constantin Luchian in Support of Motions for Summary Judgment, ¶ 1 [hereinafter "Luchian Decl."]. Specifically, INI

provides services to its clients in four broad categories: corporate formation and compliance, financial services (such as bookkeeping), DMCA agent services, and trademark registration services. *Id.*, ¶ 3. INI provides such services to its clients strictly on a service provider model. *Id.*, ¶ 4. INI has more than 75 clients to which it provides services of one kind or another. *Id.*, ¶ 5.

SSM has utilized INI's services in three areas: (1) INI assisted SSM in the preparation and filing of SSM's incorporation papers; (2) INI provided bookkeeping services to SSM, and (3) INI serves as the designated DMCA agent for receipt of takedown notices for SSM. *Id.*, ¶ 6. SSM and INI have no common ownership. *Id.*, ¶ 7

Neither INI (which is not a defendant in this action) nor Mr. Luchian are employees of SSM. *Id.*, ¶ 8. Neither are owners of SSM. Neither are directors of SSM. Neither exercise any control whatsoever over the operations of SSM. *Id.* The **only** relationship between SSM and INI is that SSM pays INI to provide the services listed above. *Id.*, ¶ 9.

Neither INI nor Mr. Luchian have any control whatsoever over the websites at issue in this litigation: they have no access or control over what is posted on SSM's websites; they cannot "take down" materials from SSM's websites; and they have no access to SSM's servers. *Id.*, ¶ 10-11. Neither INI nor Mr. Luchian have any financial interest in the performance of SSM or its websites. *Id.*, ¶ 12. INI charges SSM for services rendered in the same manner in which it charges all of its other clients. *Id.*, ¶ 13.

## II.     LEGAL STANDARD

Summary judgment is appropriate where the moving party establishes that "there is no genuine issue as to any material fact and that [it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute between the parties will not defeat a motion for summary

judgment unless it is both genuine and material.  *See* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  "According to the plain language of Fed. R. Civ. P. 56(e), the non-moving party 'may not rely merely on allegations or denials in its own pleadings,' but instead must come forward with 'specific facts showing a genuine issue for trial.'"  Birster v. Am. Home Mortg. Servicing, Inc., 796 F. Supp. 2d 1376, 1378 (S.D. Fla. 2011).  Once the moving party has carried its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts" in question.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Conclusory statements, general denials, and factual allegations not based on personal knowledge [are] insufficient to avoid summary judgment.  Fed. R. Civ. P. 56(e).  Nor may the non-moving party merely attack or discredit the moving party's evidence.  Nat'l Union Fire Ins. Co. v. Argonaut Ins. Co., 701 F.2d 95, 97 (9th Cir. 1983).  To defeat a summary judgment, the non-moving party must affirmatively present specific admissible evidence sufficient to create a genuine issue of material fact for trial.  *See* Fed R. Civ. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."  Walker v. Darby, 911 F. 2d 1573, 1577 (11th Cir. 1990).

### III.  ARGUMENT

#### A.  Mr. Luchian Did Not Upload Any of the Videos on the Websites, Including the Files-in-Suit, and Therefore Cannot Be Liable for Direct Infringement

To state a claim for copyright infringement, a plaintiff must show that the defendant engaged in a volition act causing the copying of the copyrighted material at issue.  *See* Fox Broadcasting Co. v. Dish Network, LLC, 747 F.3d 1060, 1066-68 (9th Cir. 2014); The Cartoon Network LP, LLLP v. CSC Holdings, Inc., 536 F.3d 121, 131 (2d Cir. 2008); Wolk v. Kodak

4

Imaging Network, 840 F.Supp.2d 724, 741-42 ("Direct liability requires 'volitional conduct' that 'causes' the infringement.").

The volitional conduct requirement – a fundamental element of Hydentra's claim – requires that there be sufficient allegations that the defendant engaged in volitional conduct with a nexus sufficiency close and causal to the alleged infringement such that it was the defendant, himself, who actually trespassed on the rights of the copyright owner.  Cartoon Network, 536 F.3d 121, 131-32 (2d Cir. 2008); Disney Enters. v. Hotfile Corp., 798 F. Supp. 2d 1303, 1308 (S.D. Fla. 2011) ("[N]othing in the complaint alleges that Hotfile or Mr. Titov took direct, volitional steps to violate the plaintiffs' infringement.  There are no allegations, say, that Hotfile uploaded copyrighted material.  Therefore, under the great weight of authority, the plaintiffs have failed to allege direct copyright infringement.").

With respect to Mr. Luchian, there is not a scintilla of evidence that he uploaded any files to SSM's websites.  Indeed, the *only* evidence is that Mr. Luchian was (and is) wholly unconnected to the materials that appear at the websites operated by SSM.  No reasonable argument can be made to the contrary.

Accordingly, because no volitional conduct was undertaken by Mr. Luchian, and the allegedly infringing files were uploaded (if at all) by SSM's users only, Hydentra's Counts I, VI and VIII for direct infringement must be dismissed.

### B. Mr. Luchian Cannot Be Found to Be Liable for Contributory Infringement[1]

To be liable for contributory copyright infringement, the defendant must, with knowledge of the infringing activity, cause or materially contribute to the infringing conduct of another.

---

[1] Although inducement of infringement is classically considered to be one of two forms of contributory infringement, see Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 930 (2005), Hydentra has alleged it as two separate causes of action, and therefore SSM responds to them separately.

Cable/Home Comm. Corp. v. Network Prod., Inc., 902 F.2d 829, 845-46 (11th Cir. 1990).  With respect to contributory trademark infringement, the test is largely the same.  See, e.g., Duty Free Ams., Inc. v Estee Lauder Cos., 797 F.3d 1248, 1274-75 (11th Cir. 2015); Inwood Labs., Inc., v. Ives Labs., Inc., 456 U.S. 844, 854 (1982) (distributor can be liable if it "continues to supply its product to one whom it knows or has reason to know is engaging in trademark infringement"); Mini Maid Servs. Co. v. Maid Bridge Sys., Inc., 967 F.2d 1516, 1522 (11th Cir. 1992) ("[F]ranchisor may be held accountable only if it . . . knowingly participated in a scheme of trademark infringement carried out by its franchisees."); Bauer Lamp Co. v. Shaffer, 941 F.2d 1165, 1171 (11th Cir. 1991) ("A person who knowingly participates in furthering the trade dress infringement is liable as a contributing party.").  Given Mr. Luchian's complete lack of connection with SSM's websites, Mr. Luchian did not have any actual knowledge of alleged trademark or copyright infringement by SSM's users, and Mr. Luchian cannot be liable for contributory copyright or trademark infringement.

    In the present case, there is, once again, not a single fact to tie Mr. Luchian to the alleged infringement given that he has not caused or contributed to the alleged infringing behavior.  Causation is not a game of six-degrees-of-separation even though Hydentra seems to treat it that way.[2]  Because there is no factual support for the proposition that Mr. Luchian caused or contributed to the alleged infringing behavior, Counts II and VII of the Hydentra's complaint must be dismissed with respect to Mr. Luchian.

---

[2] To the extent that Hydentra could try to make an argument as to liability for Mr. Luchian, the argument would have to be: Mr. Luchian owns and operates INI; INI provides administrative and bookkeeping services to SSM; SSM operates certain websites, which allow users to post videos to those cites; and those users allegedly posted infringing materials to those websites.  As is noted above, this gossamer thread connecting Mr. Luchian to the alleged claims of infringement would apply with equal force to Florida Power and Gas, not to mention the individual who delivers pizza to SSM's programmers (without which they would be too weak to maintain the websites at issue), as well as every other individual that works for a company that provides services to SSM.

### C. Mr. Luchian is Not Liable for Inducement of Copyright Infringement

To be liable for inducing copyright infringement, the defendant must "with knowledge of the infringing activity, induce ... the infringing conduct of another." Casella v. Morris, 820 F.2d 362, 365 (11th Cir. 1987). "The inducement rule … premises liability on purposeful, culpable expression and conduct…." Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 937 (2005). Mr. Luchian has not induced or encouraged any of SSM's users to engage in direct infringement, nor is there a single fact to support such a proposition. Accordingly, Count IV must be dismissed with respect to Mr. Luchian.

### D. Mr. Luchian Cannot Be Found Liable For Vicarious Copyright Infringement

"One … infringes [copyrights] vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it." Grokster, 545 U.S. at 930 (*citing* Shapiro, Bernstein & Co., v H.L. Green Co., 316 F.2d 304, 307 (2nd Cir. 1963). And, at the risk of beating a dead horse, there is not a single fact to suggest that Mr. Luchian either profited from direct copyright infringement or had the right to stop or limit such alleged infringement. As such, Count III of the Complaint must be dismissed as to Mr. Luchian.

### E. Mr. Luchian Cannot Be Liable Under Florida Statute 540.08

Section 540.08 states in relevant part: "No person shall publish, print, display or otherwise publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of any natural person without the express written or oral consent to such use…."

"[T]he purpose of section 540.08 is to prevent the use of a person's name or likeness to directly promote a product or service because of the way that the use associates the person's name or personality with something else." Militano v. Randstad Professionals US, LP, 2015

7

U.S. Dist. LEXIS 48139 (S.D. Fla. Apr. 13, 2015) (*quoting* Tyne v. Time Warner Entm't Co., L.P., 901 So. 2d 802, 808 (Fla. 2005)). "Courts have interpreted the statute's commercial purpose requirement to require that a defendant's unauthorized use 'directly promote' a product or service." Almeida v. Amazon.com, 456 F.3d 1316, 1325 (11th Cir. 2006) (citations omitted). Mr. Luchian further makes reference to the arguments set forth in SSM's Motion for Summary Judgment.

In the present case, there is nothing to tie Mr. Luchian to the use of any individual's name or likeness. As such, Count V of the Complaint must be dismissed with respect to Mr. Luchian.

## IV.   CONCLUSION

Having failed to adduce a single fact which would render Mr. Luchian personally liable for any of the Counts of the Complaint, the Complaint against Mr. Luchian should be dismissed in its entirety.

**Respectfully submitted:**

/s/ Brady J. Cobb
Brady J. Cobb, Esquire
Florida Bar No. 031018
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone (954) 527-4111
Facsimile (954) 900-5507
bcobb@cobbeddy.com

*Attorney for Defendants
Constantin Luchian,
Konstantin Bolotin and
Sun Social Media Inc.*

Dated: February 12, 2016

## **CERTIFICATE OF SERVICE**

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record on the service list below this 12th day of February, 2016.

            /s/ Brady J. Cobb
            Brady J. Cobb

## **SERVICE LIST**

Aaron Behar, Esquire
Jaclyn Behar, Esquire
BEHARBEHAR
1840 North Commerce Parkway
Suite One
Weston, Florida 33326
Telephone: (954) 688-7642
Facsimile: (954) 332-9260
AB@BeharBehar.com
JB@BeharBehar.com

Spencer D. Freeman
Freeman Law Firm, Inc.
1107 1/2 Tacoma Avenue South
Tacoma, Washington 98402
Telephone: (206) 516-3800
Facsimile: (206) 516-3888
sfreeman@freemanlawfirm.org