# EXHIBIT "3"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 1:15-cv-22134-UU

HYDENTRA HLP INT. LIMITED,
a foreign corporation d/b/a METART,

   Plaintiff,

vs.

CONSTANTIN LUCHIAN, an individual,
KONSTANTIN BOLOTIN, an individual,
SUN SOCIAL MEDIA, INC., a corporation,
individually and d/b/a PLAYVID.COM,
FEEDVID.COM, PLAYVIDS.COM, and
PEEKVIDS. COM; PLAYVID.COM;
FEEDVID.COM; PLAYVIDS. COM;
PEEKVIDS.COM and;
*and John Does 1-20,*

   Defendants.
_____/

## PLAINTIFF'S NOTICE OF SERVING FIRST SET OF INTERROGATORIES TO DEFENDANT, SUN SOCIAL MEDIA, INC.

Plaintiff, by and through undersigned counsel, pursuant to Fed. R. Civ. P. 33, hereby propounds the following First Set of Interrogatories to Defendant, SUN SOCIAL MEDIA, INC. (hereinafter "Defendant"), to be answered separately, fully, and under oath within thirty (30) days from the date of service. In responding to these interrogatories, the definitions set forth in Schedule "A" and instructions set forth in Schedule "B" are to be used. The definitions and instructions should be reviewed by Defendant and counsel before responses are prepared.

1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of December, 2015 we electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Brady J. Cobb, Esq.; Valentin Gurvits, Esq. *(Pro Hac admission pending);* and Matthew Shayefar, Esq. *(Pro Hac admission pending)*.

        Respectfully submitted,

        BeharBehar
        1840 North Commerce Parkway
        Suite One
        Weston, Florida 33326
        Telephone: (954) 688-7642
        Facsimile: (954) 332-9260
        E-mail: AB@BeharBehar.com

By:   */s/Aaron Behar, Esq.*
       Aaron Behar, Esq.
       Florida Bar No.: 166286
       */s/Jaclyn Behar, Esq.*
       Jaclyn Behar, Esq.
       Florida Bar No.: 63833
       **Counsel for Plaintiff**

And:  */s/Spencer D. Freeman, Esq.*
       Spencer D. Freeman, Esq.
       Freeman Law Firm, Inc.
       1107 ½ Tacoma Avenue South
       Tacoma, WA 98402
       Telephone:  (253) 383-4500
       Facsimile:  (253) 383-4501
       E-mail: sfreeman@freemanlawfirm.org
       **Counsel forPlaintiff (Pro Hac Vice)**

## SCHEDULE "A"

## **DEFINITIONS**

Unless otherwise specified, the terms set forth below shall, when utilized, mean as follows:

(1)     "Defendant" means SUN SOCIAL MEDIA, INC.

(2)     "You" or "your" means SUN SOCIAL MEDIA, INC., and any directors, officers, employees, agents, representatives or other persons acting, or purporting to act, on his behalf.

(3)     "Plaintiff" means HYDENTRA HLP INT. LIMITED, d/b/a METART

(4)     "Document" refers to and includes, without limitation, any writing, recording or photograph in your actual or constructive possession, custody, care or control, which pertains directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including but not limited to:  any written, printed, typed or other graphic matter, of any kind or nature, whether the original, draft, or a copy, and copies bearing notations or marks not found on the original, memoranda, reports, recommendations, notes, letters, envelopes, post-its, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, wills, trusts, and all other written communications, of any type, including inter alia, inter- and intra-office communications, e-mail, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, photographs, sketches, drawings, house sheets, tapes or other recordings, printouts or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory material and drafts thereof.

(5)     "Relate to" or "relating to" means referring to, concerning, responding to, reflecting, indicating, commenting on, regarding, discussing, showing, evidencing, describing, implying, analyzing, or constituting.

(6)     "And" means and/or and "or" means and/or. Each word shall be construed disjunctively as necessary in order to bring within the scope of the particular discovery request all responses which might otherwise be construed to be outside its scope.

(7)     Unless otherwise established by the content, the plural shall be construed to include the singular and the plural.

(8)     "Identify" means describe in detail and as fully as possible the occurrence, act, situation, event, item, etc. to be identified.

(9) "Identify" when used in reference to a person means to state:

(i) his or her full name and present (or, if present is not known, her or his last known) address and telephone number;

(ii) his or her present (or, if the present is not known, her or his last known) position or place of employment; and,

(iii) his or her present or past relationship with you, if any, and the dates and nature of such relationship.

(10) "Person" shall mean the plural as well as the singular and includes any natural person and any firm, corporation, proprietorship, partnership, trust, association, governmental body, or any other entity.

(11) "Identify" when used with reference to a statement means:

(i) state the date and place it was made;

(ii) state whether the statement or representation was oral or written;

(iii) if oral, identify the oral communication in which it was made and any recording made thereof;

(iv) if in writing, identify the document in which it was made as set forth in paragraph 12 of these definitions; and

(v) provide the names, addresses, employers, and positions of all persons who made this statement or who were present at the time it was made.

(12) To "identify" a document means to state the date of the document, its title (if any), its authors, the nature of the document (i.e., letter, memorandum), the name of each person to whom it was addressed or distributed, the substance of its contents, its physical location, and the name and address of its custodian or custodians.

(13) To "state the basis of" a particular claim, assertion or allegation means to:

(i) identify each and every document which forms and part of the source of your information regarding the alleged facts and/or legal conclusions referred to in the interrogatory;

(ii) identify each and every oral communication which forms any part of the source of your information regarding the alleged facts and/or legal conclusions referred to in the interrogatory;

(iii) state separately the acts and/or omissions to act on the part of any

4

person (identifying the acts and/or omissions to act by stating their nature, time, place and identifying the person involved), which form any part of the source of your information regarding the alleged facts and/or legal conclusions referred to in the interrogatory; and,

    (iv) state separately any other facts which form the basis of your information regarding the alleged facts and/or legal conclusions referred to in the interrogatory.

## SCHEDULE "B"

## INSTRUCTIONS

(1) Unless otherwise stated, each interrogatory should be understood to request information regarding the Plaintiff.

(2) In answering the interrogatory, you are requested to furnish all information known or available to you, regardless of whether this information is possessed directly by you or your attorneys or other agents or representatives.

(3) If any of the interrogatories cannot be answered in full, answer to the extent possible, specifying the reasons for your inability to answer the remainder.

(4) If any interrogatories are only partially answered, you should state whatever information, knowledge, or belief you do have concerning the unanswered portion.

(5) The interrogatories are continuing in nature. If, after answering the interrogatories, you obtain or become aware of any further responsive information, you are required to make a supplemental interrogatory answer.

(6) If any information requested by the interrogatory is claimed to be immune from discovery on the grounds of privilege you must nevertheless provide the following information pursuant to S.D. Fla. L.R. 26.1G6(b), unless divulging the information would disclose the privileged information:

    (i) the nature of the privilege claimed (including work product);

    (ii) if the privilege is being asserted in connection with a claim or defense governed by state law;

    (iii) the state privilege rule being invoked;

    (iv) the date of the document or oral communication;

    (v) if a document its type (correspondence, memorandum, facsimile, etc.), custodian, location, and such other information sufficient to identify the documents for a subpoena duces tecum or a document request, including where appropriate the author, the address and if not apparent, the relationship between the author and addressee;

    (vi) if an oral communication: the place where it was made, the names of the persons present while it was made, and if not apparent, the relationship of the persons present to the declarant; and,

    (vii) the general subject matter of the document or oral communication.

(7)     If the information provided in an interrogatory answer is not within the personal knowledge of the affiant, state the name of each person to whom the information is a matter of personal knowledge, if known.

(8)     A failure to answer an interrogatory in good faith and completely may result in the imposition of sanctions upon the answering party pursuant to Rule 37 of the Federal Rules of Civil Procedure.  Moreover, a failure to disclose the identity of a witness in an answer to an interrogatory calling for that identification may result in the answering party being precluded from utilizing the testimony of such witness at the trial of the present action.

(9)     You are under a continuous obligation to supplement your answers to these interrogatories under the circumstances specified in Fed. R. Civ. P. 26(e).

## INTERROGATORIES

1. Provide the name and contact information of the individual(s) answering these interrogatories, including the individual's position with the Defendant to whom these interrogatories are addressed.

2. Please provide the name, address, telephone number, place of employment and job title of any person who has, claims to have or whom you believe may have knowledge or information pertaining to any fact alleged in the pleadings filed in this action, or any fact underlying the subject matter of this action.

3. Please state the specific nature and substance of the knowledge that you believe the person(s) identified in your response to interrogatory No. 2 may have.

4. If you have filed Affirmative Defenses please state the name, address, and phone number of persons having knowledge of the facts upon which you base your Affirmative Defenses, and identify all documents or other tangible things that support your Affirmative Defenses.

5. For each affirmative defense asserted in this matter, please state each specific fact that supports the affirmative defense, including every witness and/or document that supports the existence of the fact. For each witness listed please include their full name, address, email address, phone number and other contact information available to you. For each document identified, please provide the name and contact information for the record custodian of such document.

6. Do you intend to call any expert witnesses at the trial of this case? If so, state as to each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

7. Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

8. Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case? If so, state the terms of the agreement and the parties to it.

9. Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and, if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed

**VERIFICATION**

I, _____, being first duly sworn in accordance with law, do hereby depose and state that I have read the answers to Plaintiff's First Set of Interrogatories and that the answers are true and correct to the best of my knowledge and information.

_____

_____
(Printed name)


STATE OF FLORIDA
COUNTY OF _____

    I hereby certify that on _____, 2015, personally appeared before me, an officer duly authorized to administer oaths and take acknowledgments,_____, to me well known to be the person described or who has produced _____ as identification and who did/did not take an oath and who executed the foregoing Interrogatories, acknowledging before me that she executed the same freely and voluntarily for the purposes therein expressed.

_____
Notary Public

_____
Notary Public Printed Name

9