# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### MIAMI DIVISION

HYDENTRA HLP INT. LIMITED,
a foreign corporation d/b/a METART,

    Plaintiff,

v.

CONSTANTIN LUCHIAN, an individual,
KONSTANTIN BOLOTIN, an individual,
SUN SOCIAL MEDIA, INC., a corporation,
individually and d/b/a PLAYVID.COM,
FEEDVID.COM, PLAYVIDS.COM and
PEEKVIDS.COM; PLAYVID.COM;
FEEDVID.COM; PLAYVIDS.COM;
PEEKVIDS.COM; and
John Does 1-20,

    Defendants.

Case No.
**1:15-cv-22134-UU**

---

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS
AGAINST VALENTIN GURVITS FOR THE UNLICENSED PRACTICE OF LAW AND
AGAINST DEFENDANTS FOR THEIR RESULTING FAILURE TO APPEAR AT
MEDIATION**

**You've done enough. Have you no sense of decency, sir?
At long last, have you left no sense of decency?**

-   Joseph N. Welch to Senator Joseph McCarthy

Plaintiff's counsel should be ashamed.  It is one thing, certainly, to advocate zealously for

one's clients within the bounds of the law.  It is quite another, however, to misuse the resources

of this Court by filing a serious of frivolous motions seeking sanctions against clients and

1

attorneys simply because the Plaintiff is mad that Defendants did not offer them what they wanted at mediation.[1]

The Plaintiff's Motion arises, ostensibly, out of Attorney Gurvits' appearance at a court ordered mediation in this case on February 5, 2016.  Attorney Gurvits, who acts as Sun Social Media's *de facto* general counsel, appeared as did defendant Constantin Luchian and defendant Konstantin Bolotin, Sun Social Media's sole shareholder, director and executive.  The Plaintiffs did not once complain during the mediation that Attorney Gurvits was appearing for the Defendants[2] and, indeed, discussed (among other things) the exchange of discovery with Attorney Gurvits.  It was only after the Plaintiff ended the mediation – dissatisfied with the Defendants' settlement positions – that Plaintiff's counsel raised its frivolous claims that Attorney Gurvits's appearance was improper.

If Plaintiff's counsel had performed even the most cursory legal research prior to filing the present motion, they would have understood not only that Attorney Gurvits' appearance was permissible, but also that they lack the standing to raise their objections in the present forum.

---

[1] Although it is hard to believe that an officer of this Court would be willing to threaten sanctions as a way to gain a strategic advantage in litigation, Attorney Behar has professed in public documents his willingness to do just that. In a presentation to the Board of Trustees of his client, the Florida Gulf Coast University (the transcript of which was made a public record by the operation of law once the litigation being discussed was closed), Mr. Behar touted his intent to manipulate the timing of depositions to preserve his ability to raise questionable objections and threaten opposing counsel with sanctions or even threats of a bar complaint.  *See Exhibit 1*, Transcript of Board of Trustees Executive Session, August 22, 2008 ("From a timing standpoint the depositions in Flood are going to be taking place first.…  To the extent that the lawyer gets into anything that is attorney/client privilege, ***right now I have carte blanche to object all I want and threaten any type of sanction, Bar complaints, all sorts of things available to me right now***.  If I go to a hearing and expedite that process where I ask a court to now tell me what is and is not attorney/client privilege and to what extent are you going to permit her to testify or not testify to certain things, I run the risk that a judge may disagree with a lot of my points and open up the door so that she can testify openly in the Flood case.  Right now I can silence her a little bit in the Flood depositions, actually a lot, and limit the information that they get in that case.  That's exactly what I want to do.…  And so far, knock on wood, her attorney has not moved forward on that process, despite his threats to do so." (emphasis added)).

[2] Had the Plaintiffs claimed that Mr. Gurvits appearance was somehow impermissible (which it was not), local counsel could have joined the mediation within the hour.

It is clear, however, that the motions filed by Plaintiff's counsel have nothing to do with the facts or the law or vindicating any legitimate rights of the Plaintiff.  Instead, the Plaintiff has resorted to a motion for sanctions against opposing counsel in an attempt to deny the Defendants of the counsel of their choice and to needlessly increase the Defendants' costs of defending the present litigation.

At long last, Plaintiff's counsel has left no sense of decency.  In further opposition, the Defendants state as follows.

## I.      Relevant Facts

Attorney Valentin Gurvits has been a member in good standing of the Massachusetts Bar since 1999.  Declaration of Valentin Gurvits ["Gurvits Decl."], filed herewith, ¶ 2.  Attorney Gurvits' practice focuses primarily on intellectual property, computer, and Internet law matters. *Id.*, ¶ 3.  Attorney Gurvits has represented defendants in many copyright cases similar to this one around the country on a *pro hac vice* basis, including (to name just a few): Disney Enterprises, Inc. v. Hotfile Corp., Case No. 1:2011-cv-20427 (S.D. Fla.), Fraserside IP LLC v. Youngtek Solutions Ltd, 3:2011-cv-03005 (N.D. Iowa), Fraserside IP LLC v. Hammy Media Ltd, 3:2011-cv-03025 (N.D. Iowa); Cybernet Entertainment LLC v. Kovalchuck, 0:2012-cv-60660 (S.D. Fla.), Cybernet Entertainment LLC v. IG Media Incorporated, 2:2012-cv-01101 (D. Ariz.), Flava Works, Inc v. John Doe 1 to 26, 1:2012-cv-05844 (N.D. Ill.), Datatech Enterprises, LLC v. FF Magnat Limited, 3:2012-cv-04500 (N.D. Cal.), North Jersey Media Group Inc. v. Depositphotos, Inc., 1:2014-cv-04785 (S.D.N.Y.) and AMA Multimedia, LLC v. Borjan Solutions, S.L., 2:2015-cv-01673 (D. Nev.).  *Id.*, ¶ 4.

As a result of his focus on defending Internet companies in copyright litigation, Attorney Gurvits has served as an adjunct professor at the Boston University School of Law where he

taught two courses, E-Commerce Law and International IP.  Gurvits Decl., ¶ 5.  Attorney Gurvits

has also served as a co-chair of the Computer and Internet Law Committee of the Boston Bar

Association's Intellectual Property Section.  *Id.*, ¶ 6.

Attorney Gurvits has personally known Defendants Luchian and Bolotin for over six

years.  *Id.*, ¶ 7.  Attorney Gurvits has represented each of them individually during that time.  *Id.*,

¶ 8.  Attorney Gurvits has also served as Defendant Sun Social Media, Inc.'s ("SSM") *de facto*

outside general counsel since its inception.  *Id.*, ¶ 9.   Attorney Gurvits has represented all three

defendants in both litigation and non-litigation matters for both business and personal matters.

*Id.*, 10.

Of the at least eighteen lawsuits filed by Plaintiff in the past approximate year around the

country, Attorney Gurvits has represented defendants in at least nine of those cases.  *Id.*, ¶ 11.

Of those nine cases, Attorney Gurvits has already been instrumental in settling lawsuits for at

least four of his clients.  *Id.*, ¶ 12.

As a result of Attorney Gurvits' long-standing representation and intimate knowledge of

the operation of SSM and his experience defending and settling identical lawsuits, the

Defendants asked Attorney Gurvits to represent their interests at the mediation.  *Id.*, ¶ 13.  Prior

to agreeing to appear at the mediation, Attorney Gurvits consulted with local counsel, reviewed

the applicable ethical rules governing the provision of legal services on a temporary basis within

Florida, and reviewed this Court's local rules, ultimately concluding that there was no

prohibition on his appearing on behalf of the Defendants in the mediation.

*Id.*, ¶ 14.  *See*, *also*, Declaration of Brady J. Cobb ["Cobb Decl."], filed herewith, ¶ 3.

Plaintiff does not dispute that Defendant Luchian appeared at the mediation in person.

Plaintiff also does not dispute that Defendant Bolotin appeared at the mediation in person.

4

Defendant Bolotin, being the sole shareholder, director and executive of SSM, is the only person will full authority to decide on a settlement on behalf of SSM.  Therefore, each of the Defendants appeared at the mediation and participated therein in good faith.

Neither the Plaintiff nor Plaintiff's counsel raised any issue about Attorney Gurvits' attending the mediation at the time of the mediation, nor did they raise any issue as to Attorney Brady Cobb's absence from the mediation.  Gurvits Decl., ¶ 15.  To the contrary, prior to the start of the mediation, the Parties discussed the exchange of discovery (which the Plaintiff first agreed to provide at the mediation and then refused to do so, citing the Defendants' settlement stance as justification).  *Id.*, ¶ 16.  Other than that, the only activity of substance that occurred at the mediation was that Plaintiff made an offer, received a counter-offer then declared there was an impasse and broke off further negotiations, ending the mediation.  *Id.*, ¶ 17.

The only reason that Attorney Cobb did not attend the mediation was in order to conserve Defendants' legal costs – a major concern given that Plaintiff's sole strategy in this case is to bully Defendants into submission with high litigation costs.  Gurvits Decl., ¶ 18; Cobb Decl., ¶ 3. Had the Plaintiff objected to Attorney Cobb's absence at any time during the mediation, Attorney Cobb could have been at the mediation in Miami within an hour.  Cobb Decl., ¶ 4.

With respect to the other instances referenced in the Plaintiff's Motion, the Plaintiff simply misstates facts in an attempt to mislead the Court.[3]  At the hearing on Plaintiff's Motion to Compel on December 16, 2015, Attorney Gurvits was in the courtroom but did not make any

---

[3] This Court has previously admonished Attorney Behar for making representations in his filings which were clearly "beyond what the facts would fairly support."  *Risk Ins. & Reinsurance Solutions v. R+V Versicherung,* 2007 U.S. Dist. LEXIS 103618, *19 (S.D. Fla. Nov. 29, 2007) ("Plaintiff and its counsel clearly embellished the SAC beyond what the facts would fairly support.  However, none of these allegations, either individually or collectively rise to the level of a Rule 11 violation.…  This is not to say that the Court in any way condones this sort of sloppy pleading. While such overblown pleadings have unfortunately become all too familiar, counsel should take more pride in their professional reputations and avoid conforming to these low practices.").

argument whatsoever.  Gurvits Decl., ¶ 19.  Only with the *explicit permission* of Magistrate

Judge Alicia M. Otazo-Reyes did Attorney Gurvits discuss relevant matters with Attorney Cobb.

*Id.*, ¶ 20.  Only Attorney Cobb argued at that hearing on behalf of Defendants.  *Id.*, ¶ 21.  Finally,

Plaintiff attempts to state that Attorney Gurvits practiced law in Florida because counsel for the

parties discussed whether Attorney Gurvits could attend Defendants' depositions.  *See* Motion

for Sanctions, pp. 3-4.  The simple fact is that Attorney Gurvits did *not* plan to attend the

depositions and he did *not* attend the depositions.[4]  Gurvits Decl., ¶ 22.  Attorney Gurvits was

simply not at the depositions.  *Id.*, ¶ 23.

Attorney Gurvits has never been sanctioned or reprimanded by any court in any lawsuit

or by any board of bar overseers or analogous organization.  *Id.*, ¶ 24.  None of Attorney Gurvits'

clients have ever been sanctioned or reprimanded in any lawsuit as a result of any action or

omission of Attorney Gurvits.  *Id.*, ¶ 25.  Attorney Gurvits is a member of good standing of the

Massachusetts Bar.  *Id.*, ¶ 26.

## II.     ARGUMENT

### A.     The Plaintiff Has No Standing to Bring the Present Motion

Putting aside for just a moment the fact that Attorney Gurvits has ***not*** engaged in the

unauthorized practice of law, the present motion must be denied outright as the Plaintiff has no

standing to raise the issue at all.  *Gonczi v. Countrywide Home Loans, Inc.*, 271 Fed. Appx. 928,

929 (11th Cir. 2008) ("The district court determined that Plaintiffs lacked standing to maintain

this action: only the Florida Supreme Court has jurisdiction to determine whether the alleged acts

constitute the unauthorized practice of law. We agree."); *Mason v. Florida Bar*, 2005 U.S. Dist.

LEXIS 40029, 8-9 (M.D. Fla. Dec. 16, 2005) ("[T]he Florida Constitution vests jurisdiction over

---

[4] There is no reason why Attorney Gurvits could not have attended the depositions as the company's *de facto* general counsel so long as he did not attempt to make objections during the deposition.

the regulation of attorneys in the Florida Supreme Court.…  The Florida Bar is an official arm of the Florida Supreme Court charged with the responsibility of maintaining the ethical standards among its members and disciplining members.…  In fulfilling its responsibilities in this regard, the Florida Bar acts at all times under the exclusive jurisdiction, supervision and control of the Florida Supreme Court." (citations omitted)); *Heilman v. Suburban Coastal Corp*., 506 So. 2d 1088, 1089 (Fla. Dist. Ct. App. 4th Dist. 1987) ("Further, Heilman does not have standing in court to complain about the activities of another which may or may not be the unauthorized practice of law.…  Such a suit can be brought only by the Florida Bar as the official arm of the supreme court, and neither an attorney or a local bar association has standing to bring such an action."); *Dade-Commonwealth Title Ins. Co. v. North Dade Bar Asso.,* 152 So. 2d 723, 724 (Fla. 1963) (holding that the Florida Supreme Court has the "exclusive jurisdiction over the admission to the practice of law and the discipline of persons admitted … and the power to punish for contempt anyone indulging in the unauthorized practice of law."); *Sigma Fin. Corp. v. Investment Loss Recovery Servs.,* 673 So. 2d 572, 573 (Fla. Dist. Ct. App. 4th Dist. 1996) ("[T]he Florida Bar, as the official arm of the supreme court, is exclusively vested with the authority to prosecute claims for the unauthorized practice of law."); *Horrigan v. Haworth*, 2010 U.S. Dist. LEXIS 59451 (W.D. Mich. May 19, 2010) ("Plaintiff asserts that such constitutes the unauthorized practice of law.  Plaintiff lacks standing to assert such a claim. Under Florida law, the Florida Supreme Court has 'exclusive jurisdiction' to pursue claims for unauthorized practice of law.").

The reason for this rule should be self-explanatory: the Ethical Rules are designed to protect clients, not to give unscrupulous counsel a weapon to use against opposing counsel. *Brown v. Fla. Bar*, 2009 U.S. Dist. LEXIS 44991, 9-10 (M.D. Fla. May 29, 2009) ("The purpose

of an attorney disciplinary proceeding is to protect the public, not to vindicate private rights.… Therefore, [n]o private rights except those of the accused attorney are involved." (citations omitted)).

Because the Plaintiff has no standing to raise the (frankly frivolous) allegations of unauthorized practice of law (nor does this Court have the power to adjudicate such an allegation), the Plaintiff's Motion for Sanctions against Attorney Gurvits must be denied.

### B.    Attorney Gurvits Did Not Engaged in the Unlicensed Practice of Law by Appearing at the February 5, 2016 Mediation.

Even if the Court were to consider the Plaintiff's substantive allegations, it could only conclude that Attorney Gurvits' appearance at the February 5, 2016 mediation did not constitute the unlicensed practice of law.  Rule 4-5.5 of the Florida Rules of Professional conduct provides, in relevant part, that:

> A lawyer admitted and authorized to practice law in another United States jurisdiction who has been neither disbarred or suspended from practice in any jurisdiction, nor disciplined or held in contempt in Florida by reason of misconduct committed while engaged in the practice of law permitted pursuant to this rule, may provide legal services on a temporary basis in Florida that are:
>
> … (3) in or reasonably related to a ***pending*** or potential arbitration, ***mediation***, or other alternative dispute resolution proceeding in this or another jurisdiction, and the services are not services for which the forum requires pro hac vice admission:
>
> > … (B) where the services arise out of or are reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted to practice.

Rule 4-5.5(c) (emphasis added).

The Comments to this Rule provide guidance as to what constitutes services that are "reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted to practice":

8

Subdivisions (c)(3), (d)(3), and (c)(4) require that the services arise out of or be reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted. A variety of factors evidence this relationship. The lawyer's client may have been previously represented by the lawyer… In other cases, significant aspects of the lawyer's work might be conducted in that jurisdiction or a significant aspect of the matter may involve the law of that jurisdiction. The necessary relationship might arise when the client's activities or the legal issues involve multiple jurisdictions, for example, when the officers of a multinational corporation survey potential business sites and seek the services of their lawyer in assessing the relative merits of each. In addition, the services may draw on the lawyer's recognized expertise developed through regular practice of law in a body of law that is applicable to the client's particular matter.

This is precisely the situation present here. Attorney Gurvits has represented each of the individual defendants for years – in both litigation and non-litigation matters, both personal and business-related. Attorney Gurvits has also represented Sun Social Media as its *de facto* general counsel since its inception. Attorney Gurvits has advised SSM on the creation of its terms of service and its compliance with the DMCA. Gurvits Decl., ¶ 27. He has advised each of the defendants generally concerning DMCA compliance – an issue that spans multiple jurisdictions. *Id.*, ¶ 28. In addition, Mr. Gurvits has represented countless numbers of clients in DMCA disputes such as this one. Each of these factors lead to the inescapable conclusion that Attorney Gurvits' participation in the mediation was completely proper under Florida's rules.[5]

The Plaintiff's two other allegations require little response: first, the Plaintiff claims that Attorney Gurvits argued for the defendants at a hearing in this case. This Court knows well that this is simply not true. With the Court's explicit permission, Mr. Gurvits (again, SSM's *de facto* general counsel), provided certain factual information to Attorney Cobb. All argument was conducted by Attorney Cobb and not Attorney Gurvits. Similarly, the Plaintiff's argument that Attorney Gurvits was somehow engaged in the unauthorized practice of law because Attorney

---

[5] Plaintiff's citation to *Florida Bar v. Neiman*, 816 So.2d 587 (Fla. 2002) is inopposite. That case did not deal with a licensed out-of-state attorney permitted to practice under Rule 4-5.5, but rather an unlicensed paralegal who was routinely performing all legal services and acting in all respects as an attorney.

Cobb *inquired* as to whether the Plaintiff would object to Attorney Gurvits' presence at the depositions – when Attorney Gurvits did not actually attend the depositions – is simply absurd.

### C.        Defendants Did Not Fail to Appear at Mediation

The Plaintiff's entire argument concerning the appearance of the Defendants is that, since a company cannot represent itself, and since the individuals were supposedly required to appear with counsel, and since (in their incorrect view), Attorney Gurvits could not represent the Defendants in the mediation, that the Defendants did not actually appear at the mediation (despite the fact that Messrs. Bolotin and Luchian and Attorney Gurvits were, in actuality, all present at the mediation).[6]  The only plausible explanation is that the Plaintiff believes that this Court has nothing to do with its time and would enjoy pondering the legal equivalent of Schrödinger's cat: can a party be both present and absent from a mediation?[7]  Quantum mechanics aside, Attorney Gurvits was not prohibited from appearing at the mediation, he *did* appear at the mediation, and each of the defendants was present at the mediation.  Plaintiff's argument to the contrary is nonsensical.

### III.        CONCLUSION

The Plaintiff's Motion is entirely baseless, a fact that Plaintiff's counsel should have understood from the start.  Indeed, it is hard to conclude anything but that Plaintiff's counsel *did* know that their motion was frivolous and simply did not care.  At long last, Plaintiffs indeed have left no sense of decency.  The Court should remind them what the word means.[8]

---

[6] See Mediator's Report, ECF docket no. 63.

[7] "Schrödinger's cat is a thought experiment, sometimes described as a paradox, devised by Austrian physicist Erwin Schrödinger in 1935.  It illustrates what he saw as the problem of the Copenhagen interpretation of quantum mechanics applied to everyday objects. The scenario presents a cat that may be simultaneously both alive and dead." *See https://en.wikipedia.org/wiki/Schr%C3%B6dinger%27s_cat*

[8] "Under 28 U.S.C. section 1927, 'any attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  *Eisenberg Dev. Corp. v. City of Miami Beach,* 95 F. Supp. 3d 1376, 1380 (S.D. Fla. 2015).  If sanctions are warranted at all, they are warranted against the Plaintiff.

**Respectfully submitted:**

/s/ Brady J. Cobb
Brady J. Cobb, Esquire
Florida Bar No. 031018
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone (954) 527-4111
Facsimile (954) 900-5507
bcobb@cobbeddy.com

*Attorney for Defendants*
*Constantin Luchian,*
*Konstantin Bolotin and*
*Sun Social Media Inc.*

Dated: February 19, 2016

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record on the service list below this 19th day of February, 2016.

/s/ Brady J. Cobb
Brady J. Cobb

## SERVICE LIST

Aaron Behar, Esquire
Jaclyn Behar, Esquire
BEHARBEHAR
1840 North Commerce Parkway
Suite One
Weston, Florida 33326
Telephone: (954) 688-7642
Facsimile: (954) 332-9260
AB@BeharBehar.com
JB@BeharBehar.com

Spencer D. Freeman
Freeman Law Firm, Inc.
1107 1/2 Tacoma Avenue South
Tacoma, Washington 98402
Telephone: (206) 516-3800
Facsimile: (206) 516-3888
sfreeman@freemanlawfirm.org