ITEM: __9__

# Florida Gulf Coast University Board of Trustees
## January 20, 2009

**SUBJECT:** Transcript and Exhibits to the Executive Session of August 22, 2008

### PROPOSED BOARD ACTION

For Information Only

### BACKGROUND INFORMATION

The Florida Gulf Coast University Board of Trustees met on August 22, 2008 in Executive Session regarding Jaye Flood and Holly Vaughn vs. Florida Gulf Coast University Board of Trustees, Wendy Suzanne Morris vs. Board of Trustees of Florida Gulf Coast University, and Florida Gulf Coast University Board of Trustees vs. Wendy Suzanne Morris. As the aforementioned litigation has been concluded and as required by law, this transcript is being provided to be made a part of the public record.

**Supporting Documentation Included:** Transcript and Exhibits to Executive Session of August 22, 2008

**Prepared by:** Fort Myers Court Reporting

**Legal Review by:** N/A

**Submitted by:** General Counsel Vee Leonard

                                                                    1

1                    FLORIDA GULF COAST UNIVERSITY

2                         BOARD OF TRUSTEES

3                         EXECUTIVE SESSION

4

5

6

7

8

9    DATE:            August 22, 2008

10   TIME:            1:40 p.m. to 4:00 p.m.

11   PLACE:           Florida Gulf Coast University

                      10501 FGCU Blvd., South

12                    Fort Myers, Florida

13   REPORTER:        Lisa M. Boyd, Registered

                      Professional Reporter, Notary

14                    Public, State of Florida at Large

15

16

17

18

19   _____

20

21

22              FORT MYERS COURT REPORTING

23                   2231 First Street

24              Fort Myers, Florida  33901

25              (239)334-1411   Fax (239)334-1476

| | |
|---|---|
| 1 | MR. BEHAR:  Carl McAloose.  The other point |
| 2 | that you raised as to how much can Morris rely on |
| 3 | the confidential information that she's gathered as |
| 4 | an employee of the University against us, that's |
| 5 | something that's addressed in the lawsuit that we |
| 6 | filed against her.  And strategically I've got to be |
| 7 | very careful how I address these issues. |
| 8 | Here's why.  From a timing standpoint the |
| 9 | depositions in Flood are going to be taking place |
| 10 | first.  Flood's lawyer is going to depose Morris |
| 11 | September 19th -- the 17th.  To the extent that the |
| 12 | lawyer gets into anything that is attorney/client |
| 13 | privilege, right now I have carte blanche to object |
| 14 | all I want and threaten any type of sanction, Bar |
| 15 | complaints, all sorts of things available to me |
| 16 | right now. |
| 17 | If I go to a hearing and expedite that process |
| 18 | where I ask a court to now tell me what is and is |
| 19 | not attorney/client privilege and to what extent are |
| 20 | you going to permit her to testify or not testify to |
| 21 | certain things, I run the risk that a judge may |
| 22 | disagree with a lot of my points and open up the |
| 23 | door so that she can testify openly in the Flood |
| 24 | case. |
| 25 | Right now I can silence her a little bit in |

1      the Flood depositions, actually a lot, and limit the
2      information that they get in that case.  That's
3      exactly what I want to do.  Once that's over I'll
4      move forward on my case and prevent her from
5      testifying in Wendy's own case.  So it's a matter of
6      timing and trying to be very strategic about these
7      things.  And so far, knock on wood, her attorney has
8      not moved forward on that process, despite his
9      threats to do so.  So I need to wait it out until
10     mid September and see what happens.
11          MR. LUCAS:  Are you saying that would be part
12     of the settlement with Morris?
13          MR. BEHAR:  It would all go hand-in-hand so
14     that our claim against her goes away, her claim
15     against us goes away.  And again I would remind you
16     that the claim we have against her is not a monetary
17     claim, it's injunctive relief.  It's an equitable
18     claim that we've raised just to limit what she can
19     disclose, just to protect ourselves.
20          MR. STARKEY:  Has there been any discussion
21     that these employees were instructed not to keep
22     official records?
23          MR. BEHAR:  I have not heard that yet.
24          MR. STARKEY:  Each individual has come to
25     that -- they've reached that conclusion on their own