UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

| | |
|---|---|
| HYDENTRA HLP INT. LIMITED, a foreign corporation d/b/a METART,<br><br>    Plaintiff,<br><br>v.<br><br>CONSTANTIN LUCHIAN, an individual, KONSTANTIN BOLOTIN, an individual, SUN SOCIAL MEDIA, INC., a corporation, individually and d/b/a PLAYVID.COM, FEEDVID.COM, PLAYVIDS.COM and PEEKVIDS.COM; PLAYVID.COM; FEEDVID.COM; PLAYVIDS.COM; PEEKVIDS.COM; and John Does 1-20,<br><br>    Defendants. | Case No.<br>1:15-cv-22134-UU |

**Declaration of Valentin Gurvits**

I, Valentin Gurvits, do declare and state as follows:

1.    I am attorney licensed to practice law in the Commonwealth of Massachusetts. I have personal knowledge of the facts stated herein. If called upon to do so, I could and would testify to the truth hereof.

2.    I have been a member in good standing of the Massachusetts Bar since 1999.

3.    My practice focuses primarily on intellectual property, computer, and Internet law matters.

4.    I have represented defendants in many copyright cases similar to the above captioned case around the country on a *pro hac vice* basis, including (to name just a few): Disney

1

Enterprises, Inc. v. Hotfile Corp., Case No. 1:2011-cv-20427 (S.D. Fla.), Fraserside IP LLC v. Youngtek Solutions Ltd, 3:2011-cv-03005 (N.D. Iowa), Fraserside IP LLC v. Hammy Media Ltd, 3:2011-cv-03025 (N.D. Iowa); Cybernet Entertainment LLC v. Kovalchuck, 0:2012-cv-60660 (S.D. Fla.), Cybernet Entertainment LLC v. IG Media Incorporated, 2:2012-cv-01101 (D. Ariz.), Flava Works, Inc v. John Doe 1 to 26, 1:2012-cv-05844 (N.D. Ill.), Datatech Enterprises, LLC v. FF Magnat Limited, 3:2012-cv-04500 (N.D. Cal.), North Jersey Media Group Inc. v. Depositphotos, Inc., 1:2014-cv-04785 (S.D.N.Y.) and AMA Multimedia, LLC v. Borjan Solutions, S.L., 2:2015-cv-01673 (D. Nev.).

5. As a result of my focus on defending Internet companies in copyright litigation, I have served as an adjunct professor at the Boston University School of Law where I taught two courses, E-Commerce Law and International IP.

6. I have also served as a co-chair of the Computer and Internet Law Committee of the Boston Bar Association's Intellectual Property Section.

7. I have personally known Constantin Luchian and Konstantin Bolotin for over six years.

8. I have represented each of Constantin Luchian and Konstantin Bolotin individually during the past six years.

9. I have served as Sun Social Media, Inc.'s *de facto* outside general counsel since its inception.

10. I have represented Constantin Luchian, Konstantin Bolotin and Sun Social Media, Inc. in both litigation and non-litigation matters for both business and personal matters.

11. Of the at least eighteen lawsuits filed by the Plaintiff in the above captioned matter in the past approximate year around the country, I have represented defendants in at least nine of those cases.

12. Of those nine cases, I have already been instrumental in settling lawsuits for at least four of my clients.

13. As a result of my long-standing representation and intimate knowledge of the operation of Sun Social Media, Inc. and my experience defending and settling identical lawsuits, the Defendants asked me to represent their interests at the mediation.

14. Prior to agreeing to appear at the mediation, I consulted with local counsel, reviewed the applicable ethical rules governing the provision of legal services on a temporary basis within Florida, and reviewed the Court's local rules, ultimately concluding that there was no prohibition on his appearing on behalf of the Defendants in the mediation.

15. Neither the Plaintiff nor Plaintiff's counsel raised any issue about me attending the mediation at the time of the mediation, nor did they raise any issue as to Attorney Brady Cobb's absence from the mediation.

16. To the contrary, prior to the start of the mediation, the Parties discussed the exchange of discovery (which the Plaintiff first agreed to provide at the mediation and then refused to do so, citing the Defendants' settlement stance as justification).

17. Other than that, the only activity of substance that occurred at the mediation was that Plaintiff made an offer, received a counter-offer then declared there was an impasse and broke off further negotiations, ending the mediation.

18. The only reason that Attorney Cobb did not attend the mediation was in order to conserve Defendants' legal costs – a major concern given that Plaintiff's sole strategy in this case is to bully Defendants into submission with high litigation costs.

19. At the hearing on Plaintiff's Motion to Compel on December 16, 2015, I was in the courtroom but I did not make any argument whatsoever.

20. Only with the *explicit permission* of Magistrate Judge Alicia M. Otazo-Reyes did I discuss relevant matters with Attorney Cobb.

21. Only Attorney Cobb argued at that hearing on behalf of Defendants.

22. I did not plan to attend the depositions in the above captioned case, nor did I attend the depositions.

23. I was not at the depositions.

24. I have never been sanctioned or reprimanded by any court in any lawsuit or by any board of bar overseers or analogous organization.

25. None of my clients have ever been sanctioned or reprimanded in any lawsuit as a result of any of my actions or omissions.

26. I am a member of good standing of the Massachusetts Bar.

27. I have advised SSM on the creation of its terms of service for its websites and its compliance with the DMCA.

28. I have advised each of the Defendants generally concerning DMCA compliance.

Signed under the pains and penalties of perjury, this ___18th day of February, 2016.


_____
Valentin Gurvits