UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 1:15-cv-22134-UU

HYDENTRA HLP INT. LIMITED,
a foreign corporation d/b/a METART,

        Plaintiff,

vs.

CONSTANTIN LUCHIAN, an individual,
KONSTANTIN BOLOTIN, an individual,
SUN SOCIAL MEDIA, INC., a corporation,
individually and d/b/a PLAYVID.COM,
FEEDVID.COM, PLAYVIDS.COM, and
PEEKVIDS. COM; PLAYVID.COM;
FEEDVID.COM; PLAYVIDS. COM;
PEEKVIDS.COM and;
*and John Does 1-20,*

        Defendants.
_____/

## PLAINTIFF'S OMNIBUS MOTION IN LIMINE

        Plaintiff, HYDENTRA HLP INT. LIMITED (hereinafter "Plaintiff"), through the undersigned counsel, moves this Court for entry of an Order in Limine. In Support of its Motion, Plaintiff states the following:

## MOTION IN LIMINE TO EXCLUDE TESIMONY AND ARGUMENT CONCERNING PLAINTIFF AS A "COPYRIGHT TROLL"

        Throughout the litigation, Defendants have referred to Plaintiff as a "copyright troll". Most recently, Defendants Sun Social Media, Inc. (SSM) and Konstantin Bolotin (Bolotin) stated:

BeharBehar ♦ 1840 North Commerce Parkway ♦ Suite One ♦ Weston, Florida 33326
T: 954-688-7642   F: 954-332-9260   W: BeharBehar.com

1 of 18

> Plaintiff Hydentra HLP Int. Limited is a copyright troll whose present business model revolves around the filing of baseless and frivolous lawsuits in the hopes of forcing defendants to settle in the face of incurring high defense costs. Hydentra has intentionally ignored the threshold matter that Defendants are entitled to the safe-harbors under the Digital Millennium Copyright Act (the "DMCA") and instead has attempted to bully Defendants into submission and settlement through blunt, unnecessary, and costly litigation tactics as are evident by the docket in this matter. Although Hydentra purports to be a producer of pornographic films, its practices over the past year demonstrate that its primary business model is now copyright trolling. Since February of 2015, Hydentra has initiated at least 18 lawsuits around the country against website operators like SSM and their alleged principals with complaints that look almost identical to the complaint in the present case. *See* Annex 2.
>
> Hydentra's strategy is clear: force targets to settle in the face of high litigation costs over a frivolous lawsuit. The fact remains however, as detailed herein, that SSM is not liable as a matter of law.[1]

D.E. 73, Page 4 of 32. Given this, Plaintiff expects Defendants will characterize Plaintiff as a "copyright troll."

If Defendants are permitted to refer to Plaintiff as a "copyright troll," the negative connotation is clear and Plaintiff would be unfairly prejudiced in attempting to prove its case. The jury would be led to abandon its impartiality if this or a similar title is presented. Federal Rule of Evidence 403 provides for the exclusion of evidence where the probative value is substantially outweighed by the danger of "unfair prejudice" or "misleading the jury." Here, the phrase "copyright troll" has no probative value whatsoever.

Other courts have prohibited litigants from using similar disparaging or pejorative terms. *DNT, LLC v. Sprint Spectrum, LP*, No. CIV.A. 3:09CV21, 2010 WL 582164, at *4 (E.D. Va. Feb. 12, 2010) (Court granted motion in limine to exclude use of the term "patent troll" because

---

[1] Not only is this irrelevant, Defendants have no evidence of the same. In the deposition of Konstantin Bolotin, who served as SSM's corporate representative, Mr. Bolotin testified that he has not checked to see if the other lawsuits Plaintiff filed are valid. D.E. #74, 1/19/16 Deposition, Page 7. While Plaintiff has filed other lawsuits, Defendants have no knowledge as to the validity or circumstances of such claims.

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642   F: 954-332-9260   W: BeharBehar.com

2 of 18

the "prejudicial impact outweighs any probative value."); *Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, No. C 12-1971 CW, 2014 WL 4090550, at *12 (N.D. Cal. Aug. 19, 2014) (Court prohibited use of "pejorative terms, such as 'patent troll,' 'pirate,' 'bounty hunter,' 'paper patent,' 'playing the lawsuit lottery,' and 'shell corporation' which have negative connotations."); *Rembrandt Wireless Technologies, LP v. Samsung Electronics Co.*, No. 2:13-CV-213-JRG-RSP, 2015 WL 627430, at *1 (E.D. Tex. Jan. 31, 2015) (Court prohibited use of the terms: "patent troll," "pirate," "bounty hunter," "privateer," "bandit," "paper patent," "submarine patent," "stick up," "hold up," and "shakedown".); *Intellectual Ventures I LLC v. Symantec Corp.*, No. CV10-1067-LPS, 2015 WL 82052, at *1 (D. Del. Jan. 6, 2015) (Court prohibited use of the terms "patent troll" on the basis that "such disparagement is irrelevant").

Additionally, the common definition of "copyright troll" simply does not apply to the Plaintiff. "A copyright troll refers to an entity whose business revolves around the systematic legal enforcement of copyrights in which it has acquired a *limited ownership interest*." Shyamkrishna Balganesh, *The Uneasy Case Against Copyright Trolls*, 86 S. CAL. L. REV. 723 (2013). That is not the case here, as Plaintiff owns the entire interest of its copyrights. Plaintiff is an award winning company (D. E. #76, Par. 1) and operates paid membership sites (*Id.* at Par. 4). Its business model is that a user must be a paid member to a Hydentra site to view a Hydentra movie. *Id.* Plaintiff sells its content for profit through its membership sites and limited licensing deals, while Defendants profit from it by making use of Hydentra works for themselves at the expense of Hydentra. Plaintiff is not "trolling," but rather is protecting itself from Defendants' conversion of its intellectual property.

As such, Defendants' remarks that Plaintiff is a "copyright troll" (or other related description) are not only irrelevant, but is disparaging. Allowing introduction of the same would

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

3 of 18

constitute error.

## MOTION IN LIMINE TO EXCLUDE TESTIMONY AND ARGUMENT CONCERNING THE NUMBER OF PLAINTIFF'S PREVIOUS LAWSUITS

Throughout this litigation, Defendant have characterized this lawsuit as a way extract settlement proceeds and that Plaintiff has filed multiple lawsuits to this effect. Defendants, of course, offer absolutely no evidence whatsoever to support their self-serving opinion. The Southern District of Florida has held that evidence of a prior lawsuit to suggest that plaintiff has a penchant for filing "frivolous lawsuits" is unfairly prejudicial, and the evidence should be excluded on that ground alone.

The "charge of litigiousness is a serious one, likely to result in undue prejudice against the party charged, unless the previous claims made by the party are shown to have been fraudulent. Such evidence is inadmissible not only under Rule 403 (danger of unfair prejudice) but also under Rule 404(b) (evidence of other acts "is not admissible to prove the character of a person"). *Alexandria Clayton v. Hialeah Gardens Police Department*, Case 1:06-cv-20261 (S.D. Fla. March 12, 2007), *citing Outley v. City of New York*, 837 F.2d 587, 592 (2d Cir. 1988).

Federal Rule of Evidence 404(b) prohibits the admission of evidence of prior litigation solely for the purpose of proving that a plaintiff has a character trait for litigiousness and acted in conformity with that trait in the present lawsuit. Specifically, the rule states:

> (b) Crimes, Wrongs, or Other Acts.
>
>> (1) *Prohibited Uses*. Evidence of a crime, wrong, *or other act* is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

As such, all "evidence" related to Plaintiff's alleged litigiousness or filings of other lawsuits should not be presented to a jury for any purpose. Plaintiff's prior lawsuits are irrelevant

BeharBehar ♦ 1840 North Commerce Parkway ♦ Suite One ♦ Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

4 of 18

to this action, and allowing any testimony or argument concerning the same would constitute error.

### MOTION IN LIMINE TO EXCLUDE TESTIMONY AND ARGUMENT CONCERNING THE CHARACTERIZATION OF JASON TUCKER AS A "HIRED GUN"

It is anticipated that, at the time of trial, Plaintiffs and/or Plaintiffs' counsel may attempt to mention or elicit, in the presence of the jury, testimony from witnesses, regarding the ability, credibility, reputation and competence of Jason Tucker, Plaintiff's consultant and trial witness. Such "evidence" or "testimony" is barred pursuant to *Network Publications, Inc. v. Bjorkman*, 756 So.2d 1028 (Fla. 5th DCA 2000). Defendants' witnesses have established no basis to attack the ability, credibility, reputation and competence of Plaintiff's consultant and witness; thus, permitting any testimony relating to same is improper as such is prejudicial, irrelevant and misleading. Such prejudice substantially outweighs any probative value and would do no more than serve to elicit impermissible passion and prejudice by the jury.

Similarly, it is improper for counsel to refer to any opposing experts as "hired guns" or to offer similar commentary. See *Eagan v. CSX Transp., Inc.*, 271 F. Supp. 2d 993, 1006 (E.D. Mich. 2003). While testimony concerning financial interests may be proper, testimony that refers to Jason Tucker as a "hired gun" (or any similar language) has a negative connotation. This would create the impression that he is a puppet and does not have individual knowledge or discretion or that his testimony was "purchased", which is untrue. Mr. Tucker provided this Court with a Declaration, which provides the following:

> 2. I am a Director of Battleship Stance LLC, a leading intellectual property management and on-line piracy investigation company. I have been and serve as a consultant and Enforcement Officer for major award winning entertainment studios including the publicly traded Private Media Groups' Fraserside IP LLC, Wicked Pictures, Channel One Communications, Cybernet Entertainment d/b/a Kink.com, and Zero Tolerance Entertainment, Third Degree Films, Black Ice

BeharBehar ◆ 1840 North Commerce Parkway ◆ Suite One ◆ Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

5 of 18

Limited and others.

3. Hydentra retained Battleship Stance LLC to investigate copyright and trademark violations and assist in certain litigation to enforce its intellectual property rights.

D.E. #76, Exhibit 2, Par. 2-3. Mr. Tucker goes on to explain the instances of infringement he witnessed, and provides evidence of the same including copies of the videos, source code and take-down notices sent to Defendants. Mr. Tucker has personal knowledge of the violations present on Defendants' websites. *Id.* at par. 4-34. Accordingly, Plaintiff seeks an order in limine prohibiting any "evidence" or testimony described here.

## MOTION IN LIMINE TO EXCLUDE TESTIMONY AND ARGUMENT CONCERNING THE BUSINESS RELATIONSHIP BETWEEN JASON TUCKER AND PLAINTIFF OTHER THAN AS A CONSULTANT AND WITNESS IN THIS MATTER

As demonstrated above, Jason Tucker serves as a consultant and Enforcement Officer for multiple companies, including Plaintiff. His work includes investigation of copyright and trademark violations and to assist in management and when required, litigation to enforce his clients' property rights. Plaintiff expects that Defendants will attempt to introduce evidence of prior matters on which Mr. Tucker consulted with Hydentra.

Pursuant to Federal Rule of Evidence 401, relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Cross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility. *Federal Rule of Evidence 611*.

Mr. Tucker's work and investigation for Hydentra in regards to this action is relevant; however, his work as a consultant or witness on other matters for Hydentra or for other companies altogether is not. Mr. Tucker's work for Hydentra on other matters bears no relevance

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

6 of 18

to his investigation of Sun Social Media, Inc., its associated websites nor the DMCA notices concerning the same. While evidence concerning Mr. Tucker's credibility is relevant, his work on other litigation is not and would only serve to confuse the issues presented to the jury.

In addition, Plaintiff expects Defendants will attempt to question Mr. Tucker and Plaintiff's representative on Mr. Tucker's involvement in previous lawsuits and matters as a means to advance its characterization of Plaintiff as a "copyright troll" and "serial plaintiff." Plaintiff objects to any such solicitation of testimony or evidence on this issue for the reasons set forth above.

## MOTION IN LIMINE TO EXCLUDE TESTIMONY AND ARGUMENT CONCERNING PLAINTIFF AS A FOREIGN CORPORATION

Plaintiff expects that Defendants will attempt to disparage Plaintiff by presenting and/or eliciting evidence that Plaintiff is a foreign corporation. Such testimony or evidence would only be for the purposes of disparaging Plaintiff. Legally, it makes no difference whether Plaintiff is a domestic or foreign corporation. However, given certain political and national sensitivities, Plaintiff suspects that any information would be used to cause discriminatory animus towards Plaintiff.

Plaintiff has registered with the United States Copyright Office the copyrighted works identified in the operative Complaint. Additionally, Plaintiff's "MetArt" trademark and service mark have been continuously used in commerce since May 2002. (U.S. Trademark Registration No. 3152759 was registered on October 10, 2006). Plaintiff's "SexArt" trademark and service mark have been continuously used in commerce since April 2011 (U.S. Trademark Registration No. 4191754 was registered on August 14, 2012). Plaintiff maintains actual offices in the United States with employees at an executive, management, and support levels.

BeharBehar ◆ 1840 North Commerce Parkway ◆ Suite One ◆ Weston, Florida 33326
T: 954-688-7642   F: 954-332-9260   W: BeharBehar.com

7 of 18

Plaintiff is legally entitled to file suit in the United States to protect its copyrights and trademarks. Therefore, any reference to Plaintiff as a foreign corporation (or referencing Cyprus at all) is irrelevant and prejudicial. To the extent this may be relevant (which Plaintiff denies), this evidence is not admissible as Federal Rule of Evidence 403 provides for the exclusion of evidence where the danger of unfair prejudice or misleading of the jury substantially outweighs its probative value.

## MOTION IN LIMINE TO EXCLUDE TESTIMONY AND ARGUMENT CONCERNING JURISDICTIONAL CONSIDERATIONS

Plaintiff anticipates that Defendants will attempt to raise a jurisdictional defense at trial. However, to raise the same at or on the eve of trial would be improper. Lack of personal jurisdiction is a waivable defect, and a defendant waives any objection to a district court's jurisdiction over his person by not objecting to it in a responsive pleading or a Fed. R. Civ. P. 12 motion. *Palmer v. Braun*, 376 F.3d 1254, 1259 (11th Cir. Fla. 2004). According to Federal Rule of Civil Procedure 12(b)(2), a motion asserting these defenses must be made before pleading if a responsive pleading is allowed. Additionally, personal jurisdiction may also be waived, even if a defendant has nominally preserved the defense by reciting it in an answer, if that defendant substantially participates in the litigation without actively pursuing its Rule 12(b)(2) defense. *Matthews v. Brookstone Stores, Inc.*, 431 F. Supp. 2d 1219 (S.D. Ala. 2006).

A personal jurisdiction defense has not been raised either by Motion or preserved by any means in Defendants' First Amended Answer and Affirmative Defenses. Therefore, this defense has been waived and any evidence or testimony concerning the same would be improper.

## MOTION IN LIMINE TO EXCLUDE TESTIMONY AND ARGUMENT CONCERNING PLAINTIFF'S BUSINESS AS "PORNOGRAPHIC"

Plaintiff produces adult content, which includes nudity. However, use of terms such as

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642   F: 954-332-9260   W: BeharBehar.com

8 of 18

pornographic, pornographer and porn purveyor (or similar terms) to describe Plaintiff should be prohibited. In this context these and similar terms undoubtedly invoke preconceived negative connotations. Such preconceived negative connotations may impart that Plaintiff's works are not entitled to copyright protection or that Plaintiff should be treated differently under the law simply because of the industry that it is in, which is not the case. The prevailing view is that no works are excluded from copyright by reason of their content. *Mitchell Bros. Film Group v. Cinema Adult Theater*, 604 F.2d 852, 863 (5th Cir. 1979); *see also Belcher v. Tarbox*, 486 F.2d 1087, 1088 (9th Cir. 1973) ("There is nothing in the Copyright Act to suggest that the courts are to pass upon the truth or falsity, the soundness or unsoundness, of the views embodied in a copyrighted work. The gravity and immensity of the problems, theological, philosophical, economic and scientific that would confront a court if this view were adopted are staggering to contemplate"); *Jartech, Inc. v. Clancy*, 666 F.2d 403 (9th Cir. 1982) (following *Mitchell Bros*).

Defendant can litigate this case without using any of the above (or similarly negative) terms. Federal Rule of Evidence 403 provides for the exclusion of evidence where its probative value is substantially outweighed by the danger of unfair prejudice or misleading of the jury. Here, such titles or descriptions attributed to Plaintiff have no probative value whatsoever.

## MOTION IN LIMINE TO EXCLUDE TESTIMONY AND ARGUMENT CONCERNING THE METHOD OF DELIVERING DMCA TAKE-DOWN NOTICES

In Sun Social Media, Inc. and Konstantin Bolotin's Motion for Summary Judgment, Defendants advance the argument that at some point in the past, Nate Glass, on Plaintiff's behalf, sent DMCA take-down notices through email, then Jason Tucker sent them through Certified Mail. SSM and Bolotin state in their Motion for Summary Judgment the following:

> Given that SSM promptly responded to all of Mr. Glass's notices both before and after the alleged January 2015 notices, Mr. Tucker's paper notices (to the extent

BeharBehar ◆ 1840 North Commerce Parkway ◆ Suite One ◆ Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

9 of 18

...

they were actually sent) were clearly sent in bad faith and in the hope that they would be lost or improperly processed in order to manufacture a pretext for filing a lawsuit. Because the links complained of are usually comprised of very long strings of characters, sending paper notices increases the chances that a recipient will accidentally be unable to locate the complained-of link. (Defendants' Footnote 10) Mr. Tucker's paper notices on behalf of Hydentra, given the established mode of communicating DMCA notices by email (which is faster, safer and easier to send and process for both the complaining party and the receiving party) potentially sets forth the basis for a cause of action against Hydentra for abuse of process. SSM believes that Hydentra's sending of paper notices was not an attempt to vindicate legitimate rights, but a set up to entrap potential defendants into unintentional violations.

D.E. #73, Page 16 of 32. Although Defendants cite to absolutely no record evidence to support their contention, Plaintiff expects that Defendants will attempt to argue this same point to a jury.

Pursuant to 17 U.S.C. Section 512, the DMCA requires the take-down notice be only a "written communication to the designated agent." There is no distinction made between the communication sent by email or Certified U.S. Mail (or regular U.S. Mail). Section 512 provides the following:

> **(3) Elements of notification.—**
> **(A)** To be effective under this subsection, a notification of claimed infringement must be a ***written communication*** provided to the designated agent of a service provider that includes substantially the following:
> **(i)** A physical or electronic signature of a person authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.
> **(ii)** Identification of the copyrighted work claimed to have been infringed, or, if multiple copyrighted works at a single online site are covered by a single notification, a representative list of such works at that site.
> **(iii)** Identification of the material that is claimed to be infringing or to be the subject of infringing activity and that is to be removed or access to which is to be disabled, and information reasonably sufficient to permit the service provider to locate the material.
> **(iv)** Information reasonably sufficient to permit the service provider to contact the complaining party, such as an address, telephone number, and, if available, an electronic mail address at which the complaining party may be contacted.
> **(v)** A statement that the complaining party has a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law.

BeharBehar ♦ 1840 North Commerce Parkway ♦ Suite One ♦ Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

10 of 18

(vi) A statement that the information in the notification is accurate, and under penalty of perjury, that the complaining party is authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.

Any reasonable definition of the term "written communication" would necessarily include either a certified letter or an email. First, the form of delivery methods is irrelevant, as either method is acceptable under the Act. Notwithstanding the same, any evidence or testimony concerning the form of delivery methods by different individuals to enforce Plaintiff's intellectual property rights would serve no purpose other than to confuse the jury, given there is absolutely no legal distinction between either form of communication. Defendants attempt to draw a distinction that is unsupported by law. In essence, Defendants attempt to re-write the DMCA by suggesting one method of delivery is preferred (or required) over another.

## MOTION IN LIMINE TO EXCLUDE TESTIMONY AND ARGUMENT CONCERNING DEFENDANTS' ALLEGED NON-RECEIPT OF THE DMCA TAKE-DOWN NOTICES

In Constantin Luchian's Declaration in Support of Defendants' Motions for Summary Judgment, Mr. Luchian states the following:

> 1. I am an owner, employee and director of Incorporate Now, Inc. ("INI") and a named defendant in the above captioned action. Unless otherwise stated, this declaration is based on my personal knowledge and my review of INI's business records. All statement contained in this declaration are true and correct to the best of my knowledge. If called as a witness, I could and would testify as to the facts set forth in this declaration
>
> 18. INI uses "Regus" as its Regus Cypress Park West #1870 office at 6730 North Andrews Avenue, 2nd Floor in Fort Lauderdale, Florida (the "Office" for "virtual" office space services.
>
> 19. When packages and mail for INI are delivered to Regus at the Office, they are delivered to a receptionist in the waiting room of the Office.
>
> 20. In my discussions with staff at the Regus, particularly a woman named Carmen Jusino, I understand that when they receive packages and mail, the staff

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

11 of 18

> store them in a particular space mixed with the packages and mail of other tenants of Regus at the Office.
>
> 21. Ms. Jusino told me that she did not remember receiving any package from Jason S. Tucker for Battleship Stand LLC sent by USPS with tracking number 9468 7036 9930 0000 6353 65 on behalf of INO on or about January of 2015.
>
> 22. Ms. Jusino also told me that the space where packages and mail are stored is used by other tenants who pick up a lot of mail as well, so it is possible that if she did receive the package from Mr. Tucker that she placed it into the common holding space and it was unintentionally given or taken by another tenant.
>
> 23. I never personally received any package from Jason S. Tucker for Battleship Stance LLC sent by USPS with tracking number 9468 7036 9930 0000 6353 65.[2]

D.E. 72-2. Notably, Mr. Luchian never disclosed this information during his deposition when specifically asked about his receipt of the take-down notices. Instead, this *new* information was disclosed for the very first time well after the discovery deadline passed on January 22, 2016. (D.E. # 33). Mr. Luchian testified as follows at his deposition:

> Q. Mr. Luchian, your attorney has in his hand, Exhibit 7 for identification, it is the United States postal packing slip. I direct your attention to the ship to information. It says Constantin Luchian, 675 North Andrews Avenue, Suite 200, Fort Lauderdale, Florida?
>
> A. According to "shipped to" information, Constantin Luchian, 6750 North Andrews Avenue, Suite 19 200, Fort Lauderdale, Florida, 33309.
>
> Q. Can you direct your attention up to the corner right from there, "Expected Delivery Date: 1/17/15," is that what it says?

---

[2] A majority of Mr. Luchian's Declaration is premised on inadmissible "evidence" for which no exception applies. For example, in paragraph 1 of the Declaration, Mr. Luchian states his testimony is premised upon his "review of INI's business records." Mr. Luchian fails to address the fact that those "business records" constitute hearsay as he fails to establish any exception. Similarly, Mr. Luchian relies extensively on alleged conversations he had with Carmen Jusino. All testimony concerning such communications is excluded as inadmissible hearsay. Lastly, in paragraph 19, Mr. Luchian attempts to establish certain office policies of Regus (a company over which he has absolutely no control), without establishing any predicate for his alleged "personal knowledge" of such policies and the obvious hearsay that arises from such claims.

BeharBehar ♦ 1840 North Commerce Parkway ♦ Suite One ♦ Weston, Florida 33326
T: 954-688-7642   F: 954-332-9260   W: BeharBehar.com

12 of 18

A. According to this document, it states "Expected Delivery Date: 1/17/15."

Q. Is that the correct address for receipt of DMCA takedown notices on that date?

A. Can you specify, can you rephrase the question.

Q. Is that a correct address for you to receive DMCA takedown notices on January 17, 2015?

A. Yes, that is correct address for InCorporate Now, Inc.

Q. I would like to direct your attention to the language underneath the date, where it says: "Reference Number," you see where it says "Playvid.com"?

A. According to this document, it says "Reference Number" or hashtag and it says "Playvid.com."

Q. Do you know who, in regard to the – I apologize, I forget the name, is it Regis that owns the location.

A. Which location?

Q. Andrews?

A. Yes.

Q. Do you know the people that work at Regis by name?

A. No, I do not.

Q. How does the process work, if a delivery requires signature, do you come in and sign for the delivery, or does a Regis employee or agent do that?

A. A Regis employee or agent does that.

Q. Then you come in and the documents themselves are held where in the building for you? Is there a specific bin, mailbox or cubby that is just for you?

A. I'm not sure how Regis handles the documents, when I come in, I request it at the front desk, and they bring it out to me.

Q. Okay. Do you know anybody's name there?

A. Not that I recall, they have changes on a constant basis.

BeharBehar ◆ 1840 North Commerce Parkway ◆ Suite One ◆ Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

13 of 18

(D.E. #75, Pages 45-47).

Simply stated, Mr. Luchian had the opportunity to provide relevant information during the discovery period and particularly during his deposition, yet failed to do so. To the extent that Mr. Luchian now attempts to change his deposition testimony by supplying a Declaration with contradictory (or new) information, such Declaration and anticipated trial testimony before a jury must be precluded. It is well settled that one cannot change his prior deposition testimony with a subsequent affidavit. When a party has given clear answers to unambiguous questions, which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony. *Van T. Junkins & Associates, Inc. v. U.S. Industries, Inc.*, 736 F.2d 656, (11th Cir. 1984). A district court may disregard an affidavit as a sham when a party to the suit files an affidavit that contradicts, without explanation, prior deposition testimony on a material fact. *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1299-1300, F.N. 6 (11th Cir. 2012). Such is exactly what Mr. Luchian attempts to accomplish in his response to Plaintiff's motion for summary judgment, and what he is expected to do during the trial and before a jury. Not only do his contradictory statements make his Declaration a sham, but it is especially egregious given the new information was supplied about one month after the discovery period. These new "facts" require investigation (especially given the substance of the comments and the obvious difficulty one would have recalling exactly what happened to a particular package received over a year ago). As such, as a matter of law, this Declaration should not be considered part of the record and any trial testimony consistent with the Declaration should be precluded.

Moreover, if the Declaration is stricken, then the only "evidence" of non-receipt of the DMCA take-down notices are Mr. Luchian's and Mr. Bolotin's general denials of having

BeharBehar ♦ 1840 North Commerce Parkway ♦ Suite One ♦ Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

14 of 18

received the notices. The record is clear that Plaintiff sent by Certified Mail the DMCA take-down notices (D.E. #76, Par. 8), which Defendants deny having received. (D.E. #73-1, Par. 35).

The law on mailing is well settled: when an item is properly mailed, a rebuttable presumption exists that the addressee received the item.

> Where an item is properly mailed, there exists a rebuttable presumption that the item is received by the addressee. *In re Farris*, 365 F. App'x 198, 199 (11th Cir. 2010). This "'presumption of receipt' arises upon proof that the item was properly addressed, had sufficient postage, and was deposited in the mail." *Id.* at 199-200 (quoting *Konst v. Fla. E. Coast Ry. Co.*, 71 F.3d 850, 851 (11th Cir. 1996)); *see also Rivera v. AT & T Corp.*, 420 F. Supp. 2d 1312, 1320 (S.D. Fla. 2006) (citing *Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1239 (11th Cir. 2002) ("[T]he common law has long recognized a rebuttable presumption that an item properly mailed was received by the addressee.")). **Mere denial is insufficient to rebut the presumption.** *Farris*, 365 F. App'x at 200 (citation omitted). "The presumption so arising is not a conclusive presumption of law, but a mere inference of fact[.]" *Konst*, 71 F.3d at 852 n.1.

*Anderson v. Branch Banking & Trust Co.*, 2015 U.S. Dist. LEXIS 98235, *26-27 (S.D. Fla. 2015).

Pursuant to the mailbox rule, a **"strong presumption"** of receipt applies when notice is sent by certified mail, because it creates actual evidence of delivery in the form of a receipt. *Lupyan v. Corinthian Colleges, Inc.*, 761 F. 3d 314, 319-20 (3rd Cir. 2013). A "weaker presumption" arises where delivery is sent via regular mail, for which no receipt, or other proof of delivery, is generated. *Id.* Here, Plaintiff has clearly demonstrated proof of delivery, and therefore a strong presumption applies. Given that the only record evidence concerns general denials of non-receipt, Defendants' have failed to rebut the presumption of delivery. Accordingly, any evidence of Defendants' denial of receipt of the take-down notices should be precluded.

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642   F: 954-332-9260   W: BeharBehar.com

15 of 18

## MOTION IN LIMINE TO EXCLUDE TESTIMONY AND ARGUMENT BASED ON WITNESSES AND DOCUMENTS NOT DISCLOSED IN DEFENDANTS' INITIAL DISCLOSURES OR DURING DISCOVERY

Rule 26(a)(1)(A)(i) requires a party to disclose "the name and, if known, address and telephone number of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment. . . ." The rule also requires that the subject matter of the likely discoverable information be described. Specifically, pursuant to the Federal Rules of Civil Procedure:

> "[A] party must, without awaiting a discovery request, provide to other parties . . . within 14 days after the Rule 26(f) conference":
>
>> (A) the name, and if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information[.]

Fed.R.Civ.P. 26(a)(1). A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. Fed.R.Civ.P. 37(c)(1).

Defendants *never* served Plaintiff with its Rule 26 initial disclosures. Additionally, to the extent that potential witnesses were not disclosed during Defendants' depositions or until after the discovery deadline (such as Carmen Jusino, first disclosed in Luchian's Declaration in Support of Defendants' Motions for Summary Judgment, D.E. #72-2), such witnesses should be precluded from testifying at trial and no argument concerning such witnesses should be permitted. The error is not harmless as the discovery deadline has passed and Plaintiff has no means by which to serve discovery on and/or depose those individuals.

BeharBehar ♦ 1840 North Commerce Parkway ♦ Suite One ♦ Weston, Florida 33326
T: 954-688-7642   F: 954-332-9260   W: BeharBehar.com

16 of 18

**WHEREFORE**, Plaintiff requests this Court enter an Order in Limine which: (1) excludes testimony and argument concerning the term "Copyright Troll", (2) excludes testimony concerning other lawsuits Plaintiff may have filed, (3) excludes testimony and argument characterizing Jason Tucker as a "hired gun", (4) excludes testimony and argument concerning the business relationship between Jason Tucker and Plaintiff other than as an consultant in this matter, (5) excludes testimony and argument concerning Plaintiff as a foreign corporation, (6) excludes testimony and argument concerning jurisdictional considerations, (7) excludes any testimony and argument related to Plaintiff's business as "pornographic", (8) excludes any testimony or argument concerning Plaintiff's delivery of DMCA take-down notices, (9) excludes any testimony and argument concerning Defendants' alleged non-receipt of the DMCA take-down notices, and (10) excludes testimony and argument not disclosed in Defendants' initial disclosures or during discovery. Plaintiff also seeks all other relief that this Court deems proper.

## RULE 7.1 CONFERENCE

Counsel for Plaintiff has conferred with counsel for Defendants, Brady J. Cobb, Esq., and represents that Mr. Cobb *opposes* the relief requested herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of February, 2016 we electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Brady J. Cobb, Esq. *(Counsel for Defendants)*.

BeharBehar ◆ 1840 North Commerce Parkway ◆ Suite One ◆ Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

17 of 18

Respectfully submitted,

BeharBehar
1840 North Commerce Parkway
Suite One
Weston, Florida 33326
Telephone: (954) 688-7642
Facsimile: (954) 332-9260
E-mail: AB@BeharBehar.com

By: */s/Aaron Behar, Esquire*
Aaron Behar, Esquire
Florida Bar No.: 166286
Jaclyn Behar, Esquire
Florida Bar No.: 63833
***Counsel for Plaintiff***

And: Spencer D. Freeman
Freeman Law Firm, Inc.
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
Telephone: (253) 383-4500
Facsimile: (253) 383-4501
E-mail: sfreeman@freemanlawfirm.org
***Counsel for Plaintiff***
(Admitted pro hac vice)

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

18 of 18