# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

# MIAMI DIVISION

| | |
|---|---|
| HYDENTRA HLP INT. LIMITED, a foreign corporation d/b/a METART,<br><br>    Plaintiff,<br><br>v.<br><br>CONSTANTIN LUCHIAN, an individual, KONSTANTIN BOLOTIN, an individual, SUN SOCIAL MEDIA, INC., a corporation, individually and d/b/a PLAYVID.COM, FEEDVID.COM, PLAYVIDS.COM and PEEKVIDS.COM; PLAYVID.COM; FEEDVID.COM; PLAYVIDS.COM; PEEKVIDS.COM; and John Does 1-20,<br><br>    Defendants. | **Case No.**<br>**1:15-cv-22134-UU** |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS ARISING FROM INSTRUCTIONS NOT TO ANSWER, AND REFUSAL TO ANSWER, DEPOSITION QUESTIONS

In its continuing attempt to bully Defendants into submission, particularly now that Plaintiff has shown its hand in its Motion for Summary Judgment whereby it has no cognizable case against Defendants, Plaintiff has filed four different procedural motions within as many days, in two of which asking this court for the nuclear option that would effectively give it the win that Plaintiff could never acquire otherwise.  In the instant motion, Plaintiff seeks to continue to harass Defendants about issues that are either (1) wholly irrelevant to this litigation, (2) already specifically proscribed by the Magistrate Judge, or (3) privileged information that also happens to be wholly irrelevant to this litigation.  *Plaintiffs has no interest in the*

1

*information requested in the Motion to Compel, and it hasn't even argued otherwise* – its only reason for bringing this Motion to Compel is to harass Defendants. Therefore, and for the reasons detailed below, the Motion to Compel should be denied in its entirety.

## I.     Relevant Facts

This dispute arises from Plaintiff's allegations that users uploaded Plaintiff's copyrighted works onto Defendant Sun Social Media, Inc.'s ("SSM") websites without authorization from Plaintiff. *See*, *generally*, Complaint. As part of its early discovery in this matter, Plaintiff served on SSM Requests for Production of Documents relating, *inter alia*, to SSM's holders of debt. SSM objected to these requests for production and Plaintiff filed a Motion to Compel production of documents relating to SSM's debt. Docket No. 51 ["MtC I"]. In *that* Motion to Compel, Plaintiff argued that documents and information about SSM's debt were relevant to the lawsuit because the investigation of promises/representations SSM made to holders of debt "may support Defendant's knowledge and/or direct involvement in the copyright and trademark infringement of Plaintiff's works on Defendant's websites," (MtC I, p. 20). SSM opposed that Motion to Compel, setting forth the absolute irrelevance of these matters and that arguing that the discovery requests were frivolous fishing expeditions. *See* Opposition to Motion to Compel, Docket No. 56.

The Court set a hearing on the Motion to Compel before Magistrate Judge Otazo-Reyes on December 16, 2015. Docket No. 54. At that hearing, the Magistrate Judge entirely agreed with SSM's objections pertaining to discovery into these matters, indicating that no such discovery could be conducted into the topics unless a foundation could be set substantiating that there was any evidence holders of debt that had any relevance to SSM's knowledge of infringement. Specifically, the Magistrate Judge asked why Plaintiff believed the requested

documents were relevant, and Plaintiff's counsel stated that these people may have knowledge of SSM's intention to infringe, or may somehow control SSM. The Magistrate Judge then stated that Plaintiff could ask about those matters at deposition, clearly intending for Plaintiff to first set a foundation for their beliefs could they inquire further.

In support of that instruction in Court, the Magistrate Judge issued a written order on December 17, 2015, denying the Motion to Compel as to Requests for Production Nos. 6-8 and 10-16 (the requests for production covering, *inter alia*, SSM's debt), indicating that "Plaintiff may inquire further into these matters at deposition." Docket No. 58. Clearly, the Magistrate Judge's intention in denying the Plaintiff's Motion to Compel but allowing further inquiry at a deposition was that if any evidence emerged at deposition supporting Plaintiff's contention that these holders of debt may have information relevant to SSM's knowledge of infringement or that any of these parties controlled SSM, then and only then could Plaintiff ask specific questions about these individuals and SSM's debt.

However, instead of laying a foundation by first inquiring into the relevant information required by the Magistrate Judge, and only then asking for information already denied by the Magistrate Judge, Plaintiff simply relisted the topic of SSM's debt in its 30(b)(6) notice of deposition of SSM. This was a clear attempt by Plaintiff to circumvent the Magistrate Judge's denial of Plaintiff's Motion to Compel and to gain access to information that is not relevant, that the Magistrate Judge already denied, and to which Plaintiff has no right. Because the Magistrate Judge did not permit discovery into these issues absent the proper laying of foundation (which could not be shown), the corporate representative for SSM had no obligation to respond to questions on this matter.

With regards to the deposition of Constantin Luchian, Mr. Luchian is the principal of Incorporate Now, Inc. ("INI"), which provides certain services to SSM. *See*, *generally*, Declaration of Constantin Luchian in Support of Motion to Compel, Docket No. 72-2. INI provides services to more than 75 clients. *Id.*, ¶ 5. As one of the services it provides to its clients, INI acts as a registered DMCA agent. Although the information about a client's registered DMCA agent is publicly available on the Copyright Office's website, there is no way to find out every single one of INI's DMCA clients without looking at every single form filed with the Copyright Office. Information about its other clients are not public information whatsoever. INI therefore considers its client list to be a confidential trade secret, particularly because it could be used by competitors to poach its clients or because it could be used by litigation trolls such as Plaintiff for improper means.

Case in point, and perhaps most importantly Plaintiff has filed this lawsuit against Mr. Luchian as a result of the services INI provides to SSM, and under no cognizable theory of law is Mr. Luchian possibly liable for the causes of action set forth in the complaint. *See*, *generally*, Motion and Memorandum of Law of Defendant Constantin Luchian for Summary Judgment, Docket No. 72. Given that this entire lawsuit against Mr. Luchian is frivolous, Plaintiff's inquiries into irrelevant matters is particularly vexatious, and clearly this motion is brought only to harass Mr. Luchian.

Finally, given that the depositions resulted in over four hundred pages of depositions transcripts and two full days of depositions, there is no question that the deponents were more than extremely cooperative.

**II.     Argument**

Plaintiff brings its Motion to Compel on the basis that Defendants failed to answer questions on four basic categories: (A) Mr. Bolotin's failure to answer questions about why he moved to the United States (Motion, pp. 2-3); (B) Mr. Bolotin's failure to answer questions about SSM's debt pursuant to counsel's instruction that it was prohibited by a prior ruling of the Magistrate Judge in this matter; (C) Mr. Luchian's failure to answer questions about his partner with INI at its launch; and (D) Mr. Luchian's failure to answer questions about the identities of INI's clients, which INI considers to be trade secrets.  Although the reasons why Plaintiff's Motion to Compel should be denied are clear on their face, it should additionally not be granted for the reasons set forth below.

"[T]he scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Federal Rule of Civil Procedure, Rule 26(b)(1).  Federal Rule of Evidence 401 defines "relevant evidence" as evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

Over two days of depositions, resulting in over 400 pages of transcripts, the deponents answered almost every question posed to them and only refused to answer those questions that were privileged or intended to harass and annoy the deponents.  "A motion to compel a witness to answer questions asked at a deposition should be granted if the questions are relevant to the subject matter involved in the action and denied if the questions are relevant to the subject matter involved in the action and denied if the questions seek information that is privileged." Gillman

v. Sch. Bd., 2008 U.S. Dist. LEXIS 34206, *6-7 (N.D. Fla. Apr. 25, 2008) (citing Fed. R. Civ. P. 26(b)(1)).  As detailed below, the questions posed were either irrelevant or privileged.

Moreover, Plaintiff scheduled the depositions near the close of discovery, on January 18 and 19 of 2016.  Discovery closed on January 22, 2016.  Both parties have already filed their Motions for Summary Judgment, which were due on February 12, 2016.  As a result, Plaintiff's Motion to Compel is untimely.  See Videojet Techs., Inc. v. Eagle Inks, Inc., 2011 U.S. Dist. LEXIS 80713 (M.D. Fla. July 25, 2011) ("Upon due consideration of the procedural history of this case, it is ordered and adjudged that Plaintiff's Motion to Compel … is denied. The record reflects that this Court fixed the deadline for discovery as March 4, 2011, that the motion was filed more than five months after the deponent refused to answer certain questions at his deposition, that there is a pending motion for summary judgment, that this case is set for a status conference and pretrial conference in August, and that the trial of this case is scheduled for the September 2011 trial month commencing September 6, 2011. Given these circumstances, the motion is untimely and dilatory.").  The circumstances here are similar: the requested information is irrelevant to the matters at hand and/or are privileged, the motion was brought late as motions for summary judgment have already been filed and Plaintiff has failed to present any cognizable reason as to why it should require this information; it is clear on its face then that this motion was brought solely to harass Defendants and to multiply the proceedings so as to drive up Defendants' legal costs to bully them into capitulation.[1]

---

[1] "Under 28 U.S.C. section 1927, 'any attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Eisenberg Dev. Corp. v. City of Miami Beach,* 95 F. Supp. 3d 1376, 1380 (S.D. Fla. 2015).  If sanctions are warranted at all, they are warranted against the Plaintiff.

### A.     Questions Regarding Mr. Bolotin's Move to The United States

Plaintiff has complained that Mr. Bolotin refused to answer questions about his reasons for moving to the United States from Kazakstan.  Motion to Compel, pp. 2-3.  Even in the Motion to Compel Plaintiff has failed to present any basis as to how this information would be relevant to the matters of this case – whether Defendants are liable for the allegedly infringing acts of the users of Sun Social Media, Inc's websites.  The question does not satisfy the requirements set forth in the Federal Rules of Civil Procedure that discovery be limited to matters that are "relevant to any party's claim or defense."  F.R.C.P. 26(b)(1).  Quite to the contrary, the only interest Plaintiff would have in pressing this point and by filing this Motion to Compel on this point would be to harass, cause unnecessary delay or needlessly increase the cost of litigation, which is prohibited by Federal Rule of Procedure 26(g)(1)(B)(ii).  The Motion to Compel should be denied with respect to this matter.

### B.     Questions Regarding SSM's Debt

The irrelevance of SSM's debt has already been determined by the Magistrate Judge in this matter in Plaintiff's first Motion to Compel.  In this Court's order of December 17, 2015, the Magistrate Judge already denied Plaintiff's Requests for Production regarding SSM's debt on the basis that it was irrelevant without Plaintiff first setting a foundation for how it in any way could relate to the matters in this case.

Plaintiff failed to set any sort of foundation for how information about SSM's debt and its holders of debt was in any way relevant to the issues of copyright and trademark infringement – particularly because it simply is not relevant.  Knowing that the Magistrate Judge had already limited its rights to inquire into these topics, Plaintiff dived headlong into the topic anyway,

7

knowing that it had no right to answers to those questions because it had not set a foundation for it.

This is now the second time that Plaintiff has brought a motion to compel discovery on issues of SSM's debt. Nothing has changed from the first time it tried to do so. This Motion to Compel should be denied like the first one.

### C. Questions Regarding INI's Shareholders

Mr. Luchian is an innocent party dragged into this lawsuit only because his company, Incorporate Now, Inc's ("INI"), provides certain services to Defendant Sun Social Media, Inc. *See See*, *generally*, Motion and Memorandum of Law of Defendant Constantin Luchian for Summary Judgment, Docket No. 72. Today, after having dragged in Mr. Luchian into a suit where he is obviously an innocent bystander, Plaintiff is harassing Mr. Luchian with irrelevant questions about Mr. Luchian's business partner in INI. INI is not a party to this lawsuit. INI is not alleged to be liable for anything to Plaintiff. INI is simply one of SSM's service providers, hardly different from the electrical company that provides power to SSM's servers or the pizza shop that feeds SSM's programmers. The filing of this vexatious and baseless lawsuit against Mr. Luchian does not give Plaintiff carte blanche to discovery into every facet of Mr. Luchian's life – particularly not into the partners of his business.

The Magistrate Judge has already ruled that discovery into the shareholders of Defendant Sun Social Media would be heavily restricted to Plaintiff asking the simple question in Interrogatories because of the irrelevance of the matter. Docket No. 58, p. 2. How much more irrelevant then must Mr. Luchian's partners be in this matter? This matter is so far outside the scope of discovery set forth in F.R.C.P. 26(b)(1) that there is no doubt that it's been asked simply to harass Mr. Luchian.

### D. Questions Regarding INI's Clients

At the deposition, Mr. Luchian maintained that INI's client list is confidential and privileged information. Putting aside the fact that INI's client list (that is, the client list of a company that is not a party to this lawsuit) is wholly irrelevant to whether SSM is liable for the infringing acts of the users of its website, that client list is confidential business information and should not be disclosed. *See*, *e.g.*, Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp., 268 F.R.D. 692, 694 (S.D. Fla. 2010) (granting protective order regarding non-party's client list because "there does not appear to be any reason why this confidential business information is relevant to any issue in [plaintiff's] lawsuit here").

At the deposition, Plaintiff's counsel attempted to argue that some of INI's clients were listed publicly on the Copyright Office's website. However, there is no way to find out every single one of INI's DMCA clients without looking at every single form filed with the Copyright Office. Information about its other clients are not public information whatsoever. INI therefore considers its client list to be a confidential trade secret, particularly because it is difficult to compile, because it could be used by competitors to poach its clients, and because it could be used by litigious parties such as Plaintiff for improper means (*e.g.*, this lawsuit against Mr. Luchian). *See* Florida Statutes 688.002(4) ("'Trade secret' means information, including a formula, pattern, ***compilation***, program, device, method, technique, or process that: (a) Derives independent economic value, actual or potential, from not being generally known to, ***and not being readily ascertainable by proper means by***, other persons who can obtain economic value from its disclosure or use; and (b) Is subject of efforts that are reasonable under the circumstances to maintain its secrecy."); Bright House Networks, LLC v. Cassidy, 129 So.3d 501, 506 (D.C.A. Fla. 2014) ("A customer list that is not readily ascertainable by the public can

be a trade secret"). *See*, *also*, Fadalla v. Life Automotive Products, Inc., 258 F.R.D. 501, 506 (M.D. Fla. 2007) (nonparty's customer and supplier lists, as well as prices, sales, and marketing information, fell within the trade secret definition under Florida law, and was not subject to discovery absent a demonstration of substantial need for the requested information); Cytodyne Technologies, Inc. v. Biogenic Technologies, Inc., 216 F.R.D. 533, 536 (M.D. Fla. 2003) (stating Florida courts have held customer lists are trade secrets) (citations omitted); Merrill Lynch, Pierce, Fenner & Smith, Inc., 191 F.Supp.2d 1346, 1351 (M.D. Fla. 2002) (stating customer lists which are confidential, and information contained within the customer lists are trade secrets); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Hagerty, 808 F.Supp. 1555, 1558 (S.D. Fla. 992) (concluding customer list was a trade secret because Plaintiff took measures to ensure the list's confidentiality).

For these reasons, the Motion to Compel should be denied with regards to questions regarding INI's client list.

### III.    Conclusion

Plaintiff's Motion to Compel is just one of the many recently filed baseless motions against Defendants (and their counsel) seeking to improperly harass and bully Defendants. For the reasons set forth above, as well as the reasons set forth in Defendants' other responses to Plaintiff's motions, this Motion to Compel should be denied in its entirety.

**Respectfully submitted:**

/s/ Brady J. Cobb
Brady J. Cobb, Esquire
Florida Bar No. 031018
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone (954) 527-4111
Facsimile (954) 900-5507
bcobb@cobbeddy.com

*Attorney for Defendants*
*Constantin Luchian,*
*Konstantin Bolotin and*
*Sun Social Media Inc.*

Dated: February 19, 2016

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record on the service list below this 19th day of February, 2016.

/s/ Brady J. Cobb
Brady J. Cobb

## SERVICE LIST

Aaron Behar, Esquire
Jaclyn Behar, Esquire
BEHARBEHAR
1840 North Commerce Parkway
Suite One
Weston, Florida 33326
Telephone: (954) 688-7642
Facsimile: (954) 332-9260
AB@BeharBehar.com
JB@BeharBehar.com

Spencer D. Freeman
Freeman Law Firm, Inc.
1107 1/2 Tacoma Avenue South
Tacoma, Washington 98402
Telephone: (206) 516-3800
Facsimile: (206) 516-3888
sfreeman@freemanlawfirm.org