UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 1:15-cv-22134-UU

HYDENTRA HLP INT LIMITED,
a foreign corporation d/b/a METART,

        Plaintiff,

vs.

CONSTANTIN LUCHIAN, an individual,
KONSTANTIN BOLOTIN, an individual,
SUN SOCIAL MEDIA, INC., a corporation,
individually and d/b/a PLAYVID.COM,
FEEDVID.COM, PLAYVIDS.COM, and
PEEKVIDS. COM; PLAYVID.COM;
FEEDVID.COM; PLAYVIDS. COM;
PEEKVIDS.COM and;
and John Does 1-20,

        Defendants.

_____/

## PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR SANCTIONS AGAINST VALENTIN GURVITS FOR THE UNLICENSED PRACTICE OF LAW AND AGAINST DEFENDANTS FOR THEIR RESULTING FAILURE TO APPEAR AT MEDIATION

Plaintiff, HYDENTRA HLP INT LIMITED d/b/a METART ("Plaintiff"), through

the undersigned counsel, files this Reply in Support of its Motion for Sanctions Against

Valentin Gurvits [D.E. #69], and in support states the following.

Defendant' opening quote – "You've done enough" – and characterization of the

Motions directed at their illegal and obstructionist actions as "frivolous" demonstrate just

how unremorseful Defendants and Mr. Gurvits are.[1] Rather than explain to the Court why Mr. Gurvits repeatedly attempted to inject himself into these proceedings and in fact did so at mediation, repeatedly failed to petition the Court for admission on a pro hac vice basis, or why Mr. Brady as counsel of record intentionally failed to attend mediation, they instead advance irrelevant character evidence of Mr. Gurvits and attempt to sling mud at Plaintiff's counsel. So it appears that the "bully" has come to the Court to complain. The Court should not tolerate Defendants' gamesmanship.

*7-Year Old Comment and 8-Year Old Pleading:* Plaintiff will first briefly address Defendants' footnotes #1 and #3 in their Response. Defendants' comment in footnote #1 concerns a statement made by Plaintiff's counsel *seven years ago* where they offer a short two-page incomplete excerpt of what was a lengthy attorney client strategy meeting to prevent an agent of a university from disclosing sensitive information during a complex series of lawsuits. Most importantly, there was never any suggestion by any individual or party either during or after that litigation that anything said or done was improper. Defendants' comment in footnote #2 concerns allegations in a 2007 case that could not be proven, and the court recognized that the claims were *not* frivolous and filing and advocating those claims did not constitute bad faith.

What is relevant to these proceedings is that neither the undersigned's comments in 2009 or pleading in 2007, or any other dated material for that matter, will change the fact that Mr. Gurvits appeared in Florida to represent three Defendants in active litigation without having been authorized by this Court to do so. Nor do the undersigned's 2009

---

[1] Following the filing of Plaintiff's Motion, Mr. Gurvits gave a comment to an adult industry news outlet, where he is quoted as saying, "I am flattered that they find me such a worthy adversary that they are resorting to such frivolous stunts." His position again demonstrates the lightheartedness with which Mr. Gurvits approaches these proceedings. *See Exhibit "A", attached hereto.*

statement or 2007 pleading change the fact that Mr. Cobb was purposeful in his decision to snub the Court's Mediation Order and instead permit an unlicensed individual to sit in his place while he admittedly "could have been at the mediation in Miami within an hour," and thus was always available to attend. Mr. Cobb fails to even offer any legitimate excuse for his non-appearance other than as an attempt to "conserve Defendants' legal costs." Certainly, Mr. Cobb's appearance would have been more cost effective than having Mr. Gurvits appear at mediation. Mr. Cobb is located in Fort Lauderdale while Mr. Gurvits is in Boston necessitating expensive airfare, hotel stays and associated fees. Mr. Gurvits has practiced law since 1999 (while Mr. Cobb only since 2006), thus justifying a higher hourly rate for Mr. Gurvits. Plus, if Mr. Gurvits's appearance sincerely were cheaper, then proper arrangements would have been made to have Mr. Gurvits sit in on two days of Defendants' depositions rather than Mr. Cobb, yet that was never done. Defendants' excuse in this regard is untrustworthy. Nowhere in this Court's Mediation Order is any counsel of record authorized to unilaterally substitute another individual (particularly an unlicensed individual) to attend mediation in their place.

*Mr. Gurvits's Credentials:* Turning next to Defendants' arguments concerning Mr. Gurvits's credentials and good standing with other courts, again such is immaterial here. To suggest that because Mr. Gurvits has never been sanctioned or reprimanded in the past and therefore should not be so sanctioned here is irrational. Whether Mr. Gurvits is lucky he was not caught in the past or whether he has never played similar games with any other court in the country does not affect his admitted attendance and active participation as the *only* (unlicensed) attorney for Defendants at mediation. The same is

3

true of Mr. Cobb's failure to attend the Court ordered mediation. Similarly, Mr. Gurvits's legal experience and past service as a legal professor does not help his cause. Not only is it irrelevant, but as a professor of law Mr. Gurvits should have known better than to practice anywhere without a license.

**Not Registered as House Counsel:** Mr. Gurvits refers to himself as SSM's "*de facto* general counsel*" in what appears to be a suggestion that his attendance at mediation is justified. Florida strictly governs the activities of such counsel and defines "Authorized House Counsel" as any person who:

> (1) is exclusively employed by a business organization located in the state of Florida and is residing in Florida or relocating to the state of Florida in furtherance of such employment within 6 months of such application under this chapter and receives or shall receive compensation for activities performed for that business organization;

> (2) has complied with rule 17-1.4; and

> (3) has been certified as an authorized house counsel by the Supreme Court of Florida.

Mr. Gurvits does not satisfy any of the Florida Bar's mandatory requirements. He is not employed by SSM and instead swears at paragraph 4 of his Declaration: "I have represented defendants in many copyright cases . . . around the country . . . (to name just a few))." He does not reside in Florida nor has he expressed any intention of relocating within 6 months; he failed to comply with the registration requirements of Rule 17-1.4; and the Florida Supreme Court has not certified him as an authorized house counsel. Mr. Gurvits self-characterization as "general counsel" is only intended to mislead this Court. Defendants' argument that Plaintiff's position is intended to deny them of "the counsel of their choice," is equally baseless. Plaintiff has never taken the position that Mr. Gurvits could not have appeared in Florida on a pro hac vice basis, but rather only objected to his

unlicensed practice of law. It remains a mystery why Mr. Gurvits never applied for pro

hac vice admission (either before or since Plaintiff's Motion) or why he fails to explain

this omission to the Court in either his Declaration or Response.

   ***The Motion to Compel Hearing:*** While sometimes litigants may genuinely

mistaken certain past events, Defendants' interpretation of Mr. Gurvits's participation at

the hearing is made in bad faith and is easily demonstrated by a review of the hearing

transcript, *which is attached hereto as Exhibit "B."* On page 1, the court reporter noted

that Mr. Gurvits and Mr. Cobb both appeared for the Defendants. On page 3, Mr. Gurvits

represents to the Magistrate Judge, "Val Gurvits on behalf of Defendants." On pages 8-9,

the record demonstrates that Mr. Gurvits attempted to do more than simply consult with

Mr. Cobb. To the contrary, he tried to inject himself into the proceedings until Plaintiff's

counsel notified the Court of the problem:[2]

> **THE COURT:** All right. Well, let me ask you this question: Would there
> be any communications other than the infringing notices that may be
> relevant to the posting of the videos?
> **MR. COBB:** What types of communication? Between who?
> **THE COURT:** Between Defendants and those parties that we're
> considering, the independent contractors, the programmers and the
> advertisers.
> **MR. COBB:** As it pertains to uploading infringing material?
> **THE COURT:** Right.
> ***MR. GURVITS: Your Honor, the — just by way of background, this case
> is about —***
> **MR. FREEMAN:** I actually have an objection. Mr. Gurvits is not a
> member of this district. He has also not applied for or been granted *pro
> hac vice* into this case. I think it's inappropriate for him to be involved in
> this hearing.
> **THE COURT:** All right. I allow Mr. Cobb to consult with Mr. Gurvits

---

[2] To be clear, Plaintiff does not argue that this single instance constitutes the unlicensed practice of law. Instead, this is one of several examples of Mr. Gurvits's repeated attempts to actively participate in the proceedings, all of which ultimately culminated in his appearance at mediation as the sole attorney for all Defendants. Such participation at mediation cannot be said to have been "innocent" or "unintentional" or even an "honest oversight" given Mr. Gurvits's prior acts in this litigation.

and then answer my question.

Mr. Gurvits attempted to raise argument during the hearing and Mr. Cobb did not try to stop Mr. Gurvits from participating (as reflected in the transcript). Mr. Gurvits's participation would have continued but for Mr. Freeman's objection.

**Standing:** Defendants misconstrue the nature of the Motion for Sanctions. Plaintiff seeks relief in the form of contempt, disqualification, injunction, reimbursement of fees and costs, and default, all of which this Court is authorized to do in order to enforce its own Mediation Order and regulate the conduct of counsel practicing before it. (See generally Wherefore Clause of Plaintiff's Motion). Contrary to Defendants' point, Plaintiff does not attempt to prosecute Mr. Gurvits.

**Rule 4-5.5:** Defendants rely on Rule 4-5.5 of the Florida Rules of Professional Conduct, but entirely misunderstand the rule as it pertains to subsection (c)(3) and (c)(3)(B). Subsection (c)(3) authorizes qualified lawyers to provide legal services on a temporary basis in Florida that are "in or reasonably related to a pending or potential . . . mediation . . . in this or another jurisdiction, *and the services are not services for which the forum requires pro hac vice admission* . . . ." Rule 4-5.5(c)(3). This subsection does not apply here because the forum requires Mr. Gurvits's pro hac vice admission. This Court's Local Rule 4(a) governs "Who may appear generally," and states: *"Except when an appearance pro hac vice is permitted by the Court, only members of the bar of this Court may appear as attorneys in the Courts of this District."* S.D. Fla. L.R. 4(a). Thus, the analysis ends here, and there would be no reason to examine (c)(3)(B). Nevertheless, Rule 4-5.5(c)(3)(B) is also inapplicable because any services rendered by Mr. Gurvits did not arise out of (and are not related to) his practice in Boston. The Complaint makes no

references to any actions by Defendants in Boston, Defendants raise no defenses in this regard, and no discovery has ever revealed such a connection with Boston. Defendants apply an overly-broad interpretation of the Comments to the Rule, which would result in access to Florida Courts by almost any foreign attorney who had once represented a client in a foreign jurisdiction and who requires representation in Florida. The example provided in the Comments is instructive -- the example discusses: a multinational corporation (SSM is based out of Fort Lauderdale, maintains only one office and has only one employee); a survey of business opportunities (this litigation involves a series of infringing activities by SSM and the individual Defendants of Plaintiff's protected content); the services of the lawyer in assessing the relative merits of each business opportunity (Mr. Gurvits actively represented Defendants in mediation negotiations). The example does not contemplate representation in active litigation or mediation, but rather in general advice given by the lawyer to the client.

*Watch Out Schrödinger's Cat, It's A Trap:* Defendants' reference concerns an experiment where a cat, a flask of poison and a radioactive source are all placed in a box, and at some point in time the cat is said to be simultaneously dead and alive. The cat is an unfortunate victim of the experiment. Defendants' metaphysical postulations are intended only to confuse the Court, much like the cat was tricked into the box. The point is simple – Mr. Gurvits is not a licensed attorney in Florida; Defendants each appeared at mediation with Mr. Gurvits and not with Mr. Cobb; therefore Defendants did not appear at mediation with a licensed attorney. *The Court's Mediation Order makes mandatory the appearance of counsel and each party*. The Court's Local Rule 11.1(d)(4) restricts a party's self-representation after an attorney has entered an appearance for them, thus Mr.

Luchian and Mr. Bolotin could not have represented themselves. SSM likewise cannot represent itself as it is a legal entity. *Fed. Trade Comm'n v. Gem Merch. Corp.*, No. 95-8364, 1995 WL 623168, at *1 (11th Cir. 1995). Complicated references to thought experiments are unnecessary and intended to obfuscate the simple issue.

*Additional Examples of The Unlicensed Practice of Law:* Defendants argue that none of the examples identified by Plaintiff constitute the unlicensed practice of law. Defendants do not deny that participation in mediation constitutes the practice of law, but offers only a misapplied reading of Rule 4-5.5. In addition to these instances, Mr. Gurvits's Associate Attorney, Matthew Shayefar, Esq., actively participated in the discovery proceedings in this case. On or about January 6, 2016, SSM supplied Plaintiff with its "Objections and Responses to Plaintiff's First Set of Interrogatories," *a copy of which is attached as Exhibit "C."* Page 15 of the Objections and Responses reflects that Matthew Shayefar, Esq. personally executed the document "as to all objections."[3] Mr. Shayefar is neither admitted to practice in Florida nor authorized to practice before this Court on a pro hac vice basis. His raising of legal objections to discovery, similar to objecting during a deposition, constitutes the unlicensed practice of law. This is yet another example of Mr. Gurvits's use of his law firm and associates to advance a legal defense to Plaintiff's claims all without being properly admitted.

*Defendants' Fraudulent Misrepresentations to the Court:* What follows is perhaps the most egregious example of Defendants' and their counsels' fraudulent

---

[3] In addition, in response to Interrogatory #1, Mr. Bolotin is said to have answered the interrogatories and could be reached "c/o Boston Law Group, PC" in Massachusetts. In response to Interrogatory #2, Mr. Bolotin likewise indicates that Mr. Luchian has knowledge of the allegations and could be reached "c/o Boston Law Group, PC" in Massachusetts. Mr. Shayefar electronically executed the "Certificate of Service".

misrepresentations to the Court. Mr. Gurvits initially told the Court he was *applying* for pro hac vice admission, and then told the Court he was indeed *admitted* on a pro hac vice basis when in reality no such application had ever been filed or authorization entered.

Plaintiff commenced this action on June 4, 2015. Defendants' very first filing with this Court occurred on August 27, 2015 (Defendants' Unopposed Motion to Set Aside Default), in which Mr. Gurvits electronically signed the Motion and represented "pro hac vice application forthcoming." [D.E. 26]. Mr. Gurvits also executed the Certificate of Compliance with Local Rule 7.1(a)(3) and represented that he personally conferred with Plaintiff's counsel to resolve the issues in the motion. *See Composite Exhibit "C."*

On September 1, 2015, Defendants then filed their Answer to the Complaint [D.E. 32], in which both Mr. Gurvits and Mr. Shayefar represented, "pro hac applications forthcoming." *See Composite Exhibit "C."* On October 15, 2015, Defendants filed a Motion for Leave to File First Amended Answer and Affirmative Defenses, in which they attach a copy of the proposed Amended Answer. [D.E. 38 and 38-1]. Again, in each filing Mr. Gurvits and Mr. Shayefar represented, "pro hac applications forthcoming". *See Composite Exhibit "C."*

Defendants' very next filing occurred on November 16, 2015 (Defendants' Response to Plaintiff's Motion to Strike Amended Affirmative Defenses), where Mr. Gurvits and Mr. Shayefar ***represent they were admitted to this Court*** on a pro hac vice basis. [D.E. 43]. *See Composite Exhibit "C."* On December 15, 2015 (SSM's Opposition to Plaintiff's Motion to Compel Answers to Plaintiff's Request for Production), both Mr. Gurvits and Mr. Shayefar again ***represent to the Court that they have been admitted*** on a

pro hac vice basis. [D.E. 56]. *See Composite Exhibit "C."* The misrepresentations continued on December 31, 2015 (Defendants' Motion to Bifurcate), when for the third time Mr. Gurvits and Mr. Shayefar ***represented they were admitted*** on a pro hac vice basis. [D.E. #60]. *See Composite Exhibit "C."* What is concerning is that at no time during these proceedings have Mr. Gurvits or Mr. Shayefar actually sought pro hac vice admission from this Court. ***They have, indeed, been actively practicing law in Florida since at least August 27, 2015 where they repeatedly represented to the Court that they were going to seek admission or had indeed sought and obtained admission.*** As noted herein, this practice continued at the mediation where Mr. Gurvits was the sole lawyer appearing for and representing Defendants.

As further evidence of Mr. Gurvits's intentions, his signature suddenly disappears from all filings on February 12, 2016, *only after* he was found out and *after* Plaintiff notified this Court of Mr. Gurvits's unlicensed practice of law.

Despite all of the instances of what amounts to serious misconduct, at no time have Mr. Gurvits or Mr. Cobb demonstrated any remorse or offered any good faith explanation. Nor has Mr. Gurvits sought admission on a pro hac vice basis since Plaintiff raised these concerns. Instead, Defendants' counsel has become indignant and accusatory towards Plaintiff and its counsel. They have belittled the importance of this Court's rules and orders and those of the Florida Bar, and stated these issues are a waste of time for the Court. To permit this behavior to go unpunished would be to condone Defendants' future disregard of the rules and orders that all Florida lawyers are obligated to follow.

## CONCLUSION

For the reasons set forth herein and in Plaintiff's Motion for Sanctions, Plaintiff respectfully requests this Court grant the instant Motion and enter an Order consistent with the relief sought in Plaintiff's Wherefore Clause.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of February, 2016 we electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Brady J. Cobb, Esq. *(Counsel for Defendants)*.

Respectfully submitted,

BeharBehar
1840 North Commerce Parkway
Suite One
Weston, Florida 33326
Telephone: (954) 688-7642
Facsimile: (954) 332-9260
E-mail: AB@BeharBehar.com

By:  */s/Aaron Behar, Esquire*
Aaron Behar, Esquire
Florida Bar No.: 166286
Jaclyn Behar, Esquire
Florida Bar No.: 63833
        ***Counsel for Plaintiff***

And:  Spencer D. Freeman
        Freeman Law Firm, Inc.
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
Telephone:  (253) 383-4500
Facsimile:  (253) 383-4501
E-mail:
sfreeman@freemanlawfirm.org
***Counsel for Plaintiff***
(Admitted pro hac vice)