**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

| | |
|---|---|
| HYDENTRA HLP INT. LIMITED, a foreign corporation d/b/a METART,<br><br>     Plaintiff,<br><br>v.<br><br>CONSTANTIN LUCHIAN, an individual, KONSTANTIN BOLOTIN, an individual, SUN SOCIAL MEDIA, INC., a corporation, individually and d/b/a PLAYVID.COM, FEEDVID.COM, PLAYVIDS.COM and PEEKVIDS.COM; PLAYVID.COM; FEEDVID.COM; PLAYVIDS.COM; PEEKVIDS.COM; and John Does 1-20,<br><br>     Defendants. | **Case No.**<br>**1:15-cv-22134-UU** |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS MOTION FOR PROTECTIVE ORDER (D.E. 65)**

Defendants Sun Social Media, Inc. ("SSM") and Konstantin Bolotin ("Bolotin"), by and through counsel and pursuant to Local Rule 26.1(d) and all other applicable authority and files this their Response in Opposition to Plaintiffs' Motion for Protective Order (D.E. 65), and in support thereof states the following:

1.     In its scheduling Order of September 14, 2015, the Court set the cut-off date for discovery to be January 22, 2016.

2.     SSM and Bolotin have engaged in the discovery process with Plaintiff in good faith, including responding to Plaintiffs interrogatories, requests for production (including

1

producing thousands of pages of Bates labeled documents), and attending two days of depositions.

3. On January 6, 2016, Defendants served their first set of interrogatories and first request for production onto Plaintiff. While these requests would be due after the discovery cut off, Plaintiffs agreed to produce responsive documents thereto and did not object to answering the interrogatories.

4. As evidence of Plaintiffs agreement to participate in discovery, on January 21, 2016, Plaintiff served expert interrogatories onto SSM and an expert request for production onto SSM ("Plaintiffs Expert Discovery"), the day before the discovery cut off period was to expire. Plaintiff also set the deposition of a non-party that was to occur on February 25, 2016. Given that discovery proceedings and other matters pertaining to the case were being conducted in good faith between counsel up and through the expiration of the discovery period, Defendants served expert discovery (the "Defendant's Expert Discovery") onto Plaintiffs on January 22, 2016. Defendants recognized that pursuant to Local Rule 26.1(d), Plaintiffs would be under no obligation to respond to issued discovery or the issued expert discovery as the due date for such discovery was after the discovery cut off, much the same as the due date for Plaintiffs aforementioned expert discovery fell after the discovery cut off. At the time of these events, however, counsel for the parties were working in good faith and Defendants had the belief (albeit mistaken given what has transpired since) the parties could finalize expert discovery in an agreed upon fashion.

5. For approximately two weeks after the discovery cut off, it appeared as if the parties would be able to work in good faith to finalize expert discovery. Plaintiffs' counsel even promised to produce responsive documents to Defendants at mediation on February 5, 2016,

which is indicative of the good faith that the parties were operating under. More specifically, counsel for Plaintiff Spencer Freeman emailed the undersigned on February 4, 2016 (the day before mediation) and promised that "I can bring flash drive with docs  - unbates stamped right now – that are responsive to RFP."

6. Unfortunately, said good faith has become a scarce resource for Plaintiffs and their counsel following the unsuccessful mediation in this case on February 5, 2016.

6. Once Plaintiffs' mediation demand was not met with an offer that they deemed sufficient, Plaintiffs stormed out of mediation. Thereafter, Plaintiffs withdrew Plaintiffs' Expert Discovery at 4:39 p.m. on February 8, 2016, and filed the instant Motion for Protective Order (D.E. 65) as to Defendants' Expert Discovery on February 9, 2016 at 9:16 a.m.

7. In Plaintiffs Motion for Protective Order, they certainly do not reference the fact that they had engaged in discovery after the discovery cut off, including scheduling a deposition to occur on February 25, 2016. Nonetheless, had Plaintiffs' counsel allocated a few minutes of their day to reading the Local Rules of this Court, as opposed to filing a litany of baseless motions for sanctions against Defendants, Plaintiffs' counsel would have learned that under Local Rule 26.1(d), the instant Motion for Protective Order (D.E. 65) is a legal nullity and an unnecessary use of this Court's precious time and resources.

8. More specifically, Local Rule 26.1(d) states that:

> (d) Completion of Discovery. Party and non-party depositions must be scheduled to occur, and written discovery requests and subpoenas seeking the production of documents must be served in sufficient time that the response is due on or before the discovery cutoff date. Failure by the party seeking discovery to comply with this paragraph obviates the need to respond or object to the discovery, appear at the deposition, or move for a protective order.

9. The plain language of Local Rule 26.1(d), more particularly the last sentence thereof, makes it unequivocally clear that the instant Motion for Protective Order is as

3

unnecessary as it is improper. Since Defendants discovery was due after the discovery cut off, Plaintiff's obligation to respond thereto was obviated, and Plaintiff did not need to waste the Court's time or incur fees to the Defendants in filing a protective order that the Local Rule expressly states is not required.

10. Nonetheless, Defendants' submit to this Court that it has not and will not seek to compel responses to Defendants' discovery, and will continue to comply with all local rules of this Court. Any suggestion by the Plaintiff to the contrary is contravened by the record in this case and Plaintiffs' own bad faith conduct.

WHEREFORE, given the plain language of Local Rule 26.1(d), Defendants respectfully request that this Honorable Court enter an order denying Plaintiffs' Motion for Protective Order, and for such other relief (including monetary sanctions) as this Court deems just and proper.

**Respectfully submitted:**

/s/ Brady J. Cobb
Brady J. Cobb, Esquire
Florida Bar No. 031018
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone (954) 527-4111
Facsimile  (954) 900-5507
bcobb@cobbeddy.com
*Attorney for Defendant*
*Sun Social Media Inc.*

Dated: February 22, 2016

### CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record on the service list below this 22nd day of February, 2016.

/s/ Brady J. Cobb
Brady J. Cobb

## SERVICE LIST

Aaron Behar, Esquire
Jaclyn Behar, Esquire
BEHARBEHAR
1840 North Commerce Parkway
Suite One
Weston, Florida 33326
Telephone: (954) 688-7642
Facsimile: (954) 332-9260
AB@BeharBehar.com
JB@BeharBehar.com

Spencer D. Freeman
Freeman Law Firm, Inc.
1107 1/2 Tacoma Avenue South
Tacoma, Washington 98402
Telephone: (206) 516-3800
Facsimile: (206) 516-3888
sfreeman@freemanlawfirm.org