UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 1:15-cv-22134-UU

HYDENTRA HLP INT. LIMITED,
a foreign corporation d/b/a METART,

      Plaintiff,

vs.

CONSTANTIN LUCHIAN, an individual,
KONSTANTIN BOLOTIN, an individual,
SUN SOCIAL MEDIA, INC., a corporation,
individually and d/b/a PLAYVID.COM,
FEEDVID.COM, PLAYVIDS.COM, and
PEEKVIDS. COM; PLAYVID.COM;
FEEDVID.COM; PLAYVIDS. COM;
PEEKVIDS.COM and;
and John Does 1-20,

      Defendants.
_____/

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL AND FOR SANCTIONS ARISING FROM INSTRUCTIONS NOT TO ANSWER, AND REFUSAL TO ANSWER, DEPOSITION QUESTIONS (D.E. #71)

Plaintiff, HYDENTRA HLP INT. LIMITED, a foreign corporation d/b/a METART (hereinafter, "Plaintiff"), files this Reply in Support of its Motion to Compel and for Sanctions Arising from Instructions Not to Answer, And Refusal to Answer Deposition Questions, and states as follows:

Defendants' Response is limited to four points: (1) questions related to Mr. Bolotin's relocation from Kazakhstan to the United States are irrelevant; (2) questions regarding Sun Social Media, Inc.'s ("SSM") debt are irrelevant without a foundation as to

BeharBehar ♦ 1840 North Commerce Parkway ♦ Suite One ♦ Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

1 of 8

how it relates to the litigation; (3) questions regarding Incorporate Now, Inc.'s ("INI") shareholders are outside the scope of discovery and irrelevant; and (4) questions regarding INI's clients constitute trade secret/confidential business information.

Federal Rule 26(b) governs the scope and limits of discovery and provides that "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." The Southern District of Florida examined parties' discovery obligations and stated, the "'scope of discovery under the Federal Rules is extremely broad' . . . [and] the relevancy question for discovery should be construed 'liberally and with common sense. . . .'" *Adelman v. BSA*, 276 F.R.D. 681, 699-700 (S.D. Fla. 2011) (quoting *United States v. Cathcart*, 2009 U.S. LEXIS 57526, *2 (N.D. Cal. 2009)). The liberality of discovery has been broadly construed to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. See *Hickman v. Taylor*, 329 U.S. 495, 501 (1947). Discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. *Id.*, at 500-501. Discovery is not limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits. *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351(U.S. 1978).

The Federal Rules of Civil Procedure strongly favor full discovery whenever possible. *Adelman, 276 F.R.D* at 688 (citing *Farnsworth v. Proctor & Gamble Co.*, 758 F. 2d 1545, 1547 (11th Cir. 1985)). Relevance for discovery purposes is much broader than relevance for trial purposes, and as such discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought has no

BeharBehar ♦ 1840 North Commerce Parkway ♦ Suite One ♦ Weston, Florida 33326
T: 954-688-7642   F: 954-332-9260   W: BeharBehar.com

2 of 8

possible bearing on the subject matter of the action. *Id.* at 688. This Court has held the following:

> Information is relevant if it is "germane, conceivably helpful to plaintiff, or reasonably calculated to lead to admissible evidence." Thus, as explained by the *Oppenheimer Fund* Court, relevant discovery under Rule 26 is not limited to the issues raised by the pleadings because "discovery itself is designed to help define and clarify the issues." In short, information can be relevant and therefore discoverable, even if not admissible at trial, so long as the information is reasonably calculated to lead to the discovery of admissible evidence. (citations omitted).

*Donahay v. Palm Beach Tours & Transportation, Inc.,* 242 F.R.D. 685, 687 (S.D. Fla. 2007).

### A. Questions related to Mr. Bolotin's History are Relevant

Mr. Bolotin argues that questions related to the reasons why he entered the United States are irrelevant. Mr. Bolotin's first job in the United States was as Director of Operations for Webzilla[1] (D. E. #74), 1/18/16 Deposition, Pages 14-15 of 95). Constantin Luchian works for Webzilla and has for at least seven years. (D.E. #75), Pages 11-12 of 106). Mr. Bolotin's relationship with Mr. Luchian is relevant, and therefore his relocation from Kazakhstan to Miami to join Webzilla is relevant as well.

Neither Plaintiff nor this Court can determine whether information on this issue is relevant until Mr. Bolotin responds to the question. As Mr. Freeman stated during the deposition, it is not for Mr. Bolotin to decide what is relevant and what is not, but is rather for the Court to decide (D. E. #74), 1/18/16 Deposition, Page 11 of 95). Assuming the response were irrelevant, then Defendants' has a number of remedies available to it to

---

[1] Webzilla is the hosting company that provides hosting services for each of the four websites named in this lawsuit, and hosts and delivers all of the content at issue that Plaintiff claims was infringed.

BeharBehar ♦ 1840 North Commerce Parkway ♦ Suite One ♦ Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

3 of 8

preclude its introduction at trial (i.e., motion in limine), but certainly the refusal to answer a basic question is improper. The fact that Mr. Bolotin refused to answer such a simple question certainly raises a red flag.

### B. Defendants' Counsel Misrepresents the Court's Instructions at the Hearing on December 16, 2015, Related to SSM's Ownership Structure and Debt.

On December 16, 2015, this Court held a hearing on Plaintiff's Motion to Compel Responses to Plaintiff's Request for Production to SSM. Plaintiff sought documents reflecting SSM's ownership structure. The following exchange took place:

> COURT: So that brings us to ownership. And let me hear -- Mr. Freeman, it wasn't quite clear to me. There's two individuals being named in their individual capacity. It's not quite clear whether those individuals who -- it sounds like they operate the business -- would be personally liable under the copyright and trademark laws. And so answer that question. And also why you want to know the names of the owners of the corporation, which obviously you will get -- you get some information off Sunbiz in terms of the officers and so on. But what more do you want?
>
> MR. FREEMAN: Your Honor, under the law, anybody that has control or decision-making over items that are up on a website can be held personally liable for copyright infringement. The two individual that were listed here are listed as -- off the top of my head, a director or vice president. They're listed in executive roles with Sun Social. And that's why they were named. It is our position that there's -- it's at least reasonably calculated that one of the owners could be involved in control and decision-making over what's going on in the website and could also then be held personally liable. It's also another reason why the communications between people are important. But we can't even assess that without knowing who the owners are. It seems pretty clear that a simple request like that is relevant.
>
> THE COURT: Well, the way you requested it is all documents relating to ownership. *It seems to me that if you had served an interrogatory asking for the names of the owners of the corporation, that would be a little bit more tailored to what you're looking for, not necessarily that it's relevant, but at least if you're saying that all individuals with control would be liable and you've named some John Does, that would be a little bit more reasonable to go about it as opposed to all documents relating*

BeharBehar ♦ 1840 North Commerce Parkway ♦ Suite One ♦ Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

4 of 8

> *to ownership. All right? So I will deny that one without prejudice to your seeking the same information –*
>
> MR. FREEMAN: Thank you.
>
> THE COURT: -- *with an interrogatory.* All right. So let me just recap to make sure we're all on the same page. I made the ruling on 6 through 8 and 10 to 16 *without prejudice to further inquiry by the Plaintiffs.*

*Exhibit 1, Pages 23-24.*

The Court never determined that information regarding ownership was irrelevant, but rather that it was inappropriate for a request for production and permitted Plaintiff the option of "further inquiry," with which SSM interfered.

Additionally, as it concerns SSM's debt, the Court determined that Plaintiff could inquire into the company's debt reflected in request for production #20 once SSM supplemented its profit and loss statement that would be produced in request #9. *SSM failed to supplement its profit and loss statement*, thus Plaintiff was unable to explore any debt identified in request #20. *Exhibit 1, Page 21.*

Defendants' counsel's objection at the deposition was premised upon Plaintiff's supposed inability to establish a foundation to inquire as to SSM's debt. Nowhere does the Court's discovery order impose this obligation. The remedy for any failure to establish a foundation to a question is an "objection to form" and certainly not an instruction not to answer. As demonstrated at the hearing and throughout the case, anyone with control over SSM may be individually liable for the claims raised. Because any individual to whom a debt is owed may in all likelihood be an owner or director of SSM (or have some other similar influence over its operations), then the issue of indebtedness absolutely becomes relevant.

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

5 of 8

### C. *Questions related to INI's Shareholders are Relevant*

Defendants suggest that INI is immaterial to this case and acts simply as a service provider to the Defendant, "hardly different from the electrical company that provides power to SSM's servers or the pizza shop that feeds SSM's programmers". Defendants' position is perplexing, as INI is an agent who performs DMCA services for SSM, and SSM raises certain protections pursuant to the Safe Harbor Provision of the DMCA. One of the key factual issues in the case is Defendants' position that it never received DMCA take-down notices. Therefore, as a result of the DMCA services that INI performs on SSM's behalf, INI would possess relevant information as to the allegations and defenses concerning the Safe Harbor Provision of the DMCA.

Additionally, because there is a clear connection between Mr. Bolotin and Mr. Lucian (both worked for Webzilla), then naturally there is a suspected connection between SSM (owned by Bolotin), Webzilla (of which Luchian is employed and Bolotin was previously employed) and INI (where Luchian works and is an officer). Again, because any individual with control over SSM would be liable for the claims raised, Plaintiff deserves an opportunity to inquire as to the connections between the companies and individuals at deposition.

### D. *Questions related to INI's Client List are Relevant*

Mr. Luchian testified that INI's client list is irrelevant and confidential, and refused to answer questions on the issue. At Mr. Luchian's deposition, however, Plaintiff asked for information that cannot be deemed confidential as such information is a public

BeharBehar ♦ 1840 North Commerce Parkway ♦ Suite One ♦ Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

6 of 8

record filed with the U.S. Copyright Office in its list of Service Providers. Rather than scour the voluminous public records for this information, Plaintiff determined it beneficial to ask Mr. Luchian at his deposition, but again he refused to answer. Neither Mr. Luchian nor INI ever filed a motion for protective order as to this issue. Again, this matter is relevant to the proceedings given the liability that attaches to those with control over SSM and the connections between the various individuals and companies involved could lead to the discovery of admissible evidence.

## CONCLUSION

While discovery is broad under the Federal Rules of Civil Procedure, Defendants have thwarted Plaintiff's efforts to discover relevant information. Defendants' refusal to answer otherwise discoverable information raises red flags as to the substance of the information. Defendants' refusal to answer questions and its counsel's instructions not to answer violate this Court's discovery rules. Now that the discovery deadline has closed, Defendants' actions serve to deprive Plaintiff of discovery necessary to further its claims.

BeharBehar ◆ 1840 North Commerce Parkway ◆ Suite One ◆ Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

7 of 8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of February, 2016 we electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Brady J. Cobb, Esq. (counsel for Defendants).

      Respectfully submitted,

      BeharBehar
      1840 North Commerce Parkway
      Suite One
      Weston, Florida 33326
      Telephone: (954) 688-7642
      Facsimile: (954) 332-9260
      E-mail: AB@BeharBehar.com

By:    */s/Aaron Behar, Esquire*
      Aaron Behar, Esquire
      Florida Bar No.: 166286
      Jaclyn Behar, Esquire
      Florida Bar No.: 63833
      ***Counsel for Plaintiff***

And:   Spencer D. Freeman
      Freeman Law Firm, Inc.
      1107 ½ Tacoma Avenue South
      Tacoma, WA 98402
      Telephone: (253) 383-4500
      Facsimile: (253) 383-4501
      E-mail: sfreeman@freemanlawfirm.org
      ***Counsel for Plaintiff***
      ***(Pro Hac Vice)***

BeharBehar ◆ 1840 North Commerce Parkway ◆ Suite One ◆ Weston, Florida 33326
T: 954-688-7642   F: 954-332-9260   W: BeharBehar.com

8 of 8