UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-22134-CIV-UNGARO/OTAZO-REYES

HYDENTRA HLP INT. LIMITED
a foreign corporation
d/b/a Metart d/b/a Sexart,

    Plaintiff,

v.

CONSTANTIN LUCHIAN, an individual,
KONSTANTIN BOLOTIN, an individual,
SUN SOCIAL MEDIA, INC., a corporation,
individually and d/b/a PLAYVID.COM,
FEEDVID.COM, PLAYVIDS.COM, and
PEEKVIDS.COM; PLAYVID.COM;
FEEDVID.COM; PLAYVIDS.COM;
PEEKVIDS.COM; and
John Does 1-20,

    Defendants.

_____/

## ORDER

    THIS CAUSE came before the Court upon Plaintiff Hydentra HLP Int. Limited's ("Plaintiff") Motion for Protective Order Protecting Plaintiff from Responding to Defendants Konstantin Bolotin ("Bolotin") and Sun Social Media, Inc.'s ("Sun Social Media") (collectively, "Defendants") Interrogatories Served January 6, 2016 (hereafter, "Motion for Protective Order") [D.E. 65]; Plaintiff's Motion for Sanctions Against Sun Social Media for Failure to Comply with Rule 30(b)(6) of the Federal Rules of Civil Procedure (hereafter, "First Motion for Sanctions") [D.E. 70]; and Plaintiff's Motion to Compel and for Sanctions Arising from Instructions not to Answer, and Refusal to Answer, Deposition Questions (hereafter, "Motion to Compel" and "Second Motion for Sanctions") [D.E. 71]. These matters were referred to the

undersigned pursuant to 28 U.S.C. § 636 by the Honorable Ursula Ungaro, United States District Judge [D.E. 67, 95]. The undersigned held a hearing on these matters on February 23, 2016. In accordance with the undersigned's rulings at the hearing, it is

ORDERED AND ADJUDGED as follows:

1. Plaintiff's Motion for Protective Order [D.E. 65] is GRANTED because Defendants' discovery requests were not served with sufficient time for the discovery responses to be served by the end of the discovery period on January 22, 2016. The undersigned will not award fees to either side with respect to this Motion.

2. Plaintiff's First Motion for Sanctions [D.E. 70] is DENIED. Plaintiff's request for sanctions in the form of a ruling limiting evidence at trial is DENIED without prejudice to its presentation in the form of a Motion in Limine. Plaintiff's request for fees is DENIED.

3. Plaintiff's Motion to Compel [D.E. 71] is DENIED. As the discovery period has ended, the undersigned is not directing a continuation of the deposition of Sun Social Media's Rule 30(b)(6) representative ("deponent") at this time. However, in an abundance of caution, the undersigned ruled on the four subject areas that Plaintiff claimed deponent should have answered. The four subject areas are: (1) Bolotin's relocation from Kazakhstan; (2) Sun Social Media's debt; (3) Non-party Incorporate Now, Inc.'s ("INI") shareholders; and (4) INI's clients. As to subject areas (1), (3), and (4), deponent may not refuse to answer questions except those related to privilege. As to subject area (2), the undersigned OVERRULES Sun Social Media's objection because it was based on an erroneous interpretation of

the undersigned's December 17, 2015 Order, which denied Plaintiff's earlier Motion to Compel as to Request for Production No. 18, without prejudice to Plaintiff seeking information regarding ownership of Sun Social Media via interrogatories. The Order on its face did not preclude inquiry into the subject matter at the deposition of Sun Social Media's corporate representative.

4. Plaintiff's Second Motion for Sanctions [D.E. 71] is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 23rd day of February, 2016.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Ursula Ungaro
    Counsel of Record