UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 1:15-cv-22134-UU

HYDENTRA HLP INT. LIMITED,
a foreign corporation d/b/a METART,

        Plaintiff,

vs.

CONSTANTIN LUCHIAN, an individual,
KONSTANTIN BOLOTIN, an individual,
SUN SOCIAL MEDIA, INC., a corporation,
individually and d/b/a PLAYVID.COM,
FEEDVID.COM, PLAYVIDS.COM, and
PEEKVIDS. COM; PLAYVID.COM;
FEEDVID.COM; PLAYVIDS. COM;
PEEKVIDS.COM and;
*and John Does 1-20,*

        Defendants.

_____/

**NOTICE OF FILING *JOINT* PROPOSED JURY INSTRUCTIONS**

    COMES NOW, the Parties, by and through their undersigned counsel in compliance with the Court Trial Order (DE33) hereby give Notice to the Court of Filing the following:

**_JOINT_ PROPOSED JURY INSTRUCTIONS**

1

Dated this 26th day of February, 2015.

Respectfully submitted,

| | |
|---|---|
| /s/Brady J. Cobb, Esq.<br>Brady J. Cobb, Esq.<br>Cobb Eddy, PLLC<br>642 Northeast Third Avenue<br>Ft. Lauderdale, Florida 33304<br>Telephone: (954) 527-4111<br>Facsimile: (954) 900-5507<br>E-mail: bcobb@cemlaw.net<br>/s/Valentin Gurvits, Esq.<br>Valentin Gurvits, Esq.<br>/s/Matthew Shayefar, Esq.<br>Matthew Shayefar, Esq.<br>BOSTON LAW GROUP, PC<br>825 Beacon Street, Suite 20<br>Newton Centre, MA 02459<br>Telephone: (617) 928-1804<br>Facsimile: (617) 928-1802<br>Email: vgurvits@bostonlawgroup.com<br>matt@bostonlawgroup.com<br>***Counsel for Defendants,***<br>***Constantin Luchian, Konstantin***<br>***Bolotin and Sun Social Media, Inc.*** | /s/Aaron Behar, Esq.<br>Aaron Behar, Esq.<br>/s/Jaclyn Behar, Esq.<br>Jaclyn Behar, Esq.<br>BeharBehar<br>1840 North Commerce Parkway<br>Suite 1<br>Weston, Florida 33326<br>Telephone: (954) 688-7642<br>Facsimile: (954) 3323-9260<br>E-mail: ab@beharbehar.com<br>jb@beharbehar.com<br>***Counsel for Plaintiff***<br><br>/s/Spencer D. Freeman, Esq.<br>Spencer D. Freeman, Esq.<br>Freeman Law Firm, Inc.<br>1107 ½ Tacoma Avenue South<br>Tacoma, WA 98402<br>Telephone: (253) 383-4500<br>Facsimile: (253) 383-4501<br>E-mail: sfreeman@freemanlawfirm.org<br>***Counsel for Plaintiff (Pro Hac Vice)*** |

Instruction No. ____

The owner of copyright under this title has the exclusive rights to do and to authorize any of the following:

(1) to reproduce the copyrighted work in copies or phonorecords;

(2) to prepare derivative works based upon the copyrighted work;

(3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;

(4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly;

(5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and

(6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.

17 U.S.C. § 106

Instruction No. ____

A corporate officer is individually liable for copyright infringement if the officer has the right and ability to supervise infringing activity and the officer has either a financial stake in that activity or personally participated in that activity.

*Southern Bell Telephone and Telegraph Co. v. Associated Telephone Directory Publishers*, 756 F.2d 801, 811 (11th Cir 1985)

Instruction No: _____

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

<u>The jury's duty:</u>

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply—and you must follow the law even if you disagree with it.

<u>What is evidence:</u>

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence"— simply a chain of circumstances that likely proves a fact. As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence:</u>

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did— unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if he/she thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence—this is also called "striking" evidence—and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it.

When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

- the reasonableness of the witness's testimony in light of all the evidence; and

- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.


Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, Hydentra HLP International Ltd., claims the Defendants, Sun Social Media, Inc., Konstantin Bolotin, and Constantin Luchian, violated Plaintiff's copyrights and trademarks on Sun Social Media, Inc.'s web sites. Sun Social Media, Inc., Konstantin Bolotin, and Constantin Luchian deny those claims and contend that United States law protects them from any liability for the activities on the web sites.


Burden of proof:

Plaintiff Hydentra HLP International Ltd. has the burden of proving its case by what the law calls a "preponderance of the evidence." That means Hydentra must prove that, in light of all the evidence, what it claims is more likely true than not. So, if you could put the evidence favoring Hydentra and the evidence favoring Sun Social Media, Inc., Konstantin Bolotin, and/or Constantin Luchian on opposite sides of balancing scales, Hydentra needs to make the scales tip

to its side. If Hydentra fails to meet this burden, you must find in favor of Sun Social Media, Inc., Konstantin Bolotin, and/or Constantin Luchian.

To decide whether any fact has been proved by a preponderance of the evidence, you may—unless I instruct you otherwise—consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," Sun Social Media, Inc., Konstantin Bolotin, and/or Constantin Luchian have the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts Sun Social Media, Inc., Konstantin Bolotin, and/or Constantin Luchian must prove for any affirmative defense. After considering all the evidence, if you decide that Sun Social Media, Inc., Konstantin Bolotin, and/or Constantin Luchian have successfully proven that the required facts are more likely true than not, the affirmative defense is proved.


<u>Conduct of the jury:</u>

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything—all the evidence, the lawyers' closing arguments, and my instructions on the law—before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair—no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room. Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Hydentra will present its witnesses and ask them questions. After Hydentra questions the witness, the Defendants may ask the witness questions—this is called "cross-

examining" the witness. Then the Defendants will present their witnesses, and Hydentra may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

    After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

11th Cir. Pattern Jury Inst. 1.1 – Preliminary Instruction

Instruction No. ____

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.

- Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

- Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until

you've heard all the evidence, the closing arguments, and my final

instructions on the law.

11th Cir. Pattern Jury Inst. 1.4 – Jury Questions.

Instruction No. ____

This case involves a dispute relating to copyrights. To help you understand the evidence in this case, I will explain some of the legal concepts and terms you may hear during the trial. Copyright law reflects a balance between society's interest in encouraging the creation of original works by rewarding authors on the one hand, and society's competing interest in the free flow of ideas and information on the other hand. The goal of copyright law attempts to strike a balance between protecting an author's particular expression, while also protecting the right of others to use the same concepts, ideas or facts.

Copyright protects original works of authorship that are expressed in a form that can be perceived, reproduced, or communicated.

Works of authorship can include literary works, musical works, dramatic works, pantomimes, choreographic works, pictorial works, graphic works, sculptural works, motion pictures, audiovisual works, sound recordings, or architectural works.

Copyright protection, however, does not extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in the work.

To qualify for copyright protection, a work must be original to the author. Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity. A work may be original even though it closely resembles other works so long as the similarity is not the result of copying. To illustrate, assume that two poets, each unaware of the other, compose identical poems. Both poems may be considered original.

The owner of a copyright has the exclusive right to reproduce, or copy, distribute copies of, and prepare derivative works based on the copyrighted work for a specific period of time. The owner of a copyright also has the exclusive right to perform and display the copyrighted work.

11th Cir. Pattern Jury Instruction 1.6 – Copyright Preliminary Instruction.

Instruction No. ____


Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.


11th Cir. Pattern Jury Inst. 2.1 – Stipulations.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 1:15-cv-22134-UU

HYDENTRA HLP INT. LIMITED,
a foreign corporation d/b/a METART,

        Plaintiff,

vs.

CONSTANTIN LUCHIAN, an individual,
KONSTANTIN BOLOTIN, an individual,
SUN SOCIAL MEDIA, INC., a corporation,
individually and d/b/a PLAYVID.COM,
FEEDVID.COM, PLAYVIDS.COM, and
PEEKVIDS. COM; PLAYVID.COM;
FEEDVID.COM; PLAYVIDS. COM;
PEEKVIDS.COM and;
and John Does 1-20,

        Defendants.
_____/


## COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

Instruction No. ___

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

11th Cir. Pattern Jury Inst. 3.2.2 – Duty to Follow Instructions

Instruction No. ____

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

11th Cir. Pattern Jury Inst. 3.3 – Direct and Circumstantial Evidence

Instruction No. ____


When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?


11th Cir Pattern Jury Inst. 3.4 – Credibility of Witnesses

Instruction No. _____


You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.


11th Cir. Pattern Jury Instruction 3.5.1 – Impeachment of Witnesses

32

Instruction No. ____

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion.  As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.

11th Cir Pattern Jury Inst. 3.6.2 – Expert Witness (alt)

Instruction No. ___

In this case it is the responsibility of the Plaintiff, Hydentra HLP Int. Ltd. to prove every essential part of its claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Hydentra HLP Int. Ltd.'s claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claims by a preponderance of the evidence, you should find for the Defendants as to that claim.

11th Cir. Pattern Jury Instruction 3.7.1 – Responsibility for Proof

Instruction No. _____


Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous—in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges— judges of the facts. Your only interest is to seek the truth from the evidence in the case.


11th Cir. Pattern Jury Inst. 3.8.1 – Duty to Deliberate When Only Plaintiff Alleges Damages.

Instruction No. ____


When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.


[Explain verdict]


Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible—either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.


11th Cir. Pattern Jury Inst. 3.9 – Election of Foreperson and Explanation of Verdict Form

Instruction No. _____

To establish infringement, Hydentra HLP Int. Ltd. must prove two things:

First, you must find that Hydentra HLP Int. Ltd. owned a valid copyright.

And second, you must find that Sun Social Media, Inc., Konstantin Bolotin, and/or Constantin Luchian copied the work's original components.

I'll begin with instructions on validity and then explain ownership and infringement. After that I'll explain defenses and remedies.

11th Cir. Pattern Jury Inst. 9.1 – Copyright Validity General Charge

563

Instruction No. ____

To qualify for copyright protection, the claimed work must be original to the author. "Original" means only that the author independently created the work— the author didn't copy it from other works—and it possesses at least a minimal degree of creativity.

11th Cir. Pattern Jury Inst. 9.2 – Copyright Validity Originality

Instruction No. _____

For original works created after 1977, the work is automatically copyrighted at the moment of creation— even if the work is never registered with the United States Copyright Office. But generally, no suit for copyright infringement can be brought if the copyright hasn't been registered.

A certificate of registration made within five years after the first publication of the claimed work is evidence of the copyright's validity and the facts stated in the certificate. Specifically, the copyright registration creates a rebuttable presumption of validity. This means that the presumption shifts Hydentra HLP Int. Ltd.'s burden of proving validity to Sun Social Media, Inc., Konstantin Bolotin, and Constantin Luchian to prove that the claimed copyright is invalid.

11th Cir. Pattern Jury Inst. 9.4 – Copyright Validity Effect of Registration

Instruction No. ____

Now that I've explained validity, we'll move to the issue of ownership.

Hydentra HLP Int. Ltd. must prove ownership of a copyright in each movie/audiovisual workby a preponderance of the evidence. Hydentra HLP Int. Ltd.can prove ownership by evidence showing that it:

- is an author (or creator) of the work [and didn't transfer to another the exclusive rights being asserted], or

- acquired legal ownership by transfer of the copyright in the exclusive right[s] Defendant allegedly infringed.

11th Cir. Pattern Jury Inst. 9.12 – Copyright Ownership General Charge

Instruction No. ____

Hydentra HLP Int. Ltd. claims ownership of each movie/audiovisual work as an author of the work—the creator of the original expression in a work that is entitled to copyright protection.

11th Cir. Pattern Jury Inst. 9.13 – Copyright Ownership Individual Authorship

Instruction No. _____

Hydentra HLP Int. Ltd. claims ownership of each movie/audiovisual work based on the creation of the work for it as a work made for hire. If the work is a work made for hire, Hydentra HLP Int. Ltd. is considered the author and the copyright's owner. To prove ownership of a work for hire, Hydentra HLP Int. Ltd. must prove one of the following:

First, that Hydentra HLP Int. Ltd.'s employee created the asserted work within the scope of the employee's employment ,and Hydentra HLP Int. Ltd. didn't sign a written document giving the copyright to the employee.

Or second, that Hydentra HLP Int. Ltd. specifically ordered or commissioned the asserted work for use as a contribution to a collective work/as a part of a motion picture or other audiovisual work/as a translation/as a supplementary work/as a compilation/as an instructional text/as a test/as answer material for a test/as an atlas, and Hydentra HLP Int. Ltd. and the person who created the work signed a written document confirming that the work was to be considered a work made for hire.

11th Cir. Pattern Jury Inst. 9.15 – Copyright Ownership Work Made for Hire

Instruction No. ____

Separate from its claim of direct copyright infringement, in this case, Hydentra HLP Int. Ltd. claims that each of Sun Social Media, Inc., Konstantin Bolotin, and Constantin Luchian is a contributory infringer. A "contributory infringer" is one who, with knowledge of another's infringing conduct, induces, causes, or materially contributes to the infringing conduct. "Knowledge" means the alleged contributory infringer actually knew, or had reason to know, of the infringement. If you find that there has been a direct infringement of Hydentra HLP Int. Ltd.'s copyrighted materials by one defendant, you can also consider whether there has been "contributory infringement" by another defendant (or a third party).

11th Cir. Pattern Jury Inst. 9.19 – Copyright Infringement Contributory Infringement

Instruction No. _____

If you find that there is a direct infringement, you can then consider whether there has also been a vicarious infringement. A "vicarious infringer" is one who profits from a direct infringement while declining to exercise its right and ability to stop or limit the infringement.

Under this doctrine a party is responsible for the direct infringer's acts if the party controlled or supervised, or had the right and ability to control or supervise, the direct infringer's actions.

If you find that there has been a direct infringement of Hydentra HLP Int. Ltd.'s copyrighted materials by one defendant (or third party), you can consider whether there has been "vicarious infringement" by another defendant.

To find that Sun Social Media, Inc., Konstantin Bolotin, and/or Constantin Luchian is liable for another party's infringement, you must first find that Sun Social Media, Inc., Konstantin Bolotin, and/or Constantin Luchian had the right and ability to control or supervise the other party's infringing action and either controlled the action, or failed to exercise its right and ability to prevent the infringement. Also, you must find that Sun Social Media, Inc., Konstantin Bolotin, and Constantin Luchian directly profited from the other's infringement.

11th Cir. Pattern Jury Inst. 9.21 – Copyright Vicarious Infringement

Instruction No. ___

Sun Social Media, Inc., Konstantin Bolotin, and Constantin Luchian claim, as an affirmative defense, that the use of Hydentra HLP Int. Ltd.'s copyrighted works on Sun Social Media, Inc's websites is a fair use. A fair use isn't an infringement of copyright. Sun Social Media, Inc., Konstantin Bolotin, and Constantin Luchian must prove fair use by a preponderance of the evidence.

To determine whether the use of Hydentra HLP Int. Ltd.'s work qualifies as a "fair use," consider the following four factors:

1. The purpose and character of the use of the work on Sun Social Media, Inc's websites;

2. The nature of Hydentra HLP Int. Ltd.'s work;

3. The amount and importance of the portion of Hydentra HLP Int. Ltd.'s copyrighted work that was used; and

4. The effect of the use upon the potential market for or value of Hydentra HLP Int. Ltd.'s copyrighted work.

Certain uses recognized as favoring fair use include criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, and research. These examples are illustrative.

1. The Purpose and Character of Sthe Use.

The first factor looks at whether the use supersedes the use of Hydentra HLP Int. Ltd.'s

copyrighted work or, instead, adds new meaning, expression, or otherwise uses Hydentra HLP Int. Ltd.'s work for a different purpose. It asks whether, and to what extent, the use is transformative. One example of a transformative use is a parody, which uses the original copyrighted work to comment on or criticize it.

The first factor also looks at whether the use is commercial or noncommercial. The focus of this distinction isn't whether the motive of the use is monetary gain, but whether the user stands to profit from using the copyrighted work without paying the customary price.

Analysis of the first factor can affect the remaining factors. The more transformative the use, the less likelihood that the use substitutes for the copyrighted work, and thus the less significance is to be afforded other factors, such as the effect on the potential market for or value of Hydentra HLP Int. Ltd.'s work.

2.      The Nature of Hydentra HLP Int. Ltd.'s Copyrighted Work.

The second factor recognizes that some works may be used more freely, or more fairly, than others. Uses of factual, purely useful, or derivative works are more likely to amount to fair use than uses of works such as fiction. Similarly, uses of published works are more likely to amount to fair use than uses of unpublished works.

Also, out-of-print works that are no longer available for purchase through normal channels are more susceptible to fair use.

3.      The Amount and Importance of the Portion Used.

The third factor considers whether the amount and importance of the portion taken was

reasonable in light of the purpose of the use and the likelihood that the use will supersede the use of Hydentra HLP Int. Ltd.'s copyrighted work.

Also, out-of-print works that are no longer available for purchase through normal channels are more susceptible to fair use.

4.      The Effect on the Potential Market or Value of Hydentra HLP Int. Ltd.'s Copyrighted Work.

Under this factor, you should consider not only actual markets for Hydentra HLP Int. Ltd.'s copyrighted work, but also markets likely to be developed. And you should consider not only the harm caused by the use, but also whether widespread uses of the same sort by others would result in a substantial adverse effect on a market, or potential market, for Hydentra HLP Int. Ltd.'s copyrighted work. Ask yourself: does the use supersede or impermissibly harm the market or potential market for Hydentra HLP Int. Ltd.'s copyrighted work?

Hydentra HLP Int. Ltd. can't preclude some transformative uses—even if the use may result in some harm to his/its markets. For example, an effective parody may lower demand for the original copyrighted work, but this isn't the type of harm considered under this factor.

Balancing the Four Factors.

You should explore all four factors and weigh the results together. You should consider the purposes of copyright: first, to promote public access to knowledge and new ideas, and second, to give authors an incentive to create copyrighted works for the public's benefit.

11th Cir. Pattern Jury Inst. 9.25 – Copyright Affirmative Defense Fair Use

Instruction No. _____

If you find that Hydentra HLP Int. Ltd. has failed to prove its copyright-infringement claim or that the Defendants have proved their affirmative defenses by a preponderance of the evidence, you won't consider the question of damages. If you find that Hydentra HLP Int. Ltd. has proved by a preponderance of the evidence that some or all of the Defendants have infringed Hydentra HLP Int. Ltd.'s copyright, and those Defendants have not proved a defense, you must determine whether Hydentra HLP Int. Ltd. is entitled to recover damages.

Hydentra HLP Int. Ltd. seeks a statutory damage award. "Statutory damages" are damages that are established by Congress in the Copyright Act. The purposes are to compensate the copyright owner, penalize the infringer, and deter future copyright-law violations. The amount awarded must be between $750 and $30,000 for each copyrighted work that you found to be infringed, unless one of the exceptions applies, as I'll explain later.

To determine the appropriate amount to award, you can consider the following factors:

- the profits Sun Social Media, Inc., Konstantin Bolotin, and/or Constantin Luchian earned because of the infringement;

- the revenues that Hydentra HLP Int. Ltd. lost because of the infringement;

- the difficulty of proving Hydentra HLP Int. Ltd.'s actual damages;

- the circumstances of the infringement;

- whether Sun Social Media, Inc., Konstantin Bolotin, and/or Constantin Luchian intentionally infringed Hydentra HLP Int. Ltd.'s copyright; and

- deterrence of future infringement.

If Hydentra HLP Int. Ltd. proves that Sun Social Media, Inc., Konstantin Bolotin, and/or

Constantin Luchian willfully infringed its copyright, you may—but are not required to—increase the statutory damage award to a sum as high as $150,000 per copyrighted work.

Infringement is "willful" if Hydentra HLP Int. Ltd. proves that Sun Social Media, Inc., Konstantin Bolotin, and Constantin Luchian knew that his/its actions constituted infringement of Hydentra HLP Int. Ltd.'s copyright.

If Sun Social Media, Inc., Konstantin Bolotin, and/or Constantin Luchian prove that they innocently infringed Hydentra HLP Int. Ltd.'s copyright, you may—but are not required to—reduce the statutory damage award to a sum as low as $200 per copyrighted work. Infringement is "innocent" if Sun Social Media, Inc., Konstantin Bolotin, and/or Constantin Luchian prove that he/it didn't know, and had no reason to know, that his/its acts constituted infringement.

11th Cir. Pattern Jury Inst. 9.30 & 9.32 – Copyright Statutory Damages