UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 1:15-cv-22134-UU

HYDENTRA HLP INT. LIMITED,
a foreign corporation d/b/a METART,

      Plaintiff,

vs.

CONSTANTIN LUCHIAN, an individual,
KONSTANTIN BOLOTIN, an individual,
SUN SOCIAL MEDIA, INC., a corporation,
individually and d/b/a PLAYVID.COM,
FEEDVID.COM, PLAYVIDS.COM, and
PEEKVIDS. COM; PLAYVID.COM;
FEEDVID.COM; PLAYVIDS. COM;
PEEKVIDS.COM and;
and John Does 1-20,

      Defendants.
_____/

**JOINT PRETRIAL STIPULATION**

**(1)**     **Brief Statements of the Case**

    *a.*     *Plaintiff's Statement of Its Case:*

Plaintiff is a producer of adult oriented videos, which are offered to the public for a fee through Plaintiff's network of paid membership web sites. Plaintiff registered its films with the United States Copyright Office and its trademarks, "SexArt" and MetArt," with the United States Trademark Office. Plaintiff, through its representatives, discovered its movies displayed for free on four web sites: playvid.com, playvids.com, feedvid.com, and peekvids.com, each determined to be owned by Sun Social Media, Inc. Associated with each of Plaintiff's movies displayed on the sites are Plaintiff's trademarks used in the sites' meta tags. These web sites are designed and

operated such that intellectual property infringement is easy and runs rampant. As playvid.com was registered as an Internet Service Provider, Plaintiff served DMCA compliant take down notices specific to infringing material on playvid.com. Five months later, the videos were still displayed on the web sites and this lawsuit was filed.

        b.     *Defendants' Statement of Their Case:*

Defendant Sun Social Media, Inc. operates websites much like YouTube.com where users can upload adult videos. Sun Social Media does not upload any of the videos available on its websites – they are all uploaded by its users. Sun Social Media goes through great effort and expense to stop users from posting unauthorized videos, including by promptly removing any video that it learns is unauthorized and by punishing users who repeatedly upload unauthorized videos. Sun Social Media has promptly and properly responded to every DMCA compliant take down notice it has ever received.

The Plaintiff is not looking to vindicate any legitimate rights in this action – one of more than 18 near-identical lawsuits it has filed over the last year and a half – but rather it is acting as a copyright troll of sorts. The Plaintiff has decided that filing frivolous lawsuits against websites provides a more lucrative business model than actually selling its product and so it has decided to manufacture situations where defendants are essentially entrapped into situations where they inadvertently fail to take down allegedly infringing content. The Plaintiff here knows that Sun Social Media promptly removes allegedly infringing content as soon as it learns of such content. It does not care, because it's not really concerned about taking down infringing material. It brings lawsuits such as this one because it thinks it is a faster way to make money than to sell memberships to its site at approximately $8.33 a month.

Constantin Luchian is an employee of a company that provides services to Sun Social

Media. Mr. Luchian has no control or relationship whatsoever to the videos on Sun Social Media's websites. The action against Mr. Luchian is the equivalent of suing the power company because it provides power to the company that runs the website.

**(2)   Jurisdiction**

This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 17 U.S.C. § 101 et seq., Section 32 of the Lanham Act, 15 U.S.C. §1114(1), 15 U.S.C. § 1121, 15 U.S.C. §1125, 28 U.S.C. §1331 and 28 U.S.C. §1338.

**(3)   Pleadings Raising the Issue**

Plaintiff's Complaint for Damages and Injunctive Relief.

Defendants' Amended Answer and Affirmative Defenses.

**(4)   Undisposed Motions**

    a. Plaintiff's Motion for Sanctions Against Valentin Gurvits for the Unlicensed Practice of Law And Against Defendants For Resulting Failure to Appear at Mediation (D.E. 69).

    b. Defendant Constantin Luchian Motion for Summary Judgment (D.E. 72).

    c. Defendant Sun Social Media, Inc. Motion for Summary Judgment (D.E. 73).

    d. Plaintiff's Motion for Summary Judgment (D.E. 86).

    e. Plaintiff's Motion in Limine (D.E. 98).

**(5)   Uncontested Facts**

    a. Plaintiff is the copyright owner of each movie alleged to be infringed by Defendants.

    b. Defendant Sun Social Media, Inc. operates and does business in Florida.

    c. Defendant Konstantin Bolotin is the sole shareholder of Sun Social Media,

      Inc. and its sole Director.

   d. Sun Social Media, Inc. owns and operates the web site playvid.com.

   e. Sun Social Media, Inc. owns and operates the web site playvids.com.

   f. Sun Social Media, Inc. owns and operates the web site feedvid.com.

   g. Sun Social Media, Inc. owns and operates the web site peekvids.com.

   h. The web site playvid.com is registered with the United States Copyright Office as an Internet Service Provider.

   i. After the lawsuit was served upon Sun Social Media, Inc. each of the videos listed in the Complaint were disabled from public viewing on the web sites playvid.com, feedvid.com, peekvids.com, and playvids.com.

   j. In order for a user to post videos on playvid.com, feedvid.com, peekvids.com, and playvids.com, the user must register as a member.

   k. To create a membership with playvid.com, feedvid.com, peekvids.com, and/or playvids.com, a user must enter a user ID and an email address.

**(6)**    **Disputed Issues of Fact**

   a. Whether Plaintiff's movies displayed on playvid.com, feedvid.com, peekvids.com, and playvids.com were all posted by third parties.

   b. Whether Defendants implement a reasonable repeat infringer policy.

   c. Whether Defendants terminate a member according to its repeat infringer policy.

   d. Whether feedvid.com, peekvids.com, and playvids.com were registered Internet Service Providers.

   e. Whether Defendants fail to verify email addresses to promote infringement

activity on its web sites.

f. Whether the manner in which Defendants operate the web sites promotes and encourages infringement.

g. Whether Defendants received DMCA compliant takedown notices.

h. Whether Plaintiff is the rightful owner of the trademarks "SexArt" and "MetArt".

i. Whether peekvids.com, feedvid.com and playvids.com are registered with the United States Copyright Office as an Online Service Provider.

j. Whether Playvid.com has an agent registered with the United States Copyright Office to receive DMCA compliant takedown notices: Constantin Luchian, 6750 N. Andrews Ave., Suite 200, Fort Lauderdale, FL 33309.

k. Whether peekvids.com, feedvid.com and playvids.com has an agent registered with the United States Copyright Office to receive DMCA compliant takedown notices.

l. Whether historically the Plaintiff sent takedown notices to Sun Social Media via email and whether each time the Plaintiff sent such notices, Sun Social Media promptly removed the allegedly infringing materials.

m. With respect to the videos at issue in this action, whether the Plaintiff did not send takedown notices by email, if it sent them at all, but instead sent the notices in hard copy through the United States Postal Service.

n. Whether from at least January 20, 2015 until June 4, 2015, the following of Plaintiff's movies were displayed for free on playvid.com: *Anna AJ in the Oriente, Approaching, At The Movies, Be My Slave, Book of Love, Concierge,*

*Cybersex, Desire, Draw Me, Finish Me, First, Gypsy Fortune, Hielo Caliente, Hollywood Royale, Il Lungo Addio, Kamasutra, Le Café, Like Snow, Love Beats, Our Time, Right Now, Secret Love, Senora and Jorge, Siesta, Snow Fun XI, Spanglish, Tantra Imaginations, The Date, The Game VIII - Winner Takes All, The Writer, The Writer - Sex Therapy, Tone of Love, True Love, Under the Elle Tree, Upper West Side, Vintage Collection – Seduction,* and *Yes.*

o. Whether from at least February 20, 2015 until June 4, 2015, the following of Plaintiff's movies were displayed for free on feedvid.com: *Saturday Night* and *Sweet Morning.*

p. Whether from at least February 20, 2015 until June 4, 2015, the following of Plaintiff's movies were displayed for free on peekvids.com: *La Dolce Vita, Saturday Night, Snow Fun XI, Tantra Imaginations,* and *Waltz With Me – Spring.*

q. Whether from May 4, 2015 until June 4, 2015, the following of Plaintiff's movies were displayed for free on playvids.com: *At the Movies, Be My Slave II, Cellist, Concierge, Cybersex, Desire, Draw Me, Finish Me, Gypsy Fortune, Hielo Caliente, Hollywood Royale, Il Lungo Addio, Kamasutra, Lazy Sunday, Our Time, Right Now, Secret Love, Senora and Jorge, SexArt, Siesta, Snow Fun XI, Spanglish, Tantra Imaginations, Tone of Love, Turning Point, Upper West Side, Vintage Collection - Seduction,* and *White Room.*

r. Whether for each of the movies displayed for free on playvid.com, feedvid.com, peekvids.com, and playvids.com, except for *Tantra*

*Imaginations* on peekvids.com, Plaintiff's trademarks "SexArt" or "MetArt" was used in the meta tags for the web page displaying the movie.

s. Whether on January 15, 2015, Plaintiff sent DMCA compliant take down notices to Constantin Luchian for each of Plaintiff's videos displayed on playvid.com.

t. Whether a United States Postal Service delivery confirmation exists for the delivery for the DMCA compliant take down notices to Constantin Luchian on January 20, 2015.

u. Whether the web sites playvid.com, feedvid.com, peekvids.com, and playvids.com share a database to the extent of member login credentials.

v. Whether although sharing login credentials, a user must separately activate a membership on each of the sites playvid.com, feedvid.com, peekvids.com, and playvids.com.

w. Whether Defendants verify the user submitted email address.

x. Whether Defendants communicate with members via their email address.

y. If a member has activated membership on one of the other sites, whether that membership is not affected.

z. Whether Defendants send members a notice if their ability to post videos on one of the web sites has been terminated.

aa. Whether Sun Social Media, Inc. implements a reasonable repeat infringer policy.

bb. Whether Sun Social Media, Inc. terminates a member according to its repeat infringer policy.

cc. Whether Sun Social Media,Inc. fails to verify email addresses to promote infringement activity on its web sites.

dd. Whether the manner in which Sun Social Media Inc. operates the web sites promotes and encourages infringement.

ee. Whether Sun Social Media Inc. received DMCA compliant takedown notices.

ff. Whether the Plaintiff switched to sending hard copy DMCA notices in an attempt to make takedowns more difficult.

gg. Whether the Plaintiff has consciously decided to file copyright lawsuits as a new revenue stream.

hh. Whether the Plaintiff posts its own videos - or portions thereof - on websites other than its own.

ii. Whether the Plaintiff pays affiliates to post its own videos - or portions thereof - on websites other than its own.

jj. Whether the Plaintiff takes adequate steps to prevent its members from distributing its content.

**(7)   Uncontested Issues of Law**

The following are uncontested issues of law:

a.   None.

**(8)    Disputed Issues of Law**

a. Whether Sun Social Media, Inc. (and the web sites playvid.com, feedvid.com, peekvids.com and playvids.com) is entitled to DMCA safe harbor protections.

b. Whether Defendants are liable for direct copyright infringement for videos posted on Defendants' web sites.

c. Whether Defendants are liable for secondary (contributory and/or vicarious) copyright infringement for videos posted on Defendants' web sites.

d. Whether Defendants are liable for inducement of infringement for videos posted on Defendants' websites.

e. Whether Defendants are liable for the unauthorized use of name and likeness for the name, images and likeness displayed on Defendants' websites.

f. Whether Defendants are liable for trademark infringement for use of Plaintiff's trademarks in meta tags on pages of Defendants' web sites.

g. Whether Defendants are liable for secondary (contributory) trademark infringement.

h. Whether Defendants are liable for False Designation of Origin under the Lanham Act.

i. Whether Plaintiff has unclean hands.

j. Whether the use of Plaintiff's trademarks on Defendants' websites constitute fair use.

k. Whether Plaintiff has engaged in copyright misuse.

l. Whether Plaintiff has failed to mitigate its damages.

m. Whether Plaintiff has suffered any damages.

n.  Whether Plaintiff's takedown notices are void with respect to claims of trademark infringement.

**(9)    Trial Exhibits:**

a.  *Plaintiff's Exhibits:*

  a.  *Attached as Appendix A*

b.  *Defendant's Exhibits:*

  a.  *Attached as Appendix B – **At the time of filing, Defendants were finalizing their exhibit list, which will be filed shortly following the filing of this Stipulation. To preserve all objections, Plaintiff objects to each of the Defendants' proposed Exhibits on the following grounds, pursuant to Local Rule 16.1(e):  A, I, R, H, UP.***

**(10)   Trial Witnesses:**

a.  *Plaintiff's Witnesses:*

  1.  Witnesses it Expects to Call

     1.  Jon Krogman
         c/o Spencer Freeman
         Freeman Law Firm, Inc.
         1107 1/2 Tacoma Avenue South
         Tacoma, Washington 98402

     2.  Jason Tucker
         c/o Spencer Freeman
         Freeman Law Firm, Inc.
         1107 1/2 Tacoma Avenue South
         Tacoma, Washington 98402

     3.  Konstantin Bolotin
         c/o Brady Cobb, Esq.
         642 NORTHEAST THIRD AVENUE
         FORT LAUDERDALE, FLORIDA 33304

   4. Constantin Luchian
      c/o Brady Cobb, Esq.
      642 NORTHEAST THIRD AVENUE
      FORT LAUDERDALE, FLORIDA 33304

2. Witnesses it May Call if Need Be

   1. Nate Glass
      Takedown Piracy LLC
      8900 Topanga Canyon Blvd., Canoga Park, CA 91304

b. *Defendants' Witnesses:*

   1. Witnesses it Expects to Call

      1. Konstantin Bolotin
         c/o Brady Cobb
         Cobb Eddy PLLC
         642 Northeast Third Avenue
         Fort Lauderdale, Florida 33304

      2. Constantin Luchian
         c/o Brady Cobb
         Cobb Eddy PLLC
         642 Northeast Third Avenue
         Fort Lauderdale, Florida 33304

      3. Carmen Jusino
         Regus Cypress Park West
         6750 North Andrews Avenue
         2nd Floor
         Fort Lauderdale, Florida

   2. Witnesses it May Call if Need Be

      1. Any of Plaintiff's witnesses

**(11)   Estimated Trial Time**

Two (2) weeks.

**(12) Attorney's Fees**

Plaintiff and Defendants will each be seeking attorneys' fees for claims of copyright infringement pursuant to 17 U.S.C. §504. Plaintiff and Defendants will each be seeking attorneys' fees for claims of trademark infringement pursuant to 15 U.S.C. §1114 and/or §1117.

        Respectfully submitted,

        BeharBehar
        1840 North Commerce Parkway
        Suite One
        Weston, Florida 33326
        Telephone: (954) 688-7642
        Facsimile: (954) 332-9260
        E-mail: AB@BeharBehar.com

By:   */s/Aaron Behar, Esquire*
        Aaron Behar, Esquire
        Florida Bar No.: 166286
        Jaclyn Behar, Esquire
        Florida Bar No.: 63833
        *Counsel for Plaintiff*

And:   Spencer D. Freeman
        Freeman Law Firm, Inc.
        1107 ½ Tacoma Avenue South
        Tacoma, WA 98402
        Telephone: (253) 383-4500
        Facsimile: (253) 383-4501
        E-mail: sfreeman@freemanlawfirm.org
        *Counsel for Plaintiff*
        (Admitted pro hac vice)

**Defendants' counsel was unavailable for signature at the time of filing. The parties prepared this Stipulation together as required by the Court's rules.**