UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 1:15-cv-22134-UU

HYDENTRA HLP INT LIMITED,
a foreign corporation d/b/a METART,

      Plaintiff,

vs.

CONSTANTIN LUCHIAN, an individual,
KONSTANTIN BOLOTIN, an individual,
SUN SOCIAL MEDIA, INC., a corporation,
individually and d/b/a PLAYVID.COM,
FEEDVID.COM, PLAYVIDS.COM, and
PEEKVIDS. COM; PLAYVID.COM;
FEEDVID.COM; PLAYVIDS. COM;
PEEKVIDS.COM and;
and John Does 1-20,

      Defendants.
_____/

## PLAINTIFF'S OPPOSITION TO VALENTIN GURVITS'S MOTION TO APPEAR *PRO HAC VICE*

Plaintiff, HYDENTRA HLP INT LIMITED d/b/a METART ("Plaintiff"), through the undersigned counsel, files this Opposition to Valentin Gurvits's Motion to Appear *Pro Hac Vice*, and in support states the following.

If there were ever a glaring red flag, this is it. The timing of Mr. Gurvits's Motion to Appear *Pro Hac Vice* is suspicious given the pending Motion for Sanctions against him for his active role in this litigation and the resulting unlicensed practice of law. Plaintiff objects to Mr. Gurvits's continued participation in this matter, or any other matter in this District, given the egregious conduct he has displayed.

Rather than repeat each of the instances of Mr. Gurvits's attempts to interject himself in these proceedings without having been admitted to practice in Florida or in this Court on a *pro hac vice* basis, and rather than set forth each of Mr. Gurvits's violation of this Court's rules, Plaintiff instead refers to and incorporates by reference those points raised in its Motion for Sanctions and Reply in Support of its Motion, filed on February 10, 2016 [D.E. #69] and February 22, 2016 [D.E. #102]. In its filings, Plaintiff sets forth a sufficient basis for this Court's denial of the petition for *pro hac vice* admission and the additional relief requested in its Wherefore clause.

Plaintiff suspects Mr. Gurvits's failure to seek admission earlier is a result of his litigation and appearance strategy in this and other cases around the nation. Given the number of cases in which Mr. Gurvits is admittedly involved, it would be too risky if he petitioned each court for *pro hac vice* admission immediately upon the commencement of the action as he is only permitted a certain number of appearances in a 365-day period, at least in Florida. S.D. Fla. L.R. 4(b)(2). Instead, he purposefully waits until he determines the case will proceed to trial, and then seeks admission. During the pendency of the case, Mr. Gurvits may direct the litigation from Boston, but runs the risk of actively appearing in the case in violation of that state's rules on the unlicensed practice of law.

That is exactly what happened here. Mr. Gurvits crossed the line and now seeks to retroactively cure those instances of misconduct set forth in Plaintiff's Motion and Reply by petitioning for admission *after the fact*, and 16 days after Plaintiff's Motion was filed. True to Plaintiff's suspicion, Mr. Gurvits's Motion for Admission was filed on the same day the parties' Joint Pre-Trial Stipulation is due and the parties appear to be in a position where they will indeed be proceeding to trial. Should the Court permit Mr. Gurvits's

back-door attempt to avoid liability for his active participation in this litigation, it would effectively be sending the following message: counsel can circumvent the *pro hac vice* rule restricting the "general practice" of law by participating in a case without having been admitted, then after such lawyer is found out, quickly seek admission in the hopes of avoiding liability. S.D. Fla. L.R. 4(b)(2).

For these reasons and the points raised in Plaintiff's Motion for Sanctions and related Reply Memorandum, Plaintiff respectfully requests this Court DENY Mr. Gurvits's petition to appear in this case on a *pro hac vice* basis.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of February, 2016 we electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Brady J. Cobb, Esq. *(Counsel for Defendants)*.

            Respectfully submitted,

            BeharBehar
            1840 North Commerce Parkway
            Suite One
            Weston, Florida 33326
            Telephone: (954) 688-7642
            Facsimile: (954) 332-9260
            E-mail: AB@BeharBehar.com

By: */s/Aaron Behar, Esquire*
   Aaron Behar, Esquire
   Florida Bar No.: 166286
   Jaclyn Behar, Esquire
   Florida Bar No.: 63833
     ***Counsel for Plaintiff***

And: Spencer D. Freeman
    Freeman Law Firm, Inc.
   1107 ½ Tacoma Avenue South
   Tacoma, WA 98402
   Telephone: (253) 383-4500
   Facsimile: (253) 383-4501

3

E-mail:
sfreeman@freemanlawfirm.org
**Counsel for Plaintiff**
(Admitted pro hac vice)