UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 1:15-cv-22134-UU

HYDENTRA HLP INT. LIMITED,
a foreign corporation d/b/a METART,

       Plaintiff,

vs.

CONSTANTIN LUCHIAN, an individual,
KONSTANTIN BOLOTIN, a n individual,
SUN SOCIAL MEDIA, INC., a corporation,
individually and d/b/a PLAYVID.COM,
FEEDVID.COM, PLAYVIDS.COM, and
PEEKVIDS. COM; PLAYVID.COM;
FEEDVID.COM; PLAYVIDS. COM;
PEEKVIDS.COM and;
and John Does 1-20,

       Defendants.
_____/

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO
<u>MOTION TO ADMIT VALENTIN GURVITS PRO HAC VICE</u>**

       There is, apparently, no winning with the Plaintiff.  Having complained that Attorney Valentin Gurvits had not yet filed a motion for admission *pro hac vice,* Plaintiff now complains that Attorney Gurvits *has* filed such a motion. One would think that Mr. Gurvits' (who is well within the bounds of the Local Rules to appear pro hac vice) appearance pro hac vice would allay the Plaintiff's concerns and put this issue to rest, however Plaintiff is relentless in their efforts to litigate this case by any means necessary.  Plaintiff's opposition, which is based on erroneous suppositions and faulty conclusions, is nothing if not ironic.  Plaintiff has claimed that Mr. Gurvits should be precluded from entering an appearance in this case because (in their

1

opinion), his having been previously present at a court hearing (where Defendants' local counsel presented argument) and mediation in this case was improper.  Plaintiff fails to mention, however, that its own counsel – Spencer Freeman – has been twice denied pro hac vice admission in two cases in this Court in the last few weeks because of his knowing attempts to enter appearances in five cases currently pending in this Court.[1]

In further support of their motion for leave for Attorney Valentin Gurvits to file an appearance pro hac vice, Defendants state as follows:

1. Contrary to the Plaintiff's assumptions, Attorney Gurvits had intended to enter this case on a pro hac vice basis from early on and took steps to do so.  Specifically, on September 29, 2015, Attorney Gurvits' office instructed local counsel to file pro hac vice papers on his behalf.  *See* Exhibit 1.

2. Due to a clerical error on undersigned counsel's fault, the pro hac vice papers were not manually filed with the clerk as was required by the Local Rules at that time.

3. Once it was discovered that the pro hac vice papers had not been filed, with the mediation already scheduled, Attorney Gurvits delayed the re-filing of this pro hac vice motion simply because the Defendants believed that the case might resolve at mediation, rendering the need for such admission moot. Prior to that, undersigned counsel attended two (2) days of depositions of Defendants, without Mr. Gurvits presence, and there was a good faith belief that the case may be resolved at mediation.

---

[1] *See* Hydentra, L.P. HLP General Partner, Inc. et al v. Era Technologies, Ltd. et al, Case No. 1:15-cv-24293-MGC, Docket No. 20 (S.D. Fla., Feb. 4, 2016) (order denying Mr. Freeman's pro hac vice application because "applicant is seeking special admission in more than three cases within a one-year period" and "counsel is seeking to engage in general practice before the Court without being admitted to the Florida Bar."); AMA Multimedia, LLC v. Era Technologies, Ltd., Case No 15-cv-24289-Moreno, Docket No. 22 (S.D. Fla., Feb. 23, 2016) (order denying Mr. Freeman's pro hac vice application, citing violation of S.D. Fla. Special Rules Governing the Admission and Practice of Attorneys, 4(b)(2)).

4. Following the failure of the mediation, Attorney Gurvits asked local counsel to re-file his motion for pro hac vice admission.

5. There has been no attempt by Attorney Gurvits to manipulate the admission process (as opposed to Plaintiff's counsel who knowing attempted to file five motions for admission at the same time within this District, in plain contravention of the Local Rules).

6. The Plaintiff would suffer absolutely no prejudice whatsoever as a result of the allowance of the motion, nor do they even try to claim to the contrary. On the flip side, the Defendants would be denied their counsel of choice – which seems to be the Plaintiff's actual intent.

For the reasons outlined hereinabove and in Attorney Gurvits' motion for admission pro hac vice, Defendants' motion should be allowed.

**Respectfully submitted:**

/s/ Brady J. Cobb
Brady J. Cobb, Esquire
Florida Bar No. 031018
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone (954) 527-4111
Facsimile (954) 900-5507
bcobb@cobbeddy.com

*Attorney for Defendants
Constantin Luchian,
Konstantin Bolotin and
Sun Social Media Inc.*

Dated: February 29, 2016

## **CERTIFICATE OF SERVICE**

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record on the service list below this 29th day of February, 2016.

/s/ Brady J. Cobb
Brady J. Cobb

**SERVICE LIST**
CASE NO.: 1:15-cv-22134-UU

Aaron Behar, Esquire
Jaclyn Behar, Esquire
BEHARBEHAR
1840 North Commerce Parkway
Suite One
Weston, Florida 33326
Telephone: (954) 688-7642
Facsimile: (954) 332-9260
AB@BeharBehar.com
JB@BeharBehar.com

Spencer D. Freeman
Freeman Law Firm, Inc.
1107 1/2 Tacoma Avenue South
Tacoma, Washington 98402
Telephone: (206) 516-3800
Facsimile: (206) 516-3888
sfreeman@freemanlawfirm.org