UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

| | |
|---|---|
| HYDENTRA HLP INT. LIMITED, a foreign corporation d/b/a METART,<br><br>    Plaintiff,<br><br>v.<br><br>CONSTANTIN LUCHIAN, an individual, KONSTANTIN BOLOTIN, an individual, SUN SOCIAL MEDIA, INC., a corporation, individually and d/b/a PLAYVID.COM, FEEDVID.COM, PLAYVIDS.COM and PEEKVIDS.COM; PLAYVID.COM; FEEDVID.COM; PLAYVIDS.COM; PEEKVIDS.COM; and John Does 1-20,<br><br>    Defendants. | Case No. 1:15-cv-22134-UU |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' STATEMENT OF MATERIAL FACTS**

Defendants Konstantin Bolotin ("Mr. Bolotin") and Sun Social Media, Inc. ("SSM"), through its undersigned counsel, submits the following Reply to Plaintiff's Opposition to Defendant's Statement of Material Facts:

1.      There can be no reasonable dispute as to the fact that SSM is a service provider. Plaintiff's further statements that feedvid.com, peekvids.com, and playvids.com were not "registered" with the Copyright Office is a nonsensical statement as websites are not required to be registered, only a service provider. The websites are not service providers – they are services and the provider of those services is SSM. *See* Declaration of Konstantin Bolotin in Support of Opposition to Plaintiff's Motion for Summary Judgment ["*Bolotin Decl. II*"], ¶ 2. The designation form makes it clear, listing the "Full Legal Name of the Service Provider" as "Sun Social Media, Inc." Declaration of Konstantin Bolotin in Support of Motions for Summary Judgment ["*Bolotin Decl. I*"], Exhibit 3.

1

     2.      Plaintiff did not dispute.

     3.      Plaintiff did not dispute.

     4.      Plaintiff did not dispute.

     5.      Defendants dispute Plaintiff's response. An IP address starting with 0.0 does not mean that it is from an internal or local network and can come from an outside server. SSM does not even have a local network or any servers with IP addresses that start with 0.0. Plaintiff's incorrect opinions cannot overcome actual fact. Declaration of Konstantin Bolotin in Support of Reply in Support of Motion for Summary Judgment ["*Bolotin Decl. III*"], ¶¶ 7-18.

     6.      Defendants dispute Plaintiff's response. *See* ¶ 5.

     7.      Defendants dispute Plaintiff's response. *See* ¶ 5.

     8.      Plaintiff does not provide any evidence in the record that disputes Defendants' statements in paragraph 8. The deposition transcripts referenced by Plaintiff in purportedly disputing this paragraph simply state that SSM does not verify email addresses at user sign-up. There is no evidence to contradict that SSM requires users to only upload videos which do not improperly contain the IP of others or to support any of the other statements made by Plaintiff in its denial.

     9.      Plaintiff does not provide any evidence in the record that disputes Defendants' statements in paragraph 9. The deposition transcripts referenced by Plaintiff in purportedly disputing this paragraph simply state that SSM does not verify email addresses at user sign-up. There is no evidence to contradict that SSM requires users to affirm that they own the IP to the videos or to support any of the other statements made by Plaintiff in its denial.

     10.     Plaintiff does not provide any evidence in the record that disputes Defendants' statements in paragraph 10. The deposition transcripts referenced by Plaintiff in purportedly disputing this paragraph simply state that SSM does not verify email addresses at user sign-up. There is no evidence to contradict that users must agree to SSM's terms before uploading files or to support any of the other statements made by Plaintiff in its denial.

     11.     Plaintiff does not provide any evidence to dispute that SSM designated an agent, but instead makes an irrelevant and nonsensical statement that some of SSM's websites were not registered with the Copyright Office. The websites are not service providers – they are services and the provider of those services is SSM. *See Bolotin Decl. II*, ¶ 2. The designation form

makes it clear, listing the "Full Legal Name of the Service Provider" as "Sun Social Media, Inc." *Bolotin Decl. I*, Exhibit 3.

12. Defendants dispute Plaintiff's response. SSM does keep accurate records about which users uploaded which videos. *See*, *e.g.*, Exhibit 1 to *Bolotin Decl. III*, showing records for every user that uploaded each file-in-suit. Plaintiff's references to deposition transcripts only relate to the issue that SSM does not verify email addresses upon sign-up, which is not required by law. Defendants further dispute that users that are terminated can continue to post videos. In almost all cases referenced by Plaintiff, Plaintiff's "expert" used incorrect information, and the remaining instances, where users were not immediately terminated after receipt of their third notice because of a glitch, they were terminated shortly thereafter. *Bolotin Decl. III*, ¶¶ 19-38.

13. Defendants dispute Plaintiff's response. With regards to Plaintiff's purported takedown notices, Defendants never received those notices. *See* Declaration of Constantin Luchian in Support of Motions for Summary Judgment ["*Luchian Decl. I*"], ¶¶ 18-23; *Bolotin Decl. I*, ¶ 35. With regards to the assertions made based on the Declaration of Nate Glass, not only are they irrelevant, but are unsupported and nebulous – to the contrary, SSM has records that it has promptly responded to Mr. Glass's notices and that Mr. Glass has never complained about SSM. *Bolotin Decl. III*, ¶¶ 39-42.

14. Defendants dispute Plaintiff's response. Defendants never received those notices. *See* Declaration of Constantin Luchian in Support of Motions for Summary Judgment ["*Luchian Decl. I*"], ¶¶ 18-23; *Bolotin Decl. I*, ¶ 35.

15. Defendants dispute Plaintiff's response. *See* ¶ 5.

16. Defendants dispute Plaintiff's response. *See* ¶ 5.

17. Defendants dispute Plaintiff's response. *See* ¶ 5.

18. Plaintiff's response does not reference any material in the record that would dispute Defendants' statement. In any case, Defendants reference paragraph 1 above.

19. Plaintiff did not dispute.

20. Plaintiff did not dispute.

21. Plaintiff did not dispute.

22. Plaintiff's response does not reference any material in the record that would dispute Defendants' statement. In any case, Defendants reference paragraph 1 above.

23. Defendants dispute Plaintiff's response. *See* ¶¶ 5 and 13.

24. Defendants dispute Plaintiff's response. *See* ¶¶ 5 and 13.

25. Defendants dispute Plaintiff's response. *See* ¶ 13.

26. Plaintiff did not dispute.

27. Plaintiff did not dispute.

28. Defendants dispute Plaintiff's response. *See* ¶¶ 12 and 13.

29. Defendants dispute Plaintiff's response. *See* ¶ 12.

30. Defendants dispute Plaintiff's response. *See* ¶¶ 12 and 13.

31. Plaintiff's response does not reference any material in the record that would dispute Defendants' statement. In any case, Defendants reference paragraphs 12 and 13 above.

32. Plaintiff's response does not reference any material in the record that would dispute Defendants' statement. In any case, Defendants reference paragraphs 12 and 13 above.

33. Defendants dispute Plaintiff's response. *See* ¶ 13.

34. Plaintiff did not dispute.

35. Defendants dispute Plaintiff's response. *See* ¶ 13.

36. Defendants dispute Plaintiff's response. *See* ¶ 13.

37. Plaintiff's response does not reference any material in the record that would dispute Defendants' statement that Jason Tucker is the only person to send SSM paper DMCA notices. In any case, Defendants reference paragraphs 12 and 13 above.

38. Plaintiff's response does not reference any material in the record that would dispute Defendants' statement. In any case, Defendants reference paragraphs 12 and 13 above.

39. Plaintiff did not dispute.

40. Plaintiff did not dispute.

41. Plaintiff did not dispute.

42. Plaintiff did not dispute.

43. Plaintiff did not dispute.

44. Plaintiff did not dispute.

45. Plaintiff did not dispute.

46. Plaintiff did not dispute.

47. Defendants dispute Plaintiff's response. *See* ¶¶ 12 and 13.

48. Plaintiff's response does not reference any material in the record that would dispute Defendants' statement SSM terminated over a thousand users and that it has provided

documents and details about the same. In any case, Defendants reference paragraphs 12 and 13 above.

49. Plaintiff's response does not reference any material in the record that would dispute Defendants' statement that SSM accommodates and undertakes no action that interferes with any measure it knows of that are used by copyright owners to identify or protect copyrighted works. In any case, Defendants reference paragraph 12 above.

50. Defendants dispute Plaintiff's response. The evidence referenced by Plaintiff does not state that SSM "edits" any material, only that it permits some material to go live and not others.

51. Plaintiff's response does not reference any material in the record that would dispute that SSM does not remove or otherwise interfere with watermarks. The material referenced by Plaintiff only states that SSM may not permit certain videos or descriptions to be made available on its websites.

52. Plaintiff's response does not reference any material in the record that would dispute that SSM does not advise or encourage users to conceal a work's copyrighted status. It's reference to its paragraph 12 is simply nonsensical. In any case, Defendants reference paragraph 12 above.

53. Plaintiff did not dispute.

54. Plaintiff's response does not reference any material in the record that would dispute that SSM does not induce or encourage users to engage in direct infringement. It's reference to its paragraph 12 is simply nonsensical. In any case, Defendants reference paragraph 12 above

The remaining paragraphs are in connection with additional allegations made by Plaintiff:

55. Defendants deny that Hydentra filed trademark registrations for METART and SEXART. Specifically, Exhibits A and B to *Krogman Decl.* purport to evidence Plaintiff's ownership of registered trademarks for METART and SEXART. However, a cursory look at those records indicate that the trademarks are owned by and registered to Hydentra, L.P. HLP General Partner, Inc., which is NOT the Plaintiff in this action. Plaintiff has shown no trademark rights whatsoever.

56. Defendants deny that Hydentra has any protectable trade name, as the evidence on the record clearly indicates that the purported trade names are owned by a third party not a part of this lawsuit. *See* ¶ 55 *supra*.

57. For the purposes of this Reply only, Defendants do not deny the statements in this paragraph.

58. Defendants deny the statements in this paragraph as mischaracterizing the law and fact. Playvid.com is not an "Internet Service Provider" – Playvid.com is an Internet Service. The *provider* of Playvid.com is SSM. *See Bolotin Decl. II*, ¶ 2. The designation form makes it clear, listing the "Full Legal Name of Service Provider" as "Sun Social Media, Inc." *Bolotin Decl. I*, Exhibit 3.

59. Defendants deny that DMCA compliant take-down notices were received by Constantin Luchian. It appears that they were accepted by the landlord for Mr. Luchian's company Incorporate Now, Inc. and then lost by the landlord. Mr. Luchian never received those notifications, nor did SSM. *See Luchian Decl. I*, ¶¶ 18-23; *Bolotin Decl. I*, ¶ 35.

60. Defendants deny based on Plaintiff's own records that Plaintiff owns the trademarks METART and SEXART. *See* ¶ 55 *supra*. Defendants further deny that the use of those marks in meta tags has any relevance to the rankings on search engine results. *Bolotin Decl. II*, ¶ 3. There is no way that Mr. Tucker knows how search engines utilize meta-tags in their notoriously secret and proprietary search engine calculations. All evidence actually points towards meta-tags being completely ignored in search rankings. *Bolotin Decl. II*, ¶ 3.

61. SSM and Mr. Bolotin do not "control" the meta tags for SSM's websites. The meta tags are based entirely and solely upon information input by users when they upload videos. *Bolotin Decl. II*, ¶ 4. While SSM does briefly review videos before allowing them to be made public, it can only practically screen out content which is on its face illegal or inappropriate – that is content that is pedophilic, zoophilic, not pornographic or spam. *Bolotin Decl. II*, ¶ 5.

62. Defendants deny that Plaintiff owns the trademarks METART and SEXART. *See* ¶ 55 *supra*. Defendants state also that, as a matter of law, DMCA takedown notices cannot raise issues concerning trademarks, as opposed to copyrights.

63. Defendants deny that Plaintiff owns the trademarks METART and SEXART. *See* ¶ 55 *supra*. Defendants deny further the implication that Defendants had any control over the selection of the meta tags at issue.

64. Defendants deny the statements in this paragraph as mischaracterizing the law and fact. Feedvid.com is not an "Internet Service Provider" – Feedvid.com is an Internet Service. The *provider* of Feedvid.com is SSM. *See Bolotin Decl. II*, ¶ 2. Defendants further reference the Declaration of Jason Tucker, Docket No. 109-1 ["*Tucker Decl.*"], ¶ 52, which states that he was able to determine that SSM operates Feedvid.com.

65. Defendants deny that Plaintiff has any protectable trade name, as the evidence on the record clearly indicates that the purported trade names are owned by a third party not a part of this lawsuit. *See* ¶ 55 *supra*. Defendants deny further the implication that Defendants had any control over the selection of the meta tags at issue.

66. Defendants deny the statements in this paragraph as mischaracterizing the law and fact. Peekvids.com is not an "Internet Service Provider" – Peekvids.com is an Internet Service. The *provider* of Peekvids.com is SSM. *See Bolotin Decl. II*, ¶ 2. Defendants further reference *Tucker Decl.*, ¶ 52, which states that he was able to determine that SSM operates Peekvids.com.

67. Defendants deny that Plaintiff has any protectable trade name, as the evidence on the record clearly indicates that the purported trade names are owned by a third party not a part of this lawsuit. *See* ¶ 55 *supra*. Defendants deny further the implication that Defendants had any control over the selection of the meta tags at issue.

68. Defendants deny the statements in this paragraph as mischaracterizing the law and fact. Playvids.com is not an "Internet Service Provider" – Playvids.com is an Internet Service. The *provider* of Playvids.com is SSM. *See Bolotin Decl. II*, ¶ 2. Defendants further reference *Tucker Decl.*, ¶ 52, which states that he was able to determine that SSM operates Playvids.com.

69. Defendants deny the statements in this paragraph to the extent that it misrepresents that Plaintiff even alleged that it sent take-down notices for material on any sites other than playvid.com.

70. SSM's utilization of meta data for each video is based solely and entirely off of information put by the user when uploading the video. *Bolotin Decl. II*, ¶ 4. SSM does not edit titles, descriptions or tags for videos except in cases of spam (which are deleted in their entirety) as SSM does not intend to be an editor or take responsibility for the tags, descriptions or tags input by users. *Bolotin Decl. II*, ¶ 6.

71. SSM denies the statements in this paragraph to the extent that it implies that the view count on a video is in any way related to SSM's relationship with brokers, how traffic is

7

delivered to the advertisers, how the brokers pay SSM, or which advertisement is shown on that page. Moreover, the "view count" does not count how many times a video was actually viewed – it only counts the number of times the page was loaded. Therefore, the view count will also increase when a page is accessed by a search engine spider or other bot. Some studies show that the *majority* of internet traffic is generated by bots. *Bolotin Decl. II*, ¶¶ 10-11.

72. Defendants deny that the email address provided at sign-up does not have to be "real." All addresses are checked to confirm that they are in the proper format. *Bolotin Decl. II*, ¶ 12. Defendants deny the statement that 90% of email addresses were determined to be fake as not supported by the evidence. Furthermore, Defendants state that SSM has approximately 411,100 users with emails in its database and that since SSM implemented a script to check for bounce-backs in March of 2015, it has only received bounce-backs from approximately 1,100 email addresses – constituting less than 0.3% percent of its email addresses. *Bolotin Decl. II*, ¶ 13.

73. Defendants deny the statements in this paragraph to the extent that it implies that email addresses are not verified for any nefarious purpose. SSM states that some of the biggest websites in the world, including Wikipedia and Reddit, do not require a registering user to provide an email address, but only ask for it as an optional piece of information to provide. Furthermore, none of Amazon, Instagram and Imgur have an email verification process. *Bolotin Decl. II*, ¶ 14.

74. For the purposes of this Opposition, Defendants do not deny the statements in this paragraph.

75. Defendants deny the entirety of this paragraph. SSM does communicate with its members, both through email and through its websites. SSM sends users emails in appropriate circumstances when the user gets a notification on the websites, for instance, if another user tried to contact that user on the website. Also, SSM does notify users when their video has been removed for claims of copyright infringement on the website. When a user logs into their account on the website, the user is shown that his videos have been removed on the basis of a copyright claim. Furthermore, SSM does notify users when they have been terminated pursuant to the repeat infringer policy. When a user tries to log into their account after termination, they are shown a notification popup that states that the user's account was terminated. *Bolotin Decl. II*, ¶ 15.

76. Defendants deny the characterization that SSM retains a DMCA agent for "each of its sites." SSM retains a DMCA agent for itself, which covers all of its sites. *Bolotin Decl. II*, ¶ 16. When Incorporate Now, Inc. receives a take-down notice through the mail, Incorporate Now, Inc. sends the notices to SSM's email address (legal@sunsocialmedia.com), which is not Mr. Bolotin's personal email address, but is an email address accessed and processed by SSM's agents in addition to Mr. Bolotin. *Bolotin Decl. II*, ¶ 17. Furthermore, SSM does notify users that their videos have been removed for claims of copyright infringement. ¶ 75, *supra*.

77. SSM admits that it has implemented and communicated a reasonable repeat infringer policy. SSM states further that it does inform members when their videos have been removed for claims of copyright infringement. ¶ 29, *supra*. SSM denies the last sentence of this paragraph on the basis that it is not supported by any evidence whatsoever and is a self-serving and baseless accusation.

78. Defendants object to the mischaracterization inherent in the statements of this paragraph. Specifically, Defendants object to the mischaracterization and implication that SSM knew that the videos listed in Exhibit A to Plaintiff's complaint were infringing upon Plaintiff's rights. Defendants had no such knowledge until after being served with the Complaint. *Bolotin Decl. I*, ¶ 33; *Luchian Decl. I*, ¶¶ 16-17.

**Respectfully submitted:**

/s/ Valentin Gurvits
Valentin D. Gurvits (*pro hac vice*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Telephone: (617) 928-1804
Facsimile: (617) 928-1802
vgurvits@bostonlawgroup.com

/s/ Brady J. Cobb
Brady J. Cobb, Esquire
Florida Bar No. 031018
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone (954) 527-4111
Facsimile (954) 900-5507
bcobb@cobbeddy.com

*Attorneys for Defendants*
*Constantin Luchian,*
*Konstantin Bolotin and*
*Sun Social Media Inc.*

Dated: March 10, 2016

## **CERTIFICATE OF SERVICE**

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record on the service list below this 10th day of March, 2016.

/s/ Brady J. Cobb
Brady J. Cobb

## **SERVICE LIST**

Aaron Behar, Esquire
Jaclyn Behar, Esquire
BEHARBEHAR
1840 North Commerce Parkway
Suite One
Weston, Florida 33326
Telephone: (954) 688-7642
Facsimile: (954) 332-9260
AB@BeharBehar.com
JB@BeharBehar.com

Spencer D. Freeman
Freeman Law Firm, Inc.
1107 1/2 Tacoma Avenue South
Tacoma, Washington 98402
Telephone: (206) 516-3800
Facsimile: (206) 516-3888
sfreeman@freemanlawfirm.org