UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

| | |
|---|---|
| HYDENTRA HLP INT. LIMITED, a foreign corporation d/b/a METART,<br><br>   Plaintiff,<br><br>v.<br><br>CONSTANTIN LUCHIAN, an individual, KONSTANTIN BOLOTIN, an individual, SUN SOCIAL MEDIA, INC., a corporation, individually and d/b/a PLAYVID.COM, FEEDVID.COM, PLAYVIDS.COM and PEEKVIDS.COM; PLAYVID.COM; FEEDVID.COM; PLAYVIDS.COM; PEEKVIDS.COM; and John Does 1-20,<br><br>   Defendants. | Case No. 1:15-cv-22134-UU |

### REPLY IN SUPPORT OF DEFENDANT CONSTANTIN LUCHIAN'S MOTION FOR SUMMARY JUDGMENT

If the Plaintiff had written an opposition brief that simply said, "we had no basis to name Constantin Luchian as a defendant when we drafted the complaint and we've discovered no reasonable basis for keeping him as a defendant now, but we figured we'd roll the dice in the hope that the Court wouldn't notice," such a brief would at least have the benefit of being honest. Instead, the Plaintiff has presented the Court with what can most charitably be termed as complete gibberish. In its opposition, the Plaintiff: (a) repeatedly claims that Mr. Luchian has made arguments in his Summary Judgment Motion which appear nowhere in Mr. Luchian's actual motion (but instead appear in motions filed by other defendants), and (b) make arguments and allegations that apply – if at all – to other defendants, but not Mr. Luchian.

1

None of this is an accident.  The Plaintiff is attempting to intentionally mislead this Court – pretending that allegations and arguments that relate only to Defendant Sun Social Media, Inc. ("SSM") have some applicability to Mr. Luchian.  They do so without a shred of factual support and, indeed, without even any plausible explanation.  The Plaintiff knows that there is no basis for liability against Mr. Luchian and its opposition provides no valid basis for such liability.  If anything, Plaintiff's Opposition demonstrates only that there is no genuine issue of material fact and that Mr. Luchian is entitled to judgment as a matter of law.

## ARGUMENT

I. Plaintiff's Own Summarization of Mr. Luchian's "Involvement" Shows That There Can Be No Liability as To Mr. Luchian.

According to the Plaintiff, "Mr. Luchian's involvement can be summarized as follows: (1) he is employed by Webzilla which hosted (and continues to host) SSM's websites where the infringing content was uploaded; (2) he has personally known Defendant Bolotin since they started working for Webzilla at or around the same time; and (3) he is the director/officer of Incorporate Now, Inc. ("INI"), whose function is to receive DMCA take-down notices on behalf of SSM. *Plaintiff's Opposition*, pp. 3-4.

Taking Plaintiff's irrelevancies in order: first, the Court would be forgiven if it found itself searching the record to figure out why Webzilla is relevant to this litigation at all, since Webzilla is not a named party, nor does it figure prominently in any recitation of Plaintiff's allegations.  The Court would be searching in vain.  It is odd, then, to be speaking about Webzilla at all.  And, even if Webzilla was relevant to the present litigation, Mr. Luchian's connections to Webzilla have no bearing on the Plaintiff's claims against him.

It is certainly true that Webzilla provides web hosting services – just as GoDaddy, Network Solutions, and hundreds of other companies do and that Webzilla provides such services to SSM. It is also true that Mr. Luchian (who has no ownership interest in Webzilla) provides certain very limited services to Webzilla. Declaration of Constantin Luchian in Support of Reply in Support of Motions for Summary Judgment ["*Luchian Decl. II*"], ¶ 6-7. Specifically, Mr. Luchian duties for Webzilla are limited to receiving, processing and paying vendor invoices, and occasionally making small purchases of hardware. *Luchian Decl. II*, ¶ 7. Mr. Luchian does not have access to Webzilla's data centers and cannot access them physically. *Luchian Decl. II*, ¶ 8. He has no technical knowledge of how to access any of Webzilla's servers, nor does he have access to Webzilla's customer relationship management software or any other software that has information of Webzilla's hosting clients. *Id.*

In short, Mr. Luchian's limited duties for non-party Webzilla have nothing to do with Webzilla's actual provision of hosting services to SSM. And, moreover, Webzilla's provision of hosting services to SSM has nothing to do with the Plaintiff's allegation that SSM's users have posted allegedly infringing materials to SSM's websites. If one were to conclude that the Plaintiff has thrown Mr. Luchian's connection to Webzilla into the mix simply because it likes saying "Webzilla," one would likely be correct.[1]

Next, Plaintiff states that Mr. Luchian is "involved" with the alleged intellectual property infringement by the users of SSM's websites because "he has personally known Defendant Bolotin since they started working for Webzilla at or around the same time."

---

[1] The Plaintiff complains that the analogy made in Mr. Lucian's opening brief – that bringing a claim against Mr. Lucian is akin to bringing a claim against Florida Power and Light – is inapt. Perhaps the Plaintiff has a point. Bringing a claim against Florida Power and Light makes much *more* sense than the present action against Mr. Luchian. Mr. Luchian *should* have said that bringing an action against him is akin to bringing an action against an employee who works in the accounting department of Florida Power and Light.

*Plaintiff's Opposition*, pp. 3-4.  In other words, because Mr. Luchian knows Mr. Bolotin, who is a director of Sun Social Media, which operates the websites where users posted allegedly infringing materials, he is himself liable for copyright and trademark infringement.  One might wonder why the Plaintiff stopped at Mr. Luchian.  Certainly, Mr. Bolotin must know hundreds, if not thousands of people and they, too, must be equally responsible for the alleged infringement.  Or the argument is simply silly, which becomes immediately apparent when spoken aloud.

Finally, Plaintiff points to the fact that Mr. Luchian's company, Incorporate Now, Inc. ("INI"), serves as the DMCA agent for SSM as evidence of Mr. Luchian's "involvement" in the alleged infringement.  The argument is equally specious.

As a starting point, the Plaintiff does not allege that *Mr. Luchian* is SSM's DMCA agent, but rather that INI – a separate legal entity acted as SSM's agent.  It is certainly understandable why the Plaintiff has not attempted to make a piercing the corporate veil argument: it could not possibly hope to prevail if it did.  *See*, *e.g.*, Gov't of Aruba v. Sanchez, 216 F. Supp. 2d 1320, 1362 (S.D. Fla. 2002) ("Under Florida law... courts are reluctant to pierce the corporate veil and will do so only in exceptional cases where there has been extreme abuse of the corporate form." (multiple citations omitted)).  "Even if a corporation is merely an alter ego of its dominant shareholder or shareholders, the corporate veil cannot be pierced so long as the corporation's separate identity was lawfully maintained…. Under Florida law, to pierce the corporate veil a plaintiff must show that the corporation was organized or employed as a mere device or sham to work a fraud on creditors." *Id.* (multiple internal citations omitted).  It is not simply that the Plaintiff's arguments concerning piercing the corporate veil are *weak*, they are simply *nonexistent*.  The Plaintiff simply pretends that corporate entities don't exist.

Even if the Plaintiff *had* alleged that Mr. Luchian (and not INI) served as SSM's DMCA agent, it would make no difference.  A DMCA agent is no more than a conduit through which takedown notices are processed.  The fact that a DMCA agent *receives* the notice of alleged infringement does not make the agent itself *liable* for infringement and to suggest otherwise is an absurdity.  By the Plaintiff's "logic," every entity that provides registered agent services - such as CT Corporation, which acts as the agent for service of process for 1.3 million companies nationally[2] - can be held liable when the companies to which they provide such services are sued.  The assertion is nonsensical on its face.

> II. Mr. Luchian Has Not Made Any Arguments Concerning Misdirected DMCA Notices, Nor Does The Plaintiff Have Any Claims Against Mr. Luchian Based On Missing Notices.

Continuing its trip down the rabbit hole into Wonderland, the Plaintiff next states that:

> A common theme throughout Mr. Luchian's attempt to secure summary judgment concerns whether he received Plaintiff's DMCA take-down notices, and subsequently delivered same to SSM, pursuant to his legal obligations as the DMCA agent.

Plaintiff's Opposition, p. 4.

Preliminarily, Mr. Luchian notes that the Plaintiff's assertion is without citation to Plaintiff's Motion and Memorandum.  There is a reason for this: Mr. Luchian does not once refer to, or argue about, the receipt or non-receipt of take-down notices in his Motion and Memorandum.  Plaintiff's assertion is, as the saying goes, a good story if you like fiction.[3]

Undeterred by facts or logic, the Plaintiff goes boldly forth, arguing that, because it mailed take-down notices to INI (as the DMCA agent for SSM), if those notices did not make it

---

[2] *See* https://ct.wolterskluwer.com/, last accessed March 10, 2016.
[3] It has always been counsel's understanding that arguments and assertions made to the Court by an attorney should have some basis in reality.  *See, e.g.,* Fed R. Civ. P. 11.  Apparently, the Plaintiff has a different understanding of its obligations.

to SSM, then the Plaintiff has a cause of action for copyright infringement against Mr. Luchian. Putting aside (again) Plaintiff's confusion concerning corporate shields, and putting aside the fact that all evidence indicates that INI's landlord, Regus, lost the DMCA notices at issue, there is no rational argument that – even if INI *had* failed to forward the DMCA notices to SSM – such a failure makes Mr. Luchian somehow liable to the Plaintiff for the alleged infringement by SSM's users.

Again, by way of analogy, if SSM had hired a delivery company to retrieve takedown notices from a post office box, and that delivery company employed a bike messenger who failed to properly deliver notices sent by the Plaintiff, the Plaintiff nevertheless could not sue the bike messenger for copyright infringement. That is what the Plaintiff is attempting to do here. It is ludicrous and the claims against Mr. Luchian cannot possibly survive.

### III.     Irrelevant Deposition Questions Do Not Save Claims Without Any Basis In Fact or Law.

In a final, last-ditch attempt to stave off summary judgment, the Plaintiffs claim that the failure of the Defendants to answer four, absolutely irrelevant questions at deposition, somehow precludes an award of summary judgment for Mr. Luchian. It does not. The four questions that Plaintiffs point to are:

1. Why Mr. Bolotin Entered the United States (which relates to Webzilla);
2. The Holders of Debt in Sun Social Media;
3. The shareholders of Incorporate Now, Inc.; and
4. Incorporate Now, Inc.'s Client List.

Plaintiff's Opposition, p. 10.

The simple truth is that there is not an answer to any of these questions – no matter what the answer may be – that would have any effect whatsoever on the viability of the Plaintiff's claims. With respect to the first two questions – Mr. Luchian was not the person to whom the

questions were posed. Even if he had been, though, the answers would have been wholly irrelevant to the claims that Mr. Luchian is somehow liable for infringement.[4] With respect to the third question, Mr. Luchian is the sole shareholder in INI. *Luchian Decl.*, ¶ 2. And, with respect to the last question, the only actually relevant point is that SSM is a client of INI, a fact that Mr. Luchian does not dispute. There is, then, no question that remains unanswered (nor was there ever) that has any relevance to the question of whether Mr. Luchian is entitled to judgment as a matter of law.

## Conclusion

The Plaintiff has failed – throughout its opposition, throughout discovery, and throughout this entire litigation – to point to a single fact that would allow a factfinder to find in its favor on its claims against Mr. Luchian. As such, Mr. Luchian is entitled to summary judgment on all counts of the Complaint.

---

[4] Not that it is actually relevant, but Mr. Luchian does not hold any of the debt in SSM. *Luchian Decl.,* ¶ 5.

**Respectfully submitted:**

/s/ Valentin Gurvits
Valentin D. Gurvits (*pro hac vice*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Telephone: (617) 928-1804
Facsimile: (617) 928-1802
vgurvits@bostonlawgroup.com

/s/ Brady J. Cobb
Brady J. Cobb, Esquire
Florida Bar No. 031018
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone (954) 527-4111
Facsimile (954) 900-5507
bcobb@cobbeddy.com

*Attorneys for Defendants
Constantin Luchian,
Konstantin Bolotin and
Sun Social Media Inc.*

Dated: March 10, 2016

## **CERTIFICATE OF SERVICE**

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record on the service list below this 10th day of March, 2016.

/s/ Brady J. Cobb
Brady J. Cobb

## **SERVICE LIST**

Aaron Behar, Esquire
Jaclyn Behar, Esquire
BEHARBEHAR
1840 North Commerce Parkway
Suite One
Weston, Florida 33326
Telephone: (954) 688-7642
Facsimile: (954) 332-9260
AB@BeharBehar.com
JB@BeharBehar.com

Spencer D. Freeman
Freeman Law Firm, Inc.
1107 1/2 Tacoma Avenue South
Tacoma, Washington 98402
Telephone: (206) 516-3800
Facsimile: (206) 516-3888
sfreeman@freemanlawfirm.org