UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

HYDENTRA HLP INT. LIMITED,
a foreign corporation d/b/a METART,

   Plaintiff,

v.

CONSTANTIN LUCHIAN, an individual,
KONSTANTIN BOLOTIN, an individual,
SUN SOCIAL MEDIA, INC., a corporation,
individually and d/b/a PLAYVID.COM,
FEEDVID.COM, PLAYVIDS.COM and
PEEKVIDS.COM; PLAYVID.COM;
FEEDVID.COM; PLAYVIDS.COM;
PEEKVIDS.COM; and
John Does 1-20,

   Defendants.

Case No.
1:15-cv-22134-UU

**CONSTANTIN LUCHIAN'S REPLY TO PLAINTIFF'S OPPOSITION TO MR. LUCHIAN'S STATEMENT OF MATERIAL FACTS**

    Defendants Constantin Luchian, through his undersigned counsel, submits the following Reply to Plaintiff's Opposition to Constantin Luchian's Statement of Material Facts:

    1.    Plaintiff did not dispute.

    2.    Plaintiff did not dispute.

    3.    Plaintiff only states that it disputes, but provides no evidence to the contrary, stating only that it is "unknown." Such a response is not an appropriate dispute, and therefore Plaintiff must be deemed not to dispute.

    4.    Plaintiff did not dispute.

    5.    Plaintiff did not dispute.

    6.    Plaintiff has not provided any evidence countering Mr. Luchian's statement, only presenting argument that Plaintiff did not get an answer to an irrelevant question. Plaintiff's suspicions do not amount to a legitimate dispute. This is not an appropriate basis to dispute, and

1

therefore Plaintiff must be deemed not to dispute. Moreover, Mr. Luchian makes reference to Paragraphs 5 of his Declaration filed herewith, further stating that he has no ownership interest in Sun Social Media, Inc. ("SSM") and is not a holder of any debt to SSM.

7. Plaintiff has not provided any evidence countering Mr. Luchian's statement, only presenting argument that Plaintiff did not get an answer to an irrelevant question. Plaintiff's suspicions do not amount to a legitimate dispute. This is not an appropriate basis to dispute, and therefore Plaintiff must be deemed not to dispute. Moreover, Mr. Luchian makes reference to Paragraphs 5 of his Declaration filed herewith, further stating that he has no ownership interest in Sun Social Media, Inc. ("SSM") and is not a holder of any debt to SSM.

8. Plaintiff has not provided any evidence countering Mr. Luchian's statement, only presenting argument that Plaintiff did not get an answer to an irrelevant question. Plaintiff's suspicions do not amount to a legitimate dispute. This is not an appropriate basis to dispute, and therefore Plaintiff must be deemed not to dispute. Moreover, Mr. Luchian makes reference to Paragraphs 5 of his Declaration filed herewith, further stating that he has no ownership interest in Sun Social Media, Inc. ("SSM") and is not a holder of any debt to SSM.

9. Plaintiff has not provided any evidence countering Mr. Luchian's statement, only presenting argument that Plaintiff did not get an answer to an irrelevant question. Plaintiff's suspicions do not amount to a legitimate dispute. This is not an appropriate basis to dispute, and therefore Plaintiff must be deemed not to dispute. Moreover, Mr. Luchian makes reference to Paragraphs 5 of his Declaration filed herewith, further stating that he has no ownership interest in Sun Social Media, Inc. ("SSM") and is not a holder of any debt to SSM. Moreover, Mr. Luchian makes reference to Paragraphs 3-9 of his Declaration filed herewith, explaining Mr. Bolotin's non-connection with Webzilla and his own limited relationship with Webzilla. *See*, *also*, Declaration of Konstantin Bolotin in Support of Reply in Support of Defendants' Motion for Summary Judgment ["*Bolotin Decl. III*"], filed concurrently, ¶¶ 2-6 (confirming the same, and disproving Plaintiff's suspicions).

10. Plaintiff has not provided any evidence countering Mr. Luchian's statement, only presenting argument that Plaintiff did not get an answer to an irrelevant question and referencing Mr. Luchian's connection with another party not even relevant to this matter. Plaintiff's suspicions and irrelevant rambling do not amount to a legitimate dispute. This is not an appropriate basis to dispute, and therefore Plaintiff must be deemed not to dispute. Moreover,

Mr. Luchian makes reference to Paragraphs 3-9 of his Declaration filed herewith, explaining Mr. Bolotin's non-connection with Webzilla and his own limited relationship with Webzilla.  *See, also*, *Bolotin Decl. III*, filed concurrently, ¶¶ 2-6 (confirming the same, and disproving Plaintiff's suspicions).

11. Plaintiff has not provided any evidence countering Mr. Luchian's statement, only presenting argument that Plaintiff did not get an answer to an irrelevant question and referencing Mr. Luchian's connection with another party not even relevant to this matter.  Plaintiff's suspicions and irrelevant rambling do not amount to a legitimate dispute.  This is not an appropriate basis to dispute, and therefore Plaintiff must be deemed not to dispute.  Moreover, Mr. Luchian makes reference to Paragraphs 3-9 of his Declaration filed herewith, explaining Mr. Bolotin's non-connection with Webzilla and his own limited relationship with Webzilla.  *See, also*, *Bolotin Decl. III*, filed concurrently, ¶¶ 2-6 (confirming the same, and disproving Plaintiff's suspicions).

12. Plaintiff has not provided any evidence countering Mr. Luchian's statement, only presenting argument that Plaintiff did not get an answer to an irrelevant question and referencing Mr. Luchian's connection with another party not even relevant to this matter.  Plaintiff's suspicions and irrelevant rambling do not amount to a legitimate dispute.  This is not an appropriate basis to dispute, and therefore Plaintiff must be deemed not to dispute.  Moreover, Mr. Luchian makes reference to Paragraphs 3-9 of his Declaration filed herewith, explaining Mr. Bolotin's non-connection with Webzilla and his own limited relationship with Webzilla.  *See, also*, *Bolotin Decl. III*, filed concurrently, ¶¶ 2-6 (confirming the same, and disproving Plaintiff's suspicions).

13. Mr. Luchian disputes Plaintiff's response.  Plaintiff's response is irrelevant to Mr. Luchian.  Plaintiff's response makes reference to completely irrelevant matters which have been disproven elsewhere.  See *Bolotin Decl. III*, ¶¶ 7-18.  Moreover, Mr. Luchian has no control or access over what Webzilla's services or any direct financial interest in Webzilla.  *See* Declaration of Constantin Luchian, filed herewith, ¶¶ 6-9.

14. Mr. Luchian disputes Plaintiff's response.  Plaintiff's response is irrelevant to Mr. Luchian.  *See* ¶ 13 *supra*.

15. Plaintiff has not provided any evidence countering Mr. Luchian's statement, only that Mr. Bolotin could not testify as to the terms of that relationship during his deposition.  This

is not a denial nor an appropriate basis to dispute, and therefore Plaintiff must be deemed not to dispute.

16. Mr. Luchian disputes Plaintiff's response. Plaintiff's response is irrelevant to Mr. Luchian. *See* ¶ 13 *supra*.

17. Mr. Luchian disputes Plaintiff's response. Plaintiff's response is irrelevant to Mr. Luchian. *See* ¶ 13 *supra*.

18. Mr. Luchian disputes that he ever received the referenced take-down notices, as they appear to have been lost by Incorporate Now, Inc.'s landlord before they were ever retrieved by Mr. Luchian. That package was signed for by a "C. Jusino." *See* Docket No. 72-2, ¶¶ 18-23.

19. Mr. Luchian disputes that he ever received the referenced take-down notices, as they appear to have been lost by Incorporate Now, Inc.'s landlord before they were ever retrieved by Mr. Luchian. That package was signed for by a "C. Jusino." *See* Docket No. 72-2, ¶¶ 18-23.

The remaining paragraphs are in connection with additional allegations made by Plaintiff:

20. Mr. Luchian disputes Plaintiff's response. An IP address starting with 0.0 does not mean that it is from an internal or local network and can come from an outside server. SSM does not even have a local network or any servers with IP addresses that start with 0.0. Plaintiff's incorrect opinions cannot overcome actual fact. *Bolotin Decl. III*, ¶¶ 7-18.

21. Mr. Luchian disputes that he ever received the referenced take-down notices, as they appear to have been lost by Incorporate Now, Inc.'s landlord before they were ever retrieved by Mr. Luchian. That package was signed for by a "C. Jusino." *See* Docket No. 72-2, ¶¶ 18-23.

22. Mr. Luchian objects to the mischaracterization inherent in the statements of this paragraph. Specifically, Mr. Luchian objects to the mischaracterization and implication that Defendants knew that the videos listed in Exhibit A to Plaintiff's complaint were infringing upon Plaintiff's rights. Defendants had no such knowledge until after being served with the Complaint. *Bolotin Decl. I*, ¶ 33; *Luchian Decl. I*, ¶¶ 16-17.

23. Mr. Luchian does not dispute.  However, Mr. Luchian states further that there was no failure in communication between INI and SSM regarding those notices – the only reason that SSM did not receive the notices is because neither Mr. Luchian nor INI ever received the notices.  *Luchian Decl. II*, ¶ 10.  Those particular notices are the only notices to INI that Mr. Luchian is aware of that have ever been claimed to be lost.  *Id.*, ¶ 11.

24. Mr. Luchian disputes this paragraph.  Mr. Luchian is not SSM's DMCA agent – INI is.  *Luchian Decl. I* (Docket No. 72-2), ¶ 6.  Mr. Luchian further disputes this paragraph as it mischaracterizes the referenced testimony.

25. Mr. Luchian disputes this paragraph.  Mr. Luchian has no financial interest in SSM at all.  Mr. Luchian is not an owner of SSM.  Mr. Luchian does not hold any debt of SSM.  Mr. Luchian does not own any part of Webzilla, which is SSM's webhosting provider.  *Luchian Decl. II*, ¶¶ 5-9.

26. Mr. Luchian disputes this paragraph to the extent that it mischaracterizes the basis for Plaintiff not receiving answers to particular questions about those matters, and makes reference to the numerous motions filed by the parties in this matter with regards thereto.  Moreover, any relevant information that could have been obtained from such questions are make irrelevant, and Plaintiff's suspicions are disproved, by way of Mr. Luchian and Mr. Bolotin's declarations filed herewith.  *Luchian Decl. II*, ¶¶ 2-9; *Bolotin Decl. III*, ¶¶ 2-6.

**Respectfully submitted:**

/s/ Valentin Gurvits
Valentin D. Gurvits (*pro hac vice*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Telephone: (617) 928-1804
Facsimile: (617) 928-1802
vgurvits@bostonlawgroup.com

/s/ Brady J. Cobb
Brady J. Cobb, Esquire
Florida Bar No. 031018
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone (954) 527-4111
Facsimile (954) 900-5507
bcobb@cobbeddy.com

*Attorneys for Defendants*
*Constantin Luchian,*
*Konstantin Bolotin and*
*Sun Social Media Inc.*

Dated: March 10, 2016

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record on the service list below this 10th day of March, 2016.

                                          /s/ Brady J. Cobb
                                          Brady J. Cobb

## SERVICE LIST

Aaron Behar, Esquire
Jaclyn Behar, Esquire
BEHARBEHAR
1840 North Commerce Parkway
Suite One
Weston, Florida 33326
Telephone: (954) 688-7642
Facsimile: (954) 332-9260
AB@BeharBehar.com
JB@BeharBehar.com

Spencer D. Freeman
Freeman Law Firm, Inc.
1107 1/2 Tacoma Avenue South
Tacoma, Washington 98402
Telephone: (206) 516-3800
Facsimile: (206) 516-3888
sfreeman@freemanlawfirm.org