UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 1:15-cv-22134-UU

HYDENTRA HLP INT. LIMITED,
a foreign corporation d/b/a METART,

       Plaintiff,

vs.

CONSTANTIN LUCHIAN, an individual,
KONSTANTIN BOLOTIN, an individual,
SUN SOCIAL MEDIA, INC., a corporation,
individually and d/b/a PLAYVID.COM,
FEEDVID.COM, PLAYVIDS.COM, and
PEEKVIDS. COM; PLAYVID.COM;
FEEDVID.COM; PLAYVIDS. COM;
PEEKVIDS.COM and;
and John Does 1-20,

       Defendants.
_____/

### PLAINTIFF'S MOTION TO STRIKE CARMEN JUSINO FROM DEFENDANTS' WITNESS LIST

Pursuant to Federal Rules of Civil Procedure 26 and 37, Plaintiff, HYDENTRA HLP INT. LIMITED d/b/a METART (hereinafter "Plaintiff"), through its undersigned counsel, moves for entry of an order striking Ms. Carmen Jusino from Defendants' Witness List and in support thereof states the following:

    1.    On June 4, 2015, Plaintiff filed its Complaint seeking damages and injunctive relief against Defendants, CONSTANTIN LUCHIAN, an individual, KONSTANTIN BOLOTIN, an individual, SUN SOCIAL MEDIA, INC., a corporation, individually and d/b/a PLAYVID.COM, FEEDVID.COM, PLAYVIDS.COM, and PEEKVIDS. COM;

1

PLAYVID.COM; FEEDVID.COM; PLAYVIDS.COM; PEEKVIDS.COM; and JOHN DOES 1-20, for Copyright Infringement, Contributory Copyright Infringement, Vicarious Copyright Infringement, Inducement of Copyright Infringement, Unauthorized Publication of Name and Likeness in Violation of Florida Statute 540.08, Trademark Infringement and False Designation of Origin Under the Lanham Act. [D.E. #1]

2. On September 1, 2015, Defendants, CONSTANTIN LUCHIAN, KONSTANTIN BOLOTIN and SUN SOCIAL MEDIA, INC., individually and doing business as Defendants PLAYVID.COM, FEEDVID.COM, PLAYVIDS.COM and PEEKVIDS.COM (hereinafter collectively referred to as "Defendants"), filed their Answer and Affirmative Defenses. [D.E. # 32].

3. On September 14, 2015, this Court entered its Scheduling Order for Pre-Trial Conference and Trial, requiring that all discovery be completed by January 22, 2016. [D.E. 33].

4. Pursuant to Rule 26(a), the parties to any litigation are obligated to comply with the following mandatory disclosure requirements:

> (1) *Initial Disclosure.*
>
> > (A) *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party *must*, without awaiting a discovery request, provide to the other parties:
> >
> > > (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

5. Pursuant to Rule 26(a)(1)(E), a party must make its initial disclosures based on the information then reasonably available to it. "A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency

of another party's disclosures or because another party has not made its disclosures." F.R.Civ.P. 26(a)(1)(E).

6. Defendants failed to serve any initial disclosures, nor did they ever disclose Carmen Jusino as a witness having knowledge of the facts or circumstances of the case. It was not until *after* the discovery cut-off that Ms. Jusino was mentioned in a Declaration submitted by Mr. Luchian[1]. [D.E. #72-2].

7. Then, on or about February 26, 2016, while the parties were negotiating the preparation of the Joint Pre-Trial Stipulation, Plaintiff learned for the very first time that Defendants intended to call Ms. Jusino as a witness at trial. [D.E #113, Pg. 11].

8. Mr. Luchian maintains his office at a Regus center where Ms. Jusino works and appears to be responsible for certain administrative functions at Regus. Certainly, Mr. Luchian knows Ms. Jusino, has known of any knowledge she may have concerning this case, intended to call Ms. Jusino as a witness for what appears to be his and SSM's defense to having received the DMCA take-down notices, yet consciously and intentionally failed to notify Plaintiff of her knowledge and role. The reason for this is transparent – had he done so, Plaintiff would have taken Ms. Jusino's deposition, the various depositions of Regus personnel, investigated their internal procedures for handling mail, and served subpoenas. Rather than be subject to such

---

[1] Not only was Ms. Jusino improperly and untimely disclosed, Ms. Luchian's declaration [D.E. # 72-2] is premised upon multiple layers of hearsay and inadmissible "evidence." As an example only, in paragraph 1, Mr. Luchian testifies the declaration is based on his review of INI's business records. At no time does Mr. Luchian identify the business records or satisfy the business record exception to hearsay, thus the declaration is based on inadmissible evidence. Paragraphs 20, 21 and 22 (related to discussions between Mr. Luchian and Carmen Jusino) are likewise all premised on hearsay. Here, Mr. Luchian acknowledges that his testimony is based on his "discussions with staff at the Regus, particularly . . . Carmen Jusino." What is incredulous is Mr. Luchian's suggestion it is *possible* someone may have stolen Plaintiff's DMCA take-down notices.

scrutiny, Defendants hid their witness until Plaintiff was foreclosed from investigating with the hopes of slipping her into their witness list.

9. Plaintiff is prejudiced, and such prejudice cannot be cured or remedied. Defendants' tactics left Plaintiff with no opportunity to depose or otherwise obtain discoverable information related to Defendants' receipt of DMCA take-down notices.

WHEREFORE, Plaintiff moves this Court to strike Carmen Jusino from Defendants' Witness List, and all other relief that this Court deems appropriate.

## MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 37, a party cannot use a witness to supply evidence on a motion, at a hearing, or at trial, that it did not disclose under Rule 26(a), unless the failure to disclose with substantially justified or harmless. *FDIC v. Attorneys' Title Ins. Fund, Inc.*, 2014 U.S. Dist. LEXIS 126453, *4-*5 (S.D. Fla. September 3, 2014). When considering whether non-disclosed evidence has been properly admitted, the Eleventh Circuit weighs the following factors: (1) the importance of the testimony; (2) the reason the proponent failed to disclose the witness earlier; and (3) the prejudice to the opposing party if the witness had been allowed to testify. *Id.* at *6 (citing *Bearint v. Dorell Juvenile Grp., Inc.* 389 F.3d 1339, 1353 (11th Cir. 2004)).

Defendants' violation of Rule 26 hampered Plaintiff's discovery and prevented it from learning that Defendants deemed Carmen Jusino a material witness to present evidence on an important matter – the delivery of the DMCA take-down notices. The first time Plaintiff learned of Defendants' intentions was when they filed Mr. Luchian's Declaration (in support of Defendants' Motion for Summary Judgment), which of course, was filed *after* the discovery deadline.

4

What is troubling is that if anyone to these proceedings knew of Ms. Jusino's existence or involvement it was Mr. Luchian, yet he consciously elected not to disclose her when it was required of him. Then, Plaintiff gave Defendants every opportunity during discovery to disclose Ms. Jusino. For example, Plaintiff's interrogatory #5 sought the identity of each witness who supports each affirmative defense raised, including that individuals name and contact information. Not once did any Defendant disclose Ms. Jusino. At his deposition, Mr. Luchian testified that he did not know anyone at Regus by name and did not know how they handled documents. (D.E. #75, Pages 45-47). Again, Defendants failed to disclose Ms. Jusino during the discovery period. Yes, Plaintiff obtained proof of delivery of the DMCA take-down notices reflecting that Ms. Jusino signed for the mail package. However, Plaintiff had absolutely no way to know that Defendants' primary "defense" to this action would be that the package was either "lost or misplaced." In fact, no indication of this had ever been provided either during written discovery or Defendants' two full days of depositions. Defendants architected a prejudicial game of "hide the ball," calculated only to prohibit Plaintiff from investigating facts related to what appears to be Defendants' primary defense to the lawsuit.

Defendants will try to convince this Court that they were somehow unaware of either Ms. Jusino's role or that the receipt of DMCA take-down notices was an issue – an argument this Court should foreclose. From the inception of the claim, Defendants were on notice that an important issue was Plaintiff's delivery of DMCA take-down. Paragraph 64 of Plaintiff's Complaint provides, "[o]n or about January 20, 2015, Plaintiff delivered to Defendants' registered DMCA agent take-down notices for each of the infringing URL's". [D.E #1, Par. 64]. Certainly, at that time, it was incumbent upon Defendants to investigate their receipt of such notices and immediately thereafter disclose any related witnesses. In fact, Rule 26(a) even

5

accounts for this and provides that, "A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures." Given Defendants' counsel's, Valentin Gurvits, admitted extensive background in litigating these types of intellectual property, computer and Internet law matters as well as having taught courses on E-Commerce Law and International IP, there would be absolutely no excuse for any failure to investigate what appears to be Defendants' primary defense. Similarly, Mr. Gurvits's admitted "long-standing representation and intimate knowledge of the operation of Sun Social Media, Inc. and [his] expertise in defending and settling identical lawsuits," Defendants and their counsel knew or should have known their defense would have required the testimony of Ms. Jusino and involved the procedures for receiving and processing DMCA take-down notices. [D.E. #97-2]. The only conclusion, therefore, for Defendants' very late disclosure of Ms. Jusino is abundantly clear – this is a set-up so that Plaintiff would not have an opportunity to conduct its discovery or investigate the defenses prior to trial. Defendants' antics should not be tolerated.

## CERTIFICATION OF 7.1 CONFERENCE

Counsel for Plaintiff has conferred with counsel for Defendants, Brady J. Cobb, Esq. and Valentin Gurvits, Esq., and represents that they *oppose* the relief requested herein.

Respectfully submitted,

BeharBehar
1840 North Commerce Parkway
Suite One
Weston, Florida 33326
Telephone: (954) 688-7642
Facsimile: (954) 332-9260
E-mail: AB@BeharBehar.com

By: */s/Aaron Behar, Esquire*
Aaron Behar, Esquire
Florida Bar No.: 166286
Jaclyn Ann Behar, Esquire
Florida Bar No.: 63833
*Counsel for Plaintiff*

And: Spencer D. Freeman
Freeman Law Firm, Inc.
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
Telephone: (253) 383-4500
Facsimile: (253) 383-4501
E-mail: sfreeman@freemanlawfirm.org
*Counsel for Plaintiff*
(Admitted Pro Hac Vice)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of March, 2016 we electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Brady J. Cobb, Esq. and Valentin Gurvits, Esq.

*/s/Aaron Behar, Esquire*
Aaron Behar, Esquire
Florida Bar No.: 166286