UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cv-22134-UU

HYDENTRA HLP INT. LIMITED,

    Plaintiff,

v.

CONSTANTIN LUCHIAN, *et al.*,

    Defendants.
_____/

**ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Motion for Sanctions Against Valentin Gurvits for the Unlicensed Practice of Law and Against Defendants for their Resulting Failure to Appear at Mediation. D.E. 69.

THE COURT has considered Motion, the pertinent portions of the record and is otherwise fully advised in the premises. It is hereby

On June 4, 2015, Plaintiff filed its Complaint against Defendants, alleging a number copyright and trademark infringement claims. D.E. 1. On February 10, 2016, Plaintiff filed its Motion for Sanctions Against Valentin Gurvits for the Unlicensed Practice of Law and Against Defendants for their Resulting Failure to Appear at Mediation. D.E. 69. In its Motion, Plaintiff argues that Defendants' attorney, Valentin Gurvits, failed to seek pro hac vice admission to the Southern District of Florida. Plaintiff further argues that despite his failure to properly seek admission, Mr. Gurvits still engaged in the unauthorized practice of law by repeatedly seeking to inject himself into proceedings on a number of occasions. *Id.* Specifically, Plaintiff argues that Mr. Gurvits appeared at the scheduled mediation on behalf of Defendants on February 5, 2016, and because he was not authorized to appear in the Southern District at that time, Mr. Gurvits

1

engaged in the unlicensed practice of law in Florida. Plaintiff requests that sanctions be imposed against Defendants and Defendants' counsel in the form of contempt, disqualification, injunctive relief, reimbursement of fees and costs, and default judgment.

In response, Defendants argue that Plaintiff does not have standing to raise this issue because only the Florida Supreme Court may determine whether particular conduct constitutes the unauthorized practice of law. Furthermore, Defendants contest that Mr. Gurvits did not engage in the unlicensed practice of law by appearing at the February 5, 2016 mediation because local counsel was unavailable to attend, and no one objected to his appearance at the mediation. In an affidavit filed by Defendants, Mr. Gurvits attests that "[p]rior to agreeing to appear at the mediation, I consulted with local counsel, reviewed the applicable ethical rules governing the provision of legal services on a temporary basis within Florida, and reviewed the Court's local rules, ultimately concluding that there was no prohibition on [my] appearing on behalf of the Defendants in the mediation." D.E. 97-2 ¶ 14. In addition, "[n]either the Plaintiff nor Plaintiff's counsel raised any issue about me attending the mediation at the time of the mediation, nor did they raise any issue as to Attorney Brady Cobb's absence from the mediation." *Id.* ¶ 15. Defendants contend that Plaintiff only raised Mr. Gurvits' participation as an issue after the mediation reached an impasse.

As a preliminary matter, the Court agrees with Defendants that "only the Florida Supreme Court has jurisdiction to determine whether the alleged acts constitute the unauthorized practice of law." *Gonczi v. Countrywide Home Loans, Inc.*, 271 Fed. Appx. 928, 929 (11th Cir. 2008). Under the Florida Constitution, "the Florida Supreme Court is vested with exclusive jurisdiction over the admission to practice law, the discipline of those admitted, and the prohibition of practice by persons not members of the Florida Bar." *Id.* In *Dade-Commonwealth*

2

*Title Insurance Company v. North Dade Bar Association*, 152 So. 2d 723, 726 (Fla. 1963), the Florida Supreme Court determined that allowing other courts the power to prevent the unauthorized practice of law would "ignore the word 'exclusive' in the relevant Constitutional provision." Therefore, any and all cases from Florida courts cited by Plaintiff addressing behavior that resulted in a finding an individual engaged in the unlicensed practice of law are inapplicable. In light of the well-established case law delegating this determination to the Florida Bar, the Court refuses to address whether Mr. Gurvits' conduct does, in fact, rise to the level of the unauthorized practice of law.

Mr. Gurvits has since been admitted to appear on a pro hac vice basis before this Court (albeit the Court acknowledges that this occurred only after Plaintiff's Motion for Sanctions was filed), and the Court reaffirms that Mr. Gurvits was properly admitted to practice in the Southern District of Florida under the governing standards. Local Rule 4(b)(1) of the Southern District of Florida's Special Rules Governing the Admission and Practice of Attorneys states as follows:

> Any attorney who is a member in good standing of the bar of any United States court, or of the highest Court of any State or Territory or Insular Possession of the United States, but is not admitted to practice in the Southern District of Florida may, upon written application filed by counsel admitted to practice in this District, be permitted to appear and participate in a particular case. A certification that the applicant has studied the Local Rules shall accompany the application together with such appearance fee as may be required by administrative order. If permission to appear pro hac vice is granted, such appearance shall not constitute formal admission or authorize the attorney to file documents via CM/ECF.

The Eleventh Circuit Court of Appeals has explicitly addressed the standard that is to be applied when considering a motion for pro hac vice admission: "[a]bsent a showing of unethical conduct rising to a level that would justify disbarment, the court <u>must</u> admit the attorney." *Schlumberger Techs., Inc. v. Wiley*, 113 F.3d 1553, 1561 (11th Cir. 1997). "[F]or purposes of admission to practice in federal court, admission to a state bar is the basic determinant of both professional

and ethical qualifications." *In re Evans*, 524 F.2d 1004, 1007 (5th Cir. 1975).[1] "Admission to a state bar creates a presumption of good moral character that cannot be overcome merely by the whims of the District Court." *Id.* "In the absence of a complaint rising to a level justifying disbarment, it [is] outside the discretion" of the District Court to deny a motion to admit an attorney pro hac vice." *Id.* at 1008. The Court also does not find there is a basis to revoke Mr. Gurvits' admission and/or disqualify him as counsel at this stage.

To the extent that Plaintiff is seeking the imposition of sanctions against Mr. Gurvits for violating this Court's Mediation Order (D.E. 34), the Court is equally unpersuaded. Specifically, Plaintiff argues that Defendants violated paragraph 4 of this Court's Mediation Order, where the Court states, "[t]he appearance of counsel and each party is mandatory." D.E. 34 ¶ 4. On February 5, 2016, Mediator, John S. Freud, filed his Mediator's Report and stated, "[t]he parties and/or their respective counsel and/or representative(s), attended mediation on 2/5/2016." D.E. 63. In opposition to Plaintiff's Motion, Defendants filed the Affidavit of Mr. Gurvits, where he attests that Plaintiff's counsel did not oppose his appearance at mediation before the mediation commenced or while the mediation was ongoing. D.E. 97-2 ¶ 15. Plaintiff does not address and/or oppose this fact in its Reply. Indeed, it does appear hollow for Plaintiff to raise the argument that Mr. Gurvits' appearance at the mediation was improper when Plaintiff's counsel failed to raise this issue at the actual mediation itself.

While "[t]he rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel," *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985), the Court finds Plaintiff's argument that

---

[1] The Eleventh Circuit Court of Appeals has "adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981." *Animal Legal Def. Fund v. U.S. Dept. of Agricultural*, 789 F.3d 1206, 1224 n.13 (11th Cir. 2015) (citing *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)).

Defendants failed to appear at the mediation to be attenuated and not based in sound legal reasoning to justify the imposition of sanctions.  At all times, Defendants were represented by local counsel, Attorney Brady Cobb, who has also filed an Affidavit in this case, and attests that "[t]he only reason that I did not attend the mediation was in order to conserve Defendants' legal costs[.]"  D.E. 97-3 ¶ 3.  Although the Court does not find Defendants violated the Court's Order on its face, the Court does not condone the fact that Mr. Gurvits blatantly dragged his feet in obtaining admission to appear in this District.

That being said, it is suspicious that Mr. Gurvits sat back and did not seek pro hac vice admission to the Southern District until February 26, 2016 (D.E. 110), despite having peripherally participated at a hearing before Magistrate Judge Otazo-Reyes and having been involved in discovery matters.  The parties do not cite any case law that is similar to the facts of this case, and the Court is also unable to locate cases dealing with similar circumstances.  Because there is nothing in the record to indicate that Mr. Gurvits acted in bad faith by failing to seek admission to this District, other than perhaps his own procrastination and apathy, the Court is not inclined to impose sanctions against Plaintiff.  *See Peer v. Lewis*, 606 F.3d 1306, 1316 (11th Cir. 2010) ("The key to unlocking a court's inherent power is a finding of bad faith.  When considering sanctions under the court's inherent power, the threshold of bad faith conduct is 'at least as high as the threshold of bad faith conduct for sanctions under [28 U.S.C. § 1927].").

However, it is abundantly clear from the briefing that both parties are engaged in an immature and unprofessional mudslinging of sorts, which will not be tolerated by this Court under any circumstances.  The Court therefore finds that the parties may benefit from being ordered to attend a second mediation, where all counsel of record <u>must</u> attend and meaningfully participate, or sanctions will be imposed.  Accordingly, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion for Sanctions Against Valentine Gurvits for the Unlicensed Practice of Law and Against Defendants for their Resulting Failure to Appear at Mediation (D.E. 69) is DENIED.  It is further

ORDERED AND ADJUDGED that the parties SHALL attend a second mediation no later than **Monday, June 6, 2016**.  All counsel of record must be in attendance, or sanctions SHALL be imposed.  The Mediator SHALL file his/her Report of Mediation with the Court no later than **Tuesday, June 7, 2016**.

DONE AND ORDERED in Chambers at Miami, Florida, this 25t_ day of May, 2016.

*[signature]*

_____
UNITED STATES DISTRICT JUDGE

cc:
counsel of record via cm/ecf