UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cv-22134-UU

HYDENTRA HLP INT. LIMITED,

    Plaintiff,

v.

CONSTANTIN LUCHIAN, *et al.*,

    Defendants.
_____/

## OMNIBUS ORDER

THIS CAUSE is before the Court upon Plaintiff's Omnibus Motions in Limine. D.E. 98.

THE COURT has reviewed the Motions, the pertinent portions of the record and is otherwise fully advised in the premises.

## BACKGROUND

On June 4, 2015, Plaintiff, Hydentra HLP Int. Limited ("Plaintiff"), filed suit against Defendants, asserting the following claims: (1) copyright infringement under 17 U.S.C. §§ 101, *et seq.*, (2) contributory copyright infringement, (3) vicarious copyright infringement, (4) inducement of copyright infringement, (5) unauthorized publication of name and likeness under Fla. Stat. § 540.08, (6) trademark infringement under 15 U.S.C. § 1111, (7) contributory trademark infringement, and (8) false designation of origin under the Lanham Act, 15 U.S.C. § 1125. D.E. 1. On September 14, 2015, this Court issued her Scheduling Order, setting February 19, 2016 as the deadline for the filing of motions in limine. D.E. 33.

On February 12, 2016, the parties filed their respective Motions for Summary Judgment, which are currently pending before the Court. D.E. 72, 73, 86. On February 19, 2016, Plaintiff

filed its Omnibus Motions in Limine to exclude the following evidence: (1) testimony and argument concerning Plaintiff as a "copyright troll," (2) testimony and argument concerning the number of Plaintiff's previous lawsuits, (3) testimony and argument concerning the characterization of Jason Tucker as a "hired gun," (4) testimony and argument concerning the business relationship between Jason Tucker and Plaintiff other than as a consultant and witness in this matter, (5) testimony and argument concerning Plaintiff as a foreign corporation, (6) testimony and argument concerning jurisdictional considerations, (7) testimony and argument concerning Plaintiff's business as "pornographic," (8) testimony and argument concerning the method of delivering DMCA take-down notices, (9) testimony and argument concerning Defendants' alleged non-receipt of the DMCA take-down notices, and (10) testimony and argument based on witnesses and documents not disclosed during Defendants' initial disclosures or during discovery.

The Court separately considers each of Plaintiff's Motions in Limine below.

## ANALYSIS

**A.   Motion in Limine to Exclude Testimony and Argument Concerning Plaintiff as "Copyright Troll"**

In its Motion, Plaintiff moves to exclude any and all reference to and characterization of Plaintiff as a "copyright troll." D.E. 98. Plaintiff argues that this characterization should be excluded because Plaintiff's portrayal as a "copyright troll" carries a negative connotation and any probative value is substantially outweighed by the danger of "unfair prejudice" under Federal Rule of Civil Procedure 403. *Id.* In response, Defendants argue that the phrase "copyright troll" is recognized by courts and has become commonplace, and therefore, it would be "unreasonable" to prohibit Defendants from using such words.

The Court finds that the use of the term "copyright troll," as defined and used by both parties, is simply not relevant to the issues in this case. Even if this phrase was relevant, the Court agrees with Plaintiff that the use of this phrase carries a negative connotation, and the prejudicial use of this phrase would outweigh any probative value. *See HTC Corp. v. Tech. Props. Ltd.*, No. 5-08-cv-00882, 2013 WL 4782598, at *4 (N.D. Cal. Sept. 6, 2013) (excluding the use of the phrase "patent troll" because of the "derogatory characterization"); *Rembrant Wireless Techs., L.P. v. Samsung Elec. Co.*, No. 2:13-CV-213-JRG-RSP, 2015 WL 627430, at *1 (E.D. Tex. Jan. 31, 2015) (excluding terms such as "patent troll" and "pirate," but allowing the introduction of evidence that plaintiff does not manufacture or sell its own products in the field); *Intellectual Ventures I LLC v. Symantec Corp.*, No. 10-1067-LPS, 2015 WL 82052, at *1 (D. De. Jan. 6, 2015) (excluding the use of the phrase "patent troll," but allowing evidence that plaintiff does not practice the patents-in-suit). However, this ruling does not bar Defendants from introducing evidence that Plaintiff misused its copyrights. Plaintiff's Motion in Limine to Exclude Testimony and Argument Concerning Plaintiff as a "Copyright Troll" is GRANTED.

**B.     Motion in Limine to Exclude Testimony and Argument Concerning the Number of Plaintiff's Previous Lawsuits**

Plaintiff moves to exclude evidence relating to the number of lawsuits that Plaintiff has filed against entities alleging copyright infringement. D.E. 98. Plaintiff contends that admission of evidence of prior litigation constitutes character evidence because it is intended to show that Plaintiff has a character trait for litigiousness and acted in conformity with that trait by filing the current lawsuit. Plaintiff cites no case for this proposition. In response, Defendants argue that evidence of Plaintiff's lawsuits is relevant and admissible because it directly relates to Defendants' affirmative defenses of copyright misuse and unclean hands. Defendants also insist

that the number of prior suits is recognized as a factor in determining statutory awards for copyright infringement claims. Defendants also fail to support this argument with case law.

While neither party addresses a case that occurred in the context of a copyright infringement case, the Court agrees with the Second Circuit Court of Appeals that "[t]he charge of litigiousness is a serious one, likely to result in undue prejudice against the party charged, unless the previous claims made by the party are shown to have been fraudulent." *Outley v. City of New York*, 837 F.2d 587, 592 (2d Cir. 1988). Defendants have not set forth reasoning to why the number of Plaintiff's previous lawsuits is "directly, substantially and materially" relevant to Defendants' affirmative defenses of unclean hands and copyright misuse, and the Court is not convinced that Defendants have established Plaintiff's previously-filed lawsuits did not have merit. To the extent that Defendants intend to argue Plaintiff is improperly using its copyrights, Defendants may do so in a way that does not implicate the number of times Plaintiff has been involved in a lawsuit. Therefore, Plaintiff's Motion in Limine to Exclude Testimony and Argument Concerning the Number of Plaintiff's Previous Lawsuits is GRANTED.

**C.   Motion in Limine to Exclude Testimony and Argument Concerning the Characterization of Jason Tucker as a "Hired Gun"**

Plaintiff moves to exclude testimony and argument concerning the characterization of Plaintiff's consultant and enforcement officer, Jason Tucker, as a "hired gun." D.E. 98. In addition, Plaintiff seeks to have this Court issue a ruling denying Defendants the right to inquire into prior matters that Mr. Tucker worked on in conjunction with Plaintiff. *Id.* Plaintiff insists that Mr. Tucker's work on Plaintiff's other litigation would "confuse the issues present to the jury." In response, Defendants argue that it does not intend to mention or elicit the use of the phrase "hired gun" at trial to describe Mr. Tucker. D.E. 125. Defendants further argue that on

4

cross-examination, they would be permitted to attack Mr. Tucker's ability, credibility, and competence, as well as any bias that Mr. Tucker may have. *Id.*

The Court does not find it necessary for Defendants to refer to Mr. Tucker as a "hired gun," and therefore, Plaintiff's Motion is granted in part on that ground. However, it is a fundamental principle that "cross-examination is permitted not only to impeach the general credibility of the witness, but also to expose 'possible biases, prejudices, or ulterior motives of the witness.'" *Wasko v. Duggar*, 761 F. Supp. 1560, 1567 (S.D. Fla. 1991). On cross-examination, Defendants will certainly be permitted to attack Mr. Tucker's credibility and inquire into any biases that Mr. Tucker may have in favor of Plaintiff, which may include the fact that Mr. Tucker consulted with Plaintiff on other matters. The Court does not find that such inquiries would "confuse the issues" presented to the jury. Accordingly, Plaintiff's Motion in Limine to Exclude Testimony and Argument Concerning the Characterization of Jason Tucker as a "Hired Gun" (D.E. 98) is GRANTED IN PART AND DENIED IN PART.

**D.   Motion in Limine to Exclude Testimony and Argument Concerning the Business Relationship Between Jason Tucker and Plaintiff Other than as a Consultant and Witness in this Matter**

Plaintiff moves to prevent Defendants from inquiring into Mr. Tucker's involvement as a consultant to Plaintiff in previous lawsuits. D.E. 98. Plaintiff re-raises similar arguments that are addressed by this Court in Plaintiff's Motion in Limine to Exclude Testimony and Argument Concerning the Characterization of Jason Tucker as a "Hired Gun." For similar reasons addressed above, Plaintiff's Motion in Limine to Exclude Testimony and Argument Concerning the Business Relationship Between Jason Tucker and Plaintiff Other than as a Consultant and Witness in this Matter is DENIED.

E.   **Motion in Limine to Exclude Testimony and Argument Concerning Plaintiff as a Foreign Corporation**

Plaintiff moves to exclude any reference to Plaintiff as a foreign corporation, or to reference the country of Cyprus at all, because it is irrelevant and prejudicial to the facts of this case. D.E. 98. Plaintiff cites no case law in support of this position; rather, Plaintiff argues that "given certain political and national sensitivities," Plaintiff suspects that this information would be used to incite a discriminatory animus towards Plaintiff. In response, Defendants argue that the identity of a party to any litigation is a relevant and necessary fact, and Plaintiff's proposed Verdict Form itself describes Plaintiff as a foreign corporation in the caption. Furthermore, Defendants argue that Plaintiff's identity is particularly important because Defendants intend to prove that Plaintiff is not the registered owner of the trademarks at issue in this case.

The Court finds Plaintiff's argument to be nonsensical. First, the Court agrees with Defendants that Plaintiff's identity is at issue in establishing that it owns a valid trademark. *See Suntree Techs., Inc. v. Ecosense Intern., Inc.*, 693 F.3d 1338, 1346 (11th Cir. 2012) ("In order to prevail on federal claims of trademark infringement and unfair competition, a trademark owner 'must show (1) that it had trademark rights in the mark or name at issue and (2) that the other party had adopted a mark or name that was the same, or confusingly similar to its mark, such that consumers were likely to confuse the two.'"). Second, Plaintiff cannot claim this information is prejudicial when this fact is not only included on its proposed Verdict Form, but is also a fact alleged in its Complaint. Lastly, Plaintiff does not set forth any reasoning for why and how Plaintiff's status as a "foreign corporation" in this case would be used to cause discriminatory animus. Accordingly, Plaintiff's Motion in Limine to Exclude Testimony and Argument Concerning Plaintiff as a Foreign Corporation is DENIED.

### F. Motion in Limine to Exclude Testimony and Argument Concerning Jurisdictional Considerations

Plaintiff moves to prevent Defendants from raising a personal jurisdiction defense at trial. D.E. 98. In response, Defendants concede that they will not be contesting personal jurisdiction in this case. Therefore, Plaintiff's Motion in Limine to Exclude Testimony and Argument Concerning Jurisdictional Considerations is DENIED AS MOOT.

### G. Motion in Limine to Exclude Testimony and Argument Concerning Plaintiff's Business as "Pornographic"

Plaintiff moves to exclude Defendants' use of the words "pornographic, pornographer and porn purveyor," or any similar terms, because these terms invoke preconceived negative connotations. D.E. 98. Plaintiff cites no cases in support of this position. In response, Defendants argue that the use of these words is commonplace to describe what is at issue in this case, and there is no word other than pornography to properly describe Plaintiff's business.

While Plaintiff may disagree, this case clearly involves pornography and pornographic material. If Plaintiff wishes to mask this activity under the guise of "adult content," that is Plaintiff's prerogative, but the Court sees no reason to similarly constrain Defendant and prevent it from describing to the jury what is truly involved in this case. Plaintiff cannot claim prejudice in Defendants' use of these words when Plaintiff was the entity that filed suit and placed its pornographic material at issue. Plaintiff's Motion in Limine to Exclude Testimony and Argument Concerning Plaintiff's Business as "Pornographic" is DENIED.

### H. Motion in Limine to Exclude Testimony and Argument Concerning the Method of Delivering DMCA Take-Down Notices

Plaintiff moves to exclude testimony and argument concerning the method of delivering notices required pursuant to 17 U.S.C. § 1202, the Digital Millennium Copyright Act ("DMCA"). D.E. 98. Plaintiff anticipates Defendant will argue that Plaintiff sent notices via

7

mail, instead via e-mail, which was Plaintiff's previously-employed method. Plaintiff argues that because the DMCA simply requires that the take-down notice be a "written communication to the designated agent," the method of communication is not relevant to the issues in this case. In response, Defendants argue that a material aspect of Defendants' affirmative defenses is that Plaintiff sent Defendants DMCA take-down notices by mail, instead of by e-mail, to create a scenario where Plaintiff could say it complied with the statutory requirements and then file suit. Defendants insist that these facts are relevant to its affirmative defenses of copyright misuse and unclean hands.

The Court agrees with Defendants. As an affirmative defense, Defendants have alleged copyright misuse, unclean hands, and that they are entitled to the safe harbor provisions of the DMCA. Plaintiff is unable to proceed on its copyright claims if it fails to establish that it issued sufficient take-down notices to Defendants that complied with the requirements of 17 U.S.C. § 512(c)(3)(A), specifically, that "a notification of a claimed infringement must be a written communication[.]" While it may be true that an e-mail or written letter may both qualify as a "written communication," the form, manner, and delivery method in which the communication was sent are certainly relevant to the issues in this case. The Court finds no grounds for the exclusion of this evidence. Accordingly, Plaintiff's Motion in Limine to Exclude Testimony and Argument Concerning the Method of Delivering DMCA Take-Down Notices is DENIED.

**I.  Motion in Limine to Exclude Testimony and Argument Concerning Defendants' Alleged Non-Receipt of the DMCA Take-Down Notices**

Plaintiff argues that testimony and argument concerning Defendants' non-receipt of the DMCA take-down notices should be excluded because Mr. Luchian did not provide relevant information when questioned at his deposition, and his Declaration that was filed in Support of Defendants' Motion for Summary Judgment is contradictory to his deposition testimony, and is

therefore a sham. Plaintiff further argues that such testimony should be excluded under the mailbox rule because once correspondence is mailed, there is a presumption that the addressee received the item. In response, Defendants argue that Plaintiff's attorney did not inquire into this issue during Mr. Luchian's deposition, Mr. Luchian's declaration does not contradict his deposition testimony, and Defendants should be permitted an opportunity to rebut the presumption that arises as a result of the mailbox rule by introducing such evidence.

Plaintiff's argument is, in essence, a motion to strike Mr. Luchian's declaration, not a motion in limine. In reviewing the excerpts of Mr. Luchian's deposition testimony, the Court agrees with Defendants that Plaintiff's attorney failed to ask the ultimate question: whether Mr. Luchian actually received the notices. The Court further agrees with Defendants that a central issue to this case is whether Defendants received the DMCA take-down notices that were sent by Plaintiff. Barring Defendants from introducing such evidence would be unwarranted since the the mailbox rule is only a rebuttable presumption. In its Motion, Plaintiff is asking for the Court to rule as a matter of law that Defendants received the take-down notices, which the Court is unwilling to do on a motion in limine. Accordingly, Plaintiff's Motion in Limine to Exclude Testimony and Argument Concerning Defendants' Alleged Non-Receipt of the DMCA Take-Down Notices is DENIED.

**J.   Motion in Limine to Exclude Testimony and Argument Based on Witnesses and Documents Not Disclosed in Defendants' Initial Disclosures or During Discovery**

Plaintiff argues that any witnesses and documents, which were not disclosed in Defendants' Initial Disclosures or during Discovery, should be excluded. D.E. 98. Plaintiff argues that Defendants never served Plaintiff with its Rule 26 Initial Disclosures, and to the extent that such witnesses were not disclosed, these witnesses should not be permitted to testify. *Id.* In response, Defendants argue that all witnesses were timely disclosed, but Plaintiff failed to

serve its Initial Disclosures until after the time period set forth in Federal Rule of Civil Procedure 26. Defendants argue that Plaintiff cannot claim prejudice when Plaintiff also failed to comply with its discovery obligations.

If initial disclosures were not made, that failure should have been the subject of discovery motion(s) before the discovery cut-off. Given that such motions were not made and the discovery cut-off is long expired, the parties have waived their entitlement to the disclosures and any supplements that should have been made thereto. Therefore, Plaintiff's Motion in Limine to Exclude Testimony and Argument Based on Witnesses and Documents Not Disclosed in Defendants' Initial Disclosures or During Discovery is DENIED. Accordingly, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Omnibus Order (D.E. 98) is GRANTED IN PART AND DENIED IN PART. It is further

ORDERED AND ADJUDGED that Plaintiff's Motion in Limine to Exclude Testimony and Argument Concerning Plaintiff as a "Copyright Troll" is GRANTED;

ORDERED AND ADJUDGED that Plaintiff's Motion in Limine to Exclude Testimony and Argument Concerning the Number of Plaintiff's Previous Lawsuits is GRANTED;

ORDERED AND ADJUDGED that Plaintiff's Motion in Limine to Exclude Testimony and Argument Concerning the Characterization of Jason Tucker as a "Hired Gun" (D.E. 98) is GRANTED IN PART AND DENIED IN PART;

ORDERED AND ADJUDGED that Plaintiff's Motion in Limine to Exclude Testimony and Argument Concerning the Business Relationship Between Jason Tucker and Plaintiff Other than as a Consultant and Witness in this Matter is DENIED;

ORDERED AND ADJUDGED that Plaintiff's Motion in Limine to Exclude Testimony and Argument Concerning Plaintiff as a Foreign Corporation is DENIED;

ORDERED AND ADJUDGED that Plaintiff's Motion in Limine to Exclude Testimony and Argument Concerning Jurisdictional Considerations is DENIED AS MOOT;

ORDERED AND ADJUDGED that Plaintiff's Motion in Limine to Exclude Testimony and Argument Concerning Plaintiff's Business as "Pornographic" is DENIED;

ORDERED AND ADJUDGED that Plaintiff's Motion in Limine to Exclude Testimony and Argument Concerning the Method of Delivering DMCA Take-Down Notices is DENIED;

ORDERED AND ADJUDGED that Plaintiff's Motion in Limine to Exclude Testimony and Argument Concerning Defendants' Alleged Non-Receipt of the DMCA Take-Down Notices is DENIED; and

ORDERED AND ADJUDGED that Plaintiff's Motion in Limine to Exclude Testimony and Argument Based on Witnesses and Documents Not Disclosed in Defendants' Initial Disclosures or During Discovery is DENIED.

DONE AND ORDERED in Chambers, Miami, Florida, this _27th_ day of May, 2016.

_____
UNITED STATES DISTRICT JUDGE

cc: counsel of record.