UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 1:15-cv-22134-UU

HYDENTRA HLP INT. LIMITED,
a foreign corporation d/b/a METART,

       Plaintiff,

vs.

CONSTANTIN LUCHIAN, an individual,
KONSTANTIN BOLOTIN, an individual,
SUN SOCIAL MEDIA, INC., a corporation,
individually and d/b/a PLAYVID.COM,
FEEDVID.COM, PLAYVIDS.COM, and
PEEKVIDS. COM; PLAYVID.COM;
FEEDVID.COM; PLAYVIDS. COM;
PEEKVIDS.COM and;
and John Does 1-20,

       Defendants.
_____/

## PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE, PURSUANT TO FRCP 41(A)(2)

Plaintiff, HYDENTRA HLP INT. LIMITED, a foreign corporation d/b/a METART, (hereinafter referred to as "HYNDENTRA" or "Plaintiff"), through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 41(a)(2), files this Motion to Dismiss Counts VI - VIII against KONSTANTIN BOLOTIN and SUN SOCIAL MEDIA, INC., Without Prejudice, and in support states as follows:

    1.    Plaintiff filed an eight-count lawsuit against Defendants Constantin Luchian, Konstantin Bolotin and Sun Social Media, Inc. on or about June 4, 2015. Counts I through IV

BeharBehar ♦ 1840 North Commerce Parkway ♦ Suite One ♦ Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

1 of 7

allege violations of copyright law, Count V alleges Unauthorized Publication of Name and Likeness in Violation of Section 540.08, Florida Statutes, and Counts VI-VIII allege Trademark Infringement, Contributory Trademark Infringement and False Designation of Origin Pursuant to the Lanham Act.

2. On February 12, 2016, Defendants Sun Social Media, Inc. and Konstantin Bolotin ("Defendants") filed a Motion for Summary Judgment (D.E. #73). This Court granted Defendants' Motion for Summary Judgment as Counts I-V, and rejected Defendants' Motion for Summary Judgment as to Counts VI through VIII.[1] (D.E. #138). Nevertheless, Plaintiff seeks to dismiss its claims against Defendants for trademark infringement, hereby concluding this lawsuit.

3. Federal Rule of Civil Procedure 41(a)(2) provides the following:

Voluntary Dismissal.

(2) *By Court Order; Effect.* Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

4. A voluntary dismissal should be permitted "unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit." *Fisher v. Puerto Rico Mgmt, Inc.*, 940 F.2d 1502, 1502-03 (11th Cir. 1991); *see also McCants v. Ford Motor Co.*, 781 F.2d 855, 856-7 (11th Cir. 1986). A dismissal of the trademark claims will not prejudice Defendants,

---

[1] This Honorable Court also granted Constantin Luchian's Motion to Dismiss, as to all Counts. (D.E. #72).

BeharBehar ♦ 1840 North Commerce Parkway ♦ Suite One ♦ Weston, Florida 33326
T: 954-688-7642　　F: 954-332-9260　　W: BeharBehar.com

2 of 7

and the Eleventh Circuit has already determined that the mere prospect of defending the same claims in a second lawsuit does *not* constitute prejudice.

WHEREFORE, Plaintiff requests this Court enter an order dismissing Counts VI through VIII of the Complaint against Defendants *without prejudice*.

### MEMORANDUM OF LAW

Federal Rule of Civil Procedure 41(a)(2) permits a Plaintiff to voluntarily dismiss claims "upon order of the court and upon such terms and conditions as the court deems proper . . . Unless otherwise specified in the order, a dismissal under this paragraph . . . is without prejudice." The purpose of requiring a court order is to prevent Plaintiff from voluntarily dismissing an action that would unfairly prejudice Defendant. See *Alamance Industries, Inc. v. Filene*, 291 F.2d 142, 146 (1st Cir.) *cert, denied,* 368 U.S. 831 (1961). As such, a voluntary dismissal should be permitted "unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit." *Fisher v. Puerto Rico Mgmt, Inc.*, 940 F.2d 1502, 1502-03 (11th Cir. 1991); *see also McCants v. Ford Motor Co.*, 781 F.2d 855, 856-7 (11th Cir. 1986). "The crucial question to be determined is, would the defendant lose any substantial right by the dismissal." *Potenburg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (internal citations omitted).

The Eleventh Circuit has emphasized a trial court's broad discretion when deciding whether to grant a motion to dismiss without prejudice and its power to operate freely within a zone of choice. *See, e.g., Fisher v. Puerto Rico Marine Mgmt.*, 940 F.2d 1502, 1503 (11th Cir. 1991). Decisions in which trial courts have denied a plaintiff's request to dismiss a case without prejudice have hinged on various factors as the courts sought "to weigh the relevant equities and do justices between the parties." *Potenburg*, 252 F.3d at 1255. The court in exercising its "broad equitable discretion under Rule 41(a)(2)," must "weigh the relevant equities and do justice

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642   F: 954-332-9260   W: BeharBehar.com

3 of 7

between the parties in each case. . . ." *McCants*, 781 F.2d at 857.[2]

### 1. *Defendants Will Not Suffer Prejudice*

Here, Defendants will suffer no prejudice by the granting of this Motion. Plaintiffs stipulate that all discovery taken and obtained in this matter, including depositions, documents and disclosures, may be re-used in the event that Plaintiff later decides to re-file its lawsuit. As such, Defendants will not be required to duplicate its discovery efforts. Moreover, Defendants never took any depositions or issued any written discovery, and so should a new lawsuit be filed, Defendants would actually benefit from their renewed opportunity to conduct discovery.

### 2. *Plaintiff has a Valid Reason to Seek Dismissal Without Prejudice*

Plaintiff seeks to dismiss these claims for a valid reason. The Court's Omnibus Order on the various Motions for Summary Judgment set forth several findings of fact and legal conclusions that affect the trademark infringement claims. Plaintiff intends to appeal the dismissal of Counts I-V, and consequently, the dismissal of Counts VI-VIII without prejudice will further the tenants of judicial economy and preserve the parties' resources.

More to the point, the copyright and trademark claims are factually interrelated given that the dismissal of one significantly affects the other. As an example only:

    a. The DMCA take-down notices mailed to the Defendants also included a cease and desist demand concerning Plaintiff's trademark(s). Therefore, the same issues with

---

[2] Other Circuits have listed factors to guide the District Courts, including "defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Pace v. S. Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969); *see also Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994); *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996). While these decisions and the factors considered are not binding, they are persuasive guidance for any court in the exercise of its discretion.

BeharBehar ♦ 1840 North Commerce Parkway ♦ Suite One ♦ Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

4 of 7

Defendants' claim of non-receipt are present in the trademark claims as they are with the copyright claims.

b. Defendants' use of Plaintiff's trademarks originated from the posting of Plaintiff's videos on Defendants' sites that contained Plaintiff's trademarks in the meta tags for these videos. Therefore, by having posted the videos, Plaintiff's trademarks were infringed.

Judicial economy will be best served by having a trial on both the copyright and trademark issues simultaneously, rather than requiring the trial on the trademark claims to proceed only to later be required to re-litigate the case on the copyright claims should Plaintiff's appeal prove successful, which would consist of the same witnesses, same documents, and same evidence.

### 3. *Plaintiff Has Been Diligent in its Prosecution of This Action*

Plaintiff seeks this dismissal as a result of the Court's Omnibus Order dismissing Counts I - V, and not because of any lack of diligence. Plaintiff has litigated this case in a timely fashion and has never sought an extension of the trial deadlines and does not use this Motion as a means of doing so. None of Plaintiff's actions can be construed as an attempt to delay the prosecution of this action.

### 4. *This Court did not Grant Defendants' Motion for Summary Judgment as to Counts VI through VIII*

It cannot be said that Plaintiff seeks this dismissal as a result of a summary judgment having been filed. To the contrary, Defendants' pursued summary judgment as to the trademark claims (D.E. #73, Pg. 20), which the Court denied (D.E. #138, Pg. 37). In *Phillips USA, Inc.*, the Court determined that "a party should not be permitted to avoid an adverse decision on a dispositive motion by dismissing a claim without prejudice". *Phillips USA*, Inc., 77 F.3d at 358. In *Phillips USA,* Plaintiff tried to dismiss the action when a dispositive motion was pending, which is strikingly different that the facts presented here.

BeharBehar ♦ 1840 North Commerce Parkway ♦ Suite One ♦ Weston, Florida 33326
T: 954-688-7642   F: 954-332-9260   W: BeharBehar.com

5 of 7

In short, none of the factors that would justify a denial of a motion to dismiss pursuant to Rule 41(a)(2) are present here. Instead, the facts and status of the case not only justify a dismissal, but necessitate one in order to promote the judicial economy and efficiencies that the Court and parties strive to achieve.

## CERTIFICATION OF 7.1 CONFERENCE

Counsel for Plaintiff has conferred with counsel for Defendants, Brady J. Cobb, Esq. and Valentin Gurvits, Esq., and represents that they oppose the relief requested herein.

          Respectfully submitted,

          BeharBehar
          1840 North Commerce Parkway
          Suite One
          Weston, Florida 33326
          Telephone: (954) 688-7642
          Facsimile: (954) 332-9260
          E-mail: AB@BeharBehar.com

By:    */s/Aaron Behar, Esquire*
          Aaron Behar, Esquire
          Florida Bar No.: 166286
          Jaclyn Ann Behar, Esquire
          Florida Bar No.: 63833
          ***Counsel for Plaintiff***

And:   Spencer D. Freeman
          Freeman Law Firm, Inc.
          1107 ½ Tacoma Avenue South
          Tacoma, WA 98402
          Telephone: (253) 383-4500
          Facsimile: (253) 383-4501
          E-mail: sfreeman@freemanlawfirm.org
          ***Counsel for Plaintiff***
          (Admitted Pro Hac Vice)

BeharBehar ♦ 1840 North Commerce Parkway ♦ Suite One ♦ Weston, Florida 33326
T: 954-688-7642     F: 954-332-9260     W: BeharBehar.com

6 of 7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of June, 2016 we electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Brady J. Cobb, Esq. and Valentin Gurvits, Esq.

/s/*Aaron Behar, Esquire*
Aaron Behar, Esquire
Florida Bar No.: 166286

BeharBehar ♦ 1840 North Commerce Parkway ♦ Suite One ♦ Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

7 of 7