**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

| | |
|---|---|
| HYDENTRA HLP INT. LIMITED, a foreign corporation d/b/a METART,<br><br>    Plaintiff,<br><br>v.<br><br>CONSTANTIN LUCHIAN, an individual, KONSTANTIN BOLOTIN, an individual, SUN SOCIAL MEDIA, INC., a corporation, individually and d/b/a PLAYVID.COM, FEEDVID.COM, PLAYVIDS.COM and PEEKVIDS.COM; PLAYVID.COM; FEEDVID.COM; PLAYVIDS.COM; PEEKVIDS.COM; and John Does 1-20,<br><br>    Defendants. | **Case No.
1:15-cv-22134-UU** |

**DEFENDANTS' MOTION FOR AN ENLARGEMENT OF TIME FOR THE FILING AND/OR CONSIDERATION OF ITS MOTION FOR ATTORNEY'S FEES OR IN THE ALTERNATIVE MOTION FOR LEAVE TO FILE AN AMENDED MOTION FOR ATTORNEY'S FEES**

Defendants Sun Social Media, Inc. ("SSM"), Constantin Luchian, and Konstantin Bolotin by and through undersigned counsel and pursuant to Local Rule 7.3(b) and all authorities cited herein respectfully move this court to enter an Order enlarging the filing and briefing schedule by thirty (30) days on Defendants' Motion for Attorney's Fees and Costs (the "Motion"), which is being filed contemporaneously herewith, and/or granting Defendants leave to file an amended Motion for Attorney's Fees, and in support thereof state the following:

1.      On June 2, 2016, this Court entered its Order (D.E. 138) granting Defendants, Sun Social Media, Inc. and Konstantin Bolotin's Motion for Summary Judgment as to counts I-V of

1

Plaintiff's First Amended Complaint (which alleged copyright violations under the Digital Millennium Copyright Act. In the same Order, the Court also granted the Motion for Summary Judgment filed by Constantin Luchian (D.E. 72).

2. As the prevailing parties on Plaintiffs' claims under the Digital Millennium Copyright Act, Defendants are entitled to an award of reasonable attorney's fees from Plaintiff. See 17 U.S.C. section 505.

3. In accordance with Local Rule 7.3(a), Defendants' Motion must be filed within sixty (60) days of the Court's order granting Defendants' Motion for Summary Judgment, namely on or before August 2, 2016.

4. Contemporaneous with the filing of this motion for enlargement of time, Defendants are timely filing their Motion in accordance with Local Rule 7.3(a).

5. Due to undersigned counsel and co-counsel's extremely active litigation schedules, including being on multiple trial dockets and/or having to file and argue several dispositive motions, a meaningful good faith conference has not occurred between Plaintiff and Defendants with respect to the potential resolution of the specific relief sought in the Motion as is required under Local Rule 7.3(b). Instead, due to the time constraints caused by the aforementioned litigation schedule, Plaintiff will receive a copy of Defendant's Motion and incorporated exhibits (which include all of the documents required by Local Rule 7.3(a)) on the same day that the Motion is filed.

6. Notwithstanding the foregoing, Defendants and Plaintiffs did thoroughly discuss and attempt to negotiate Defendants entitlement to attorney's fees and the amount requested at the court ordered mediation conference that occurred on June 6, 2016 before Mark A. Buckstein. It is important to note that the mediation at issue occurred four (4) days after the Court entered its

order granting Defendants' Motion for Summary Judgment. Suffice it to say that Plaintiff clearly and repeatedly rejected Defendants' entitlement to legal fees and the amounts requested.

7. Nonetheless, undersigned counsel and his colleagues take the Court's Local Rules very seriously, and more importantly ardently believe in the ability of counsel to resolve disputes by reasonable and good faith communications. Undersigned counsel would like Plaintiff to have the opportunity to thoroughly review the Motion and all exhibits, and thereafter for the parties to confer in good faith to attempt to resolve the amount of attorney's fees sought in the Motion in the spirit of Local Rule 7.3(b). Defendants sincerely apologize for the delay in providing the Motion to Plaintiff, and further apologize to this Court for having to use the Court's time to address this issue.

8. Accordingly, Defendants respectfully request that this Honorable Court enter an order enlarging the time for Plaintiff to file its Response to the Motion by thirty (30) days which will afford Plaintiff the time delineated in Local Rule 7.3(b) to review the Motion and to confer with Defendants regarding the potential resolution of issues raised therein. Alternatively, Defendants request that in event that the Court finds that Defendants' did not comply with Local Rule 7.3(b), albeit not intentionally but instead due to the aforementioned good cause, that Defendant's Motion be stricken without prejudice, with Defendants being granted leave to re-file an Amended Motion for Attorney's Fees on or before September 2, 2016. See *Sriskada v. Harbor Pita, Inc.*, 2014 WL 3908206 *2 (S.D. Fla. 2014), and I.T.N. *Consolidators, Inc. v. Northern Marine Underwriters, Ltd.*, 2016 WL 3892428 at *3 (S.D. Fla. 2016)(denying motion for attorney's fees without prejudice that did not comply with the provisions of Local Rule 7.3(b), but granting leave to file an amended motion for attorney's fees that is in compliance with Local Rule 7.3(b)).

9.      This motion is not made for the purposes of delay, and no party will prejudiced by the granting of the relief sought herein. To the contrary, Plaintiff will suffer no harm whatsoever as Plaintiff has appealed this Court's Order (D.E. 138) granting summary judgment to Defendants (which is the genesis of Defendants' claims for fees) to the United States Court of Appeals for the Eleventh Circuit, and said appeal is only in its preliminary stages. Thus, the granting of additional time for the parties to review and confer in regards to Defendants Motion will not cause Plaintiff to suffer any harm.

### Certificate of Compliance with Local Rule 7.1(a)(3)

I hereby certify that counsel for Movant has conferred with Plaintiff's counsel via email in a good faith effort to resolve the issues raised in this Motion, and Plaintiff's objected to the relief sought herein.

/s/ Brady J. Cobb

Respectfully submitted this 2nd day of August, 2016.

COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone (954) 527-4111
Facsimile  (954) 900-5507

By:   **/s/ BRADY J. COBB**
BRADY J. COBB, ESQUIRE
Florida Bar No. 031018
bcobb@cobbeddy.com
*Attorney for Defendants Constantin Luchian, Konstatin Bolotin, and Sun Social Media Inc.*

**/s/ Valentin Gurvits**
Valentin D. Gurvits (*pro hac vice*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Telephone: (617) 928-1804
Facsimile: (617) 928-1802
vgurvits@bostonlawgroup.com

4

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record on the service list below this 2nd day of August, 2016.

**/s/ Brady J. Cobb**
Brady J. Cobb

## **SERVICE LIST**

Aaron Behar, Esquire
Jaclyn Behar, Esquire
BEHARBEHAR
1840 North Commerce Parkway
Suite One
Weston, Florida 33326
Telephone: (954) 688-7642
Facsimile: (954) 332-9260
AB@BeharBehar.com
JB@BeharBehar.com

Spencer D. Freeman
Freeman Law Firm, Inc.
1107 1/2 Tacoma Avenue South
Tacoma, Washington 98402
Telephone: (206) 516-3800
Facsimile: (206) 516-3888
sfreeman@freemanlawfirm.org