UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 1:15-cv-22134-UU

HYDENTRA HLP INT. LIMITED,
a foreign corporation d/b/a METART,

        Plaintiff,

vs.

CONSTANTIN LUCHIAN, an individual,
KONSTANTIN BOLOTIN, an individual,
SUN SOCIAL MEDIA, INC., a corporation,
individually and d/b/a PLAYVID.COM,
FEEDVID.COM, PLAYVIDS.COM, and
PEEKVIDS. COM; PLAYVID.COM;
FEEDVID.COM; PLAYVIDS. COM;
PEEKVIDS.COM and;
and John Does 1-20,

        Defendants.
_____/

## DECLARATION OF BRADY J. COBB

I, Brady J. Cobb, do hereby depose and swear as follows:

1.     I am an attorney admitted to practice and in good standing in the State of Florida.

2.     I received my B.S. degree from Florida State University in 2002 and my J.D. from Barry University School of Law in 2006.

3.     I have been a member of the Florida Bar since 2006, a member of the bar of the United States District Court for the Districts of Florida and the Middle District of Florida since 2007, a member of the bar for of the First Circuit Court of Appeals since 1997, a member of the bar of the United States District Court for the Northern District of California since 2010, a member of the bar for of the United States District Court for the Eastern District of Wisconsin since 2013, a member of the Ninth Circuit

Court of Appeals since 2013, and a member of the bar for the Eleventh Circuit Court of Appeals since 2016.

4. I have been admitted *pro hac vice* in cases in the Federal District Courts in the Northern District of California, the Eastern District of Wisconsin, and the United States Bankruptcy Court for the Northern District of Texas

5. I have been counsel of record in forty-six (46) cases in the United States District Court for the Southern District of Florida, in addition to dozens of cases in other District Courts, including eight (8) copyright cases in this District, and several cases in the courts of appeal

6. I am a co-founder of Cobb Eddy, PLLC, which began operating in 2012. Prior to that, I was an associate and then a partner at the law firm of Tripp Scott, P.A. in Fort Lauderdale, Florida. Prior to that, I interned during law school and ultimately was an associate with the law firm of Hilyard Bogan & Palmer in Orlando, Florida. Prior to that, I was a summer intern in the Federal Public Defenders Office in the Middle District of Florida.

7. In this case, I have the primary counsel of record for Defendants, and I was joined by Valentin Gurvits, Esquire from the Boston Law Group via his admittance pro hac vice on February 29, 2016. (D.E. 118).

8. My hourly rate in this matter has been $350 per hour. It is my understanding that this rate is considered to be somewhat under-market for an attorney with close to than ten (10) years of experience, particularly for attorneys practicing in the area of high-tech copyright litigation.

9. My firm does not typically charge for many of the overhead expenses routinely billed to clients by other firms. For example, although I performed many hours of online database (Lexis) research in this matter, we do not pass along the Lexis costs to the client. I have also not billed the client for any in-house copying, mailing, or delivery costs.

10. The present case was a time intensive one, made more so by the aggressive litigation positions taken by the Plaintiff which included numerous (unnecessary and unsuccessful) motions brought by the Plaintiffs throughout the case. More specifically, Plaintiff filed the following unnecessary

motions, all of which required a substantive response: (a) Motion to Stroke Amended Affirmative Defenses (D.E. 41), and ultimately this Court upheld fifteen of Defendants sixteen Defendants affirmative defenses, and struck one, (b) Motion to Compel Answers to Plaintiff's Request for Production (D.E. 51), which after a hearing was largely denied, (c) Motion for Protective Order, which was granted through agreement of counsel after a hearing (d) Motion for Sanctions against Valentin Gurvits (D.E. 69), which was denied after a hearing, (e) Motion for Sanctions against Defendants (D.E. 70), which was denied after a hearing, (f) Motion to Compel Arising from Instructions Not to Answer etc (D.E. 71), which was denied after a hearing, and (g) Plaintiff vigorously opposed the routine pro hac vice admission of Valentin Gurvits, and said admission was ultimately granted. (D.E. 118).

11. Despite all of this, I believe that the total amounts invoiced to the clients by the entire litigation defense team – a total of $161,490.00– were incredibly reasonable, particularly given the work resulted in summary judgment being granted to Defendants.

12. It is my practice to keep contemporaneous time and expense records. I track my time and expenses through my billing software, CLIO. Co-counsel and the litigation provided me with their time and expense records, and the full detailed bill is attached to the Motion for Attorney's Fees filed contemporaneously herewith.

13. Given the complexity of the issues raised, the Plaintiffs' litigation strategy, and the results obtained for the clients, I believe the amounts billed to be more than reasonable.

Signed under the pains and penalties of perjury this 1st day of August, 2016.

                                                Brady J. Cobb, Esquire