UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

| | |
|---|---|
| HYDENTRA HLP INT. LIMITED, a foreign corporation d/b/a METART, <br><br> Plaintiff, <br><br> v. <br><br> CONSTANTIN LUCHIAN, an individual, KONSTANTIN BOLOTIN, an individual, SUN SOCIAL MEDIA, INC., a corporation, individually and d/b/a PLAYVID.COM, FEEDVID.COM, PLAYVIDS.COM and PEEKVIDS.COM; PLAYVID.COM; FEEDVID.COM; PLAYVIDS.COM; PEEKVIDS.COM; and John Does 1-20, <br><br> Defendants. | Case No. 1:15-cv-22134-UU |

**DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR ATTORNEY'S FEES**

*"The First Rule of Holes: When you're in one, stop digging."*
- Molly Ivins

  If one were to read only Plaintiff's Opposition to Defendants' Motion for Attorney's Fees, one might be tempted to believe that Plaintiff was actually successful in the present litigation. In Plaintiff's alternate universe, the Court never made factual findings supporting Defendants' positions, never ruled against Defendants' legal positions, and, instead, Plaintiff was actually successful with its frivolous claims. Undoubtedly, Plaintiff enjoys that alternate universe more than the one the rest of us occupy. In *this* reality, however, Plaintiff knowingly filed frivolous claims against a corporate entity that had historically responded fully and expeditiously to DMCA takedown notices, and against individuals against whom they had no viable (or even articulable) claims.

1

Unsurprisingly – given the history of this case and the near-identical cases filed by the Plaintiff in this Court and around the country – Plaintiff's opposition to Defendants' Motion for Attorney's Fees only helps prove why Defendants *should* be awarded their attorney's fees in this matter. Despite having had judgment entered against it on all of its copyright claims, Plaintiff has the moxie to claim that its "primary purpose of copyright enforcement was met." As is discussed below, even if "copyright enforcement" was Plaintiff's "primary purpose" in the litigation (which it, clearly, was not), it only underscores that the litigation itself was needless.

In Reply to Plaintiff's Opposition and in support of Defendants' Motion for Attorney's fees, Defendants state as follows:

1. Preliminarily, Plaintiff spends a significant portion of its Opposition bemoaning the supposed difficulty of enforcing copyrights online in general. However, that Plaintiff does not like the enforcement scheme set forth by Congress under the Digital Millennium Copyright Act does not mean that Plaintiff is empowered to misuse the courts to baselessly bully and bludgeon Defendants into submission. In truth, and as this Court found, the statutory scheme actually worked quite well right up until the point in time that Plaintiff undertook steps almost guaranteed to derail it.

2. In any event, Plaintiff's "primary purpose" in this litigation was *not* "copyright enforcement," as is evidenced by its own actions. First, if Plaintiff's purpose was actually to make sure that its works were removed from Sun Social Media's websites, that goal was accomplished immediately after Defendants were served with the Complaint. Indeed, that goal could have been accomplished without litigation in the first place if Plaintiff had emailed the misplaced paper DMCA notices[1] to Sun Social Media, as it had with hundreds of other notices in the past and afterwards, to which Sun Social Media promptly and appropriately responded. As this Court found in its order on the Motions for Summary Judgment, Sun Social Media expeditiously acted on thousands of Plaintiff's DMCA notices when they were sent by email and only failed to act on the DMCA notices sent by paper because those notices were lost before they could reach Sun Social Media. In short, Plaintiff's supposed "primary purpose" could have been accomplished with a single email, not hundreds of thousands of dollars of litigation costs. Or, at

---

[1] Defendants note once again that only some of the works-in-suit were referenced in the misplaced paper DMCA notices. For other works-in-suit, Plaintiff took not a single iota of effort prior to filing suit to have those works removed from Sun Social Media's website.

2

a minimum, having apparently "accomplished" its "primary purpose" as soon as the litigation was filed, it could have immediately dismissed the case. That Plaintiff did not do so puts the lie to its current claim that the removal of infringing content was ever its primary goal.

3. In reality, as Plaintiff's actions demonstrate, its true goal in filing 20 lawsuits in a 15-month period was economics, *i.e.,* that it was seeking a monetary payout from defendants willing to pay settlements rather than defend frivolous litigations. Surely this point is driven home by the fact that, following this Court's Order on Summary Judgment, Plaintiff moved to voluntarily dismiss its complaints in *Hydentra, L.P. HLP General Partner, Inc. et al v. ERA Technologies, Ltd. et al,* Case No. 1:15-cv-24293-MGC (S.D. Fla.) and *Hydentra, L.P. HLP General Partner, Inc. et al v. Siracusa Management S.A. et al,* Case No. 1:16-cv-20191-RNS (S.D. Fla.). Had Plaintiff's true goal been "copyright enforcement," surely it would have continued those actions. Instead, in its voluntary motions to dismiss, Plaintiff noted as follows:

> In *Hydentra v Luchian*, *et al.*, United States District Court Southern District of Florida Cause No. 1:15-cv-22134-UU, similar claims based upon similar facts were asserted. On June 2, 2016, the copyright claims in those matters were dismissed on summary judgment. Such dismissal is now on appeal. Unless and until those issues are resolved in Plaintiff's favor, Plaintiff believes that continued litigation in this instant matter to now lack economical feasibility. Accordingly, Plaintiff seeks to dismiss these claims against Defendants, hereby concluding this lawsuit.[2]

4. In short, by word and deed, Plaintiff has shown that its current position before this Court is flat out nonsense. Indeed, if Plaintiff's "primary purpose" in this litigation was in fact "copyright enforcement," and not economics, then Plaintiff's actions in this litigation made no sense. For a large number of the works that it filed suit, Plaintiff made no effort whatsoever to send DMCA take-down notices prior to filing suit. Plaintiff took no effort to sit down and resolve the issues between the parties in an early mediation. Plaintiff engaged in litigation tactics that were clearly intended to drive up legal costs, in the hopes of forcing an unwarranted financial settlement. None of these acts are consistent with a party that is seeking to enforce its copyrights.

5. Given that Plaintiff has already dismissed other lawsuits as a result of this court's dismissal of Plaintiff's claims, it is clear that the award of attorney's fees would in fact serve the Copyright Act's interest to encourage meritorious defenses and discourage frivolous claims. *See*

---

[2] Plaintiff's two motions to dismiss are attached hereto as Exhibit 1 and Exhibit 2.

*Kernel Records Oy v. Mosley*, 2013 U.S. Dist. LEXIS 99094 *32 (S.D. Fla. July 16, 2013). That the Defendants in *this* case stood their ground (at a high cost) means that *other* defendants do not have to. This is precisely the kind of outcome the Copyright Act and its attorney's fees provision seeks to reward.

6. It should also be noted that, although Plaintiff claimed in its motions to dismiss in the *ERA Technologies, Ltd.* and *Siracusa Management S.A.* cases that it was pursuing an appeal in *this* matter, Plaintiff shortly thereafter voluntarily dismissed with prejudice its appeal as well.

7. Plaintiff's attempts to re-litigate the substantive factual and legal issues in this case fall flat. First, Plaintiff introduces "evidence" for the very first time that supposedly supports its already rejected arguments. Plaintiff also reiterates its failed arguments from its motion for summary judgment. None of the arguments put forward by Plaintiff demonstrate that the litigation wasn't frivolous in its first instance in part because the information put forth by Plaintiff in its Opposition was not known by Plaintiff when it filed its speculative and frivolous Complaint. In any case, even in cases where a plaintiff had a reasonable basis to file suit, the award of attorney's fees to a successful defendant is "the rule rather than the exception," and "a finding of bad faith or frivolity is not required for an award." *Professional LED Lighting, Ltd. v. Aadyn Technology, LLC*, 88 F. Supp. 3d 1356, 1376 (S.D. Fla. 2015); *Maljack Prods., Inc. v. Goodtimes Home Video Corp.*, 81 F.3d 881, 890 (9th Cir. 1996).

8. Plaintiff's claims against the individual defendants Constantin Luchian and Konstantin Bolotin were both objectively and subjectively frivolous. This court found that Mr. Luchian in no way controlled the content on Sun Social Media's websites. The *only* evidence on which Plaintiff relies is Plaintiff's claim that, prior to the litigation, it found on "websites" that Mr. Luchian was listed as a Director of Sun Social Media. Mr. Luchian is not in fact a Director of Sun Social Media and even if he was, that assertion alone would not support filing suit against Mr. Luchian personally. In any case, after conducting thorough discovery during litigation, Plaintiff could not find a single shred of evidence that would implicate liability against Mr. Luchian. But, instead of dismissing the suit against him as it was obligated to do pursuant to the Federal Rules of Civil Procedure, Plaintiff had the audacity to move for summary judgment against Mr. Luchian.

9. Additionally, as this Court found (but Plaintiff ignores), Mr. Bolotin could not, by simple virtue of owning and managing Sun Social Media, be liable for the claims alleged by

4

Plaintiffs. As such, Plaintiff's claims against Mr. Bolotin were also frivolous. Plaintiff had no real basis for piercing the corporate veil as against Mr. Bolotin and after extensive discovery it was clear that Mr. Bolotin did not cause Sun Social Media to display Plaintiff's content on the websites. However, instead of dismissing the suit against him as it was obligated to do pursuant to the Federal Rules of Civil Procedure, Plaintiff moved for summary judgment against Mr. Bolotin.

10. Plaintiff's litigation history around the country demonstrates the true reason why Mr. Luchian and Mr. Bolotin were named defendants in this action: it was a litigation tactic to scare and pressure individuals into settling on behalf of corporate entities. In many if not all of the 20 cases filed by Plaintiff around the country, Plaintiff named individual defendants in addition to the corporate entity that it knew actually operated the relevant websites.[3] This is simply part of Plaintiff's litigation strategy and could not possibly be in conformity with Plaintiff's purported "primary purpose of copyright enforcement."

11. In its opposition, Plaintiff hypocritically criticizes Defendants' Motion for not separating fees out as between the separate Defendants when Plaintiff, at no time during this litigation, ever made a single attempt to separate out the three Defendants. Even in its Opposition to the instant Motion, after this Court found that Mr. Luchian had no ownership or control over Sun Social Media and its websites and that Mr. Bolotin did not personally own or operate the websites, Plaintiff still repeatedly refers to the websites at issue in this litigation as "Defendants' sites" and intentionally makes no effort to separate out the Defendants. In any event, all three Defendants were successful and all three are entitled to an award of fees.

12. After Defendants filed their Motion, Plaintiff's counsel brought to the attention of Defendants' counsel some unintentional errors in the breakdown of hours expended by attorneys attached as Exhibit 2 to the Motion. Defendants apologize for the errors and have corrected them in the attached hereto <u>Exhibit 3</u>. The corrected grand total of attorney's fees sought by Defendants is $151,902.50.

---

[3] *See, e.g., Hydentra, L.P. HLP General Partner, Inc. et al v. ERA Technologies, Ltd. et al,* Case No. 1:15-cv-24293-MGC (S.D. Fla.) (includes claim against the individual Igor Kovalchuck); *Hydentra, L.P. HLP General Partner, Inc. et al v. Siracusa Management S.A. et al,* Case No. 1:16-cv-20191-RNS (S.D. Fla.) (includes claims against the individual Anton Titov); *Hydentra HLP Int. Limited v. Maximum Apps Inc. et al,* Case No. 1:2015-cv-22463 (S.D. Fla.) (includes claims against the individual Frederic Valiquette); *Hydentra HLP Int. Limited et al v. Sagan Limited et al,* Case No. 2:2016-cv-01494 (D. Ariz.) (includes claims against the individual David Koonar); *Hydentra, L.P. HLP General Partner, Inc. et al v. Mindgeek USA Inc. et al,* Case No. 1:2015-cv-23230 (S.D. Fla.) (includes claims against the individuals Feras Antoon and Ouissam Yousef).

In conclusion, Plaintiff's Opposition constitutes a borderline admission that Plaintiff first brought a frivolous action whose primary goal was not the relief claimed in the Complaint (which was eventually denied by this Court), but instead the extra-judicial intention to get Defendants to pay unwarranted amounts to settle frivolous claims or face mounting legal costs. Even after filing the complaint, Plaintiff conducted the litigation so as to intentionally and unnecessarily increase Defendants' litigation expenses and fees.  Accordingly, for the reasons stated herein and in Defendants' Motion for Attorney's Fees, Defendants respectfully request that the Court allow Defendants' Motion for Attorney's Fees in the amount of $151,902.50.

Respectfully submitted this 26th day of August, 2016.

        COBB EDDY, PLLC
        642 Northeast Third Avenue
        Fort Lauderdale, Florida 33304
        Telephone (954) 527-4111
        Facsimile  (954) 900-5507

        By: ___/s/ BRADY J. COBB_____
        BRADY J. COBB, ESQUIRE
        Florida Bar No. 031018
        bcobb@cobbeddy.com
        *Attorney for Defendants Constantin*
        *Luchian, Konstatin Bolotin, and Sun*
        *Social Media Inc.*

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record on the service list below this 26th day of August, 2016.

/s/ Brady J. Cobb
Brady J. Cobb

## SERVICE LIST

Aaron Behar, Esquire
Jaclyn Behar, Esquire
BEHARBEHAR
1840 North Commerce Parkway
Suite One
Weston, Florida 33326
Telephone: (954) 688-7642
Facsimile: (954) 332-9260
AB@BeharBehar.com
JB@BeharBehar.com

Spencer D. Freeman
Freeman Law Firm, Inc.
1107 1/2 Tacoma Avenue South
Tacoma, Washington 98402
Telephone: (206) 516-3800
Facsimile: (206) 516-3888
sfreeman@freemanlawfirm.org