UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 1:15-CV-24293-MGC

HYDENTRA HLP INT. LIMITED,
a foreign corporation d/b/a METART,

       Plaintiff,

vs.

ERA TECHNOLOGIES, LTD. d/b/a DRTUBER.COM
d/b/a Drtst.com; IGOR KOVALCHUK d/b/a DRTUBER.COM
d/b/a Drtst.com; and John Does 1-20,

       Defendants.
_____/

## PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE, PURSUANT TO FRCP 41(A)(2)

Plaintiff, HYDENTRA HLP INT. LIMITED, a foreign corporation d/b/a METART, (hereinafter referred to as "HYDENTRA" or "Plaintiff"), through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 41(a)(2), files this Motion to Dismiss all Counts against All Defendants, Without Prejudice, and in support states as follows:

1.    Plaintiff filed an eight-count lawsuit against Defendants ERA Technologies and Igor Kovalchuk on or about November 17, 2015. Counts I thought IV allege violations of copyright law, Count V alleges Unauthorized Publication of Name and Likeness in Violation of Section 540.08, Florida Statutes, and Counts VI-VIII allege Trademark Infringement, Contributory Trademark Infringement and False Designation of Origin Pursuant to the Lanham Act.

BeharBehar ♦ 1840 North Commerce Parkway ♦ Suite One ♦ Weston, Florida 33326
T: 954-688-7642   F: 954-332-9260   W: BeharBehar.com

1 of 5

2. In *Hydentra v. Luchian, et al.*, United States District Court Southern District of Florida Cause No. 1:15-cv-22134-UU, similar claims based upon similar facts were asserted. On June 2, 2016, the copyright claims in those matters were dismissed on summary judgment. Such dismissal is now on appeal. Unless and until those issues are resolved in Plaintiff's favor, Plaintiff believes that continued litigation in this instant matter to now lack economical feasibility. Accordingly, Plaintiff seeks to dismiss these claims against Defendants, hereby concluding this lawsuit.

3. Federal Rule of Civil Procedure 41(a)(2) provides the following:

Voluntary Dismissal.

(2) *By Court Order; Effect.* Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

4. A voluntary dismissal should be permitted "unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit." *Fisher v. Puerto Rico Mgmt, Inc.*, 940 F.2d 1502, 1502-03 (11th Cir. 1991); *see also McCants v. Ford Motor Co.*, 781 F.2d 855, 856-7 (11th Cir. 1986). A dismissal of the trademark claims will not prejudice Defendants, and the Eleventh Circuit has already determined that the mere prospect of defending the same claims in a second lawsuit does *not* constitute prejudice.

WHEREFORE, Plaintiff requests this Court enter an order dismissing Counts I though VIII of the Complaint against Defendants *without prejudice*.

BeharBehar ◆ 1840 North Commerce Parkway ◆ Suite One ◆ Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

2 of 5

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 41(a)(2) permits a Plaintiff to voluntarily dismiss claims "upon order of the court and upon such terms and conditions as the court deems proper . . . Unless otherwise specified in the order, a dismissal under this paragraph . . . is without prejudice." The purpose of requiring a court order is to prevent Plaintiff from voluntarily dismissing an action that would unfairly prejudice Defendant. See *Alamance Industries, Inc. v. Filene*, 291 F.2d 142, 146 (1st Cir.) *cert, denied,* 368 U.S. 831 (1961). As such, a voluntary dismissal should be permitted "unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit." *Fisher v. Puerto Rico Mgmt, Inc.*, 940 F.2d 1502, 1502-03 (11th Cir. 1991); *see* also *McCants v. Ford Motor Co.*, 781 F.2d 855, 856-7 (11th Cir. 1986). "The crucial question to be determined is, would the defendant lose any substantial right by the dismissal." *Potenburg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (internal citations omitted).

The Eleventh Circuit has emphasized a trial court's broad discretion when deciding whether to grant a motion to dismiss without prejudice and its power to operate freely within a zone of choice. *See, e.g., Fisher v. Puerto Rico Marine Mgmt.*, 940 F.2d 1502, 1503 (11th Cir. 1991). Decisions in which trial courts have denied a plaintiff's request to dismiss a case without prejudice have hinged on various factors as the courts sought "to weigh the relevant equities and do justices between the parties." *Potenburg*, 252 F.3d at 1255. The court in exercising its "broad equitable discretion under Rule 41(a)(2)," must "weigh the relevant equities and do justice between the parties in each case. . . ." *McCants*, 781 F.2d at 857.[1]

---

[1] Other Circuits have listed factors to guide the District Courts, including "defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Pace v. S. Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969); *see also Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994); *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996). While these decisions

BeharBehar ♦ 1840 North Commerce Parkway ♦ Suite One ♦ Weston, Florida 33326
T: 954-688-7642  F: 954-332-9260  W: BeharBehar.com

3 of 5

### *1. Defendants Will Not Suffer Prejudice*

Here, Defendants will suffer no prejudice by the granting of this Motion. Plaintiffs stipulate that all discovery taken and obtained in this matter may be re-used in the event that Plaintiff later decides to re-file its lawsuit. As such, Defendants will not be required to duplicate its discovery efforts.

### *2. Plaintiff has a Valid Reason to Seek Dismissal Without Prejudice*

Plaintiff seeks to dismiss these claims for a valid reason. The instant matter is factually and legally similar to those presented in *Hydentra v. Luchian, et al.,* United States District Court Southern District of Florida Cause No. 1:15-cv-22134-UU, wherein the trial court dismissed all of Plaintiff's copyright claims on summary judgment. That matter is currently on appeal. Until that matter is resolved in Plaintiff's favor, Plaintiff believes that moving forward in the current litigation is not economically feasible. Accordingly, the dismissal of the instant case without prejudice will further the tenants of judicial economy and preserve the parties' resources.

### *3. Plaintiff Has Been Diligent in its Prosecution of This Action*

Plaintiff seeks this dismissal as a result of the Court's summary dismissal in *Hydentra v. Luchian, et al.,* United States District Court Southern District of Florida Cause No. 1:15-cv-22134-UU, and not because of any lack of diligence. None of Plaintiff's actions can be construed as an attempt to delay the prosecution of this action.

In short, none of the factors that would justify a denial of a motion to dismiss pursuant to Rule 41(a)(2) are present here. Instead, the facts and status of the case not only justify a dismissal, but necessitate one in order to promote the judicial economy and efficiancies that the Court and parties strive to achieve.

---

and the factors considered are not binding, they are persuasive guidance for any court in the exercise of its discretion.

BeharBehar ♦ 1840 North Commerce Parkway ♦ Suite One ♦ Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

4 of 5

## CERTIFICATION OF 7.1 CONFERENCE

Counsel for Plaintiff has conferred with counsel for Defendants, Brady J. Cobb, Esq. and represents that he objects to the relief requested herein, unless the Dismissal is with prejudice.

Respectfully submitted,

BeharBehar
1840 North Commerce Parkway
Suite One
Weston, Florida 33326
Telephone: (954) 688-7642
Facsimile: (954) 332-9260
E-mail: AB@BeharBehar.com

By: */s/Aaron Behar, Esquire*
Aaron Behar, Esquire
Florida Bar No.: 166286
Jaclyn Ann Behar, Esquire
Florida Bar No.: 63833
***Counsel for Plaintiff***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of July, 2016 we electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Brady J. Cobb, Esq.

*/s/Aaron Behar, Esquire*
Aaron Behar, Esquire
Florida Bar No.: 166286

BeharBehar ♦ 1840 North Commerce Parkway ♦ Suite One ♦ Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

5 of 5